```
1  MAXWELL M. FREEMAN, #31278
   LEE ROY PIERCE, JR., #119318
2  MICHAEL L. GUREV, #163268
   THOMAS H. KEELING, #114979
3  FREEMAN, D'AIUTO, PIERCE,
     GUREV, KEELING & WOLF
4  A PROFESSIONAL LAW CORPORATION
   1818 Grand Canal Boulevard, Suite 4
5  Stockton, California 95207
   Telephone: (209) 474-1818
6  Facsimile: (209) 474-1245
   E-mail:     lrpierce@freemanfirm.com
7              mgurev@freemanfirm.com
               tkeeling@freemanfirm.com
8
   Attorneys for Defendants A.G. Spanos
9  Construction, Inc.; A.G. Spanos
   Development, Inc.; A.G. Spanos
10 Land Company, Inc.; A.G. Spanos
   Management, Inc.
```

IN THE UNITED STATED DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| National Fair Housing Alliance, Inc., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> A.G. Spanos Construction, Inc., et al. ) <br> ) <br> Defendants. ) <br> ) | CASE NO. C07-03255-SBA <br><br> NOTICE OF MOTION AND MOTION OF DEFENDANTS A.G. SPANOS CONSTRUCTION, INC., A.G. SPANOS DEVELOPMENT, INC., A.G. SPANOS LAND COMPANY, INC., AND A.G. SPANOS MANAGEMENT, INC. TO DISMISS PLAINTIFFS' COMPLAINT <br><br> [Fed. R. Civ. P. 12(b)(6)] <br><br> Hearing Date: October 2, 2007 <br> Time:        1:00 p.m. <br> Dept.:       Courtroom 3 <br><br> Complaint Filed: June 20, 2007 |

**TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that on October 2, 2007, at 1:00 p.m., or as soon thereafter as this matter may be heard, in Courtroom 3 of the above-entitled court, located at 1301 Clay Street, 3rd Floor, Oakland, California, Defendants A.G. Spanos Construction, Inc., A.G. Spanos Development, Inc., A.G. Spanos Land Company, Inc., and A.G. Spanos Management,

Inc. ("Defendants") will and hereby do move this court, pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing the claims of Plaintiffs National Fair Housing Alliance, Inc., Fair Housing of Marin, Inc. Fair Housing Napa Valley, Inc., Metro Fair Housing Services, Inc., Fair Housing Continuum, Inc. ("Plaintiffs") against Defendants.

The basis of this Motion, as set forth more fully in the accompanying Memorandum of Points and Authorities, is that:

1. PLAINTIFFS' COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO ESTABLISH STANDING TO SUE UNDER THE ADA.

   A. Plaintiffs Do Not Claim To Be Members of a Protected Class under the ADA, Nor Do They Purport to Sue on Behalf of Any Member of a Protected Class under the ADA; Therefore, They Have No Standing to Sue.

   B. Plaintiffs Do Not Allege Facts Sufficient To Establish the "Irreducible Constitutional Minimum" for Standing.

   C. Plaintiffs Have Failed to Allege Facts Sufficient to Show Standing to Seek Injunctive Relief under Title III of the ADA.

2. PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER THE FHAA.

   A. Plaintiffs Have Not Alleged a Claim for Relief in Their Own Right Because Plaintiffs Are Neither Disabled Renters Nor Entities That Claim to Have Been Denied Rentals Against Because of Their Association With Disabled Persons.

   B. Plaintiffs Have Failed To State a Claim For Relief Under the FHAA Because Plaintiffs Fail to Allege That These Defendants Are the Owners of the Subject Properties; Only Current Owners Are Liable Under the FHAA.

3. PLAINTIFFS' COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO ESTABLISH STANDING TO SUE UNDER THE FHAA.

   A. Plaintiffs Do Not Claim To Be Members of a Protected Class under the FHAA, Nor Do They Purport to Sue on Behalf of Any Member of a Protected Class under the FHAA; Therefore, They Have No Standing to Sue.

   B. Plaintiffs Do Not Allege Facts Sufficient To Establish the "Irreducible Constitutional Minimum" for Standing.

   C. Plaintiffs Have Failed to Allege Facts Sufficient to Show Standing to Seek Injunctive Relief Under the FHAA.

4. PLAINTIFFS' ADA AND FHAA CLAIMS FOR RELIEF ARE BARRED BY THE STATUTE OF LIMITATIONS.

1  A.   The Continuing Violation Doctrine Does Not Apply to the Plaintiffs' Untimely Claims.

2  B.   Plaintiffs Cannot Aggregate Alleged Violations Into A Continuing Practice.

This Motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support of this Motion, the Request for Judicial Notice filed in support of this Motion, and the pleadings, orders, records and documents on file in this case, as well as such oral and documentary evidence as may be properly presented at the hearing on this Motion.

Opposition, if any, to the granting of the motion must be served and filed not less than twenty-one (21) days before the hearing date. If the party against whom the motion is directed does not oppose the motion, that party must file with the Court a Statement of Nonopposition within the time for filing and serving any opposition. *(See* L.R. 7-3(a) and 7-3(b).)

Dated: August 15, 2007

FREEMAN, D'AIUTO, PIERCE, GUREV, KEELING & WOLF

By _____
LEE ROY PIERCE, JR.
Attorneys for Defendants A.G. Spanos Construction, Inc.; A.G. Spanos Development, Inc.; A.G. Spanos Land Company, Inc.; A.G. Spanos Management, Inc.