1 | MAXWELL M. FREEMAN, #31278
    LEE ROY PIERCE, JR., #119318
2 | MICHAEL L. GUREV, #163268
    THOMAS H. KEELING, #114979
3 | FREEMAN, D'AIUTO, PIERCE,
      GUREV, KEELING & WOLF
4 | A PROFESSIONAL LAW CORPORATION
    1818 Grand Canal Boulevard, Suite 4
5 | Stockton, California 95207
    Telephone: (209) 474-1818
6 | Facsimile:  (209) 474-1245
    E-mail:       lrpierce@freemanfirm.com
7 |               mgurev@freemanfirm.com
                  tkeeling@freemanfirm.com
8 |
   Attorneys for Defendants A.G. Spanos
9 | Construction, Inc.; A.G. Spanos
   Development, Inc.; A.G. Spanos
10 | Land Company, Inc.; A.G. Spanos
    Management, Inc.

IN THE UNITED STATED DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| National Fair Housing Alliance, Inc., et al., | CASE NO. C07-03255-SBA |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE VARIOUS CLAIMS FOR RELIEF SOUGHT IN PLAINTIFFS' COMPLAINT** |
| vs. | |
| A.G. Spanos Construction, Inc., et al. | |
| Defendants. | [Fed. R. Civ. P. 12(f)] |
| | Hearing Date: October 2, 2007<br>Time:             1:00 p.m.<br>Dept.:            Courtroom 3 |
| | Complaint Filed: June 20, 2007 |

Defendants A.G. Spanos Construction, Inc., A.G. Spanos Development, Inc., A.G. Spanos Land Company, Inc., and A.G. Spanos Management, Inc. (collectively, "Defendants") respectfully submit this Memorandum of Points and Authorities in support of their motion to Strike various claims for relief sought in the Complaint of Plaintiffs National Fair Housing Alliance, Inc., Fair Housing of Marin, Inc., Fair Housing Napa Valley, Inc., Metro Fair Housing Services, Inc., and Fair Housing Continuum, Inc. (collectively, "Plaintiffs").

## INTRODUCTION AND SUMMARY OF ARGUMENT

"A motion to strike is appropriate to address requested relief, such as punitive damages, which is not recoverable as a matter of law. . . ." (*Wilkerson v. Butler,* 229 F.R.D. 166, 172 (E.D. Cal. 2005).)

Much of the relief requested in Plaintiffs' complaint is not recoverable as a matter of law. Specifically, Plaintiffs' request that this court award to Defendants - - "such damages as would fully compensate Plaintiffs for their [plaintiffs'] injuries incurred as a result of Defendants' discriminatory housing practices and conduct" - - is not recoverable as a matter of law. Damages are not recoverable under the ADA. Further, Plaintiffs' alleged "damages" are not compensable under the FHAA because Plaintiffs are not members of the class of persons protected under the FHAA.

Similarly, Plaintiffs' request for "punitive damages against Defendants" - - is not recoverable as a matter of law because Plaintiffs do not allege that anyone has been injured by an invasion of anyone's federally protected rights.

Finally, Plaintiffs' request for an injunction "[r]equiring Defendants to . . . bring each and every apartment community [sued upon] into compliance with the requirements of [the FHAA]. . . and into immediate compliance with the requirements of [the ADA]" - - cannot be granted, as a matter of law, because Defendants are not the current owners of the properties sued upon. Only current owners are liable for injunctive relief under the ADA and FHAA.

## ARGUMENT

### I. PLAINTIFFS' REQUEST FOR DAMAGES SHOULD BE STRICKEN BECAUSE DAMAGES ARE NOT RECOVERABLE AS A MATTER OF LAW.

In their prayer, Plaintiffs request a judgment in their favor:

"Awarding such damages as would fully compensate Plaintiffs for their injuries incurred as a result of Defendants' discriminatory housing practices and conduct." (Complaint, p. 39:12-14)

Damages are not recoverable under the ADA. "The enforcement provisions of Title III [of the ADA] provide only for injunctive relief. Damages are not available. . . ." (*Pickern v.*

*Holiday Quality Foods, Inc.* 293 F.3d 1133, 1136 (9th Cir. 2002).)

