1  | MAXWELL M. FREEMAN, #31278
LEE ROY PIERCE, JR., #119318
2  | MICHAEL L. GUREV, #163268
THOMAS H. KEELING, #114979
3  | FREEMAN, D'AIUTO, PIERCE,
     GUREV, KEELING & WOLF
4  | A PROFESSIONAL LAW CORPORATION
1818 Grand Canal Boulevard, Suite 4
5  | Stockton, California 95207
Telephone: (209) 474-1818
6  | Facsimile:  (209) 474-1245
E-mail:        lrpierce@freemanfirm.com
7  |                mgurev@freemanfirm.com
                tkeeling@freemanfirm.com
8  |
Attorneys for Defendants A.G. Spanos
9  | Construction, Inc.; A.G. Spanos
Development, Inc.; A.G. Spanos
10 | Land Company, Inc.; A.G. Spanos
Management, Inc.
11 |

12 | IN THE UNITED STATED DISTRICT COURT

13 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

| National Fair Housing Alliance, Inc., et al., | ) | CASE NO.  C07-03255-SBA |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO JOIN NECESSARY AND INDISPENSABLE PARTIES** |
| vs. | ) | |
| | ) | |
| A.G. Spanos Construction, Inc., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | [Fed. R. Civ. P. 12(b)(7)] |
| ——————————————————— | ) | |
| | | Hearing Date: October 2, 2007 |
| | | Time:           1:00 p.m. |
| | | Dept.:          Courtroom 3 |
| | | Complaint Filed: June 20, 2007 |

        Defendant A.G. Spanos Construction, Inc., A.G. Spanos Development, Inc., A.G.

Spanos Land Company, Inc., and A.G. Spanos Management, Inc. (collectively, "Defendants")

respectfully submit this Memorandum of Points and Authorities in support of their motion to

dismiss the complaint of plaintiffs National Fair Housing Alliance, Inc., Fair Housing of

Marin, Inc., Fair Housing Napa Valley, Inc., Metro Fair Housing Services, Inc., and Fair

Housing Continuum, Inc. (collectively, "Plaintiffs") for failure to join necessary and

1  indispensable parties.

2  **INTRODUCTION AND SUMMARY OF ARGUMENT**

3      Rule 12(b)(7) permits defendant to challenge by pre-answer motion the complaint's

4  failure to join "persons whose presence is needed for a just adjudication" under Federal Rules

5  of Civil Procedure, rule 19.  (See, *HS Resources, Inc. v. Wingate* 327 F.3d 432, 438 (5th Cir.

6  2003).)

7      Rule 19(a) of the Federal Rules of Civil Procedure states:

8         (a)    Persons to be Joined if Feasible.  A person who is subject
to service of process and whose joinder will not deprive
9  the court of jurisdiction over the subject matter of the
action shall be joined as a party in the action if (1) in the
10  person's absence complete relief cannot be accorded
among those already parties, or (2) the person claims an
11  interest relating to the subject of the action and is so
situated that the disposition of the action in the person's
12  absence may (i) as a practical matter impair or impede the
person's ability to protect that interest or (ii) leave any of
13  the persons already parties subject to a substantial risk of
incurring double, multiple, or otherwise inconsistent
14  obligations by reason of the claimed interest. . . .

15      A party is considered necessary to an action if "complete relief cannot be granted with

16  the present parties or the absent party has an interest in the disposition of the current

17  proceedings." (*Lake Airways, Inc. v. British Airways, PLC,* 182 F.3d 843, 847 (11th Cir.

18  1999).)

19      Rule 19(b) provides that an action should be dismissed if an indispensable party cannot

20  be joined.  (Fed. Rules Civ. Proc., rule 19(g).)

21      Plaintiffs' complaint alleges that Defendants "have been involved in the design and

22  construction of at least 84 multifamily complexes in California, Nevada, Arizona, Colorado,

23  New Mexico, Texas, Kansas, North Carolina, Georgia and Florida." (Complaint, ¶ 26)

24  Plaintiffs claim to have identified 35 apartment complexes in California, Arizona, Nevada,

25  Texas, Kansas, Georgia, and Florida (the "Tested Properties"), totaling more than 10,000

26  individual apartment dwelling units, that fail to meet the accessibility requirements of the ADA

27  and FHAA.  (Complaint, ¶ 3)

28      With respect to the Tested Properties, Plaintiffs allege that since 1991 Defendants have

1 "engaged in a continuous pattern and practice of discrimination against people with

2 disabilities" by "designing and/or constructing" apartment complexes that deny full access to

3 and use of the facilities as required under the ADA and FHAA.  (Complaint, ¶ 4)

4        Plaintiffs also allege on information and belief that 49 additional (**<u>untested</u>**) apartment

5 complexes in 10 states which Defendants designed or constructed after March, 1991 also

6 violate ADA and FHAA accessibility requirements.  (Complaint, ¶ 6)  Defendants are also

7 alleged to have designed, constructed, and/or managed additional unidentified housing

8 complexes in locations not yet known to Plaintiffs. (Complaint, ¶ 27)

9        In their Prayer for Relief (Complaint, pp. 37-39) Plaintiffs request:

10     C.  A mandatory injunction requiring Defendants to:

11          1.    Survey all of apartment complexes designed and
constructed since    March 13, 1991 to assess their
12                compliance with the ADA and FHAA;
         2.    Report to the Court regarding the extent of non-
13                compliance;  and
         3.    Bring all apartment complexes sued upon into compliance
14                with the FHAA and ADA.

