1  Michael Allen
   Stephen M. Dane
2  John P. Relman
   Thomas J. Keary
3  *Pending admission pro hac vice*
   D. Scott Chang # 146403
4  RELMAN & DANE PLLC
   1225 19TH Street NW, Suite 600
5  Washington DC 20036
   Telephone: (202) 728-1888
6  Facsimile: (202) 728-0848
   schang@relmanlaw.com
7
   *Attorney for Plaintiffs*
8

9              UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
10

11  _____
                                       )   Case No. C-07-3255-SBA
    NATIONAL FAIR HOUSING ALLIANCE, et )
12  al.                                )   **PLAINTIFFS' MOTION FOR**
                                       )   **RELIEF FROM**
13                         Plaintiffs, )   **REQUIREMENT THAT**
         vs.                           )   **ATTORNEYS SEEKING TO**
14                                     )   **APPEAR *PRO HAC VICE***
    A.G. SPANOS CONSTRUCTION, INC., et al. ) **ASSOCIATE COUNSEL**
15                                     )   **HAVING AN OFFICE IN**
                           Defendants. )   **STATE OF CALIFORNIA**
16                                     )
                                       )   DATE: October 23, 2007
17  _____)   TIME: 1:00 p.m.
                                           Room: Courtroom 3, Courtroom
18                                         of the Honorable Saundra Brown
                                           Armstrong
19
                        **NOTICE OF MOTION**
20
        Please take notice that on October 23, 2007, at 1:00 p.m., or as soon thereafter as
21
    this matter may be heard, plaintiffs National Fair Housing Alliance Inc., Fair Housing of
22
    Marin, Inc., Fair Housing Napa Valley, Inc., Metro Fair Housing Services, Inc. and Fair
23
    Housing Continuum, Inc. ("Plaintiffs"), will move the Honorable Saundra Brown
24
    Armstrong, United States District Judge for the Northern District of California, for
25
    issuance of an order granting relief from the requirement that attorneys seeking to appear
26
    *pro hac vice* associate with counsel having an office in the State of California.
27
        There is good cause to grant this motion because one of Plaintiffs' counsel is a
28

1  member of the Bar of the Northern District of California, is a member of the State Bar of
2  California, has appeared frequently in this District, and is familiar with its local rules.
3      This Motion is based on this Notice of Motion, the Memorandum of Points and
4  Authorities, the Declaration of D. Scott Chang filed concurrently herewith, and the
5  Proposed Order.

6              **MEMORANDUM OF POINTS AND AUTHORITIES**
7                  **INTRODUCTION AND BACKGROUND**

8      This is a housing discrimination case brought by plaintiffs National Fair Housing
9  Alliance, Inc., a nation-wide alliance of non-profit, fair housing organizations whose
10 mission includes advocating for the rights of people with disabilities to accessible
11 housing, and four of its fair housing member organizations, Fair Housing of Marin in San
12 Rafael, California, Fair Housing of Napa Valley in Napa, California, Metro Fair Housing
13 Services of Atlanta, Georgia, and The Fair Housing Continuum of Florida.  Plaintiffs
14 allege that Defendants, A.G. Spanos Construction Inc, a national builder of multifamily
15 housing, and four affiliated companies violated the Fair Housing Act ("FHA"), 42 U.S.C.
16 §§ 3601-19, by failing to design and construct apartment complexes located throughout
17 the United States, so they are accessible to persons with disabilities.
18     Plaintiffs seek relief from the requirement under Civ. L.R. 11-3(a)(3) that
19 attorneys seeking to appear *pro hace vice* asssociate co-counsel that have an office in the
20 State of California.

21                          ARGUMENT
22     Several of Plaintiffs' counsel seek admission *pro hac vice*.  One of Plaintiffs'
23 counsel is member of the bar of this District and actively litigates cases in the District.
24 Plaintiffs request that the Court grant them relief from the requirement under the Civil
25 Local Rules that attorneys seeking to appear *pro hac vice* associate with counsel having
26 an office in the State of California.
27     Civil Local Rule 11-3 governs the procedure for admission of attorneys *pro hac*
28 *vice*. Rule 11-3(a) provides in pertinent part:

    (a) Application. An attorney who is not a member of the bar of this Court may apply to appear *pro hac vice* in a particular action in this district by filing an application on oath certifying the following:

. . .

    (3) That an attorney, identified by name, who is a member of the bar of this Court in good standing and who maintains an office within the State of California, is designated as co-counsel.

Civ. L.R. 7-11(a)(3).

District courts within the Ninth Circuit have the ability to excuse strict compliance with local rules. *Allen v. U.S. Fidelity & Guaranty Co.*, 342 F.2d 951, 954 (9th Cir. 1965)(holding that district courts have the power to determine what "departures from statutory prescription or rules of court are so slight and unimportant that the sensible treatment is to overlook them"); *Vidia v. U.S. Bankruptcy Court*, 2006 WL 3734297, *5 (N.D. Cal. 2006).

There is good cause to excuse the requirement that Plaintiffs' counsel seeking to appear *pro hac vice* associate with counsel who is a member of the bar of this District having an office in California.  First, one of Plaintiff's counsel, D. Scott Chang,  is a member of the bar of this District in good standing, actively litigates cases in the District and  is very familiar with the District's Civil Local Rules.  (Declaration of D. Scott Chang in Support of Plaintiffs' Motion for Relief from Requirement that Local Counsel Have an Office in the State of California ("Chang Decl.") ¶ 2 ).  Mr. Chang has been plaintiffs' counsel in 49 cases in the District and has been lead or co-lead counsel in the majority of those cases. (*Id.* ).   Second, Mr. Chang will be involved in the litigation of this case, will assume authority and responsibility for the conduct of this case, and will appear in court when instructed.  (Chang Decl. ¶ 3).   Third, Mr. Chang is a member of the State Bar of California, (Chang Decl. ¶ 4), and thus the Court will have the ability to refer him to the State Bar in the unlikely event that Plaintiffs' counsel misbehave.

1

2 **CONCLUSION**

3   For the foregoing reasons, plaintiffs respectfully request that the Court grant their motion for relief from the requirement that attorneys seeking to appear *pro hac vice* associate with counsel who having an office in the State of California.

Respectfully submitted,

Michael Allen
Stephen M. Dane
John P. Relman
Thomas J. Keary
*Pending admission pro hac vice*
D. Scott Chang
RELMAN & DANE PLLC
1225 19TH Street NW, Suite 600
Washington DC 20036

By ___/s/ Scott Chang_____
        D. Scott Chang
      Attorneys for Plaintiffs