Michael Allen
Stephen M. Dane
John P. Relman
Thomas J. Keary
Pending admission *pro hac vice*
D. Scott Chang, Bar No. 146403
RELMAN & DANE PLLC
1225 19th Street, NW, Suite 600
Washington DC 20036
Telephone: (202) 728-1888
Fax: (202) 728-0848
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**(San Francisco)**

| | |
|---|---|
| National Fair Housing Alliance, Inc.; Fair Housing of Marin, Inc.; Fair Housing Napa Valley, Inc.; Metro Fair Housing Services, Inc.; and Fair Housing Continuum, Inc., <br><br>  Plaintiffs, <br><br> v. <br><br> A.G. Spanos Construction, Inc.; A.G. Spanos Development, Inc., A.G. Spanos Land Company, Inc.; and A.G. Spanos Management, Inc., <br><br>  Defendants. | Case No. C07-3255 - SBA <br><br> **PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** <br><br> DATE: October 23, 2007 <br> TIME: 1:00 p.m. <br> Room: Courtroom 3, Courtroom of the Hon. Saundra Brown Armstrong |

Please take notice that on October 23, 2007, at 1:00 p.m., or as soon thereafter as this matter may be heard, National Fair Housing Alliance Inc., Fair Housing of Marin, Inc., Fair Housing Napa Valley, Inc., Metro Fair Housing Services, Inc. and Fair Housing Continuum, Inc. (Plaintiffs), will and hereby move the Honorable Saundra Brown Armstrong, United States Judge for the Northern District of California, for issuance of an order granting leave to file a first amended complaint pursuant to Rule 15 Federal Rules of Civil Procedure

1

Plaintiffs amend their Complaint to: (i.) add a class of defendants composed of the current owners of apartment complexes designed and/or built by the A.G. Spanos Defendants, and to specifically name Knickerbocker Properties, Inc. XXXVIII, and Highpointe Village, L.P., both individually and as representatives of this defendant class;[1] (ii.) remove Plaintiffs' contentions as to violations of the Americans With Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et seq.*; and (iii.) add The Spanos Corporation as a defendant from whom Plaintiffs seek declaratory and injunctive relief and damages.

There is good cause to grant this motion because the defendants will not be prejudiced by this amendment, the amendment is not sought in bad faith or for purposes of delay, and the amendment is not futile. This motion is based on this notice of motion, the memorandum of points and authorities, the declaration of D. Scott Chang filed concurrently herewith, and the proposed first amended complaint lodged herewith.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**I.  INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED**

This is a housing discrimination case brought by plaintiffs National Fair Housing Alliance, Inc., a nation-wide alliance of non-profit, fair housing organizations whose mission includes advocating for the rights of people with disabilities to accessible housing, and four of its fair housing members - Fair Housing of Marin in San Rafael, California, Fair Housing of Napa Valley in Napa, California, Metro Fair Housing Services of Atlanta, Georgia, and The Fair Housing Continuum of Florida. In their initial Complaint, Plaintiffs alleged that

---

[1]  Should this Court grant Plaintiffs' Motion For Leave to Amend Its Complaint, Plaintiffs will separately file a motion to certify this class in accord with Rule 23 of the

2

PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST
AMENDED COMPLAINT – CASE NO. C-07-3255-SBA

Defendants, A.G. Spanos Construction Inc, a national builder of multifamily housing, and three affiliated companies violated the Fair Housing Act ("FHAA"), 42 U.S.C. §§ 3601-19, and the ADA by failing to design and construct apartment complexes located throughout the United States so they are accessible to persons with disabilities.

Subsequent to the filing of this action but before the filing of an Answer(s), Defendants moved to dismiss the Complaint asserting, in part, that Defendants now owned only one of the multifamily properties in issue, and that Plaintiffs had failed to make the current owners parties to this action. Defendants also moved for dismissal claiming Plaintiffs had failed to establish their standing to sue under the ADA. *See* Motion of Defendants A.G. Spanos Construction, Inc., et al. To Dismiss Plaintiffs Complaint (Dk't. 16) at 2. Plaintiffs now seek this Court's permission under Rule 15 of the Federal Rules of Civil Procedure to amend their complaint to add a defendant class of current owners represented by two individual owners of one or more of the properties built by the Spanos Defendants, and drop its ADA allegations. Further, as a result to warranty deeds submitted in support of Defendants' claim that they no longer own these properties, *see* Request for Judicial Notice and Declaration of Lee Roy Pierce Jr. In Support of Defendants' Motions, Plaintiffs have learned that The Spanos Corporation may have owned many of these properties during the time of their development, and may have been responsible for FHAA violations found at these properties. Plaintiffs therefore seek to amend their Complaint to add The Spanos Corporation as a defendant. This motion for leave to amend should be granted because it is timely, will not prejudice defendants and is not futile.

---

Federal Rules of Civil Procedure.

3

## II. ARGUMENT

### A. THE COURT SHOULD GRANT LEAVE TO AMEND THE COMPLAINT SINCE THERE IS NO EVIDENCE OF BAD FAITH, PREJUDICE TO DEFENDANTS, OR FUTILITY.

The amendments sought should be granted because they meet the requirements of Rule 15(a). The rule states that leave to amend pleadings "shall be freely given when justice so requires." Leave to amend lies "within the sound discretion of the trial court," *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981), and denial of a motion to amend is reviewed for abuse of discretion. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *Roth v. Garcia Marquez*, 942 F.2d. 617, 628 (9th Cir. 1991).

