MAXWELL M. FREEMAN, #31278
LEE ROY PIERCE, JR., #119318
MICHAEL L. GUREV, #163268
THOMAS H. KEELING, #114979
FREEMAN, D'AIUTO, PIERCE,
  GUREV, KEELING & WOLF
A PROFESSIONAL LAW CORPORATION
1818 Grand Canal Boulevard, Suite 4
Stockton, California 95207
Telephone: (209) 474-1818
Facsimile: (209) 474-1245
E-mail:    lrpierce@freemanfirm.com
           mgurev@freemanfirm.com
           tkeeling@freemanfirm.com

Attorneys for Defendants A.G. Spanos
Construction, Inc.; A.G. Spanos
Development, Inc.; A.G. Spanos
Land Company, Inc.; A.G. Spanos
Management, Inc. and The Spanos Corporation

IN THE UNITED STATED DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| National Fair Housing Alliance, Inc., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> A.G. Spanos Construction, Inc., et al. <br><br> Defendants. | CASE NO. C07-03255-SBA <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE SPANOS DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR FAILURE TO JOIN NECESSARY AND/OR INDISPENSABLE PARTIES** <br><br> [Fed. R. Civ. P., Rules 12(b)(7) and 19] <br><br> Hearing Date: February 26, 2008 <br> Time:          1:00 p.m. <br> Dept.:         Courtroom 3 <br><br> Complaint Filed: June 20, 2007 |

Defendant A.G. Spanos Construction, Inc., A.G. Spanos Development, Inc., A.G. Spanos Land Company, Inc., A.G. Spanos Management, Inc. and The Spanos Corporation, (collectively, "the Spanos Defendants") respectfully submit this Memorandum of Points and Authorities in support of their motion to dismiss the First Amended Complaint of plaintiffs National Fair Housing Alliance, Inc., Fair Housing of Marin, Inc., Fair Housing Napa Valley, Inc., Metro Fair Housing Services, Inc., and Fair Housing Continuum, Inc. (collectively, "Plaintiffs") for failure to join necessary and indispensable parties.

## I. INTRODUCTION AND SUMMARY OF ARGUMENT.

Plaintiffs allege that 85 apartment complexes located in 10 states, allegedly designed and constructed by the Spanos Defendants between 1991 and 2007, do not comply with requirements of the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. §§ 3601, et. seq. They make the same claim with respect to an unknown number of unidentified properties located, presumably, throughout the United States in unspecified locations. The Subject Properties allegedly contain over 22,000 apartment units. Plaintiffs seek an injunction commanding defendants to rebuild or retrofit the Subject Properties to conform to the FHAA.

Under the FHAA, it is "unlawful" to deny a rental to a particular disabled person with a particular disability who wishes to rent a particular apartment. Yet, the complaint admits that most of the Subject Properties are not owned by any of the Spanos Defendants, who are therefore not in any position to commit the alleged "unlawful" acts. The current owner – not the original builder – is the party in a position to deny the rental of a particular apartment to a particular disabled person who wishes to rent. Plaintiffs concede that the current owners are "necessary" parties. And the owners are, of course, indispensable parties for purposes of the injunctive relief sought by the First Amended Complaint.

Attempting to circumvent the requirement that necessary and indispensable parties be brought before the Court, plaintiffs seek acquiescence in the issuance of an injunction by a putative defendant class consisting of alleged owners of the Subject Properties located in some ten (10) states. However, as explained in the Spanos Defendants' Motion to Dismiss under F.R.C.P. 12(b)(6), filed concurrently herewith, plaintiffs' claims against the two putative

defendant class representatives are barred by the statute of limitations. Further undermining the viability of the putative defendant class, plaintiffs fail even to allege that this Court has personal jurisdiction over the absent class members, who are located throughout the United States. In short, the owners of the affected Subject Properties are not before this Court.

Further, under 42 U.S.C. section 3613(d) and basic constitutional law, Plaintiffs are required to afford due process to the tenants of each affected unit (i.e., to people who actually live in the units), as well as to the lenders whose loans are secured by the affected properties. Plaintiffs have failed even to allege an effort to serve these two critical groups of affected parties or otherwise put them on notice of the filing of this action.

