MAXWELL M. FREEMAN, #31278
LEE ROY PIERCE, JR., #119318
MICHAEL L. GUREV, #163268
THOMAS H. KEELING, #114979
FREEMAN, D'AIUTO, PIERCE,
  GUREV, KEELING & WOLF
A PROFESSIONAL LAW CORPORATION
1818 Grand Canal Boulevard, Suite 4
Stockton, California 95207
Telephone: (209) 474-1818
Facsimile: (209) 474-1245
E-mail:      lrpierce@freemanfirm.com
             mgurev@freemanfirm.com
             tkeeling@freemanfirm.com

Attorneys for Defendants A.G. Spanos
Construction, Inc.; A.G. Spanos
Development, Inc.; A.G. Spanos
Land Company, Inc.; A.G. Spanos
Management, Inc.; The Spanos Corporation

IN THE UNITED STATED DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| National Fair Housing Alliance, Inc., et al., | CASE NO. C07-03255-SBA |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE SPANOS DEFENDANTS' MOTION TO STRIKE VARIOUS CLAIMS FOR RELIEF AND PORTIONS OF VARIOUS CLAIMS FOR RELIEF SOUGHT IN PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| vs. | |
| A.G. Spanos Construction, Inc., et al. | |
| Defendants. | |
| | [Fed. R. Civ. P. 12(f)] |
| | Hearing Date: February 26, 2008
Time:         1:00 p.m.
Dept.:        Courtroom 3 |
| | Complaint Filed: June 20, 2007 |

---

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF THE SPANOS DEFENDANTS' MOTION TO STRIKE
VARIOUS CLAIMS FOR RELIEF AND PORTIONS OF VARIOUS CLAIMS FOR RELIEF SOUGHT IN PLAINTIFFS'
FIRST AMENDED COMPLAINT [CASE NO. C07-03255-SBA]

# TABLE OF CONTENTS

INTRODUCTION AND SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.    PLAINTIFFS' REQUEST FOR DAMAGES SHOULD BE STRICKEN BECAUSE DAMAGES ARE NOT RECOVERABLE BY THESE PLAINTIFFS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    II.    PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES SHOULD BE STRICKEN BECAUSE PUNITIVE DAMAGES ARE NOT RECOVERABLE AS A MATTER OF LAW. . . . . . . . . . . . . . . . . . . . . . 4

    III.    PLAINTIFFS' REQUEST FOR INJUNCTIVE RELIEF REGARDING ALL APARTMENTS PREVIOUSLY BUILT SHOULD BE STRICKEN BECAUSE PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR SUCH RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        A.    Plaintiffs Have Failed to State a Claim for Injunctive Relief Because Plaintiffs Have Not Named the Owners, Renters, and Secured Lenders of the Subject Properties. . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        B.    Plaintiffs Have Failed to State a Claim for Injunctive Relief under the FHAA Against the Spanos Defendants Because Plaintiffs Fail to Allege That the Spanos Defendants Actually Denied, or Could Actually Deny, a Rental to Anyone. . . . . . . . . . . . . . . . . . . . . . . . 6

    IV.    THOSE PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT THAT SEEK RELIEF BARRED BY THE STATUTE OF LIMITATIONS SHOULD BE STRICKEN. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    V.    PLAINTIFFS' CLAIMS FOR RELIEF BASED ON THE UNTESTED AND UNKNOWN PROPERTIES SHOULD BE STRICKEN BECAUSE PLAINTIFFS COULD NOT HAVE SUFFERED INJURY CAUSED BY TESTING UNTESTED OR UNKNOWN PROPERTIES. . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

i

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF THE SPANOS DEFENDANTS' MOTION TO STRIKE VARIOUS CLAIMS FOR RELIEF AND PORTIONS OF VARIOUS CLAIMS FOR RELIEF SOUGHT IN PLAINTIFFS' FIRST AMENDED COMPLAINT [CASE NO. C07-03255-SBA]

# TABLE OF AUTHORITIES

**CASES:**

*B. C. v. Plumas Unified School Dist.*
 192 F.3d 1260 (9th Cir. 1999) ................................................. 3

*Baltimore Neighborhoods, Inc. v. Rommel Builders, Inc.*
 40 F.Supp.2d 700 (D. Md. 1999) .............................................. 7

