ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
STEPHEN S. WALTERS (BAR NO. 54746)
MAKESHA A. PATTERSON (BAR NO. 238250)
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111-4074
Phone: (415) 837-1515
Fax: (415) 837-1516
E-Mail: swalters@allenmatkins.com
mpatterson@allenmatkins.com

Attorneys for Defendant
KNICKERBOCKER PROPERTIES, INC. XXXVIII

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

National Fair Housing Alliance, Inc.; Fair Housing of Marin, Inc.; Fair Housing Napa Valley, Inc.; Metro Fair Housing Services, Inc.; and Fair Housing Continuum, Inc.,

Plaintiffs,

v.

A.G. Spanos Corporation, Inc.; A.G. Spanos Development, Inc.; A.G. Spanos Land Company, Inc.; A.G. Spanos Management, Inc.; The Spanos Corporation; and

Knickerbocker Properties, Inc. XXXVIII; and Highpointe Village, L.P., Individually and as Representatives of a Class of All Others Similarly Situated,

Defendants.

Case No. C07-03255-SBA

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KNICKERBOCKER PROPERTIES, INC. XXXVIII'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

[Fed. R. Civ. P. 12(b)(6)]

Date: February 26, 2008
Time: 1:00 p.m.
Ctrm: 3

Amended Complaint Filed: October 12, 2007

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION AND SUMMARY OF ARGUMENT .......... 1

II. FACTS ALLEGED IN AMENDED COMPLAINT .......... 2

A. Plaintiffs' Allegations of FHA Violations .......... 2

B. Relief Sought by Plaintiffs .......... 3

III. LEGAL STANDARD UNDER RULE 12(b)(6) .......... 3

IV. THE AMENDED COMPLAINT IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS .......... 4

A. The Two Year Limitations Period Bars Plaintiffs' Complaint .......... 4

B. The Continuing Violation Doctrine Does Not Extend the Two Year Limitations Period .......... 6

V. INJUNCTIVE RELIEF AGAINST KNICKERBOCKER IS IMPROPER .......... 8

VI. THE COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO ESTABLISH STANDING .......... 10

VII. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ALA, Inc. v. CCAIR, Inc.*
(3rd Cir. 1994) 29 F.3d 855 .... 4

*Baltimore Neighborhoods, Inc. v. Rommel Builders, Inc.*
40 F.Supp.2d 700 (D. MD 1999) .... 9

*City of Los Angeles v. Lyons*
461 U.S. 95, 111 (1983) .... 8

*Clegg v. Cult Awareness Network*
18 F.3d 752 (9th Cir. 1994) .... 4

*Garcia v. Brockway*
503 F.3d 1092 (9th Cir. 2007) .... 4, 5, 7

*Havens Realty Corp. v. Coleman*
455 U.S. 363 (1982) .... 7

*Jablon v. Dean Witter & Co.*
(9th Cir. 1980) 614 F.2d 677 .... 4

*Kaiser Aluminum & Chemical Corporation v. Catellus Development Corporation*
976 F.2d 1338 (9th Cir. 1992) .... 3

*Lujan v. Defenders of Wildlife*
504 U.S. 555 (1992) .... 10

*Morales v. Trans World Airlines*
504 U.S. 374 (1992) .... 8

*Moseke v. Miller & Smith, Inc.*
202 F.Supp.2d 492 (E.D. Va. 2002) .... 5, 6, 7

*Navarro v. Block*
250 F.3d 729 (9th Cir. 2001) .... 3

*Smith v. Pacific Properties and Dev. Corp.*
358 F.3d 1097 (9th Cir. 2004) .... 10

