# EXHIBIT 3

Case 4:07-cv-03255-SBA   Document 74-4   Filed 02/19/2008   Page 2 of 12
Case 2:07-cv-01037-PMP-PAL   Document 39-5   Filed 01/31/2008   Page 2 of 12
Case 3:02-cv-00615-LRH-VPC   Document 99-2430230   Filed 07/13/2004   Page 16 of 38

FILED BY _____ D.C.

03 JUL 29 PM 12: 46

ROBERT R. DI TROLIO
CLERK U.S. DIST. CT.
W.D. OF TN. MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MEMPHIS CENTER FOR INDEPENDENT LIVING,<br><br>    Plaintiff,<br><br>v.<br><br>MAKOWSKY CONSTRUCTION COMPANY, INC., et al.,<br><br>    Defendants,<br><br>and<br><br>UNITED STATES OF AMERICA,<br><br>    Plaintiff-Intervenor,<br><br>v.<br><br>MAKOWSKY CONSTRUCTION COMPANY, INC., et al.,<br><br>    Defendants. | Case No.: 01-2069 D/Pha |

**ORDER DENYING DEFENDANT MAKOWSKY CONSTRUCTION COMPANY, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFF, MEMPHIS CENTER FOR INDEPENDENT LIVING**

Before the Court is the motion of Defendant Makowsky Construction, Inc. ("Defendant") for partial summary judgment. Defendant asserts that Plaintiff Memphis Center for Independent Living ("MCIL")'s claim for failure to design and construct apartment complexes that are accessible to and useable by persons with physical disabilities, brought pursuant to the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. § 3604 et seq., was not brought within the two-year statute of limitation.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 7-29-03

(411)

EXHIBIT
D

Case 4:07-cv-03255-SBA   Document 74-4   Filed 02/19/2008   Page 3 of 12
Case 2:07-cv-01037-PMP-PAL   Document 39-5   Filed 01/31/2008   Page 3 of 12
Case 3:02-cv-00615-LRH-VPC   Document 99-2430230   Filed 07/13/2004   Page 17 of 38

Plaintiff maintains that although two of the three apartment complexes were designed and constructed more than two years before the commencement of the instant action, its claim was timely filed based on the continuing violations / pattern and practice exception. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, the Court denies Defendant's motion for partial summary judgment.

## I. BACKGROUND AND PROCEDURAL FACTS

Defendant was the general contractor of three apartment complexes: Eton Square, Champion Hills at Windyke ("Windyke"), and Champion Hills at Stonebridge ("Stonebridge"). Eton Square was built in one phase. The Certificate of Occupancy for Eton Square was issued on July 24, 1996. Eton Square L.P. owns Eton Square. Windyke was built in two phases. The Certificate of Occupancy for phases one and two of Windyke was issued on July 3, 1998, and January 7, 1998, respectively. MRB-Windyke, LP, owns Windyke. Stonebridge was also built in two separate phases. The Certificate of Occupancy for phases one and two of Stonebridge was on October 23, 1998, and September 23, 1999, respectively. MRB-Stonebridge, LP, owns Stonebridge. A Certificate of Occupancy, which is issued by the local building authority, indicates that construction is complete and the building is capable of being occupied.

Plaintiff asserts that the design of the three complexes are essentially the same. The same floor unit plans were used at all three complexes. Archeon, with Jack Schaffer acting as the principal architect, served as the architectural design company for all three complexes. Makowsky and Ringel were the owner/developers of all three properties.

MCIL initiated that instant action on January 25, 2001, alleging that Defendants failed to design and construct the three apartment complexes in compliance with 42 U.S.C. § 3604(f)(3)(C).

2

Case 4:07-cv-03255-SBA   Document 74-4   Filed 02/19/2008   Page 4 of 12
Case 2:07-cv-01037-PMP-PAL   Document 39-5   Filed 01/31/2008   Page 4 of 12
Case 3:02-cv-00615-LRH-VPC   Document 99-2430230   Filed 07/13/2004   Page 18 of 38

In October 2001, the United States of America joined as a plaintiff/intervenor in the action.

On April 1, 2003, Defendant filed a motion for partial summary judgment. Defendant asserts that the only portion of Plaintiff's claim that is not barred by the statute of limitations is the part based on phase two of Stonebridge, which received its Certificate of Occupancy on September 23, 1999. Plaintiff MCIL argues that Defendant's conduct in the building and design of the complexes is a continuing violation and exhibits a pattern or practice of discrimination.

