Michael Allen
Stephen M. Dane
John P. Relman
Thomas J. Keary
Pending admission *pro hac vice*
D. Scott Chang, #146403
Relman & Dane, PLLC
1225 19th Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 728-1888
Fax: (202) 728-0848
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| National Fair Housing Alliance, Inc., et al., ) | |
| ) | Case No. C07-3255 - SBA |
| Plaintiffs, ) | |
| ) | **MEMORANDUM OF POINTS AND** |
| v. ) | **AUTHORITIES IN SUPPORT OF** |
| ) | **PLAINTIFFS' OPPOSITION TO** |
| A.G. Spanos Construction, Inc.; et al.., ) | **DEFENDANT KNICKERBOCKER** |
| ) | **PROPERTIES, INC. XXXVIII'S** |
| Defendants. ) | **MOTION TO DISMISS PLAINTIFFS'** |
| ) | **FIRST AMENDED COMPLAINT** |

[Fed. R. Civ. P. 12(b)(6)]
Hearing Date: March 11, 2008
Time:         1:00 p.m.
Dept:         Courtroom 3

Complaint Filed: June 20, 2007

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES............................................................iii

I.   INTRODUCTION AND ARGUMENT...........................................1

II.  FACTUAL BACKGROUND........................................................4

III. ARGUMENT...............................................................................6

    A.   Standard of Review Under Rule 12(b)(6)..............................6

    B.   The Statute of Limitations Does Not Bar Suit
        Against Knickerbocker...........................................................6

    C.   Injunctive Relief Against Knickerbocker And The Class
        It Would Represent Is Proper Because It May Be Necessary
        To Effectuate Any Remedial Retrofitting Order Entered By
        The Court Against The Spanos Defendants..........................9

    D.   Plaintiffs Have Adequately Pled Their Standing To Sue
        Under The FHA .................................................................11

IV.  CONCLUSION...........................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Alexander v. Riga*, 208 F.3d 419 (3d Cir. 2000).................................................................11

*Baltimore Neighborhoods, Inc. v. LOB, Inc.*, 92 F. Supp. 2d. 456 (D. Md. 2000)..................10, 11

*Baltimore Neighborhoods, Inc. v. Rommell Builders, Inc.*, 40 F. Supp. 2d 700 (D.Md. 1999)..........9

*Dion, LLC v. Infotek Wireless, Inc.*, 2007 WL 3231738 (N.D. Cal. Oct. 30, 2007).....................6

*Equal Rights Center v. Equity Residential*, 483 F. Supp. 2d 482 (D. Md. 2007).......................11

*Fair Housing of Marin v. Combs*, 285 F.3d 899 (9th Cir. 2002)..........................................11

*Garcia v. Brockway*, ___ F.3d ___, 2008 WL 90233 (9th Cir. Jan. 7, 2008)............................7

*Garcia v. Brockway*, 503 F.3d 1092 (9th Cir. 2007)......................................................7

*Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982)..........................................3, 6, 7, 8, 11

*Moseke v. Miller & Smith, Inc.*, 202 F. Supp. 2d 492 (E.D. Va. 2002)..................................7

*Smith v. Pacific Prop. & Dev. Corp.*, 358 F.3d 1097 (9th Cir. 2004)..................................11

*Syverson v. IBM Corp.*, 472 F.3d 1072 (9th Cir.2007)....................................................6

*United States v. Balistrieri*, 981 F.2d 916 (7th Cir.1992).............................................11

*United States v. Bleakley, et al.*, Civ. No. 01-2226 JWL (D. Kan.), Consent Order entered
 January 6, 2003.................................................................................................10

*United States v. Deer Run Management Company, Inc., et al.*, Civ. No.04-CV-5252 (JLH)
 (W.D. Ark.), Consent Decree entered Nov. 24, 2004...........................................................10

*United States v. ERGS, Inc., et al.* CV-N-02-0615 DWH (VPC) (D. Nev.), consent order
 entered July 13, 2005............................................................................................10

*United States v. Makowsky Construction Company, et al.*, Civ. No. 01-2069 D/Pha
 (W.D. Tenn.), Consent Decree entered March 21, 2004...........................................................10

*United States v. Taigen & Sons, Inc.*, 303 F. Supp. 2d 1129 (D. Idaho 2003)..........................7

