ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
STEPHEN S. WALTERS (BAR NO. 54746)
MAKESHA A. PATTERSON (BAR NO. 238250)
Three Embarcadero Center, 12th Floor
San Francisco, CA  94111-4074
Phone:  (415) 837-1515
Fax:  (415) 837-1516
E-Mail:  swalters@allenmatkins.com
             mpatterson@allenmatkins.com

Attorneys for Defendant
KNICKERBOCKER PROPERTIES, INC. XXXVIII

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| National Fair Housing Alliance, Inc.; Fair Housing of Marin, Inc.; Fair Housing Napa Valley, Inc.; Metro Fair Housing Services, Inc.; and Fair Housing Continuum, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>A.G. Spanos Corporation, Inc.; A.G. Spanos Development, Inc.; A.G. Spanos Land Company, Inc.; A.G. Spanos Management, Inc.; The Spanos Corporation; and<br><br>Knickerbocker Properties, Inc. XXXVIII; and Highpointe Village, L.P., Individually and as Representatives of a Class of All Others Similarly Situated,<br><br>Defendants. | Case No. C07-03255-SBA<br><br>**REPLY MEMORANDUM TO SUPPORT KNICKERBOCKER PROPERTIES, INC. XXXVIII'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date:  March 11, 2008<br>Time:  1:00 p.m.<br>Ctrm:  3<br><br>Amended Complaint Filed:  October 12, 2007 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

733324.03/SF

Case No.  C07-03255-SBA
REPLY TO SUPPORT KNICKERBOCKER PROPERTIES, INC. XXXVIII'S MOTION
TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

## I.   INTRODUCTION

Plaintiffs admit that they have not accused Knickerbocker Properties, Inc. XXXVIII ("Knickerbocker") of any Fair Housing Act ("FHA") violations at all.  Plaintiffs also admit that Knickerbocker owns only two of the 82 A.G. Spanos-built properties that Plaintiffs claim are at issue in this case, and that construction of those two properties was completed more than five years before Knickerbocker was served in this action.  Nonetheless, Plaintiffs claim that: (a) Knickerbocker is not entitled to a defense based on the FHA's two-year statute of limitations because A.G. Spanos – not Knickerbocker – allegedly has engaged in a "continuing practice" of designing and constructing housing developments that do not comply with the FHA; (b) they may obtain a mandatory injunction requiring Knickerbocker to subject all of its property and tenants to an extensive retrofit project; (c) Knickerbocker's only remedy for the costs and losses that inevitably will result from the retrofit project is to bring its own lawsuit against A.G. Spanos; and, (d) Knickerbocker may be forced to act as a class representative of all owners of A.G. Spanos-built housing developments, no matter where those developments are located or when they were completed.

Knickerbocker respectfully submits that the boundaries of the FHA and Article III standing cannot be pushed so far.  Knickerbocker is not a proper party to this dispute.  At the very least, the action should be stayed as to Knickerbocker pending the Ninth Circuit's *en banc* decision in *Garcia v. Brockway*, 512 F.3d 1089 (9th Cir. 2007) *granting rehearing of* 503 F.3d 1092 (9th Cir. 2007) ("*Garcia*"), which will settle the law of this Circuit as to the application of the FHA's two-year limitations period to construction and design cases.

## II.   ARGUMENT

**A.   This Action Should be Stayed as to Knickerbocker.**

The Ninth Circuit granted *en banc* rehearing of the panel decision in *Garcia* after Knickerbocker filed its Motion to Dismiss.[1]  The order granting rehearing stated that the panel's

---

[1] Plaintiffs take Knickerbocker to task for "not yet acknowledg[ing] that *Garcia* is a nullity which cannot be cited to this Court." (Opp. at 7:4-5).  Knickerbocker's Motion to Dismiss disclosed that a petition for rehearing had been filed (Opening Mem. at 4:16-17), and Plaintiffs admit that A.G. Spanos filed a Notification of Change in Status of Authority Cited as to *Garcia*.  (Opp. at 7, n. 4.)  It is difficult to see how much more "acknowledgement" was needed.

