Michael Allen
Stephen M. Dane
John P. Relman
Thomas J. Keary
Pending admission *pro hac vice*
D. Scott Chang, #146403
Relman & Dane, PLLC
1225 19th Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 728-1888
Fax: (202) 728-0848
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| National Fair Housing Alliance, Inc., et al., | Case No. C07-3255 - SBA |
| Plaintiffs, | **[PROPOSED] ORDER DENYING DEFENDANTS A.G. SPANOS CONSTRUCTION, INC.; A.G. SPANOS DEVELOPMENT, INC.; A.G. SPANOS LAND COMPANY, INC.; A.G. SPANOS MANAGEMENT, INC. AND THE SPANOS CORPORATION'S (1) MOTION TO DISMISS FIRST AMENDED COMPLAINT; (2) MOTION FOR MORE DEFINITE STATEMENT; (3) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPAINT FOR FAILURE TO JOIN NECESSARY AND INDISPENSABLE PARTIES; AND (4) MOTION TO STRIKE VARIOUS CLAIMS FOR RELIEF SOUGHT IN PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| v. | |
| A.G. Spanos Construction, Inc.; et al.., | |
| Defendants. | |
| | Hearing Date: March 11, 2008 |
| | Time:             1:00 p.m. |
| | Dept.             Courtroom 3 |
| | Complaint Filed: June 20, 2007 |

The motions of Defendants A.G. Spanos Construction, Inc., A.G. Spanos Development, Inc., A.G. Spanos Land Company Inc, A.G. Spanos Management, Inc and The Spanos Corporation (hereinafter, collectively, "the Spanos Defendants"), appearing through counsel, for orders respectively (1) dismissing the First Amended Complaint [Doc. #48]; (2) requiring a more definite statement [Doc. #50]; (3) dismissing the First Amended Complaint for failure to join necessary and indispensable parties; [Doc. #49] and (4) striking various claims for relief in the First Amended Complaint [Doc. #52], came on for hearing on March 11, 2008, at 1:00 p.m., in Courtroom 3 of the U.S. District Court for the Northern District of California, located at 1301 Clay Street, 3d Floor, Oakland, California, the Hon. Saundra Brown Armstrong presiding.  Lee Roy Pierce, Jr. and Thomas Keeling appeared on behalf of the Spanos Defendants and Michael Allen appeared on behalf of Plaintiffs.

**Background**

The original Complaint in this matter was filed on June 20, 2007.  It alleged that A.G. Spanos Construction, Inc., A.G. Spanos Development, Inc., A.G. Spanos Land Company Inc, and A.G. Spanos Management, Inc. were liable to Plaintiffs because of certain violations of the Fair Housing Act (hereinafter, "FHA") and the Americans with Disabilities Act (hereinafter, "ADA"), consisting of the failure to design and construct at least 82 apartment complexes in 10 states in a manner required by the design and construction provisions of the FHA and ADA.

Plaintiffs sought, and were granted, leave to file a First Amended Complaint (hereafter, "FAC"), and did so on October 12, 2007.  The FAC added as parties The Spanos Corporation, Knickerbocker Properties, Inc. XXXVIII (hereinafter "Knickerbocker") and Highpointe Village, L.P. (hereinafter "Highpointe").  The latter two were named individually and as representatives of a class of similarly situated current owners of FHA- and ADA-noncompliant apartment properties built by the Spanos Defendants.  Through the FAC, Plaintiffs also withdrew their claims under the ADA.

The Spanos Defendants filed the four above-referenced motions on or about December 21, 2007, together with a Request for Judicial Notice [Doc. #51].  Plaintiffs filed their Consolidated Opposition [Doc. #74] to the four motions on February 19, 2008.  The Spanos Defendants filed their Consolidated Reply [Doc. #78] on February 26, 2008.

**Legal Standards**

Defendants' motion to dismiss [Doc. #48] is subject to the familiar standard of Fed.R.Civ.P. 12(b)(6), under which a complaint may be dismissed only "if it does not 'state a claim upon which relief can be granted.' …When considering a motion to dismiss under Rule 12(b)(6), the plaintiff's complaint is liberally construed and all well-pleaded facts are taken as true." *Dion, LLC v. Infotek Wireless, Inc.,* 2007 WL 3231738 (N.D.Cal. Oct. 30, 2007) at *2, quoting from *Syverson v. IBM Corp.,* 472 F.3d 1072, 1075 (9th Cir.2007).

The motion for a more definite statement [Doc. #50] is governed by Fed.R.Civ.P. 12(e), which provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

Defendants' motion to dismiss for failure to join necessary and indispensable parties [Doc. #49], brought under Fed.R.Civ.P. 12(b)(7) and Fed.R.Civ.P. 19, is subjected to a two-stage inquiry. The first question is whether a party is "required," that is, whether the party "should be joined … [because] 'disposition of the action in the person's absence may … as a practical matter impair or impede [her] ability to protect that interest.'" *Hartog v. Jots, Inc.,* 2004 WL 2600280 (N.D.Cal. Nov. 12, 2004), at *4, quoting from Fed.R.Civ.P. 19(a)(2). If the answer to the first question is yes, the party should be joined, if feasible. If joinder is not feasible, then the court must examine four factors to determine whether the required party is also "indispensable," that is, whether the litigation can continue, in good conscience, without participation of that party. *Id.*[1]

Finally, with respect to the motion to strike, pursuant to Fed.R.Civ.P. 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Dion, LLC,* 2007 WL 3231738, at *2.