Nor are damages recoverable by these plaintiffs under the FHAA. To state a claim under the FHAA, plaintiffs must be members of the class of persons protected under the FHAA, or they must sue on behalf of members of the protected class. As explained in *Wasserman v. Three Seasons Assoc. No. 1, Inc.*, 998 F. Supp. 1445 (S.D. Fla. 1998):

> **Plaintiffs do not dispute that they are not members of a class protected under the FHA. Rather, they contend that they are entitled to standing as "aggrieved persons" under the FHA.**
>
> * * * *
>
> The Supreme Court jurisprudence applying the "aggrieved persons" provision of the FHA makes clear that an "aggrieved person" is not just any non-class member who protests what he perceives to be a discriminatory housing policy. Rather, an "aggrieved person" is a non-class member who (1) suffers actual injury **as an ancillary effect** of present or imminent discrimination against a protected class member and (2) challenges the discriminatory policy **on behalf of that class member**.

*Id.*, 998 F.Supp. at 1446-1448, emphasis added.

To state a claim in themselves or on behalf of others under the FHAA, plaintiffs must plead that plaintiffs belong to or sue on behalf of a "class of persons" protected by the FHAA <u>and that a person who is a member of the protected class would have rented defendants' housing but for</u> defendants' discriminatory housing practices. *Michigan Protection and Advocacy Services, Inc. v. Basin,* 799 F.Supp. 695, 706 (Mich. 1992); *Oakridge Care Center, Inc. v. Racine County*, 896 F.Supp. 867, 873-874 (E.D. Wisc. 1995). The class protected under the FHAA consists of persons denied a rental because they are disabled or because they associate with disabled persons. *Oakridge Care Center, Inc., supra,* 896 F.Supp. at 873-874.

In the instant case, Plaintiffs do not claim to be disabled renters (members of the protected class). Plaintiffs do not sue on behalf of disabled renters (also members of the protected class). Since Plaintiffs do not sue by or on behalf of members of an FHAA protected class - they state no claim for relief in themselves (or otherwise) under the FHAA and are therefore not entitled to "damages . . . [to] compensate Plaintiffs" - - as prayed for in their Complaint.

II. **PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES SHOULD BE STRICKEN BECAUSE PUNITIVE DAMAGES ARE NOT RECOVERABLE AS A MATTER OF LAW UNDER THE ADA, NOR MAY PUNITIVE DAMAGES BE RECOVERED UNDER THE FHAA IN THIS CASE.**

In their prayer, Plaintiffs request a judgment in their favor: "Awarding such punitive damages against Defendants as are proper under law." (Complaint, p. 39:14-15)

Under the ADA, Plaintiffs may only seek injunctive relief. (*Pickern v. Holiday Quality Foods, Inc.* 293 F.3d 1133, 1136 (9th Cir. 2002).)

Under 42 U.S.C. section 3613(c)(1) of the FHAA, a plaintiff may recover "actual . . . damages" and may also recover "punitive damages." (*Ibid.*) Punitive damages are recoverable under the FHAA, where plaintiffs allege and prove that defendants' "malice" or "reckless indifference" actually harmed a disabled person's federally protected rights. (*Kilroy v. Husson College*, 959 F.Supp.22, 24 (D. Maine 1997.) But Plaintiffs herein do not claim to be disabled persons harmed by invasion of their federally protected rights. Nor do Plaintiffs sue on behalf of third-party disabled persons who claim to have been harmed by invasion of their third-party federally protected rights.

For these reasons, Plaintiffs' Complaint cannot support a claim for punitive damages.

III. **PLAINTIFFS' REQUESTED INJUNCTIVE RELIEF REGARDING ALL APARTMENTS PREVIOUSLY BUILT IS NOT RECOVERABLE AS A MATTER OF LAW.**

In their prayer, Plaintiffs request judgment granting an injunction requiring Defendants to: "bring each and every [existing] apartment community [previously built by defendants] into compliance with the requirements of 42 U.S.C. § 3604(f)(3)(C), and the applicable regulations and into immediate compliance with the requirements of 42 U.S.C. §§ 12182-83 and the applicable regulations." (Complaint, p. 39:7-12)

A. **Plaintiffs Have Failed to State a Claim for Injunctive Relief under the ADA Against These Defendants Because Plaintiffs Fail to Allege That These Defendants Are the Current Owners of the Subject Apartments.**

Under Title III of the ADA, liability is limited to persons who own, lease or operate a "place of public accommodation." 42 U.S.C. § 12182(a); *Lonberg v. Sanborn Theaters, Inc.*, 259 F.3d 1029, 2001 U.S.App.LEXIS 17418 (9th Cir. 2001). Plaintiffs fail to state a claim for

---

4
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS' MOTION TO STRIKE [CASE NO. C07-03255-SBA]

relief because Plaintiffs do not allege that defendants are the current owners of the Subject Properties. To the contrary, <u>three of the four defendants do not own any of the 85 identified properties</u>. Defendant A.G. Spanos Construction, Inc. owns only <u>one</u> of the identified properties, an Untested Property located in <u>Kansas</u>. (RJN, Ex. 48.)