15 (Complaint, pp. 38-39)

16        Plaintiffs do not allege that any of the Defendants currently own or control any of the

17 properties sued upon.

18 **ARGUMENT**

19 **I.    THE CURRENT OWNERS OF THE PROPERTIES SUED UPON ARE
INDISPENSABLE PARTIES UNDER THE ADA AND FHAA.**

20

21        In their Prayer for Relief (Complaint, pp. 37-39), Plaintiffs request:

22     C.  A mandatory injunction requiring Defendants to:

23          1.    Survey all of apartment complexes designed and
constructed since March 13, 1991 to assess their
24                compliance with the ADA and FHAA;
         2.    Report to the Court regarding the extent of non-
25                compliance;  and
         3.    Bring all apartment complexes sued upon into compliance
26                with the FHAA and ADA.

27        Under the ADA, current owners are indispensable to afford injunctive relief.  Title III

28 of the ADA mandates that "[i]n the case of violations . . . of section 12183(a) . . . injunctive

1   relief <u>shall</u> include an order to alter the facilities to make such facilities readily accessible. . .

2   ." (42 U.S.C., § 12188(a)(2), emphasis added.) Because any relief given "<u>shall</u> include an

3   order to alter [the noncompliant] facilities," then, "architect[s] . . . builders and construction

4   subcontractors . . . [are not] liable for 'design and construct' discrimination . . . [because to so

5   hold] would create liability in persons against whom there is no meaningful remedy. . . ."

6   (*Lonberg v. Sanborn Theaters, Inc.*, 259 F.3d 1029, 2001 U.S.App. LEXIS 17418 (9th Cir.

7   2001), emphasis added.) However, current owners are liable. (*Ibid.*) The statute itself limits

8   liability to persons "who own[], lease . . . or operate a place of public accommodation." (42

9   U.S.C. § 12182(a)) Under the ADA, current owners are indispensable.

10       Similarly, current owners are indispensable under the FHAA. Under the FHAA, no

11  injunction may issue which affects the rights of a current owner "without actual notice" first

12  being given to the current owner. (42 U.S.C. § 3613(d).) Moreover, 42 U.S.C. sections

13  3604(f)(1) and (f)(2) of the FHAA make it "unlawful" to deny a rental to disabled persons, or

14  to deny a rental to those associated with disabled persons. It is landlords - not builders - who

15  are in a position to deny rentals:

16       The "failure to design and construct" language of 3604(f)(3)(C) might be
         thought to limit the targets of this provision to those who 'design' or 'construct'
17       covered multi-family dwellings, but this interpretation seems wrong. As one
         court has observed, 3604(f)(3)(C) "is not a description of who is liable. Rather,
18       it is a description of what actions constitute discrimination."

19  R. Schwemm, "Barriers to Accessible Housing: Enforcement Issues in Design and

20  Construction Cases under the Fair Housing Act, 40 V. Richmond L.Rev. 753, 776 (and

21  authorities cited therein).

22       "The conduct and decision-making that Congress sought to affect [by passage of the

23  FHAA] was that of persons in a position to frustrate . . . the housing choices of handicapped

24  individuals who seek to buy or lease housing . . . [P]rimarily . . . those who own the property

25  of choice and their representatives." *Growth Horizons, Inc. v. Delaware County*, 983 F.2d

26  1277, 1283 (3d Cir. 1993). "[A]fter a noncompliant building has already been built . . .

27  injunctive relief is only meaningful against the person <u>currently</u> in control of the building."

28  *Lonberg v. Sanborn Theatres, supra*, 259 F.3d 1029, 2001 U.S. App. LEXIS 17418, at * 18.

1  "[The] presence [of the current owner] as a party in [an FHAA] suit appears imperative in

2  order to afford full relief." *Baltimore Neighborhoods, Inc. v. Rommel Builders, Inc.*, 40

3  F.Supp.2d 700, 712 (D.C. Md. 1999).[1]

4      Therefore, under the ADA and FHAA the current owners of allegedly noncompliant

5  properties sued upon are indispensable parties to the litigation.

6      And rule 19(a)(2)(i) and fundamental due process require that the current owners of the

7  properties sued upon be given notice and an opportunity to be heard.  The current owners are

8  entitled to present evidence to this court showing that properties owned by them actually

9  comply with the accessability requirements of the ADA and FHAA and that no disabled person

10  has ever been harmed by inaccessibility of the subject properties.  (See, Fed. R. Civ. P.

11  19(a)(2)(i); *Schneider v. Whaley*, 417 F.Supp. 750, 757 (SD NY 1936.)

**CONCLUSION**

13      The above being the case, Plaintiffs must amend their complaint to add the "current"

14  owners as Defendants.  If these necessary and indispensable parties cannot be added, Plaintiffs'

15  complaint must be dismissed.

16  Dated: August 15, 2007

FREEMAN, D'AIUTO, PIERCE, GUREV,
KEELING & WOLF

18  By_____

LEE ROY PIERCE, JR.
19  Attorneys for Defendants A.G. Spanos
Construction, Inc.; A.G. Spanos Development,
20  Inc.; A.G. Spanos Land Company, Inc.; A.G.
Spanos Management, Inc.

---

[1] Professor Schwemm explains: "Well established tort principles, which were in place at the time of the 1988 FHAA's enactment and which continue in force today, provide for liability for residential landlords based on their property's defects, even if such a landlord had no role in causing those defects and so long as he has had sufficient time to discover and correct the defects." (40 U. Richmond L.Rev. at 797-798.)  Commercial landlords are also in a position to place "indemnity" agreement provisions into their contract to purchase an apartment building from a prior owner or prior developer.