The Ninth Circuit has noted on numerous occasions the Supreme Court's instruction in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227 (1962), that courts should heed the command of Rule 15(a) by freely granting leave to amend when justice requires. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986). The Ninth Circuit has emphasized that the trial court's discretion "must be guided by the underlying purpose of Rule 15 -- to facilitate decisions on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d at 979. Thus, the policy embodied in Rule 15 favoring amendment should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d at 186.

The Ninth Circuit in *DCD Programs* set forth several considerations to guide a trial court in exercising its discretion under Rule 15. It held, "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties. It is, however, subject to the qualification that amendment of the complaint does not cause the

4

opposing party undue prejudice, . . . is not sought in bad faith, . . . and does not constitute an exercise in futility." *DCD Programs, Ltd. v. Leighton*, 833 F.2d at 186 (citations omitted). The party opposing amendment bears the burden of showing prejudice. *Id*. Each of the requirements for amendment of the complaint is met in this case.

### 1. Amendment In This Case Is Not Sought For Purposes Of Delay Or In Bad Faith.

Plaintiffs do not seek to amend the complaint for purposes of delay or bad faith. Here, Plaintiffs move to amend their complaint at an early stage of this case. A case management conference has not been held, discovery has not been conducted and a trial date has not been set by the Court. (Chang Decl. ¶ 2). Plaintiffs are acting as quickly as possible to amend the complaint to name additional defendants upon learning that Defendants no longer own most of the properties where FHAA violations were found. Accordingly, this motion is timely and it will cause little delay in this action. (Chang Decl. ¶ 2).

Nor is this amendment the product of bad faith. (Chang Dec. ¶ 3). Plaintiffs are responding to recently filed motions to dismiss by Defendants challenging Plaintiffs' standing under the ADA. It may be unnecessary for this Court to reach the question of Plaintiffs' standing under the ADA since the relief sought by Plaintiffs is afforded under the FHAA alone, and the Ninth Circuit in *Smith v. Pacific Properties and Development*, 358 F.3d 1097 (9th Cir. 2004) clarified the standing of non-profit, civil rights organizations such as Plaintiffs under the FHAA. *See Equal Rights Center v. Equity Residential, et al*., 483 F. Supp. 2d 482, 487, fn. 7 (D. Md. 2007) (Court held that it need not decide the plaintiff, non-profit organization's representational standing under the ADA having held that plaintiff had standing under the FHAA to pursue violations of 42 U.S.C. § 3604(f)(3)(C)).

5

### 2. Defendants Will Suffer No Prejudice As A Result Of The Amendment.

Prejudice typically arises where defendants can plead surprise with respect to new allegations added in a subsequent amendment or where the amendment sought will delay resolution of the case. *See Guthrie v. J.C. Penny, Inc.*, 803 F.2d 202, 210 (5th Cir. 1986) (holding that amendment granted eleven days before trial was proper and that non-moving party had sufficient time to research the legal issues involved in the new pleading). Neither of those concerns comes into play as a result of this amendment. First, Defendants cannot plead surprise with respect to the amendments sought by Plaintiffs because the additional information prompting the amendments, the identity of the current owners of the Spanos built properties and The Spanos Corporation's prior ownership of these properties, was provided by Defendants. Moreover, Defendants will not suffer prejudice as a result of the elimination of the ADA claims against them. Second, this amendment will not delay this action because, as described above, this case is still in its very preliminary stages.

### 3. The Amendment Presents Meritorious Claims.

Finally, amendment is appropriate here because it presents meritorious claims. Amendment may be denied where it would "constitute an exercise in futility." *DCD Programs, Ltd. v. Leighton*, 833 F.2d at 186. By this motion Plaintiffs seeks to add current owner defendants for purposes of relief where Defendants agree that they are indispensable parties for injunctive relief under the FHAA. *See* Memorandum of Points and Authorities in Support of Motion of A.G. Spanos Construction, Inc, et al. To Dismiss For Failure to Join Indispensable Parties, (Dk't 19) at 4.

PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST
AMENDED COMPLAINT – CASE NO. C-07-3255-SBA

### III. CONCLUSION

Based on the foregoing, Plaintiffs' motion to amend the complaint should be granted in this case because Defendants will not be prejudiced by this amendment, the amendment is not sought in bad faith or for purposes of delay, and the amendment is not futile.

Dated this 11th day of September 2007.

Respectfully Submitted,


___S/  D. Scott Chang____

Michael Allen
Stephen M. Dane
John P. Relman
Thomas J. Keary
Pending admission *pro hac vice*
D. Scott Chang, Bar No. 146403
RELMAN & DANE PLLC
1225 19th Street, NW, Suite 600
Washington DC 20036
Telephone: (202) 728-1888
Fax: (202) 728-0848
Attorneys for Plaintiffs

7

**CERTIFICATE OF SERVICE**
**NORTHERN DISTRICT OF CALIFORNIA**

I hereby certify that on September 11, 2007, a copy of the foregoing Plaintiffs Motion for Leave to File First Amended Complaint, Declaration of D. Scott Chang and the First Amended Complaint was electronically filed and by operation of the Court's ECF System was served upon the following by electronic mail:

Maxwell M. Freeman
Lee Roy Pierce, Jr
Michael L. Gurev
Thomas H. Keeling
Freeman, D'Aiuto, Pierce, Gurev,
 Keeling & Wolf, PLC
1818 Grand Canal Boulevard, Suite 4
Stockton, California 95207
209/474-1818
Fax: 415/972-6301
Email: tkeeling@freemanfirm.com

                                                                                        S/ D. Scott Chang