For these reasons, plaintiffs must amend to add the current owners, tenants, and secured lenders as Defendants. If these necessary and indispensable parties cannot be added, Plaintiffs' First Amended Complaint must be dismissed.

## II.    ALLEGATIONS OF THE COMPLAINT AND MATTERS SUBJECT TO JUDICIAL NOTICE.

### A.    Parties.

Plaintiffs are: (1) the National Fair Housing Alliance, a non-profit entity with its principal place of business in Washington, D.C.; (2) Fair Housing of Marin, "a non-profit community organization located in San Rafael, California;" (3) Fair Housing of Napa Valley, "a non-profit community organization located in Napa, California;" (4) Metro Fair Housing Services, "a non-profit community organization located in Atlanta, Georgia;" and (5) The Fair Housing Continuum, a "non-profit organization committed to equal housing opportunity and the elimination of discrimination in Florida." FAC, ¶¶ 1, 15-19.

Plaintiffs' alleged "missions" include advocating for the rights of people with disabilities to accessible housing, promoting equal housing opportunities, and eliminating housing and lending inequities. FAC, ¶¶ 15-18.

Defendants A.G. Spanos Construction, Inc., A.G. Spanos Development, Inc., A.G. Spanos Land Company, Inc., A.G. Spanos Management, Inc., and The Spanos Corporation are California corporations with principal offices in Stockton. FAC, ¶¶ 20-25.

Plaintiffs allege that the Spanos Defendants no longer own most of the "known" and "unknown" apartment complexes for which relief is requested. FAC ¶ 30. They also allege the existence of a <u>defendant class</u> consisting of "current owners of non-compliant [apartment] units." FAC, ¶ 30. Plaintiffs allege that <u>all</u> current owners are "necessary parties in order to effectuate any judgment or order for injunctive relief requested by plaintiffs." FAC, ¶ 30. Plaintiffs sue Knickerbocker Properties, Inc. XXXVIII and Highpointe Village, L.P. "individually and as representatives of [the putative "known" and "unknown" current owner] class." FAC, ¶ 32. Knickerbocker Properties, Inc. XXXVIII is alleged to own two apartment complexes: "Mountain Shadows" and "The Commons." FAC, ¶ 33. Highpointe Village, L.P. is alleged to be the owner of Highpointe Village, in Kansas. FAC, ¶ 34.

### B. Allegations of Non-Compliance with the FHAA.

Plaintiffs allege that the Spanos Defendants "have been involved in the design and construction of approximately 85 multifamily complexes in California, Nevada, Arizona, Colorado, New Mexico, Texas, Kansas, North Carolina, Georgia and Florida." FAC, ¶ 27. Plaintiffs claim to have identified 35 apartment complexes in California, Arizona, Nevada, Texas, Kansas, Georgia, and Florida (the "Tested Properties"), totaling more than 10,000 individual apartment dwelling units, that do not meet the accessibility requirements of the FHAA. FAC, ¶¶ 3, 30. No plaintiff alleges it is located in, does business in, or counsels persons in Nevada, Arizona, Colorado, New Mexico, Texas, Kansas, or North Carolina.

Plaintiffs also allege on information and belief that 49 additional apartment complexes in 10 states which the Spanos Defendants designed or constructed (the "Untested Properties") also violate FHAA accessibility requirements. FAC, ¶ 6 and Appendix A to Complaint. The Spanos Defendants are also alleged to have designed or constructed an unspecified number of additional <u>unidentified</u> apartment complexes located in states not yet known to Plaintiffs. FAC, ¶ 28. The Subject Properties allegedly include over 22,000 individual apartments. FAC, ¶ 80.

As alleged in the Complaint, no plaintiff is located in the same city or county where the tested apartments sued on are located.

3
MEMORANDUM IN SUPPORT OF THE SPANOS DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO JOIN NECESSARY AND/OR INDISPENSABLE PARTIES [CASE NO. C07-03255-SBA]

### C. Relief Sought by Plaintiffs.

As a result of the alleged failure to comply with the FHAA, Plaintiffs allege that they have been injured. Plaintiffs request declaratory and injunctive relief. Among other things, the requested injunctive relief would require the Spanos Defendants to survey all the apartment complexes they constructed throughout the United States since March 13, 1991 and to bring each and every allegedly non-FHAA compliant complex into compliance. FAC, pp. 39-40. Plaintiffs request attorneys' fees and costs, compensatory damages, and punitive damages. FAC, pp. 40-41.