*Bangerter v. Orem City Corp.,*
 46 F.3d 1491, 1503 (10th Cir. 1995) ......................................... 9

*Barlow v. Evans*
 993 F.Supp. 1390 (D. Utah 1997) ............................................ 11

*Barnes v. Callaghan & Company*
 559 F.2d 1102, 1105, n 3 (7th Cir. 1977) .................................... 1

*Blum v. Yaretsky*
 457 U.S. 991 (1982) ......................................................... 10

*Bureerong v. Uvawas*
 922 F.Supp. 1450 (C.D. Cal. 1996) ........................................... 1

*Clark v. McDonald's Corp.*
 213 F.R.D. 198 (D.N.J. 2003) ................................................ 3

*Equal Rights Center v. Post Properties, Inc.*
 2007 U.S. Dist. Ct., LEXIS 53462 (D.C. 2007) ................................ 5

*Fair Housing of Marin v. Jack Combs*
 285 F.3d 899 (9th Cir. 2002) ............................................. 10, 11

*Friends of the Earth, Inc. v. Laidlaw Envtl. Services*
 528 U.S. 167 (2000) ...................................................... 9, 10

*Garcia v. Brockway*
 503 F.3d 1092 (9th Cir. 2007) ............................................. 3, 8

*Gladstone, Realtors v. Bellwood*
 441 U.S. 91 (1979) .......................................................... 11

*H.J.M. v. K. Hovnanian at Mahwah VI, Inc.*
 672 A.2d 1166 (N.J. Sup. Ct. 1996) .......................................... 5

*Hansen v. Liberty Partners, LLC*
 2005 U.S. Dist. LEXIS 39187 (M.D. Tenn 2005) ................................ 3

*Havens Realty Corp. v. Coleman*
 455 U.S. 363 (1982) ...................................................... 9, 11

*Hotel St. George Associates v. Benjia Morgenstern, et al.*
 819 F.Supp. 310 (S.D. NY 1993) .............................................. 6

*Independent Housing Services of San Francisco v. Fillmore Center Associates*
    840 F.Supp. 1328 (N.D. Cal. 1993) .................................................. 10

*Kilroy v. Husson College*
    959 F.Supp.22, 24 (D. Maine 1997) .................................................. 4

*Lewis v. Casey*
    518 U.S. 343 (1996) ................................................................ 10

*Lonberg v. Sanborn Theatres*
    259 F.3d 1029 U.S.App.LEXIS 17418 (9th Cir. 2001) ................................... 7

*Lujan v. Defenders of Wildlife*
    504 U.S. 555 (1992) ................................................................. 9

*Michigan Protection and Advocacy Services, Inc. v. Basin*
    799 F.Supp. 695 (Mich. 1992) ........................................................ 2

*Moseke v. Miller & Smith, Inc.*
    202 F.Supp.2d 492 (E.D. Va. 2002) ................................................... 8

*National Assn. for Mental Health, Inc. v. Califano*
    717 F.2d 1451 (D.C. Cir. 1983) ...................................................... 6

*Phillips Petroleum Co. v. Shutts*
    472 U.S. 797, 105 S. Ct. 2965 (1985) ................................................ 6

*Sanghvi v. City of Claremont*
    328 F.3d 532 (9th Cir. 2003) ........................................................ 2

*Schneider v. Whaley*
    417 F.Supp. 750 (S.D. NY 1976) ...................................................... 5

*Smith v. Pacific Properties and Development Corp.*
    358 F.3d. 1097 (9th Cir. 2004) ..................................................... 11

*Thompson v. Mountain Peak Assocs. LLC*
    2006 U.S. Dist. LEXIS 36981, at *8 (D. Nev. June 5, 2006) ........................... 8

*TOPIC v. Circle Realty*
    532 F.2d 1273 (9th Cir. 1976) ...................................................... 11

*Tsombanidis v. W. Haven Fire Dep't.*
    352 F.3d 565 (2d Cir. 2003) ......................................................... 3

*United States v. California Mobile Home Park Mgmt. Co.*
    107 F.3d 1374 (9th Cir. 1997) ....................................................... 2

*United States v. Taigen & Sons, Inc.*
    303 F.Supp.2d 1129 (D. Idaho 2003) .................................................. 8

*Warth v. Seldin*
    422 U.S. 490 (1975) ................................................................. 9