*Sprewell v. Golden State Warriors*
266 F.3d 979 (9th Cir. 2001) .... 4

*United States v. Taigen & Sons, Inc.*
303 F.Supp.2d 1129 (D. Idaho 2003) .... 6

*United States v. W.T. Grant Co.*
345 U.S. 629 (1953) .... 8

*Ward v. Caulk*
650 F.2d 1144 (9th Cir. 1981) .... 7

**Page(s)**

**Statutes**

42 U.S.C. § 3601 ........ 1

42 U.S.C. § 3604(f)(1)-(2) ........ 6

42 U.S.C. § 3613(a)(1)(A) ........ 1, 4

42 U.S.C. § 3613(c) ........ 8

Fed. R. Civ. Proc. Rule 12(b)(6) ........ 3, 4

**NOTICE OF MOTION**

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 26, 2008, at 1:00 p.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 1301 Clay Street, 3rd Floor, Courtroom 3, Oakland, California, Defendant Knickerbocker Properties, Inc. XXXVIII ("Knickerbocker") will, and does, hereby move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing the claims of Plaintiffs National Fair Housing Alliance, Inc., Fair Housing of Marin, Inc., Fair Housing Napa Valley, Inc., Metro Fair Housing Services, Inc., and Fair Housing Continuum, Inc. (collectively "Plaintiffs") against Knickerbocker.

This Motion is made on the grounds that Plaintiffs' claim against Knickerbocker fails to state a claim upon which relief can be granted, and Plaintiffs' complaint fails to allege facts sufficient to establish standing to bring this lawsuit.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support of this Motion, the complete file and records of this action, and such other oral and documentary evidence as may be presented at the hearing on this Motion.

Dated: December 21, 2007

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP

By: : /s/ *Stephen S. Walters*
STEPHEN S. WALTERS
MAKESHA A. PATTERSON
Attorneys for Defendant Knickerbocker Properties, Inc. XXXVIII

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Knickerbocker Properties, Inc. XXXVIII ("Knickerbocker") submits this Memorandum of Points and Authorities in support of its motion to dismiss the First Amended Complaint of Plaintiffs National Fair Housing Alliance, Inc., Fair Housing of Marin, Inc., Fair Housing Napa Valley, Inc., Metro Fair Housing Services, Inc., and Fair Housing Continuum, Inc. (collectively "Plaintiffs").

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

In its Amended Complaint, Plaintiffs allege that 81 apartment complexes built by defendants A.G. Spanos Construction, Inc., A.G. Spanos Development, Inc., A.G. Spanos Land Company, Inc., A.G. Spanos Management, Inc., and The Spanos Corporation (collectively "A.G. Spanos") and located in various states fail to comply with the Fair Housing Act (42 U.S.C. § 3601 *et seq.*)("FHA"). Plaintiffs allege that 34 Spanos-built apartment complexes located in California, Arizona, Nevada, Texas, Kansas, Georgia and Florida have been tested and fail to meet the accessibility requirements of the FHA. They also allege that 47 untested Spanos-built apartment complexes located in California, Arizona, Nevada, Colorado, New Mexico, Texas, Kansas, North Caroline, Georgia and Florida, fail to meet the accessibility requirements of the FHA. Plaintiffs seek to enjoin A.G. Spanos from, among other things, failing or refusing to retrofit the apartment complexes. Plaintiffs seek to enjoin Knickerbocker, a current owner of only two of the 81 apartment complexes, from failing or refusing to permit A.G. Spanos to perform the retrofits.

Plaintiffs' Amended Complaint fails to state a claim for relief because Plaintiffs' claims are barred by the applicable two year statute of limitations (42 U.S.C. § 3613(a)(1)(A).) Under the law of this Circuit, Plaintiffs' claims began to run upon the completion of the construction of the apartment complexes owned by Knickerbocker, which the Amended Complaint admits was more than two years ago. Plaintiffs' claims against Knickerbocker must be dismissed for this critical reason.

In addition, Plaintiffs cannot properly seek to enjoin Knickerbocker from refusing to allow retrofits. Plaintiffs have not shown that they are entitled to injunctive relief against Knickerbocker because Plaintiffs have not shown that there is any cognizable danger of harm if Knickerbocker is

not enjoined. Finally, Plaintiffs do not allege facts sufficient to establish standing to bring this lawsuit.

Accordingly, Plaintiffs' Amended Complaint should be dismissed as to Knickerbocker.

## II. FACTS ALLEGED IN AMENDED COMPLAINT

### A. Plaintiffs' Allegations of FHA Violations

Plaintiffs brought this civil rights action against A.G. Spanos, Knickerbocker and Highpointe Village, L.P. Plaintiffs allege that A.G. Spanos designed and/or built the apartment complexes as to which Plaintiffs seek relief. (Amended Complaint at ¶ 1:7-9.) Knickerbocker and Highpoint Village, L.P. are current owners of apartment complexes that were designed and/or built by A.G. Spanos. (Amended Complaint at ¶ 1:4-9.)