## II. LEGAL STANDARD

### A. Summary Judgment

Summary judgment may be granted if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Material facts are those facts which are defined by substantive law and are necessary in order to apply the law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the non-moving party. Id.

In evaluating a motion for summary judgment, the evidence, facts, and any inferences must be viewed in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed.2d 538 (1986); Walbourn v. Erie County Care Facility, 150 F. 3d 584, 588 (6th Cir. 1998). Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is appropriate when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co., 475 U.S. at

Case 4:07-cv-03255-SBA   Document 74-4   Filed 02/19/2008   Page 5 of 12
Case 2:07-cv-01037-PMP-PAL   Document 39-5   Filed 01/31/2008   Page 5 of 12
Case 3:02-cv-00615-LRH-VPC   Document 99-2430230   Filed 07/13/2004   Page 19 of 38

587.

### III. ANALYSIS

Defendant asserts that Plaintiff's action is barred by 42 U.S.C. § 3613(a), which provides that a civil action must be commenced "not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice." Plaintiff MCIL argues in part that the instant action is not time-barred because 1) Defendant's actions constitute a pattern and practice of discrimination in violation of the FHA, and 2) the violations at the complexes constitute continuing violations.

In Havens Realty Corporation v. Coleman, 455 U.S. 363, 102 S.Ct. 1114, 71 L. Ed. 2d 214 (1982), the Court held that when "a plaintiff, pursuant to the Fair Housing Act, challenges not just one incident of conduct violative of the Act, but an unlawful practice that continues into the limitations period, the complaint is timely [if] it is filed within [two-years] of the last asserted occurrence of that practice." Id. at 380-81. The United States Court of Appeals for the Sixth Circuit further has held that there are two categories of continuing violations. See Tenenbaum v. Caldera, 45 Fed. Appx. 416 (6th Cir. 2002) (unpublished). The first category, known as the serial violations doctrine, arises when there is "a series of continuous and sufficiently related discriminatory acts, and at least one of those acts occurred within the statutory period." Id. at 418; see also Haithcock v. Frank, 958 F.2d 671 (6th Cir. 1992).[1] Acts which are the present effect of past discrimination do not trigger a continuing violations exception. Id. at 419; see also Dixon v. Anderson, 928 F.2d 212, 216

---

[1] The Tenenbaum Court noted that the United States Supreme Court limited the use of the serial violations doctrine in National Railroad Passenger Corporation v. Morgan, 536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002). The Court determined, however, that the United States Supreme Court in Havens Realty Corporation affirmed the application of the serial violations doctrine to pattern or practice cases brought pursuant to the FHA. Caldera, 45 Fed. Appx. at 419, n. 2.

4

Case 4:07-cv-03255-SBA    Document 74-4    Filed 02/19/2008    Page 6 of 12
Case 2:07-cv-01037-PMP-PAL    Document 39-5    Filed 01/31/2008    Page 6 of 12
Case 3:02-cv-00615-LRH-VPC    Document 99-2430230    Filed 07/13/2004    Page 20 of 38

(6th Cir. 1991). The second category is implicated when "there exists a long standing and demonstrable policy of discrimination." Id.; see also Alexander v. Local 496, Laborers' Int'l Union, 177 F.3d 394 (6th Cir. 1999). "The preponderance of the evidence must establish that some form of intentional discrimination against the class of which plaintiff was a member was the company's standing [sic] operating procedure." EEOC v. Penton Indus. Publishing Co., 851 F.2d 835, 838 (6th Cir. 1988).

A three-part inquiry is utilized to determine whether a continuing violation exists. Tolbert v. Ohio, 172 F.3d 934, 940 (6th Cir.1999). "First, the defendant's wrongful conduct must continue after the precipitating event that began the pattern . . . . Second, injury to the plaintiff must continue to accrue after that event. Finally, further injury to the plaintiff[] must have been avoidable if the defendant[] had at any time ceased [its] wrongful conduct." Id. In LRL Properties v. Portage Metro Housing Authority, 55 F.3d 1097 (6th Cir. 1995), the Court noted that courts have been reluctant to apply the continuing violations doctrine outside of the context of Title VII discrimination cases. Id. at 1106. In Paschal v. Flagstar Bank, FSB, 295 F.3d 565 (6th Cir. 2002), however, the Court applied the continuing violations doctrine to a case brought pursuant to the FHA. Likewise, other court have applied the continuing violations doctrine to FHA claims. See, e.g., Spann v. Colonial Village, Inc., 899 F.2d 24 (D.C. Cir. 1990); Eastern Paralyzed Veterans Ass'n, Inc. v. Lazarus-Burman Assoc., 133 F. Supp. 2d 203 (E.D.N.Y. 2001); Montana Fair Housing, Inc. v. Am.Capital Dev., Inc., 81 F. Supp. 2d 1057 (D. Mont 1999).