**Statutes**

28 U.S.C. § 2462.................................................................................................7

42 U.S.C. § 3602(i).............................................................................................4, 11

iii

Memorandum of Points and Authorities in Support of Plaintiffs' Opposition to Defendant Knickerbocker Properties, Inc. XXXVIII'S Motion to Dismiss Plaintiffs' First Amended Complaint

42 U.S.C. § 3604(f)(1)............................................................................................5

42 U.S.C. § 3604(f)(2)............................................................................................5

42 U.S.C. § 3604(f)(3)............................................................................................5

42 U.S.C. § 3604(f)(7)............................................................................................5

42 U.S.C. § 3613(a)(1)............................................................................................7

**Rules**

Fed.R.Civ.P. 19......................................................................................................9

**Other Authorities**

H. Rep. No. 100-711 (1988)..............................................................................4, 5

**Treatises**

Robert G. Schwemm, HOUSING DISCRIMINATION: LAW AND LITIGATION
(Thompson West)(2007), §25:10, at pp. 25-52 to 25-53....................................4

42 U.S.C. § 3604(f)(1)............................................................................................5

42 U.S.C. § 3604(f)(2)............................................................................................5

42 U.S.C. § 3604(f)(3)............................................................................................5

42 U.S.C. § 3604(f)(7)............................................................................................5

42 U.S.C. § 3613(a)(1)............................................................................................7

**Rules**

Fed.R.Civ.P. 19......................................................................................................9

**Other Authorities**

H. Rep. No. 100-711 (1988)..............................................................................4, 5

**Treatises**

Robert G. Schwemm, HOUSING DISCRIMINATION: LAW AND LITIGATION
(Thompson West)(2007), §25:10, at pp. 25-52 to 25-53....................................4

iv

Memorandum of Points and Authorities in Support of Plaintiffs' Opposition to Defendant Knickerbocker Properties, Inc. XXXVIII'S Motion to Dismiss Plaintiffs' First Amended Complaint

Plaintiffs National Fair Housing Alliance, Inc., Fair Housing of Marin, Inc., Fair Housing Napa Valley, Inc., Metro Fair Housing Services, Inc. and Fair Housing Continuum, Inc. submit this Memorandum of Points and Authorities in Support of their Opposition to Defendant Knickerbocker Properties, Inc. XXXVIII's Motion to Dismiss Plaintiffs' First Amended Complaint.

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

The complaint herein alleges that A.G. Spanos Construction, Inc., A.G. Spanos Development, Inc., A.G. Spanos Land Company, Inc., A.G. Spanos Management, Inc. and The Spanos Corporation (hereinafter, the "Spanos Defendants" or "Defendants") have been engaged in a *continuing violation* since the 1990s, consisting of a pattern and practice of designing and building at least 82 apartment complexes[1] in ten states—an average of more than five per year—that violate the design and construction provisions of the Fair Housing Act (hereinafter, "FHA" or "Act"), and are therefore made unavailable to wheelchair users and other people with mobility impairments. The development of these properties was continuous and seamless, one overlapping another, and the instances of noncompliance are identical or remarkably similar from one property to another. The Spanos Defendants have acknowledged that as many as 19 properties encompassed in the First Amended Complaint (hereinafter, "FAC") were either built within two years of the filing of the complaint, or are still under construction.[2]

---

[1] Plaintiffs acknowledge, and apologize to the Court for, their error in listing Constellation Ranch in Fort Worth, Texas and Orion at Roswell in Roswell, Georgia, in mis-numbering the apartment complexes in the appendix to the FAC. Removing these from the purview of the FAC, however, still leaves 82 properties that are unquestionably pled into this case. Surely, this does not rise to the level of being "so vague and ambiguous that [Defendants] cannot reasonably prepare a response," Fed.R.Civ.P. 12(e), as suggested by Defendants. MDS 6-7. As modified by the foregoing, the FAC alleges violations of the FHA's design and construction requirements at 82 *known* properties, 34 of which were visited and/or tested by Plaintiffs. The FAC also alleges that Defendants may have committed FHA design and construction violations at other properties currently unknown to Plaintiffs, FAC ¶45, but likely to be identified in discovery.