Allen Matkins Leck Gamble Mallory & Natsis LLP

733324.03/SF

Case No. C07-03255-SBA
REPLY TO SUPPORT KNICKERBOCKER PROPERTIES, INC. XXXVIII'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT        -1-

1  opinion "shall not be cited as precedent by or to any court of the Ninth Circuit."  512 F.3d at 1090.
2  But the fact that the opinion is no longer "precedent" does not mean that the *Garcia* case does not
3  exist, as Plaintiffs seem to suggest.  (*See* Opp. at 7:2-5.)  Rather, the reality that a case which will
4  authoritatively settle the limitations issue is now pending in the Court of Appeals for this Circuit
5  counsels strongly in favor of staying this action as to Knickerbocker until the *en banc* panel issues
6  a decision.  That approach would not prejudice Plaintiffs – they still would be able to pursue the
7  other defendants if they have stated valid claims as to those parties – and would not require either
8  Knickerbocker or the Court to commit resources to complex matters such as attempting to certify
9  Knickerbocker as a defendants' class representative when that action might have to be reversed
10 later.[2]

11 Other than asserting that *Garcia* is a "nullity," Plaintiffs' principal argument in opposition
12 to Knickerbocker's Motion based on the statute of limitations is that the two-year limitations
13 period has been extended as to *Knickerbocker* because of a "continuing violation" of the FHA by
14 *A.G. Spanos*.  (*See* Opp. at 7-9.)  This is so, say Plaintiffs, because the Court may determine that
15 Knickerbocker's two properties somehow "are part of the litigation" and that Knickerbocker's
16 "obligation to permit any retrofits required by the Court rests on its status as a party which may be
17 necessary to effectuate that relief, and not on its own liability."  (*Id*. at 8:12-9:2.)  Plaintiffs
18 conclude that "the very idea of a statute of limitations as to Knickerbocker is inapposite."  (*Id*. at
19 9:2-3.)

20 The one and only authority cited by Plaintiffs to support this line of reasoning is Rule 19 of
21 the Federal Rules of Civil Procedure.  (*See* Opp. at 9:1-2.)  Rule 19 requires joinder of persons
22 whose absence would prevent the granting "of complete relief among those already parties," but
23 does not purport to cut off defenses that otherwise would be available to any party; indeed, it is
24 difficult to see how a rule of procedure could do that.  If Plaintiffs' view were correct, moreover,
25 persons who have done nothing wrong could have a longer period of exposure to the costs and

---

[2] Knickerbocker takes no position regarding the viability of Plaintiffs' claims against the other defendants.  It is worth noting, however, that Plaintiffs assert that their claims as to Highpointe Village L.P. were brought within two years of the completion of one of that defendant's properties.  (Plaintiffs' Opp. to Highpointe Village's Motion to Dismiss at 7:16-18.)

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

733324.03/SF

Case No.  C07-03255-SBA
REPLY TO SUPPORT KNICKERBOCKER PROPERTIES, INC. XXXVIII'S MOTION
TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

-2-

1  disruption of a broad mandatory injunction than if they were sued based on their own conduct in
2  actually violating the FHA. *Cf. General Bldg. Contractors Assoc. v. Pennsylvania*, 458 U.S. 375,
3  399 (1982) (minor relief available against Rule 19 parties "is not the same and cannot be the same
4  as that awarded against a party found to have" violated statutory rights).  And even Plaintiffs
5  concede that, no matter how it is tailored, the extensive relief they seek against Knickerbocker
6  would interfere substantially with its rights as a property owner and its tenants' quiet enjoyment of
7  their homes, but dismiss that troublesome fact with the cavalier observation that Knickerbocker
8  "can seek an order requiring the Spanos Defendants to reimburse them for any loss of revenue or
9  out-of-pocket expenses occasioned by the retrofits."  (Opp. at 9:7-9.)