**Analysis**

---

[1] The factors to be considered in this determination are: (1) to what extent a judgment rendered in the absence of such a party might be prejudicial to him or her or to those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the party's absence will be adequate; and (4), whether Plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

In their Motion to Dismiss [Doc. #48], Defendants challenge Plaintiffs' standing to sue under the FHA, assert that they are not "aggrieved persons" as that term is defined by 42 U.S.C. §3602(i) and that claims with respect to many properties are foreclosed by the statute of limitations. On a motion to dismiss, the Court must assume that the well-pleaded allegations of the complaint, and necessary inferences flowing from them, are true. *Syverson v. IBM Corp.*, 472 F.3d 1072, 1075 (9th Cir.2007). Employing that standard, the Court finds that Plaintiffs have sufficiently pled injury-in-fact, flowing from the frustration of their respective missions and the diversion of resources necessary to counteract the alleged discriminatory actions of the Spanos Defendants, to withstand a motion to dismiss. *Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1105 (9th Cir. 2004); *see also Fair Housing of Marin v. Combs,* 285 F.3d at 905 (9th Cir. 2002).

Furthermore, the FAC clearly alleges that Plaintiffs "have been injured by a discriminatory housing practice," 42 U.S.C. §3602(i), making them "aggrieved persons" for purposes of the FHA. The "aggrieved person" definition under the FHA confers standing as broadly as is permitted by Article III of the Constitution and does not require the plaintiff to be within a protected class. *See, e.g.*, *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 103-04 n.9 (1979). As a result, "any person harmed by discrimination, *whether or not the target of the discrimination,* can sue to recover for his or her own injury." *See Trafficante*, 409 U.S at 208. "The Supreme Court has made clear what seems evident from this language—that "an aggrieved person" does not necessarily have to be the person discriminated against." *Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1282 n.6 (3d Cir. 1993) (citations omitted). *See also Alexander v. Riga*, 208 F.3d 419, 427 (3d Cir. 2000), *cert. denied*, 531 U.S. 1069 (2001) (finding that a fair housing organization was an "aggrieved person" under the Act).

With respect to the statute of limitations issue, the FAC clearly pleads that the Spanos Defendants have engaged in a "continuing violation" of designing and building FHA-noncompliant apartment complexes over a period of many years. Defendants' own Request for Judicial Notice [Doc. #51] suggests that as many as 19 of the noncompliant complexes were built within two years prior to the commencement of this litigation. The Court is satisfied, at this stage of the proceedings, that Plaintiffs have stated a cause of action with respect to all 82 complexes pled in the FAC.

Therefore, the Spanos Defendants' Motion to Dismiss [Doc. #48] will be denied.

1  The Motion for a More Definite Statement [Doc. #50] reprises the standing argument asserted in
2  the Motion to Dismiss [Doc. #48]. Inasmuch as the Court has disposed of those issues, above, this
3  motion will be denied insofar as it is based on standing. The Motion also asserts that "the Complaint is
4  uncertain re the number of complexes sued on." MDS at 6-7. The Court is satisfied that Plaintiffs have
5  adequately corrected the pleadings by way of their Consolidated Opposition [Doc. #74], and that the
6  appropriate number of properties sued upon is 82, as outlined in the Consolidated Opposition. The
7  balance of the Motion for a More Definite Statement is, therefore, denied.

8  The Court is also satisfied, under Fed.R.Civ.P. 19, that neither current renters at the 82
9  properties, nor secured lenders to owners of those properties, are "required parties." *Hartog v. Jots,*
10 *Inc.,* 2004 WL 2600280, at *4. Inasmuch as Plaintiffs have not yet filed their motion for certification of
11 the putative defendant class of current owners of FHA-noncompliant Spanos-built apartment complexes
12 pursuant to Fed.R.Civ.P. 23, the Court finds that it is premature to determine whether joinder of that
13 class is infeasible. Therefore, the Court will deny that portion of the Motion to Dismiss for Failure to
14 Join Necessary and Indispensable Parties [Doc. #49] concerning current renters and secured lenders, and
15 will deny without prejudice that portion concerning the current owners.

16 Finally, the Court will deny the Motion to Strike [Doc. #52], primarily because a motion to strike
17 is an improper means of seeking dismissal of portions of the FAC. *Dion, LLC,* 2007 WL 3231738, at *2.
18 Furthermore, to the extent the Motion to Strike is based on the statute of limitations argument reprised
19 from the Motion to Dismiss, the Court adopts its reasoning there as additional grounds for denying the
20 Motion to Strike.

### Conclusion

22 Having read and considered the documents submitted in support of and in opposition to the
23 motion and the arguments of counsel, and good cause appearing therefore, the Court rules as follows:
24 (1) The Spanos Defendants' Motion to Dismiss [Doc. #48] is DENIED; (2) The Spanos Defendants'
25 Motion for a More Definite Statement [Doc. #50] is DENIED as moot; (3) The Spanos Defendants'
26 Motion to Dismiss for Failure to Necessary and Indispensable Parties [Doc. #49] is DENIED; and (4)
27 The Spanos Defendants' Motion to Strike [Doc. #52] is DENIED.

5
National Fair Housing Alliance, et al. v. A.G. Spanos Construction, Inc., et al: [Proposed] Order Denying Spanos Defendants' Motions

1 | Dated: _____, 2008

_____
Saundra Brown Armstrong
United States District Judge

6

National Fair Housing Alliance, et al. v. A.G. Spanos Construction, Inc., et al: [Proposed] Order Denying Spanos Defendants' Motions