The Ninth Circuit explained this limitation on potentially liable parties:

> With the exception of suits brought by the Attorney General, actions under Title III are limited only to injunctive relief. 42 U.S.C. § 12188(a). This is significant because, after the noncompliant building has already been built, injunctive relief is only meaningful against the person currently in control of the building. That is, the architect who built the building is by the time of suit by an eligible plaintiff out of the picture. This limitation on relief suggests that reading Title III to make architects, and others who do not own, lease, or operate buildings, such as builders and construction subcontractors, liable for "design and construct" discrimination would create liability in persons against whom there is no meaningful remedy provided by the statute.

*Lonberg v. Sanborn Theatres, supra,* 259 F.3d 1029, 2001 U.S.App.LEXIS 17418, at *18.

**B.    Plaintiffs Have Failed To State a Claim For Injunctive Relief Under the FHAA Because Plaintiffs Fail to Allege That These Defendants Are the Owners of the Subject Properties; Only Current Owners Are Liable Under the FHAA.**

42 U.S.C. sections 3604(f)(1) and (f)(2) make it "unlawful" to deny a rental to disabled persons, or to deny a rental to those associated with disabled persons. It is landlords - not builders - who are in a position to deny rentals:

> The "failure to design and construct" language of 3604(f)(3)(C) might be thought to limit the targets of this provision to those who 'design' or 'construct' covered multi-family dwellings, but this interpretation seems wrong. As one court has observed, 3604(f)(3)(C) "is not a description of who is liable. Rather, it is a description of what actions constitute discrimination."

R. Schwemm, "Barriers to Accessible Housing: Enforcement Issues in Design and Construction Cases under the Fair Housing Act, 40 U. Richmond L.Rev. 753, 776 (and authorities cited therein).

"The conduct and decision-making that Congress sought to affect [by passage of the FHAA] was that of persons in a position to frustrate . . . the housing choices of handicapped individuals who seek to buy or lease housing . . . [P]rimarily . . . those who own the property of choice and their representatives." *Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1283 (3d Cir. 1993). "[A]fter a noncompliant building has already been built . . .

1  injunctive relief is only meaningful against the person <u>currently</u> in control of the building."
2  *Lonberg v. Sanborn Theatres, supra,* 259 F.3d 1029, 2001 U.S. App. LEXIS 17418, at * 18.
3  "[The] presence [of the current owner] as a party in [an FHAA] suit appears imperative in
4  order to afford full relief." *Baltimore Neighborhoods, Inc. v. Rommel Builders, Inc.*, 40
5  F.Supp.2d 700, 712 (D.C. Md. 1999).[1]

6  Because Plaintiffs have not sued the "current owners" of the Subject Properties,
7  Plaintiffs' request for injunctive relief "is not recoverable as a matter of law."

## CONCLUSION

For the foregoing reasons, Defendants' Motion to strike various claims for relief sought in Plaintiffs' Complaint should be granted in its entirety.

Dated: August 15, 2007

FREEMAN, D'AIUTO, PIERCE, GUREV, KEELING & WOLF

By _____
LEE ROY PIERCE, JR.
Attorneys for Defendants A.G. Spanos Construction, Inc.; A.G. Spanos Development, Inc.; A.G. Spanos Land Company, Inc.; A.G. Spanos Management, Inc.

---

[1] Professor Schwemm explains: "Well established tort principles, which were in place at the time of the 1988 FHAA's enactment and which continue in force today, provide for liability for residential landlords based on their property's defects, even if such a landlord had no role in causing those defects and so long as he has had sufficient time to discover and correct the defects." (40 U. Richmond L.Rev. at 797-798.) Commercial landlords are also in a position to place "indemnity" agreement provisions into their contract to purchase an apartment building from a prior owner or prior developer.