Plaintiffs also seek an order "[e]njoining the Owner Defendants from failing or refusing to permit the retrofits ordered by the Court to be made in their respective properties, to comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court, and to perform or allow such other acts as may be necessary to effectuate any judgment against the A.G. Spanos Defendants." FAC, p. 40.

### D. "Missing" Allegations.

Plaintiffs do not allege that the putative class defendants have violated the FHAA. Plaintiffs do not allege that the putative class defendants caused any injury to plaintiffs. Plaintiffs do not join as parties any of the tenants who hold leases on the alleged 22,000 units Plaintiffs seek to have rebuilt or retrofitted. Plaintiffs do not join as parties any of the lenders who hold security interests in any of the apartment complexes sued on.

### E. Matter Subject to Judicial Notice.

As a matter of public record subject to judicial notice, not one of the 85 Subject Properties is owned by defendants A.G. Spanos Development, Inc., A.G. Land Company, Inc. or A.G. Spanos Management, Inc. RJN, Exs. 1-85. Only <u>one</u> of the Untested Properties—<u>located in Kansas</u>—is owned by defendant A.G. Spanos Construction, Inc. RJN, Ex. 48. Only one of the Untested Properties and two of the Tested Properties are owned by defendant The Spanos Corporation. RJN Exs. 14, 20 and 44. The remaining 51 Untested Properties, and 30 of the Tested Properties, are owned by entities other than the Spanos

Defendants.[1] RJN, Exs. 1-85.

All but eight of the 85 identified properties sued on were built (and certificates of occupancy issued) more than two years before the Complaint was filed. See RJN, Exs. 91, 103, 105, 125, 126, 129, 158 and 161. The eight exceptions are: (1) Tamarron, located in Phoenix, Arizona; (2) Windsor at Redwood Creek, located in Rohnert Park, California; (3) Sycamore Terrace, located in Sacramento, California; (4) Arlington at Northwood, located in Wesley Chapel, Florida; (5) Delano at Cypress Creek, located in Wesley Chapel, Florida; (6) The Battery at Chamblee, located in Chamblee, Georgia; (7) The Coventry at City View, located in Fort Worth, Texas; and (8) Belterra, located in Fort Worth, Texas. RJN, Exs. 91, 103, 105, 125, 126, 129, 158, and 161.

The last certificate of occupancy for Mountain Shadows was issued on September 5, 2002, and for "The Commons" on July 18, 2002, more than two years before Plaintiffs filed this complaint. See RJN, ¶¶ 102, 110. The last certificate of occupancy was issued on Highpointe Village on December 8, 2003, more than two years before Plaintiffs filed this complaint. See RJN, ¶ 134.

## III. ARGUMENT.

### A. A Complaint's Failure to Join Necessary and/or Indispensable Parties May Be Challenged Under F.R.C.P. 12(b)(7).

Rule 12(b)(7) permits defendant to challenge a complaint's failure to join "persons whose presence is needed for a just adjudication" under the Federal Rules of Civil Procedure, rule 19.

Rule 19(a) of the Federal Rules of Civil Procedure states, in pertinent part:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of

---

[1] Certified copies of the recorded deeds for two of the 85 properties—located in Georgia (RJN Ex. 46) and Texas (RJN Ex. 85), are not included in the Request for Judicial Notice because Defendants never owned, designed or built those complexes in the first place and have been as yet unable to discover who, in fact, does own those complexes.

>   the action and is so situated that disposing of the action in
>   the person's absence may:
>   (i) as a practical matter impair or impede the
>   person's ability to protect the interest; or
>   (ii) leave an existing party subject to a substantial
>   risk of incurring double, multiple, or otherwise
>   inconsistent obligations because of the interest.

A party is considered necessary to an action if "complete relief cannot be granted with the present parties or the absent party has an interest in the disposition of the current proceedings." *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999).

Rule 19(b) provides, in pertinent part:

>   If a person who is required to be joined if feasible cannot be
>   joined, the court must determine whether, in equity and good
>   conscience, the action should proceed among the existing parties
>   or should be dismissed. . . . .