*Whitson v. Heilig-Meyers Furniture, Inc.*
    1995 U.S. Dist. LEXIS 4312 (N.D. Ala. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Wilkerson v. Butler*
    229 F.R.D. 166, 172 (E.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**FEDERAL STATUTES**

42 U.S.C. section 3604(f)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

42 U.S.C. section 3604(f)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

42 U.S.C. section 3604(f)(3)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

42 U.S.C. section 3604(f)(3)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

42 U.S.C. section 3613(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rules of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**OTHER**

R. Schwemm, "Barriers to Accessible Housing: Enforcement Issues in Design and Construction Cases under the Fair Housing Act, 40 V. Richmond L.Rev. 753 . . . . . . . . . . 1

Defendants A.G. Spanos Construction, Inc., A.G. Spanos Development, Inc., A.G. Spanos Land Company, Inc., A.G. Spanos Management, Inc. and The Spanos Corporation (collectively, "Spanos Defendants") respectfully submit this Memorandum of Points and Authorities in support of their motion to Strike various claims for relief and portions of various claims for relief sought in the First Amended Complaint of Plaintiffs National Fair Housing Alliance, Inc., Fair Housing of Marin, Inc., Fair Housing Napa Valley, Inc., Metro Fair Housing Services, Inc., and Fair Housing Continuum, Inc. (collectively, "Plaintiffs").

## INTRODUCTION AND SUMMARY OF ARGUMENT

"A motion to strike is appropriate to address requested relief, such as punitive damages, which is not recoverable as a matter of law. . . ." (*Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal. 2005).) "A motion to strike may be used to strike a prayer for relief when the damages sought are not recoverable as a matter of law." *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479 (C.D. Cal. 1996). A motion to strike may also be employed to strike those "portions" of a complaint barred by the statute of limitations. *Barnes v. Callaghan & Company*, 559 F.2d 1102, 1105, n 3 (7th Cir. 1977).

Much of the relief requested in Plaintiffs' First Amended Complaint is not recoverable as a matter of law. Specifically, Plaintiffs' request that this court award to Defendants - - "such damages as would fully compensate Plaintiffs for their [plaintiffs'] injuries incurred as a result of Defendants' discriminatory housing practices and conduct" - - is not recoverable as a matter of law. Plaintiffs' alleged "damages" are not compensable under the FHAA because Plaintiffs are not members of the class of persons protected under the FHAA. Moreover, Plaintiffs' alleged damages were voluntarily incurred.

Similarly, Plaintiffs' request for "punitive damages against Defendants" - - is not recoverable as a matter of law because Plaintiffs do not allege that anyone has been injured by an invasion of anyone's federally protected rights.

In addition, Plaintiffs' request for an injunction "[r]equiring Defendants to . . . bring each and every apartment community [sued upon] into compliance with the requirements of

[the FHAA]. . . cannot be granted, as a matter of law, because Defendants are not the current owners of the properties sued upon. Only current owners are liable for injunctive relief under the FHAA. Also Plaintiffs fail to name or allege personal jurisdiction over the owners, tenants and secured lenders of the subject properties.

In addition, as a matter subject to judicial notice, Plaintiffs' claims for damages and injunctive relief regarding 77 of the 85 apartment complexes sued on are barred by the statute of limitations. And finally, even if this Court concludes that Plaintiffs may proceed on some of the Tested Properties, claims for relief in the First Amended Complaint based on the Untested and Unknown Properties, should be stricken, because Plaintiffs have clearly failed to state facts sufficient to establish standing and to state a claim upon which relief may be granted, regarding the Untested or Unknown Properties.

## ARGUMENT

### I. PLAINTIFFS' REQUEST FOR DAMAGES SHOULD BE STRICKEN BECAUSE DAMAGES ARE NOT RECOVERABLE BY THESE PLAINTIFFS.

In their prayer, Plaintiffs request a judgment in their favor:

"Awarding such damages as would fully compensate Plaintiffs for their injuries incurred as a result of Defendants' discriminatory housing practices and conduct." FAC, p. 40.