Plaintiffs allege that they have identified 34 apartment complexes in California, Arizona, Nevada, Texas, Kansas, Georgia and Florida (the "Tested Properties"), which have a total of more than 10,000 individual apartment dwelling units, that fail to meet the accessibility requirements of the FHA. (Amended Complaint at ¶ 3.) The Amended Complaint alleges that, with respect to the Tested Properties and since 1991, A.G. Spanos has engaged in a continuous pattern and practice of discrimination against people with disabilities in violation of the FHA by designing/and or constructing apartment complexes in a way that denies disabled persons full access to, and use of, the facilities as required under the FHA. (Amended Complaint at ¶ 4.)

Plaintiffs also allege that there are 47 untested apartment complexes in numerous states constructed by A.G. Spanos after March 1991 that Plaintiffs believe also violate the FHA's accessibility requirements. (Amended Complaint at ¶ 6.)

Plaintiffs' allege that they have visited a number of properties built by A.G. Spanos and discovered FHA violations in the design and construction of those properties. (Amended Complaint at ¶ 40.) As a result, Plaintiffs began investigations of the properties and conducted site visits, investigations, surveys and tests at the 34 Tested Properties in various states. (Amended Complaint at ¶¶ 41-42.) Plaintiffs claim to have identified at least one FHA violation at each of the Tested Properties. (Amended Complaint at ¶ 45.) Some of the alleged FHA violations include failure to design and construct units and public and common areas in the Tested

Properties that are accessible to people with disabilities, and failure to design and construct bathrooms and kitchens with sufficient floor space to allow a person in a wheelchair to maneuver about the space. (Amended Complaint at ¶¶ 46-47.)

Plaintiffs allege that Knickerbocker is the owner of Mountain Shadows, an apartment complex in Rohnert Park, California, and The Commons, an apartment complex in Vacaville California. (Amended Complaint at ¶ 33.) These complexes were designed and/or constructed by A.G. Spanos. (*Id.*) Mountain Shadows was completed in 2002. (Amended Complaint at ¶ 55.) The Commons was completed in 2003. (Amended Complaint at ¶ 64.)

### B. Relief Sought by Plaintiffs

Plaintiffs claim that they have been injured in that they have been frustrated in their missions to eradicate discrimination in housing, and in carrying out the programs and services they provide. (Amended Complaint at ¶ 72.) Plaintiffs allege that A.G. Spanos' discriminatory practices have forced Plaintiffs to divert resources to investigate and counteract A.G. Spanos' practices. (Amended Complaint at ¶ 74.) Against A.G. Spanos, Plaintiffs seek a declaration that A.G. Spanos' practices and actions violate the FHA, to enjoin A.G. Spanos from constructing or selling any non-compliant multifamily housing and from refusing to survey and make each apartment FHA compliant, an award of compensatory and punitive damages, and an award of costs and attorneys' fees. (Amended Complaint at pp. 39:5-28-40:1-28.) Against Knickerbocker and Highpointe Village, L.P., Plaintiffs seek an injunction prohibiting them from refusing to permit retrofits at the properties, and to comply with the procedures for inspection and certification of the retrofits performed. (Amended Complaint at p. 40:16-21.)

## III. LEGAL STANDARD UNDER RULE 12(b)(6)

The court may dismiss a claim where "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In making this determination, the court should "take all allegations of material facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff." *Kaiser Aluminum & Chemical Corporation v. Catellus Development Corporation*, 976 F.2d 1338, 1340 (9th Cir. 1992). However, the court is not required to accept as true allegations

that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Nor are courts required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

A complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure when an affirmative defense, like the statute of limitations, appears on its face. *ALA, Inc. v. CCAIR, Inc.* (3rd Cir. 1994) 29 F.3d 855, 859. Such a complaint fails to state a claim because the action is time-barred. *Jablon v. Dean Witter & Co.* (9th Cir. 1980) 614 F.2d 677, 682.