The Court finds that Plaintiff has sufficiently established that Defendant engaged in a pattern or practice of alleged discrimination when designing and constructing the three apartment complexes. With respect to the three-part inquiry, the Court finds that the design and construction

Case 4:07-cv-03255-SBA   Document 74-4   Filed 02/19/2008   Page 7 of 12
Case 2:07-cv-01037-PMP-PAL   Document 39-5   Filed 01/31/2008   Page 7 of 12
Case 3:02-cv-00615-LRH-VPC   Document 99-2430230   Filed 07/13/2004   Page 21 of 38

of Eton began the pattern of alleged discrimination. Thereafter, Windyke and Stonebridge were designed and constructed allegedly using a similar design as Eton, the same architect, and the same construction company. Injury to Plaintiff, i.e., alleged inaccessibility to the properties, accrued each time a phase was completed that allegedly failed to comply with FHA requirements. Finally, if Defendant had, as Plaintiff alleges, designed and constructed Windyke and Stonebridge in compliance with the FHA and remedied the alleged non-compliance at Eton, Plaintiff would have suffered no further injury. Thus, Plaintiff has satisfied the three-part inquiry used to determine whether application of the continuing violations doctrine is appropriate.[2]

Moreover, Plaintiff has established beyond a preponderance of the evidence that Defendant's alleged standard operating procedure included a policy of intentional discrimination against disabled individuals. In a memorandum dated December 9, 1997, written by Jack Schaffer, and addressed to Jerry Makowsky, Mr. Schaffer indicated that he did not believe that the three complexes met the FHA guidelines. Mr. Schaffer further questioned whether the design and drawings should be revised. Assuming that the complexes were not in compliance with the FHA guidelines, this memorandum indicates that Defendant may have been aware of such non-compliance and chose to proceed with the construction anyway. The Court finds that this evidences a demonstrable policy of discrimination. The Court concludes therefore that Plaintiff's claim is not barred by the statute of limitations based on the second category of the continuing violations exception. Accordingly,

---

[2] Defendant asserts that Plaintiff has not suffered an injury because no individual has been harmed who lives at the complexes nor have there been any complaints by individuals about inaccessibility. The Court finds this argument unavailing. Organizations may maintain claims for violation of the FHA. See Havens Realty Corporation, 455 U.S. 363 (1982). Furthermore, an injury suffered may be actual or *threatened*. Heights Cmty. Congress v. Hilltop Realty, Inc., 774 F.2d 135 (6th Cir. 1985).

6

Case 4:07-cv-03255-SBA     Document 74-4     Filed 02/19/2008     Page 8 of 12
Case 2:07-cv-01037-PMP-PAL     Document 39-5     Filed 01/31/2008     Page 8 of 12
Case 3:02-cv-00615-LRH-VPC     Document 99-2430230     Filed 07/13/2004     Page 22 of 38

Defendant's motion for partial summary judgment is denied.

IV.   **CONCLUSION**

For the reasons stated herein, the Court finds that Plaintiff's FHAA claim is not barred by the statute of limitations. Accordingly, the Court denies Defendant's motion for partial summary judgment.

IT IS SO ORDERED this 29 day of July 2003.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

Case 4:07-cv-03255-SBA    Document 74-4    Filed 02/19/2008    Page 9 of 12
Case 2:07-cv-01037-PMP-PAL    Document 39-5    Filed 01/31/2008    Page 9 of 12
Case 3:02-cv-00615-LRH-VPC    Document 99-2430230    Filed 07/13/2004    Page 23 of 38

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 411 in case 2:01-CV-02069 was distributed by fax, mail, or direct printing on July 29, 2003 to the parties listed.