[2] Five of these still appeared to be under construction at the time the original complaint was filed. Defendants' Request for Judicial Notice [Doc. 48-5](hereinafter, "RJN"), Exhibits 127, 128, 133, 154 and 166. Defendants also concede that eight properties encompassed within the complaint were built within two years of the filing of the complaint. MD 8:22-9:3; MS 8:4-12; MDIP 8:7-16. Plaintiffs are

1

Therefore, there can be no question that the statute of limitations concerning the last discriminatory act in the series did not even begin to run until after the filing of the complaint. This pattern and practice has continued until the filing of this lawsuit and thereafter, in that the construction of noncompliant units was ongoing.

Knickerbocker Properties, Inc. XXXVIII (hereinafter, "Knickerbocker") is named as one of two class representatives for current owners of FHA-noncompliant properties designed and built by the Spanos Defendants. Plaintiffs do not seek to establish FHA liability against Knickerbocker, the other class representative (Highpointe Village, L.P.) or any current owner. Rather, because current owners may be necessary parties in order to effectuate any retrofitting relief the Court may order, Plaintiffs seek to join them in a defendant class so as to have their interests efficiently represented before this Court and to avoid inconsistent or varying adjudications.

Knickerbocker's motion to dismiss under Fed.R.Civ.P. 12(b)(6) is premised on three arguments, none of which supplies a basis for granting that motion. First, Knickerbocker suggests that Plaintiffs' claims against it are barred by the statute of limitations. Second, Knickerbocker alleges that Plaintiffs may not seek injunctive relief against it because they have not shown "any cognizable danger of harm if Knickerbocker is not enjoined." Memorandum of Points and Authorities in Support of Defendant Knickerbocker Properties, Inc. XXXVIII's Motion to Dismiss (hereinafter, "Mem.") at 1-2. Finally, Knickerbocker claims that Plaintiffs have not established their standing to bring this lawsuit. *Id.* at 2.

Knickerbocker's statute of limitations argument fails because the two properties it owns (Mountain Shadows in Rohnert Park, California, and The Commons in Vacaville, California), First Amended Complaint (hereinafter, "FAC") ¶33; Mem. at 3, are part of the Spanos Defendants' larger

---

perplexed about Defendants' concession that the complex known as The Coventry at City View in Fort Worth was built within two years prior to the filing of the complaint herein. MD 9:1-2; MS 8:10-11. Defendants' own request for judicial notice suggests that the last certificate of occupancy was issued in 1996. RJN Exhibit 158. Finally, Defendants' filings with this Court suggest that six additional properties were completed within that period. RJN Exhibits 94 (Park Crossing in Fairfield, CA), 99 (Ashgrove Place in Rancho Cordova, CA), 100 (Stone Canyon in Riverside, CA), 134A (Highpointe Village, Phase II in Overland Park, KS), 153 (Auberry at Twin Creeks in Allen, TX) and 165 (Cheval in Houston, TX).

2

pattern and practice of designing and building inaccessible apartment complexes. Plaintiffs have alleged a continuing violation of the FHA's design and construction accessibility requirements, with at least 19 violations occurring within the two years prior to the commencement of this litigation. *See* n.2, *supra*, and accompanying text. Relying on *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), Plaintiffs seek to bring all 82 apartment complexes, including Mountain Shadows and The Commons within the purview of this litigation. To the extent the Court accepts this view and denies the Spanos Defendants' statute of limitations argument, it should necessarily apply this same "law of the case" to Knickerbocker's motion, and deny it as well.

Knickerbocker's assertion that Plaintiffs have not pled sufficient harm to justify an injunction against it (or current owners) derives from the same misunderstanding concerning its presence in this case. No injunction will be necessary until the Court adjudicates the responsibility of the Spanos Defendants and certifies the class of current owner defendants proposed in the FAC. Inasmuch as Plaintiffs have adequately pled harm vis-à-vis the Spanos Defendants, FAC ¶¶ 72-78, and because Knickerbocker's presence in the case is only for purposes of effectuating any future relief ordered by the Court, this element of Knickerbocker's motion is premature at best. At this early stage, at which the Court is required to accept as true the well-pled allegations of the FAC, Fed.R.Civ.P. 12(b)(6). The proper course would be for the Court to deny the motion, with or without leave to renew it at a later point in the litigation.

Finally, Knickerbocker alleges that Plaintiffs lack standing to sue under the FHA, parroting the arguments made by the Spanos Defendants in their parallel motion to dismiss [Doc. 48]. Plaintiffs have briefed that issue extensively in their Consolidated Opposition to the four motions filed by the Spanos Defendants, and will simply summarize those arguments in this memorandum. In short, Plaintiffs have established, pursuant to the FHA and its interpretations by the U.S. Supreme Court and the Ninth Circuit, that they are "aggrieved persons," as that term is defined at 42 U.S.C. §3602(i), that their missions have been frustrated by the Spanos Defendants' design and construction of inaccessible housing, and that they have been required to divert their scarce resources from other valuable work in order to counteract the effects of that inaccessible housing. Plaintiffs need not show that Knickerbocker

3

or any current owner caused, or in the future will cause, any harm. Rather, Knickerbocker and Highpointe, and the class of current owners Plaintiffs would have them represent, are only present in the case to ensure that any remedial order the Court may enter will not be frustrated by the unwillingness of current owners to permit the Spanos Defendants to enter their properties to carry out retrofitting of units and common areas. Otherwise stated, without the owners, the inaccessible features found by this Court may simply continue to exist.

## II. FACTUAL BACKGROUND

Collectively, the Spanos Defendants represent the fifth-largest apartment development enterprise in the country. FAC ¶2. Since 1960, Defendants have built more than 120,000 apartments in over 400 complexes across the country. *Id.* Beginning in March 1991, the FHA required those who designed and built such complexes to incorporate certain basic features to ensure that they were "accessible to and usable by [people with disabilities]." H.Rpt. 100-711, *reprinted at* 1988 U.S.C.C.A.N. 2173, 2187. As these requirement having been in existence for seventeen years, entities like the Defendants, who are steeped in the business of residential real estate and development for decades, are presumed to know the mandates of the FHA. *See generally,* Robert G. Schwemm, HOUSING DISCRIMINATION: LAW AND LITIGATION (Thompson West)(2007), §25:10, at pp. 25-52 to 25-53.

This litigation commenced on June 20, 2007, and was based on careful investigations of Defendants operations and visits to 34 apartment complexes that Defendants had designed and built. FAC ¶3. The Spanos Defendants filed a series of motions to dismiss and for other relief on August 15, 2007 [Docs. 15-19]; these were withdrawn on September 12, 2007. Plaintiffs filed their First Amended Complaint ("FAC") on October 12, 2007, adding The Spanos Corporation as a party and naming a defendant class consisting of all current owners of FHA-noncompliant apartment complexes designed and built by the Spanos Defendants. FAC ¶¶ 30, 32. Plaintiffs named Knickerbocker and Highpointe as defendant class representatives. *Id.* On December 21, 2007, the Spanos Defendants filed a request for judicial notice [Doc. 51] and renewed their previous motions [Docs. 48, 49, 50 and 52]. It is to these motions that this Consolidated Opposition responds.

4

The FAC alleges that the Spanos Defendants have engaged in a continuing pattern and practice of designing and building "covered multifamily dwellings," 42 U.S.C. §3604(f)(7), in a fashion to make them inaccessible to people with disabilities, in violation of 42 U.S.C. §§3604(f)(1), 3604(f)(2) and 3604(f)(3)(C). FAC ¶¶ 83, 84. Through on-site investigations at 34 apartment complexes, Plaintiffs documented violations of the design and construction requirements of the FHA. ¶¶ 42, 44, 45. These violations render all or part of these complexes inaccessible to and unusable by people with mobility impairments. FAC ¶¶ 46, 47. Because at least 47 other untested properties share common design features with the tested properties, Plaintiffs have reason to believe that the untested properties may also violate the FHA's design and construction requirements. FAC ¶ 6.

Based on the Spanos Defendants' own Request for Judicial Notice [Doc. 51], it is clear that they have been continuously involved in the design, development and construction of covered multifamily dwellings for several decades. Exhibit No. 1 to this consolidated opposition is a simple table prepared by Plaintiffs to assist the Court in understanding the overlap between these developments.[3] It is evident from Exhibit No. 1 that, from at least 1995 to the present day, the Spanos defendants have been involved in overlapping development at multiple sites, and that completion of one Spanos property and commencement of another have been virtually seamless in time. And, as the pleadings make clear, identical or very similar violations are noted in apartment complex across the Spanos portfolio. FAC ¶¶ 45-52.

The Spanos Defendants' noncompliance with the FHA is not a trivial matter. Inaccessibility has serious and significant consequences for people with disabilities. FAC ¶ 8. Not least among these is the extent to which inaccessible housing frustrates the national objective of integrating people with disabilities into "the American mainstream." H.Rep. 100-711, *reprinted at* 1988 U.S.C.C.A.N. 2173, 2179.

---

[3] The information for this table was taken from the Spanos Defendants' Request for Judicial Notice

The presence of Knickerbocker (and Highpointe and the class of current owners they may represent following certification of the defendant class) is necessary in order to effectuate any remedial retrofitting order entered by the Court.

### III.  ARGUMENT

#### A. STANDARD OF REVIEW UNDER RULE 12(b)(6)

As this Court has recognized, a claim may be dismissed under Fed.R.Civ.P. 12(b)(6) only "if it does not 'state a claim upon which relief can be granted.' …When considering a motion to dismiss under Rule 12(b)(6), the plaintiff's complaint is liberally construed and all well-pleaded facts are taken as true. *Dion, LLC v. Infotek Wireless, Inc.*, 2007 WL 3231738 (N.D.Cal. Oct. 30, 2007), quoting from *Syverson v. IBM Corp.*, 472 F.3d 1072, 1075 (9th Cir. 2007).

#### B. THE STATUTE OF LIMITATIONS DOES NOT BAR SUIT AGAINST KNICKERBOCKER

Knickerbocker seeks to bar litigation against it by asserting that construction on the two properties it owns was completed in 2002 and 2003, respectively, Mem. at 3:4-8, and therefore beyond the limitations period of the FHA. Mem. 4-8. But its arguments are wrong for two reasons. First, if the Court should determine that the Knickerbocker properties are part of a continuing violation on the part of the Spanos Defendants, then those properties will be part of the litigation, notwithstanding the date of their construction. As a current owner whose cooperation is necessary in any retrofitting relief the Court may direct the Spanos Defendants to undertake, Knickerbocker's presence may be required under Fed.R.Civ.P. 19. Knickerbocker's motion virtually ignores *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), the Supreme Court's controlling decision on application of the FHA's statute of limitations to allegations of continuing violation. Even more remarkable is Knickerbocker's unwillingness to recognize *Havens*, the U.S. Supreme Court decision that provides the rule of law in this case, in which the FAC explicitly pleads a continuing violation involving all 82 properties designed and built by the Spanos Defendants.

Second, Knickerbocker's motion to dismiss relies on the now-vacated panel opinion in *Garcia v.*

6

*Brockway*, 503 F.3d 1092 (9th Cir. 2007), which has been accepted for *en banc* rehearing, *see Garcia v. Brockway*, ___ F.3d ___, 2008 WL 90233 (9th Cir. Jan. 7, 2008). In the interim, the Ninth Circuit has ordered that "[t]he three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit." *Id.* Unlike the Spanos Defendants, Knickerbocker has yet to acknowledge that *Garcia* is a nullity which cannot be cited to this Court.[4] Without *Garcia*, Knickerbocker's entire argument with respect to the statute of limitations relies on *Moseke v. Miller & Smith, Inc.*, 202 F.Supp.2d 492, 494-95 (E.D.Va. 2002) and *United States v. Taigen & Sons, Inc.*, 303 F.Supp.2d 1129 (D.Idaho 2003). For the reasons outlined below, neither case is sufficient grounds for granting Knickerbocker's motion.

*Moseke* cannot support the motion to dismiss because the defendants in that case who were responsible for multiple developments essentially agreed with Plaintiffs' position in the case at bar. The *Moseke* defendants "proffer[ed] that the statute of limitations expired two years after the completion of *the last condominium development* . . . ." *Moseke*, 202 F.Supp.2d at 501 (emphasis added). The decision in *Moseke* was premised on that proffer, as the court held that the suit was barred because "[t]he last condominium development at issue in this matter was constructed more than two years before this suit commenced" *Id.* at 507. The *Taigen* court simply would have had no reason to opine on the application of the statute of limitations with respect to private litigants because that case was brought by the U.S. Department of Justice, which is subject to an entirely different statute of limitations.[5]

Proper analysis of the continuing violation in the case at bar must be grounded in *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), the Supreme Court's controlling decision on application of the

---

[4] The A.G. Spanos Defendants acknowledge that *Garcia* was accepted for *en banc* rehearing after their opening brief was filed. *See* Notification of Change in Status of Authority Cited (Docket No. 70) (Feb. 6, 2008).

[5] The limitations period in 42 U.S.C. § 3613(a)(1) is specific to private actions under the FHA, but the Magistrate Judge addressed 28 U.S.C. § 2462, which applies generally to government-initiated actions seeking civil penalties. *See id.* at 1143-44. The District Court Judge did not address either provision.

7

FHA's statute of limitations to allegations of continuing violation.[6] Under *Havens,* Plaintiffs' claims are timely if filed within two years of "the last asserted occurrence of [a discriminatory housing] practice." *Id.* at 380-81. The FAC herein pleads a continuing violation, FAC ¶¶49, 50, 74, 84, and the Spanos Defendants have acknowledged that as many as 19 properties encompassed in the First Amended Complaint (hereinafter, "FAC") were either built within two years of the filing of the complaint, or are still under construction.[7] *See also* MD 8:22-9:3; MS 8:4-12; MDIP 8:7-16. If the Court adopts the *Havens* analysis and denies the Spanos Defendants' motions with respect to the FHA statute of limitations, it must also deny Knickerbocker's motion on these same grounds.

Knickerbocker and Highpointe (and the class of current owners they would represent) are not being sued for violation of the FHA's design and construction provisions, but simply as parties that may be required to effectuate whatever relief the Court may direct the Spanos Defendants to undertake. In that light, there is no separate statute of limitations applicable to Knickerbocker and Highpointe. Their presence in the case is, in a sense, will depend on the Court's determination that the continuing violation doctrine is applicable and that Knickerbocker and Highpointe properties are part of the litigation. It does not depend on the number of properties owned by Knickerbocker, or whether Knickerbocker was actively involved in the design and construction of noncompliant complexes.

---

[6] Plaintiffs have briefed this issue extensively in the their Consolidated Opposition to the Spanos Defendants' Motions, at Section IV.A, filed concurrently with this Opposition. Rather than repeat that argument, Plaintiffs incorporate it herein by reference.

[7] Five of these still appeared to be under construction at the time the original complaint was filed. Defendants' Request for Judicial Notice [Doc. 48-5](hereinafter, "RJN"), Exhibits 127, 128, 133, 154 and 166. Defendants also concede that eight properties encompassed within the complaint were built within two years of the filing of the complaint. MD 8:22-9:3; MS 8:4-12; MDIP 8:7-16. Plaintiffs are perplexed about Defendants' concession that the complex known as The Coventry at City View in Fort Worth was built within two years prior to the filing of the complaint herein. MD 9:1-2; MS 8:10-11. Defendants' own request for judicial notice suggests that the last certificate of occupancy was issued in 1996. RJN Exhibit 158. Finally, Defendants' filings with this Court suggest that six additional properties were completed within that period. RJN Exhibits 94 (Park Crossing in Fairfield, CA), 99 (Ashgrove Place in Rancho Cordova, CA), 100 (Stone Canyon in Riverside, CA), 134A (Highpointe Village, Phase II in Overland Park, KS), 153 (Auberry at Twin Creeks in Allen, TX) and 165 (Cheval in Houston, TX).

1  Knickerbockers' obligation to permit any retrofits required by the Court rests on its status as a
2  party which may be necessary to effectuate that relief, and not on its own liability. Fed.R.Civ.P. 19. In
3  other words, the very idea of a statute of limitations as to Knickerbocker is inapposite. Plaintiffs seek
4  relief against the Spanos Defendants that would include not only an order to bring 82 apartment
5  complexes (including those owned by Knickerbocker) into compliance with the FHA *at no cost to the*
6  *current owners*, but also that the Spanos Defendants conduct those retrofits in a manner least likely to
7  interfere with the rights of current owners or tenants. Finally, the Defendant Owners can seek an order
8  requiring the Spanos Defendants to reimburse them for any loss of revenue or out-of-pocket expenses
9  occasioned by the retrofitting.

### C. INJUNCTIVE RELIEF AGAINST KNICKERBOCKER AND THE CLASS IT WOULD REPRESENT IS PROPER BECAUSE IT MAY BE NECESSARY TO EFFECTUATE ANY REMEDIAL RETROFITTING ORDER ENTERED BY THE COURT AGAINST THE SPANOS DEFENDANTS

Knickerbocker contends that Plaintiffs' request for injunctive relief against Knickerbocker—essentially, to permit and facilitate access to subject properties to effectuate any retrofitting the Court my direct the Spanos Defendants to undertake—is "not proper." Mem. at 8: 9. Citing to three non-FHA cases, Knickerbocker argues that Plaintiffs must show "they will suffer substantial and immediate irreparable injury in the absence of injunctive relief against Knickerbocker." Mem. at 9.

Knickerbocker is correct in saying that Plaintiffs do not "allege that Knickerbocker has done or performed any discriminatory act...." Mem. at 7. But, as other courts have held, the court's authority to retain current owners of noncompliant properties in such litigation, and to enjoin their cooperation, is based not in FHA violations committed by current owners, but in their status as parties whose presence is "imperative to afford full relief." *Baltimore Neighborhoods, Inc. v. Rommel Builders, Inc.*, 40 F.Supp.2d 700, 712 (D.Md. 1999). *Rommel* involved litigation against a developer of condominiums and the successor condominium association over FHA-noncompliant construction. The plaintiffs therein did not assert that the association had committed any violation of the FHA, but that "the violations [committed by the developer] would continue to exist in perpetuity unless the Court exercises its equitable remedies to fashion a reasonable remedy." *Id.* The *Rommel* court denied the association's

9

summary judgment motion, holding that "equitable remedies [such as injunctions] are determined by a balancing of the interests. At this time, the Court cannot find the equities are so outweighed as to foreclose some relief under the law." Id. See also Baltimore Neighborhoods Inc. v. LOB, Inc., 92 F.Supp.2d 456, 468-71 (D.Md. 2000) (holding that "[w]hen fashioning a remedy for a civil rights violation, courts will be guided by general principles of equity," and that the court would therefore subject a condominium association to injunctive relief to permit retrofitting of common areas in furtherance of the remedy order against the condominium developer).

Plaintiffs are mindful of the potential disruption of retrofitting, and will seek a remedy that does not unduly disrupt the businesses of current owners or of their residents. Indeed, any inconvenience to current tenants can be minimized by carefully controlling when the retrofit work is done such as between tenancies, thereby disrupting no one. Alternatively, when current tenants wish to have their apartments immediately retrofitted, the work could be scheduled to take into account their preferences and at their convenience, e.g. that the work be performed when they are at work or away on vacation. They will seek a decree of the kind typically entered into by the U.S. Department of Justice in similar cases.[8]

Injunctive relief against Knickerbocker (and the defendant class of current owners of noncompliant Spanos properties) will only become relevant at such time as the Court orders the Spanos Defendants to conduct retrofitting to bring properties into compliance with the FHA. Plaintiffs disclaim any liability against current owners, and seek injunctive relief only in furtherance of the Court's remedial

---

[8] See, e.g., United States v. ERGS, Inc., et al. CV-N-02-0615 DWH (VPC) (D. Nev.), consent order entered July 13, 2005 (attached as Exhibit No. 2). That order requires accessibility improvements to the apartment units to be done over four years with much of the work performed between tenancies, while the units are vacant. There are also detailed provisions to minimize the inconvenience to tenants. Id. at ¶ II. Notably, the Court there also kept the current owner of the complex in the case as a necessary party to the retrofitting relief. See also United States v. Deer Run Management Company, Inc., et al., Civ. No.04-CV-5252 (JLH) (W.D. Ark.), Consent Decree entered Nov. 24, 2004, at ¶¶ III.A. 11-20; United States v. Makowsky Construction Company, et al., Civ. No. 01-2069 D/Pha (W.D. Tenn.),Consent Decree entered March 21, 2004, at ¶¶ 24-27 and 39; United States v. Bleakley, et al., Civ. No. 01-2226 JWL (D. Kan.), Consent Order entered January 6, 2003, at ¶¶ V. A and B.; United States v. Canal Street Apartments, et al., Civ. No. 01-115-S-BLW (D. Idaho), Consent Decree entered September 12, 2002 at ¶¶ II 1 and 2. These consent decrees may be found at: http://www.usdoj.gov/crt/housing/fairhousing/caseslist.htm#disability

Memorandum of Points and Authorities in Support of Plaintiffs' Opposition to Defendant Knickerbocker Properties, Inc. XXXVIII'S Motion to Dismiss Plaintiffs' First Amended Complaint

orders in this matter. In the remedial phase of this litigation, the Court will have the opportunity to determine whether the retrofits proposed are equitable; and, in so doing, the court may take into account the interests of those who are not parties to the lawsuit. *LOB,* 92 F.Supp.2d at 468-70.

Hence, the relief requested by Plaintiffs need not impair the interests of current owners or tenants. Finally, Plaintiffs represent to the Court and to current owners that it will seek a remedy against the Spanos Defendants that will hold current owners harmless with respect to any

### D. PLAINTIFFS HAVE ADEQUATELY PLED THEIR STANDING TO SUE UNDER THE FHA

Knickerbocker contends that Plaintiffs do not have standing under the FHA because "Plaintiffs are not disabled, they do not allege that any testers were disabled, nor do they claim to sue on behalf of disabled renters." Mem. 10:12-13. Further, Knickerbocker claims that "Plaintiffs have not shown that any injury they allegedly suffered was caused by any FHA violation." *Id.* at 10:13-14. Plaintiffs have already briefed these issues extensively in their Consolidated Opposition to the Spanos Motions, at Section IV.B., and incorporate their arguments herein by reference. In short, the FHA provides that fair housing organizations can establish standing based on frustration of mission and diversion of resources to counteract instances of discrimination. *Havens,* 455 U.S. at 363; *Smith v. Pacific Properties and Development Corp.,* 358 F.3d 1097, 1105 (9th Cir. 2004); *see also Fair Housing of Marin v. Combs,* 285 F.3d at 905 (9th Cir. 2002); *Alexander v. Riga,* 208 F.3d 419, 427 n.4 (3d Cir. 2000); *United States v. Balistrieri,* 981 F.2d 916 (7th Cir. 1992); *Equal Rights Center v. Equity Residential,* 483 F.Supp.2d 482 (D. Md. 2007) (finding organizational standing in context of challenge to defendant's design and construction of inaccessible buildings). Inasmuch as Plaintiffs have pled such injury caused by the Spanos Defendants, ¶¶72-78, they are "aggrieved persons" under 42 U.S.C. §3602(i), and have standing to sue.

### IV. CONCLUSION

Wherefore, for the foregoing reasons, Plaintiffs pray that the Court deny Knickerbocker's Motion to Dismiss [Doc. 57].

11

1
2  Dated: February 19, 2008
3                                                                      Respectfully submitted,
4
5                                                                      _/s/_ D. Scott Chang_____
6                                                                      Michael Allen
7                                                                      Stephen M. Dane
                                                                       John P. Relman
8                                                                      Thomas J. Keary
                                                                       Pending admission *pro hac vice*
9                                                                      D. Scott Chang, #146403
                                                                       Relman & Dane, PLLC
10                                                                     1225 19th Street, NW, Suite 600
                                                                       Washington, DC 20036
11                                                                     Telephone: (202) 728-1888
                                                                       Fax: (202) 728-0848
12
                                                                       *Attorneys for Plaintiffs*
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
                                                    12
28

# CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of February 2008, I filed the foregoing Memorandum of Points and Authorities In Support of Plaintiffs' Opposition to Defendant Knickerbocker Properties, Inc. XXXVIII's Motion to Dismiss Plaintiffs' First Amended Complaint with the Court's ECF system, which sent electronic notice to:

Stephen Walters
Makesha Patterson
Allen Matkins Leck,, Gamble, Mallory & Natsis, LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
swalters@allenmatkins.com
mpatterson@allenmatkins.com
*Attorneys for Defendant Knickerbocker Properties*

Thomas Keeling
Lee Roy Pierce Jr.
Freeman, D'Aiuto, Pierce, Gurev, Keeling & Wolf
1818 Grand Canal Boulevard
Stockton, California
tkeeling@freemanfirm.com
*Attorney for Defendants A.G. Spanos Construction, Inc.,
A.G. Spanos Development, Inc., A.G. Spanos Land Company, Inc.,
A.G. Spanos Management, Inc., and The Spanos Corporation*

Shirley Jackson
Steefel, Levitt, & Weiss, LLP
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
sjackson@steefel.com
*Attorney for Defendant Highpointe Village, L.P.*

                                             /s/ Nicholas Cain
                                                Nicholas Cain