10  In short, Knickerbocker has been named as a party against whom significant relief is
11  sought in this case; it is disingenuous to assert that only its two properties "are part of the
12  litigation."  Knickerbocker must have the ability to assert the two-year limitations period as a
13  defense without regard to whether that period has been tolled or extended as to A.G. Spanos.  *See,*
14  *e.g. Barker v. American Mobile Power Corp.*, 64 F.3d 1397, 1402 (9th Cir. 1995) citing *Griffin v.*
15  *McNiff,* 744 F.Supp. 1237, 1256 (S.D.N.Y. 1990) (plaintiffs may not use fraudulent concealment
16  by one defendant to toll statute of limitations against other defendants);  *Hinton v. Pacific*
17  *Enterprises*, 5 F.3d 391, 396 (9th Cir. 1999) (where plaintiff alleges separate and distinct wrongs
18  against defendants, no tolling of statute of limitations on plaintiff's claims against one defendant
19  while plaintiff pursues remedies against another).

20  Whether the limitations period began to run on the completion of construction, as many
21  district courts have held,[3] or at some later date, will be determined by the *en banc* panel in *Garcia*.

---

[3] *See, e.g., Moseke v. Miller & Smith*, 202 F.Supp.2d 492, 507 (E.D. Va. 2002) (alleged discriminatory act occurred at the design and construction of building); *United States v. Taigen & Sons,* 303 F.Supp.2d 1129, 1144 (D. Idaho 2003) (alleged violation occurred on date design or construction completed); *see also Kuchmas v. Towson Univ.*, 2007 WL 2694186, *5 (D. Md. Sept. 10, 2007) (holding statute of limitations began to run when property in question was constructed); *Thompson v. Mountain Peak Assoc.*, 2006 WL 1582126, *2 (D. Nev. June 5, 2006) (last act of discrimination occurs upon completion of design and construction of non-compliant structure).  Plaintiffs' attempts to distinguish *Moseke* and *Taigen & Sons* are mistaken.  Both cases applied the two-year limitations period to bar construction and design claims and rejected the application of the continuing violations theory to such claims.  The *Moseke* court observed that this approach does not leave disabled persons who wish to obtain housing without a remedy, because such persons "could resort to seeking a reasonable accommodation, which if refused would give rise to a reasonable accomodation claim under 42

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

733324.03/SF

Case No. C07-03255-SBA
REPLY TO SUPPORT KNICKERBOCKER PROPERTIES, INC. XXXVIII'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT                    -3-

1  This action should not proceed against Knickerbocker in the meantime.  It is difficult to imagine,
2  for example, that Knickerbocker possibly could be considered an adequate representative of all
3  owners of A.G. Spanos-built developments – even for those which have been completed within
4  the past two years – if Knickerbocker may have a complete defense based on the statute of
5  limitations.  *See Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) (typicality requirement not
6  satisfied where, among other things, many claims would be barred by statute of limitations);
7  Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 3d, § 1770 (2005) (typicality
8  requirements are the same for plaintiff and defendant classes).
9       If the case is not dismissed for the reasons stated below, it at least should be stayed as to
10 Knickerbocker, pending a decision in *Garcia*.

**B.   Plaintiffs Have Not Alleged a Proper Basis for Injunctive Relief Against Knickerbocker.**

Plaintiffs do not dispute that they have not alleged irreparable harm or inadequacy of alternative remedies sufficient to support a mandatory injunction against Knickerbocker.  Rather, they say only that the cases cited by Knickerbocker did not involve the FHA, and that any "balancing of interests" must await a final judgment in the case.  (*See* Opp. at 9-10.)

Plaintiffs have it backwards.  The Supreme Court has held repeatedly that, even when statutory violations are found, a party must plead and prove the threshold requirements of irreparable harm and inadequacy of legal remedies in order to obtain the drastic remedy of a permanent injunction.  *E.g., Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 57-65 (1975) (injunction not available for violation of Williams Act where the plaintiff did not establish irreparable harm in accordance with traditional principles of equity); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-507 (1959) (remedy of injunctive relief in federal courts has always required showing of irreparable harm and inadequacy of legal remedies); *Hecht Co. v. Bowles*, 321 U.S. 321, 328-329 (1944) (court has discretion to withhold injunctive relief, even though defendant violated applicable statute).  Plaintiffs have not even attempted to satisfy these basic

---

U.S.C. 3604(f)(3)(A)."  202 F.Supp.2d at 508-509.
Plaintiffs also mistakenly rely on *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380-381 (1982), where the Court applied the continuing violation doctrine in the context of racial steering, which by definition continues over time.

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

733324.03/SF

Case No.  C07-03255-SBA
REPLY TO SUPPORT KNICKERBOCKER PROPERTIES, INC. XXXVIII'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

-4-

1  requirements for obtaining injunctive relief.  They have not disputed Knickerbocker's suggestion
2  that damages for any past violations of the FHA by A.G. Spanos would be an adequate remedy.
3  (Opening Mem. at 9, n. 1.)  Nor do Plaintiffs deny that A.G. Spanos might be required to set up a
4  fund for individual unit owners to voluntarily retrofit their individual units or from which requests
5  for reasonable accommodations can be satisfied.  This is fatal to their request for a broad
6  mandatory injunction against Knickerbocker.

7  Plaintiffs cite two opinions in the same case for the proposition that their requests for
8  injunctive relief against Knickerbocker are appropriate.  (Opp. at 9:22-10:7, citing *Baltimore*
9  *Neighborhoods, Inc. v. Rommel Builders, Inc.*, 40 F.Supp.2d 700 (D. Md. 1999) and *Baltimore*
10 *Neighborhoods Neighborhoods Inc. v. LOB*, 92 F.Supp.2d 456 (D. Md. 2000).)  The District Court
11 in that case, however, acknowledged that its ability to order relief against a third party owner in a
12 construction and design case was very limited, and refused to mandate anything more than
13 common area retrofits.  *See LOB*, 92 F.Supp.2d at 470-72.  Here, Plaintiffs seek to bring "each and
14 every . . . apartment community into compliance with the requirements of [the FHA]," and their
15 allegations of non-compliance as to Knickerbocker's properties focus primarily on the units
16 themselves.  (*See* Amended Complaint at ¶¶ 55, 64 and Prayer for Relief ¶ C.)  In addition, the
17 District Court in *Baltimore Neighborhoods* ordered creation of a fund to encourage voluntary
18 retrofits of individual units, which, as observed above, could be an adequate alternative remedy
19 here.  92 F.Supp.2d at 470-71.

20 Plaintiffs' claims against Knickerbocker should be dismissed for this reason.

21 **C.**   **Plaintiffs Have Not Alleged Standing to Obtain Relief Against Knickerbocker.**

22 Plaintiffs essentially incorporate their response to A.G. Spanos's standing arguments as
23 their opposition to Knickerbocker's Motion to Dismiss.  (*See* Opp. at 11:9-23.)  Accordingly,
24 Knickerbocker adopts the A.G. Spanos reply on that issue.  Knickerbocker would observe,
25 however, that:

26 1.   Plaintiffs have not alleged that Knickerbocker committed any violation of the FHA,
27 or that their alleged "frustration of mission and diversion of resources" (Opp. at 11:14-16) was
28 caused by anything that Knickerbocker did; and,

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

733324.03/SF

Case No. C07-03255-SBA
REPLY TO SUPPORT KNICKERBOCKER PROPERTIES, INC. XXXVIII'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

-5-

2. Virtually all of the cases cited by Plaintiffs (Opp. at 11:14-16) involved testers who were within the class of persons intended to be protected by the FHA, whereas Plaintiffs are not disabled, nor do they sue on behalf of disabled persons.

The case against Knickerbocker should be dismissed for lack of standing as well.

### III. CONCLUSION

Knickerbocker has *not* violated the FHA. Plaintiffs have not alleged a basis for granting highly burdensome injunctive relief against Knickerbocker simply because it owns two properties, much less to require Knickerbocker to serve as a class representative for owners of properties scattered throughout the United States. In the alternative, the action should be stayed as to Knickerbocker pending the Ninth Circuit Court of Appeals' *en banc* decision in *Garcia.*

Dated: February 26, 2008

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: :   /s/ *Stephen S. Walters*
STEPHEN S. WALTERS
MAKESHA A. PATTERSON
Attorneys for Defendant Knickerbocker Properties, Inc. XXXVIII

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

733324.03/SF

Case No. C07-03255-SBA
REPLY TO SUPPORT KNICKERBOCKER PROPERTIES, INC. XXXVIII'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

-6-