Rule 19(b) is the "indispensable" party rule.[2]

### B. Current Owners, Renters, and Lenders Are Necessary and/or Indispensable Parties.

In addition to seeking attorneys' fees and compensatory and punitive damages, plaintiffs seek an order "[e]njoining the Owner Defendants from failing or refusing to permit the retrofits ordered by the Court to be made in their respective properties, to comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court, and to perform or allow such other acts as may be necessary to effectuate any judgment against the A.G. Spanos Defendants." FAC, p. 40.

For such a claim, all current owners are necessary and indispensable parties. Under the FHAA, no injunction may issue which affects the rights of a current owner "without actual notice" first being given to the current owner. 42 U.S.C. § 3613(d).[3]

---

[2] The amendments effective December 1, 2007, deleted the "traditional terminology" as being "redundant." Advisory Committee Notes to the 2007 Amendment.

[3] Moreover, 42 U.S.C. sections 3604(f)(1) and (f)(2) of the FHAA – under which plaintiffs herein have sued – make it unlawful to deny a rental to disabled persons, or to deny a rental to those associated with disabled persons. The landlords - not the builders - are in a position to deny rentals:

The First Amended Complaint concedes, in fact, that the current owners are "necessary parties in order to effectuate any judgment or order for injunctive relief requested by plaintiffs." FAC, ¶ 30.

In addition, the current tenants living in the alleged 22,000 apartments Plaintiffs seek to have rebuilt or retrofitted are also necessary and/or indispensable parties. So, too, are the lenders whose loans are secured by the affected Subject Properties.

Rule 19(a)(2)(i), fundamental due process, and 42 U.S.C. § 3613(d) require that current owners, renters, and secured lenders of the properties sued upon be given notice and an opportunity to be heard. The current owners are entitled to present evidence showing that their properties actually comply with the accessability requirements of the FHAA and that no disabled person has ever been harmed by alleged inaccessibility of their properties. Tenants have a property right not to be ousted from their homes or deprived of the benefit of their leaseholds without notice and opportunity to be heard. Secured lenders, who have made loans to owners and secured those loans with deeds of trust on the apartments sued on, cannot have those deeds of trust impaired without notice and an opportunity to be heard.

This due process standard is codified in 42 U.S.C. § 3613(d):

> Relief granted under this section **shall not affect any contract, sale, encumbrance, or lease consummated** before the granting of such relief and involving a bona fide purchaser, encumbrancer,

---

The "failure to design and construct" language of 3604(f)(3)(C) might be thought to limit the targets of this provision to those who 'design' or 'construct' covered multi-family dwellings, but this interpretation seems wrong. As one court has observed, 3604(f)(3)(C) "is not a description of who is liable. Rather, it is a description of what actions constitute discrimination."

R. Schwemm, "Barriers to Accessible Housing: Enforcement Issues in Design and Construction Cases under the Fair Housing Act, 40 V. Richmond L.Rev. 753, 776 (and authorities cited therein). Professor Schwemm explains: "Well established tort principles, which were in place at the time of the 1988 FHAA's enactment and which continue in force today, provide for liability for residential landlords based on their property's defects, even if such a landlord had no role in causing those defects and so long as he has had sufficient time to discover and correct the defects." (40 U. Richmond L.Rev. at 797-798.) Commercial landlords are also in a position to place "indemnity" agreement provisions into their contract to purchase an apartment building from a prior owner or prior developer.

> or tenant, **without actual notice of the filing of a . . . civil action under this subchapter**.

In short, an injunction requiring the rebuilding or retrofitting of individual units leased by renters adversely affects the property rights of owners, renters and secured lenders. No such injunction may issue unless the owners, renters and secured lenders are given notice and an opportunity to be heard and to defend themselves.[4]

### C. The Current Owners, Renters, and Secured Lenders Have Not Been Joined.

Although the plaintiffs concede that the current owners are necessary parties, they named only two current owners: Knickerbocker Properties, Inc. XXXVIII and Highpointe Village, L.P. As explained in the motion to dismiss under Rule 12(b)(6) filed concurrently herewith, all claims against both named owner defendants are barred by the two-year statute of limitations.[5] No effort was made to join the other current owners, perhaps because Plaintiffs recognize that this Court does not have personal jurisdiction over them.

In an attempt to get around that problem, Plaintiffs have alleged the existence of a defendant "owner" class and have named Knickerbocker and Highpointe as class representatives. FAC, ¶¶ 32-37. However, this stratagem fails. First, the fact that the claims against both class representatives are time-barred renders them "inadequate" under Rule 23. It

---

[4] See, also, *H.J.M. v. K. Hovnanian at Mahwah VI, Inc.*, 672 A.2d 1166, 1172 (N.J. Sup. Ct. 1996); *Equal Rights Center v. Post Properties, Inc.*, 2007 U.S. Dist. Ct., LEXIS 53462 *5-6. (D.C. 2007); see, also, Fed.R.Civ.P. 19(a)(2)(i); *Schneider v. Whaley*, 417 F.Supp. 750, 757 (S.D. NY 1976) (tenants had a "protected interest at stake" in the housing authority's policy-making and were thus entitled to notice and an opportunity to submit evidence and argument).

[5] The Spanos Defendants incorporate by reference the statute of limitations argument set forth in their motion to dismiss under Rule 12(b)(6) filed concurrently herewith. Simply stated, the Ninth Circuit's recent decision in *Garcia v. Brockway*, 503 F.3d 1092 (9th Cir. 2007) reconfirmed the plain meaning of the FHAA's statute of limitation: "[a]n aggrieved person must bring a private civil action under the FHA for a failure to properly design and construct within two years of the completion of the construction phase, which concludes on the date that the last certificate of occupancy is issued." 503 F.3d at 1101. The 2-year statute of limitations bars plaintiffs' claims as to 77 of the 85 apartment complexes identified in the complaint – including all of the apartment complexes owned by the two named putative defendant class representatives (Knickerbocker Properties, Inc. XXXVIII and Highpointe Village, L.P.).

also fails to solve the jurisdictional problem: in the absence of an opt-out mechanism, Plaintiffs will have to establish personal jurisdiction as to each current owner.[6] Given the owners' locations through the United States, Plaintiffs have not even alleged that this Court has personal jurisdiction over members of the absent defendant class.

Equally fatal to plaintiffs' First Amended Complaint, plaintiffs have made no effort whatsoever to name or serve the current tenants who live in the alleged 22,000 dwelling units which – in light of the relief requested – would have to be rebuilt or retrofitted. Nor does the First Amended Complaint mention the lenders whose loans are secured by the affected Subject Properties. In fact, **plaintiffs have ignored altogether the mandate of 42 U.S.C. § 3613(d): "Relief granted under this section shall not affect any contract, sale, encumbrance, or lease consummated before the granting of such relief and involving a bona fide purchaser, encumbrancer, or tenant, without actual notice of the filing of a . . . civil action under this subchapter."**

Without the owners, tenants and secured lenders, this action cannot proceed and must be dismissed.

## IV.  CONCLUSION.

For the foregoing reasons, Plaintiffs must amend their complaint to add the current owners, tenants, and secured lenders as Defendants. If these necessary and indispensable

---

[6] Lack of personal jurisdiction over absent class members triggers due process concerns even in plaintiff class actions, in which, typically, no relief is sought against the absent class members and – in any event – the absent class members can "opt out" if they chose not to participate in the lawsuit. See, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12, 105 S. Ct. 2965 (1985). "Presumably, a defendant class would not present the same problems [as posed in *Shutts*] because, unlike the situation with a plaintiff class, the forum court must have personal jurisdiction over each member of a defendant class." *Whitson v. Heilig-Meyers Furniture, Inc.*, 1995 U.S. Dist. LEXIS 4312, *49 (N.D. Ala. 1995) (emphasis added); see, also, *National Assn. for Mental Health, Inc. v. Califano*, 717 F.2d 1451, 1455 (D.C. Cir. 1983) (affirming district court's order refusing to certify a defendant class where the named representatives would not "fairly and adequately protect the interests of the class" and where the district court did "not have in personam jurisdiction over the class members").

1 | parties cannot be added, Plaintiffs' complaint must be dismissed.

2 | Dated: December 21, 2007

FREEMAN, D'AIUTO, PIERCE, GUREV, KEELING & WOLF

By _____
THOMAS H. KEELING
Attorneys for Defendants A.G. Spanos Construction, Inc.; A.G. Spanos Development, Inc.; A.G. Spanos Land Company, Inc.; A.G. Spanos Management, Inc.; The Spanos Corporation