Damages are not recoverable by these Plaintiffs under the FHAA. To state a claim for damages (or other relief) in themselves or on behalf of others under the FHAA, Plaintiffs must plead that Plaintiffs belong to or sue on behalf of a "class of persons" protected by the FHAA and that a person who is a member of the protected class would have rented housing but for defendants' discriminatory housing practices. See, e.g., *United States v. California Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997) (discussing the elements of a prima facie case under 42 U.S.C. § 3604(f)(3)); *Michigan Protection and Advocacy Services, Inc. v. Babin*, 799 F.Supp. 695, 706 (Mich. 1992) (discussing the elements of a prima facie case under 42 U.S.C. § 3604(f)(1)); *Sanghvi v. City of Claremont,* 328 F.3d 532, 536 (9th Cir.

2003). The class protected under the FHAA consists of persons denied a rental because they are disabled or because they associate with disabled persons.[1]

Plaintiffs do not allege that they (Plaintiffs) were denied a rental because they are disabled (members of the protected class). Plaintiffs do not claim that they were denied a rental because they associate with handicapped persons (also members of the protected class). Moreover, Plaintiffs do not sue on behalf of third party disabled persons. Plaintiffs do not allege that any person having rights under the FHAA has actually been denied a rental by Defendants' alleged conduct. In short, Plaintiffs fail to state a claim for relief under the FHAA in themselves or on behalf of third parties.

Plaintiffs allege only that Defendants' allegedly defective design and construction has caused them to voluntarily divert resources which they would otherwise have used in their other activities and that their "missions" have therefore been frustrated. This allegation has been held to be deficient in the context of the ADA: the "ADA provides [plaintiffs] no remedy" for their claims that plaintiffs have suffered frustration-of-mission injuries as a result of defendants' discrimination <u>against others</u>. *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 209 (D.N.J. 2003). For the same reason, Plaintiffs' allegation also fails under the FHAA.[2]

In addition, the Plaintiffs allege only a ***self-inflicted*** diversion of resources, not in

---

[1] See *Barlow v. Evans*, 993 F.Supp. 1390, 1392 (D. Utah 1997) ("In order to establish a prima facia case, [plaintiff] must first establish that they are members of a class of persons intended to be protected under the FHA.") A person is a member of a protected class, for the purposes of the Act, when "they are the direct object of the statutory protection." *Bangerter v. Orem City Corp.*, 46 F.3d 1491, 1503 (10th Cir. 1995). "[A] violation of the . . . Fair Housing Act . . . requires more than the mere design and construction of a noncompliant housing unit." *Garcia v. Brockway*, 503 F.3d 1092, 1105 (9th Cir. 2007) (Fisher dissenting). "[An] improperly designed building . . . [is] much like a potentially dangerous ditch into which no one has yet fallen - - capable of inflicting harm and violating the law, but not yet actually doing either." *Id.* It is only when disabled persons come "into contact with the defective buildings . . . that [they become] victims of discriminatory housing practices . . . ." 503 F.3d at 1105 (Fisher, dissenting). A disabled plaintiff who has suffered no harm has no "cause of action." 503 F.3d at 1105 (Fisher, dissenting).

[2] Because of the similarities between the two acts, courts often look to and rely on ADA cases in applying the FHAA. See *Tsombanidis v. W. Haven Fire Dep't.*, 352 F.3d 565, 573 (2d Cir. 2003); *Giebeler v. M&B Associates*, 343 F.2d 1143, 1149 (9th Cir. 2003). *Hansen v. Liberty Partners, LLC*, 2005 U.S. Dist. LEXIS 39187 * 22-23 (M.D. Tenn 2005).

response to any complaint about the Subject Properties. See Complaint at ¶¶ 68-74. "To the extent that an injury is self-inflicted . . . , the causal chain is broken." Moore's Federal Practice 3D, §101.41[4].

## II. PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES SHOULD BE STRICKEN BECAUSE PUNITIVE DAMAGES ARE NOT RECOVERABLE AS A MATTER OF LAW.

In their prayer, Plaintiffs request a judgment in their favor: "Awarding such punitive damages against Defendants as are proper under law." FAC, p. 40.

Under 42 U.S.C. section 3613(c)(1) of the FHAA, a plaintiff may recover "actual . . . damages" and may also recover "punitive damages." (*Ibid.*) Punitive damages are recoverable under the FHAA, where plaintiffs allege and prove that defendants' "malice" or "reckless indifference" actually harmed a disabled person's federally protected rights. (*Kilroy v. Husson College*, 959 F.Supp.22, 24 (D. Maine 1997.) But Plaintiffs herein do not claim to be disabled persons harmed by invasion of their federally protected rights. Nor do Plaintiffs sue on behalf of third-party disabled persons who claim to have been harmed by invasion of their third-party federally protected rights. Nor do Plaintiffs allege that any disabled person (or person associated with a disabled person) has ever been harmed.

For these reasons, Plaintiffs' First Amended Complaint cannot support a claim for punitive damages.

## III. PLAINTIFFS' REQUEST FOR INJUNCTIVE RELIEF REGARDING ALL APARTMENTS PREVIOUSLY BUILT SHOULD BE STRICKEN BECAUSE PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR SUCH RELIEF.

In their prayer, Plaintiffs request judgment granting an injunction requiring Defendants bring each and every [existing] apartment community [previously built by defendants] into compliance with the requirements of 42 U.S.C. § 3604(f)(3)(C), and the applicable regulations. FAC, p. 39.

### A. Plaintiffs Have Failed to State a Claim for Injunctive Relief Because Plaintiffs Have Not Named the Owners, Renters, and Secured Lenders of the Subject Properties.

Plaintiffs allege, correctly, that <u>all</u> current owners are "necessary parties in order to

effectuate any judgment or order for injunctive relief requested by plaintiffs." FAC, ¶ 30.

Rule 19(a)(2)(i), fundamental due process, and 42 U.S.C. § 3613(d) require that current owners, renters, and secured lenders of the properties sued upon be given notice and an opportunity to be heard. The current owners are entitled to present evidence to this court showing that properties owned by them actually comply with the accessability requirements of the FHAA and that no disabled person has ever been harmed by alleged inaccessibility of the subject properties. Tenants have a property right not to be ousted from their homes or deprived of the benefit of their leaseholds without notice and opportunity to be heard. Secured lenders, who have made loans to owners and secured those loans with deeds of trust on the apartments sued on, cannot have those deeds of trust impaired without notice and an opportunity to be heard.

This due process standard is codified in 42 U.S.C. § 3613(d) as follows:

> Relief granted under this section **shall not affect any contract, sale, encumbrance, or lease consummated** before the granting of such relief and involving a bona fide purchaser, encumbrancer, or tenant, **without actual notice of the filing of a . . . civil action under this subchapter**.

An injunction requiring the retrofit of individual units leased by renters adversely affects the property rights of renters and secured lenders. No such injunction may issue unless the renters and secured lenders are given notice and have opportunity to be heard.[3] Plaintiffs in this case have not even attempted to join the tenants and secured lenders.

Plaintiffs concede that the current owners are necessary parties. FAC, ¶ 30. Yet, they named only two current owners: Knickerbocker Properties, Inc. XXXVIII and Highpointe Village, L.P. As noted, in the accompanying Fed.R.Civ.P. 12(b)(6) motion, all claims against these defendants are barred by the two-year statute of limitations. No effort was made to join

---

[3] See, *H.J.M. v. K. Hovnanian at Mahwah VI, Inc.*, 672 A.2d 1166, 1172 (N.J. Sup. Ct. 1996); *Equal Rights Center v. Post Properties, Inc.*, 2007 U.S. Dist. Ct., LEXIS 53462 *5-6. (D.C. 2007); see, also, Fed.R.Civ.P. 19(a)(2)(i); *Schneider v. Whaley*, 417 F.Supp. 750, 757 (S.D. NY 1976) (tenants had a "protected interest at stake" in the housing authority's policy-making and were thus entitled to notice and an opportunity to submit evidence and argument).

the other current owners, perhaps because Plaintiffs recognize that this Court does not have personal jurisdiction over them.

In an attempt to get around that problem, Plaintiffs have alleged the existence of a defendant "owner" class and have named Knickerbocker and Highpointe as class representatives. FAC, ¶¶ 32-37. However, this stratagem fails. First, the fact that the claims against both class representatives are time-barred renders them "inadequate" under Rule 23. It also fails to solve the jurisdictional problem: in the absence of an opt-out mechanism, Plaintiffs will have to establish personal jurisdiction as to each current owner.[4] Given the owners' locations through the United States, Plaintiffs have not even alleged that this Court has personal jurisdiction over members of the absent defendant class.

### B. Plaintiffs Have Failed to State a Claim for Injunctive Relief under the FHAA Against the Spanos Defendants Because Plaintiffs Fail to Allege That the Spanos Defendants Actually Denied, or Could Actually Deny, a Rental to Anyone.

"Plaintiffs' discrimination claim is . . . not permitted under the Fair Housing Act which concerns discrimination by providers of housing, such as owners, landlords, and municipal service providers against tenants and potential tenants." *Hotel St. George Associates v. Benjia Morgenstern, et al.*, 819 F.Supp. 310, 319 (S.D. NY 1993).

42 U.S.C. sections 3604(f)(1) and (f)(2) make it "unlawful" to deny a rental to a particular disabled person with a particular disability who wishes to rent a particular apartment. It is landlords - not builders - who are in a position to deny the rental of a

---

[4] Lack of personal jurisdiction over absent class members triggers due process concerns even in plaintiff class actions, in which, typically, no relief is sought against the absent class members and – in any event – the absent class members can "opt out" if they chose not to participate in the lawsuit. See, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12, 105 S. Ct. 2965 (1985). "Presumably, a defendant class would not present the same problems [as posed in *Shutts*] because, unlike the situation with a plaintiff class, <u>the forum court must have personal jurisdiction over each member of a defendant class</u>." *Whitson v. Heilig-Meyers Furniture, Inc.*, 1995 U.S. Dist. LEXIS 4312, *49 (N.D. Ala. 1995) (emphasis added); see, also, *National Assn. for Mental Health, Inc. v. Califano*, 717 F.2d 1451, 1455 (D.C. Cir. 1983) (affirming district court's order refusing to certify a defendant class where the named representatives would not "fairly and adequately protect the interests of the class" and where the district court did "not have in personam jurisdiction over the class members").

particular apartment to a particular disabled person who wishes to rent:

> The "failure to design and construct" language of 3604(f)(3)(C) might be thought to limit the targets of this provision to those who 'design' or 'construct' covered multi-family dwellings, but this interpretation seems wrong. As one court has observed, 3604(f)(3)(C) "is not a description of who is liable. Rather, it is a description of what actions constitute discrimination."

R. Schwemm, "Barriers to Accessible Housing: Enforcement Issues in Design and Construction Cases under the Fair Housing Act," 40 U. Richmond L.Rev. 753, 776 (2006).

"[T]he purpose of [the FHAA] is to protect the housing choices of handicapped individuals who seek to buy or lease housing and of those who seek to buy or lease housing on their behalf. The conduct and decision-making that Congress sought to affect . . . was that of persons in a position to frustrate such choices – primarily . . . those who own the property of choice and their representatives." *Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1283 (3d Cir. 1993). "[A]fter a noncompliant building has already been built . . . injunctive relief is only meaningful against the person <u>currently</u> in control of the building." *Lonberg v. Sanborn Theatres,* 259 F.3d 1029, 2001 U.S.App.LEXIS 17418 at * 18 (9th Cir. 2001). "[The] presence [of the current owner] as a party . . . appears imperative in order to afford full relief." *Baltimore Neighborhoods, Inc. v. Rommel Builders, Inc.*, 40 F.Supp.2d 700, 712 (D. Md. 1999).[5]

### IV. THOSE PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT THAT SEEK RELIEF BARRED BY THE STATUTE OF LIMITATIONS SHOULD BE STRICKEN.

The FHAA's 2-year statute of limitations means exactly what it says. *Garcia v. Brockway*, 503 F.3d 1092 (9th Cir. 2007). "An aggrieved person must bring a private civil action under the FHA for a failure to properly design and construct within two years of the

---

[5] Professor Schwemm explains: "Well established tort principles, which were in place at the time of the 1988 FHAA's enactment and which continue in force today, provide for liability for residential landlords based on their property's defects, even if such a landlord had no role in causing those defects and so long as he has had sufficient time to discover and correct the defects." (40 U. Richmond L.Rev. at 797-798.) Commercial landlords are also in a position to place "indemnity" agreement provisions into their contract to purchase an apartment building from a prior owner or prior developer.

completion of the construction phase, which concludes on the date that the last certificate of occupancy is issued." 503 F.3d at 1101;[6] see, 42 U.S.C. § 3613(a)(1)(A).

Plaintiffs filed this action on June 20, 2007. Hence, any property completed before June 20, 2005, falls outside of the statute of limitations. The statute of limitations has therefore run as to all but <u>eight</u> of the eighty-five identified Subject Properties. See RJN, Exs. 86-170. The eight complexes on which the statute of limitations has <u>not</u> run are: (1) Tamarron, located in Phoenix, Arizona; (2) Windsor at Redwood Creek, located in Rohnert Park, California; (3) Sycamore Terrace, located in Sacramento, California; (4) Arlington at Northwood, located in Wesley Chapel, Florida; (5) Delano at Cypress Creek, located in Wesley Chapel, Florida; (6) The Battery at Chamblee, located in Chamblee, Georgia; (7) The Coventry at City View, located in Fort Worth, Texas; and (8) Belterra, located in Fort Worth, Texas. RJN, Exs. 91, 103, 105, 125, 126, 129, 158, and 161.

## V. PLAINTIFFS' CLAIMS FOR RELIEF BASED ON THE UNTESTED AND UNKNOWN PROPERTIES SHOULD BE STRICKEN BECAUSE PLAINTIFFS COULD NOT HAVE SUFFERED INJURY CAUSED BY TESTING UNTESTED OR UNKNOWN PROPERTIES.

Plaintiffs allege that the Spanos Defendants "have been involved in the design and construction of approximately 85 multifamily complexes in California, Nevada, Arizona, Colorado, New Mexico, Texas, Kansas, North Carolina, Georgia and Florida." FAC, ¶ 27. Plaintiffs claim to have identified 35 apartment complexes in California, Arizona, Nevada, Texas, Kansas, Georgia, and Florida (the "Tested Properties"), totaling more than 10,000 individual apartment dwelling units, that do not meet the accessibility requirements of the FHAA. FAC, ¶¶ 3, 30. No plaintiff alleges it is located in, does business in, or counsels persons in Nevada, Arizona, Colorado, New Mexico, Texas, Kansas, or North Carolina.

---

[6] To the same effect, see *United States v. Taigen & Sons, Inc.*, 303 F.Supp.2d 1129, 1144 (D. Idaho 2003) (for an FHA case, the alleged violation occurred on "the date the design or construction was completed"); *Thompson v. Mountain Peak Assocs. LLC*, 2006 U.S. Dist. LEXIS 36981, at *8 (D. Nev. June 5, 2006) ("the last act of discrimination occurs upon the completion of the design and construction of the noncompliant structure or complex"); *Moseke v. Miller & Smith, Inc.*, 202 F.Supp.2d 492, 503 (E.D. Va. 2002).

Plaintiffs also allege on information and belief that 49 additional apartment complexes in 10 states which the Spanos Defendants designed or constructed (the "Untested Properties") also violate FHAA accessibility requirements. FAC, ¶ 6 and Appendix A to Complaint. The Spanos Defendants are also alleged to have designed or constructed an unspecified number of additional <u>unidentified</u> apartment complexes located in states not yet known to Plaintiffs. FAC, ¶ 28. The Subject Properties allegedly include over 22,000 individual apartments. FAC, ¶ 80.

Standing is a "threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). It is a jurisdictional requirement, and a party invoking federal jurisdiction bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).[7] Each element of standing is "an indispensable part of the plaintiff's case." *Id.* Federal courts are diligent in observing standing requirements. *B. C. v. Plumas Unified School Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) (holding that federal courts are required to examine jurisdictional issues, such as standing, even *sua sponte* if necessary).

To meet the Article III "irreducible constitutional minimum" of standing, Plaintiffs must meet a three-pronged test:

> First [they must have] suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan*, 504 U.S. at 560-61 (citations and internal quotation marks omitted); *Friends of the Earth, Inc. v. Laidlaw Envtl. Services*, 528 U.S. 167, 180-181 (2000).

These elements must be established "separately for each form of relief sought" and for each claim brought by the party invoking federal jurisdiction. *Laidlaw, supra*, 528 U.S. at

---

[7] Every plaintiff asserting a claim for relief must meet the constitutional requirements of standing by showing that it is "entitled to have the court decide the merits of the dispute or of particular issues," and that there exists "a 'case or controversy' between [the plaintiff] and the defendant within the meaning of Article III." *Warth v. Seldin, supra*, 422 U.S. at 498; *accord, Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372 (1982).

185; *Lewis v. Casey*, 518 U.S. 343, 358, n. 6 (1996) ("[S]tanding is not dispensed in gross."); see also *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982) ("Nor does a plaintiff who has been subject to injurious conduct of one kind possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject."). Accordingly, Plaintiffs in this case must allege a concrete and particularized injury causally connected to Defendants' alleged conduct, for each of the alleged Subject Properties.

Plaintiffs have not alleged that they "suffered **an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical**" which was **caused** by Defendants' alleged conduct. Instead, Plaintiffs' "injury" is alleged to be a "frustration" of their "mission" and a diversion of their resources away from their alleged usual activities to investigation of the Subject Properties and litigation against the Defendants. FAC, ¶¶ 72-75.

Diversion of resources and "frustration" of "mission" cannot support standing unless they were <u>caused by</u> Defendants' alleged conduct. See, e.g., *Independent Housing Services of San Francisco v. Fillmore Center Associates*, 840 F.Supp. 1328, 1336 (N.D. Cal. 1993); *accord, Fair Housing of Marin v. Jack Combs*, 285 F.3d 899, 904-905 (9th Cir. 2002), *cert. denied*, 573 U.S. 1018 (2002). Plaintiff in *Independent Housing Services of San Francisco* alleged that it had spent money referring, counseling, and placing disabled people who had encountered accessibility barriers at the Fillmore Center. 840 F.Supp. at p. 1336. Similarly, in *Fair Housing of Marin* plaintiff alleged that it had spent money in responding to citizen complaints against the defendant, over and above litigation expenses. 285 F.3d at p. 905. Both stated a sufficient causal relationship between the alleged injury and defendant's alleged conduct.[8]

---

[8] The Ninth Circuit's decision in *Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097 (9th Cir. 2004) is not inconsistent. Plaintiffs in that case were a disabled "tester" and the "Disabled Rights Action Committee ("DRAC"). After dismissing the complaint for lack of standing, <u>without leave to amend</u>, the Nevada District Court denied DRAC's motion for reconsideration. The court did not explain its order, nor did it offer a reason for not granting leave to amend. Under these circumstances, the Ninth Circuit reversed, holding that the trial court had abused its discretion in refusing to grant leave to

Moreover, any claim of diversion of resources for referring, consulting, and placing disabled persons necessarily requires allegations that plaintiffs counseled specific disabled persons who wished to live at the apartment complex sued upon. *See, Gladstone, Realtors v. Bellwood*, 441 U.S. 91, 112-115 (1979); *see also TOPIC v. Circle Realty*, 532 F.2d 1273, 1275 (9th Cir. 1976), *cert. denied*, 429 U.S. 859 (purported plaintiffs were spread out over such a wide metropolitan area that role played by alleged racial steering was so attenuated as to negate existence of any injury in fact).

The First Amended Complaint before the Court does not allege <u>and</u> <u>cannot</u> <u>allege</u> that Plaintiffs suffered injury by testing Untested and Unknown Properties.

Plaintiffs allege only a *self-inflicted* diversion of resources to test the tested properties and not in response to any complaint about any of the Properties. See FAC at ¶¶ 72-75.

In the absence of any allegation that Plaintiffs were forced to divert resources because of Defendants' harm to disabled persons, Plaintiffs have not "suffered **an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical**" and which was **caused** by Defendants' alleged conduct. While this is true as to all the Subject Properties, it is most obviously true of the "Untested Properties" which Plaintiffs admit they did not "test" and the Unknown Properties the identities and locations of which Plaintiffs admit are "unknown" to them. FAC, ¶ 28.

/ / /

/ / /

/ / /

---

amend, and that the plaintiff should have been allowed an opportunity to amend. See 358 F.3d at 1105-1106. This was consistent with the Supreme Court's ruling in *Havens, supra*, that the plaintiffs therein should have been allowed to amend their complaint. 455 U.S. at 377-378. In *Smith*, DRAC had "indicated that it would be capable of amending its complaint upon remand to clearly come within the *Fair Housing [of Marin]* requirement on the merits of the standing inquiry." 358 F.3d at 1106, n. 10.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to strike various claims for relief sought in Plaintiffs' First Amended Complaint should be granted in its entirety.

Dated: December 21, 2007

FREEMAN, D'AIUTO, PIERCE, GUREV, KEELING & WOLF

By _____
LEE ROY PIERCE, JR.
Attorneys for Defendants A.G. Spanos Construction, Inc.; A.G. Spanos Development, Inc.; A.G. Spanos Land Company, Inc.; A.G. Spanos Management, Inc.; The Spanos Corporation