## IV. THE AMENDED COMPLAINT IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

### A. The Two Year Limitations Period Bars Plaintiffs' Complaint

Under the FHA, an aggrieved person may bring a claim "not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). A suit for failure to properly design and construct under the FHA must be brought within two years of the completion of the construction phase. *Garcia v. Brockway*, 503 F.3d 1092, 1101 (9th Cir. 2007) (suggestion for rehearing en banc pending). Plaintiffs' claim against Knickerbocker is based upon A.G. Spanos' alleged noncompliant construction. The two year statute of limitations bars Plaintiffs' claim against Knickerbocker.

In *Garcia*, the Ninth Circuit held that the statute of limitations in a design and construction claim under the FHA begins to run when construction is completed. In two consolidated cases, the plaintiffs appealed determinations by two district courts that their FHA design and construction claims were time barred by the two year statute of limitations. *Id.* at 1094. In the first case, a disabled resident of a multi-family dwelling brought suit against the original builder and architect, as well as the current owners and management, alleging violations of the FHA's design and construction requirements for handicapped access. *Ibid.* The district court granted summary judgment for the defendants because the claim was not filed within the two year limitations period, and the resident appealed. *Ibid.* In the second case, a visitor to a multi-family

dwelling, along with a disability-rights advocacy organization, sued the owner of the dwelling, also alleging a violation of the FHA's design and construction requirements. *Id.* at 1095. The district court in that case granted the defendants' motion to dismiss because the claim was barred by the two year statute of limitations, and those plaintiffs appealed. *Ibid.*

The Court of Appeal first noted that an aggrieved person must bring a lawsuit under the FHA within two years of either the occurrence of an alleged discriminatory housing practice, or the termination of an alleged discriminatory housing practice. *Id.* at 1096. The court reasoned that:

> [T]he practice is the "failure to design and construct" a multifamily dwelling according to FHA standards . . . The statute of limitations is thus triggered at the conclusion of the design and construction phase, which occurs on the date the last certificate of occupancy is issued. In both cases, this triggering event occurred long before plaintiffs brought suit.

*Id.* at 1096.

The Court rejected the plaintiffs' argument that the FHA design and construction violation was a continuing one that would extend the two year limitations period. The failure to design and construct is not an indefinitely continuing practice, but a discrete instance of discrimination that terminates at the conclusion of the design and construction phase. *Ibid.* Because the failure to design and construct is a single instance of unlawful conduct, which occurred long before the plaintiffs brought suit, the suit was time barred. *Id.* at 1098. Likewise, the Court rejected the plaintiffs' argument that the statute of limitations should not begin to run until the aggrieved person encounters the design and construction effect. *Id.* at 1099. Rather, under the FHA, the ability to sue only lasts for two years from the time of the violation, and the violation is a failure to design and construct. *Ibid.* Finally, the Court rejected the plaintiffs' argument that the limitations period does not begin to run until the aggrieved person discovers the design and construction defect - to hold otherwise would contradict the text of the FHA because the statute of limitations begins to run when the discriminatory act occurs. *Id.* at 1100.

Other courts have reached similar conclusions. In *Moseke v. Miller & Smith, Inc.*, 202 F.Supp.2d 492, 494-95 (E.D. Va. 2002), for example, a disabled person and fair housing organization sued developers, architects, and condominium associations for non-compliance with

the FHA's design and construction provisions. The court concluded that the statute of limitations is triggered by the occurrence or the termination of a discriminatory practice. *Id.* at 503. The occurrence of a discriminatory housing practice is a "discrete event or incident that encompasses a discriminatory custom." *Ibid.* Because the last development at issue was constructed more than two years before the plaintiffs brought suit, plaintiffs' design and construction claim was time barred. *Id.* at 507. *See also United States v. Taigen & Sons, Inc.*, 303 F.Supp.2d 1129, 1144 (D. Idaho 2003) (plaintiff's FHA claim time barred because suit brought five years after design and construction completed.)

Here, too, any claim against Knickerbocker is too late and must be dismissed. Plaintiffs' claims against Knickerbocker arise from A.G. Spanos' alleged FHA noncompliant construction of the subject properties. Plaintiffs filed their Amended Complaint, which was the first complaint including Knickerbocker as a defendant, on October 12, 2007. Knickerbocker was served with the Amended Complaint on October 26, 2007. Plaintiffs' Amended Complaint alleges that Knickerbocker owns Mountain Shadows, an apartment complex in Rohnert Park, California, and The Commons Apartments, an apartment complex in Vacaville, California. (Amended Complaint at ¶ 33:6-12.) Mountain Shadows was completed in 2002, and The Commons Apartments was completed in 2003. (Amended Complaint at ¶¶ 55:2-4, 64:2-3.) Plaintiffs do not allege that Knickerbocker has discriminated in the sale or rental of any units, made any dwelling unit unavailable, or discriminated against any person in the terms or conditions of sale or rental of a dwelling in violation of the FHA. *See* 42 U.S.C. § 3604(f)(1)-(2). Plaintiffs' claim against Knickerbocker is based entirely upon the alleged noncompliant construction of dwelling units by A.G. Spanos. Accordingly, because construction of the properties owned by Knickerbocker was completed more than two years prior to the filing of Plaintiffs' Amended Complaint, the claim against Knickerbocker is time barred and must be dismissed.

### B. The Continuing Violation Doctrine Does Not Extend the Two Year Limitations Period

Plaintiffs cannot rely on the continuing violation doctrine to extend the limitations period. Under the continuing violation doctrine, a plaintiff's complaint will not be time-barred if the

defendant's related wrongful acts continue into the statute of limitations time frame. *Moseke v. Miller & Smith, Inc.*, 202 F.Supp.2d 492, 500 n. 10 (E.D. Va. 2002).

The failure to properly design and construct is a single instance of unlawful conduct. *Garcia v. Brockway, supra,* 503 F.3d at 1098. In *Garcia,* the Ninth Circuit rejected the plaintiffs' argument that the continuing violation doctrine extended the two year limitations period. The Court of Appeal found that the plaintiffs confused a continuing violation with the continuing *effects* of a past violation. *Id.* at 1097. The "practice" at issue in *Garcia* was "a failure to design and construct," which the court emphasized is *not* an indefinitely continuing practice, but a discrete instance of discrimination that terminates at the conclusion of the design-and-construction phase. *Ibid.* Such a violation differs from one that is "continuing," where claims are not based solely on isolated incidents, but on a continuing violation manifested in a *number of incident*s. *Id.* at 1097 *quoting Havens Realty Corp. v. Coleman*, 455 U.S. 363, 381 (1982). *See also Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981) ("A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation.")

The court in *Moseke, supra*, 202 F.Supp.2d at 506, also recognized that "the Supreme Court has consistently held that a continuing violation was not present where there was a subsequent effect resulting from the defendant's prior discriminatory act . . . The critical question is whether any present violation exists." The court concluded that "it is clear that the continuing effects of a previous discriminatory act do not constitute a continuing violation." *Id.* at 507. Thus, the court held that an FHA non-compliant building that contains inaccessible features to a disabled person is more akin to a continuing effect, rather than a continuing violation under the FHA. *Ibid.* As a result, the court held that the statute of limitations barred the plaintiffs' claim because it failed to plead that the defendants committed an act within two years of when the complaint was filed. *Id.* at 510.

The continuing violation doctrine certainly has no application to Knickerbocker. Knickerbocker owns only two of the 81 apartment complexes upon which Plaintiffs sue, and Plaintiffs admit that both were completed more than two years ago. Nowhere in the Amended Complaint do Plaintiffs allege that Knickerbocker has done or performed any discriminatory act

within the two years preceding the filing of Plaintiffs' complaint. Plaintiffs have not, nor can they, claim that Knickerbocker committed any continuing violation by simply owning the property. Because a discriminatory act is required within the two year limitations period to assert a claim based upon the continuing violation, and Knickerbocker has committed none, Plaintiffs' claim against Knickerbocker falls outside of the statute of limitations.

## V. INJUNCTIVE RELIEF AGAINST KNICKERBOCKER IS IMPROPER

Even if Plaintiffs could circumvent the statute of limitations problem, which they cannot, Plaintiffs' complaint against Knickerbocker should be dismissed because injunctive relief against Knickerbocker is not proper. As to Knickerbocker, Plaintiffs' complaint seeks a judgment:

> Enjoining the Owner Defendants from failing or refusing to permit the retrofits ordered by the Court to be made in their respective properties, to comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court, and to perform or allow such other acts as may be necessary to effectuate any judgment against the A.G. Spanos Defendants.
>
> (Amended Complaint at p. 40:16-21.)

In order to obtain injunctive relief, a party must allege that there exists some cognizable danger of harm if the defendant is not enjoined from committing certain acts. *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953). The equitable remedy of injunctive relief is "unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again – a 'likelihood of substantial and immediate irreparable injury.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). A court ordinarily will grant injunctive relief only if another adequate remedy at law is unavailable. *Morales v. Trans World Airlines*, 504 U.S. 374, 381 (1992). A court may order injunctive relief pursuant to 42 U.S.C. § 3613(c) of the FHA.

Enjoining Knickerbocker from failing or refusing to allow A.G. Spanos to bring the alleged violations into compliance with the FHA is improper. Plaintiffs make no allegations that Knickerbocker violated *any* provisions of the FHA. All Plaintiffs have alleged is that Knickerbocker owns two of the Tested Properties as to which the statute of limitations has run.

Plaintiffs have made no showing that they will suffer substantial and immediate irreparable injury in the absence of injunctive relief against Knickerbocker.

Few cases have addressed the issue of whether a current owner, who did *not* participate in the construction of FHA noncompliant buildings, may be enjoined from failing or refusing to allow retrofits at such buildings. In *Baltimore Neighborhoods, Inc. v. Rommel Builders, Inc.*, 40 F.Supp.2d 700, 712 (D. MD 1999), the court allowed a condominium association to be retained as a party in order to effectuate the injunctive relief sought – namely, retrofitting of the common areas. The court also stated that the least intrusive remedies must be employed when possible. *Ibid.*

Plaintiffs' requested relief against Knickerbocker is much more intrusive than the relief requested in *Baltimore Neighborhoods*. Plaintiffs seek to enjoin A.G. Spanos from failing or refusing to bring the covered dwelling units *and* the public-use and common-use areas at the Tested Properties into FHA compliance, and from failing or refusing to bring *each and every such apartment* community into compliance with the FHA. Plaintiffs seek to enjoin Knickerbocker from failing or refusing to permit the retrofits, to comply with procedures for inspection and certification of the retrofits performed, and to perform or allow such other acts as may be necessary to effectuate any judgment against A.G. Spanos. (Amended Complaint at p. 40:16-21.) No court ordered such an intrusive remedy against a current owner who did not participate in the alleged FHA violations.[1]

The Court should reject Plaintiffs' attempts to bootstrap issues related to A.G. Spanos with claims against Knickerbocker. In addition to injunctive relief, Plaintiffs seek an award of compensatory damages for injuries incurred as a result of A.G. Spanos' discriminatory housing practices and conduct. If Plaintiffs can avoid the statute of limitations as to A.G. Spanos – on a continuing violation theory or some other ground - Plaintiffs' proper remedy is to recover damages

---

1 Plaintiffs have an adequate remedy for past violations through damages sought against A.G. Spanos, and Plaintiffs can get an injunction as to projects built within the statute of limitations or in the future.

against A.G. Spanos for the claimed past violations of the FHA; injunctive relief against Knickerbocker is not proper.

## VI. THE COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO ESTABLISH STANDING

Plaintiffs also do not have standing under Article III of the Federal Constitution to bring this lawsuit. To establish Article III standing, a plaintiff must allege facts which demonstrate: (1) the existence of a "concrete and particularized" injury-in-fact; (2) a causal connection between the injury suffered and the conduct complaint of; and (3) that a favorable adjudication would redress the alleged injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The Ninth Circuit has held that an organization that uses a disabled tester has standing to sue under the FHA. *See Smith v. Pacific Properties and Dev. Corp.*, 358 F.3d 1097, 1101-1105 (9th Cir. 2004). Here, however, Plaintiffs are not disabled, they do not allege that any testers were disabled, nor do they claim to sue on behalf of disabled renters. Plaintiffs also have not shown that any injury they allegedly suffered was caused by any FHA violation. The Amended Complaint also should be dismissed on this ground.

## VII. CONCLUSION

For the foregoing reasons, Defendant Knickerbocker's Motion to Dismiss should be granted.

Dated: December 21, 2007

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: : /s/ *Stephen S. Walters*
STEPHEN S. WALTERS
MAKESHA A. PATTERSON
Attorneys for Defendant Knickerbocker Properties, Inc. XXXVIII