David Rodney Scruggs
MEMPHIS AREA LEGAL SERVICES
109 N. Main Street
Ste. 201
Memphis, TN 38103

Margaret R. Barr-Myers
MEMPHIS AREA LEGAL SERVICES, INC.
109 N. Main Street
Ste. 201
Memphis, TN 38103

Webb A. Brewer
MEMPHIS AREA LEGAL SERVICES, INC.
109 N. Main Street
Ste. 201
Memphis, TN 38103

Theresa L. Kitay
COUGHLIN & KITAY, PC
3091 Holcomb Bridge Rd.
Ste. A-1
Norcross, GA 30071

Warren D. McWhirter
GLASSMAN JETER EDWARDS & WADE, P.C.
26 N. Second Street
Memphis, TN 38103

Leo Maurice Bearman
BAKER DONELSON BEARMAN & CALDWELL
First Tennessee Bank
165 Masison Ave.
20th floor
Memphis, TN 38103

Case 4:07-cv-03255-SBA   Document 74-4   Filed 02/19/2008   Page 10 of 12
Case 2:07-cv-01037-PMP-PAL   Document 39-5   Filed 01/31/2008   Page 10 of 12
Case 3:02-cv-00615-LRH-VPC   Document 99-2430230   Filed 07/13/2004   Page 24 of 38

Gary A. Vanasek
U.S. ATTORNEY'S OFFICE
Federal Building
167 N. Main St.
Ste. 800
Memphis, TN 38103

Harriett M. Halmon
U.S. ATTORNEY'S OFFICE
Federal Building
167 N. Main St.
Ste. 800
Memphis, TN 38103

Thomas J. Keary
U.S. DEPARTMENT OF JUSTICE
Civil Rights Divisio
950 Pennsylvania Ave., NW
Housing & Civil Enforcement Section- G S
Washington, DC 20530

Deborah A. Gitin
U.S. DEPARTMENT OF JUSTICE
Civil Rights Divisio
950 Pennsylvania Ave., NW
Housing & Civil Enforcement Section- G S
Washington, DC 20530

Jeanine M. Worden
U.S. DEPARTMENT OF JUSTICE
Civil Rights Divisio
950 Pennsylvania Ave., NW
Housing & Civil Enforcement Section- G S
Washington, DC 20530

Kevin Kijewski
U.S. DEPARTMENT OF JUSTICE
Civil Rights Divisio
950 Pennsylvania Ave., N. W.
Housing and Civil Enforcement Section
Washington, DC 20530

Susan Buckingham Reilly
U.S. DEPARTMENT OF JUSTICE
Civil Rights Divisio
950 Pennsylvania Ave., N.W.
Housing and Civil Enforcement Section
Washington, DC 20530

Case 4:07-cv-03255-SBA   Document 74-4   Filed 02/19/2008   Page 11 of 12
Case 2:07-cv-01037-PMP-PAL   Document 39-5   Filed 01/31/2008   Page 11 of 12
Case 3:02-cv-00615-LRH-VPC   Document 99-2430230   Filed 07/13/2004   Page 25 of 38

John S. Richbourg
SISKIND & SUSSER
5400 Poplar Ave.
Ste. 300
Memphis, TN 38117

William M. Jeter
LAW OFFICE OF WILLIAM JETER
35 Union Ave.
Ste. 300
Memphis, TN 38103

John I. Houseal
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Jeffery A. Jarratt
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Stephen W. Vescovo
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
One Commerce Square
40 S. Main St.
Ste. 2900
Memphis, TN 38103

Robert L. Moore
HEATON & MOORE, P.C.
100 N. Main St.
Ste. 3400
Memphis, TN 38103

Dawn Davis Carson
HEATON & MOORE, P.C.
100 N. Main St.
Ste. 3400
Memphis, TN 38103

Marcy L. Dodds
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
2900 One Commerce Sq
40 S. Main Street
Memphis, TN 38103

Case 4:07-cv-03255-SBA   Document 74-4   Filed 02/19/2008   Page 12 of 12
Case 2:07-cv-01037-PMP-PAL   Document 39-5   Filed 01/31/2008   Page 12 of 12
Case 3:02-cv-00615-LRH-VPC   Document 99-2430230   Filed 07/13/2004   Page 26 of 38

Stephen H. Biller
THE BOGATIN LAW FIRM
1661 International Place Dr.
Ste. 300
Memphis, TN 38120

Jeffrey D. Keiner
GRAY HARRIS & ROBINSON, P.A.
P.O. Box 3068
301 E. Pine Street
Ste. 1400
Orlando, FL 32802

Prineet D. Sharma
GRAY HARRIS & ROBINSON, PA
201 N. Franlin St.
Ste. 2200
Tampa, FL 33602

Tu M. Pham
U.S. MAGISTRATE JUDGE
167 N. Main
Rm. 934
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT