1  Michael Allen
   Stephen M. Dane
2  John P. Relman
   Thomas J. Keary
3  Pending admission *pro hac vice*
   D. Scott Chang, #146403
4  Relman & Dane, PLLC
   1225 19th Street, NW, Suite 600
5  Washington, DC 20036
   Telephone: (202) 728-1888
6  Fax: (202) 728-0848
   *Attorneys for Plaintiffs*
7

8                     **UNITED STATES DISTRICT COURT**
9                     **NORTHERN DISTRICT OF CALIFORNIA**

10                                        )
11  National Fair Housing Alliance, Inc., et al.,  )  Case No. C07-3255 - SBA
                                          )
12       Plaintiffs,                      )  **[PROPOSED] ORDER DENYING**
                                          )  **DEFENDANT HIGHPOINTE**
13       v.                               )  **VILLAGE, LLP'S MOTION TO**
                                          )  **DISMISS PLAINTIFFS' FIRST**
14  A.G. Spanos Construction, Inc.; et al..,  )  **AMENDED COMPLAINT**
                                          )
15       Defendants.                      )
                                          )  Hearing Date: March 11, 2008
16                                        )  Time:         1:00 p.m.
                                          )  Dept.         Courtroom 3
17                                        )
                                          )  Complaint Filed: June 20, 2007
18                                        )
19  _____)

20
21       Defendant Highpointe Village, LLP's Motion to Dismiss Plaintiffs' First Amended Complaint
22  [Doc. #57] came on for hearing on March 11, 2008, at 1:00 p.m., in Courtroom 3 of the U.S. District
23  Court for the Northern District of California, located at 1301 Clay Street, 3d Floor, Oakland, California,
24  the Hon. Saundra Brown Armstrong presiding. Clayton B. Gantz and Shirley E. Jackson appeared on
25  behalf of Highpointe and Michael Allen appeared on behalf of Plaintiffs.
26
27
28

1

National Fair Housing Alliance, et al. v. A.G. Spanos Construction, Inc., et al: [Proposed] Order Denying Spanos Defendants' Motions

**Background**

The original Complaint in this matter was filed on June 20, 2007. It alleged that A.G. Spanos Construction, Inc., A.G. Spanos Development, Inc., A.G. Spanos Land Company Inc, and A.G. Spanos Management, Inc. were liable to Plaintiffs because of certain violations of the Fair Housing Act (hereinafter, "FHA") and the Americans with Disabilities Act (hereinafter, "ADA"), consisting of the failure to design and construct at least 82 apartment complexes in 10 states in a manner required by the design and construction provisions of the FHA and ADA.

Plaintiffs sought, and were granted, leave to file a First Amended Complaint (hereafter, "FAC"), and did so on October 12, 2007. The FAC added as parties The Spanos Corporation, Knickerbocker Properties, Inc. XXXVIII (hereinafter "Knickerbocker") and Highpointe Village, L.P. (hereinafter "Highpointe"). The latter two were named individually and as representatives of a class of similarly situated current owners of FHA- and ADA-noncompliant apartment properties built by the Spanos Defendants. Through the FAC, Plaintiffs also withdrew their claims under the ADA.

Highpointe filed its Motion [Doc. #60] on December 21, 2007. Plaintiffs filed their Opposition [Doc. #76] on February 19, 2008. Highpointe filed its Reply [Doc. #79] on February 26, 2008.

**Legal Standards**

Highpointe's motion to dismiss [Doc. #60] is subject to the familiar standard of Fed.R.Civ.P. 12(b)(6), under which a complaint may be dismissed only "if it does not 'state a claim upon which relief can be granted.'…When considering a motion to dismiss under Rule 12(b)(6), the plaintiff's complaint is liberally construed and all well-pleaded facts are taken as true." *Dion, LLC v. Infotek Wireless, Inc.,* 2007 WL 3231738 (N.D.Cal. Oct. 30, 2007) at *2, quoting from *Syverson v. IBM Corp.,* 472 F.3d 1072, 1075 (9th Cir.2007).

**Analysis**

In its Motion to Dismiss [Doc. #60], Highpointe challenges Plaintiffs' standing to sue under the FHA, asserts that they are not "aggrieved persons" as that term is defined by 42 U.S.C. §3602(i), and that claims with respect to many properties are foreclosed by the statute of limitations. On a motion to dismiss, the Court must assume that the well-pleaded allegations of the complaint, and necessary inferences flowing from them, are true. *Syverson v. IBM Corp.,* 472 F.3d 1072, 1075 (9th Cir.2007).

1  Employing that standard, the Court finds that Plaintiffs have sufficiently pled injury-in-fact, flowing from
2  the frustration of their respective missions and the diversion of resources necessary to counteract the
3  alleged discriminatory actions of the Spanos Defendants, to withstand a motion to dismiss. *Smith v.*
4  *Pacific Properties and Development Corp.*, 358 F.3d 1097, 1105 (9th Cir. 2004); *see also Fair Housing*
5  *of Marin v. Combs,* 285 F.3d at 905 (9th Cir. 2002).

6  Furthermore, the FAC clearly alleges that Plaintiffs "have been injured by a discriminatory housing
7  practice," 42 U.S.C. §3602(i), making them "aggrieved persons" for purposes of the FHA. The
8  "aggrieved person" definition under the FHA confers standing as broadly as is permitted by Article III of
9  the Constitution and does not require the plaintiff to be within a protected class. *See, e.g.*, *Gladstone*
10 *Realtors v. Vill. of Bellwood*, 441 U.S. 91, 103-04 n.9 (1979). As a result, "any person harmed by
11 discrimination, *whether or not the target of the discrimination,* can sue to recover for his or her own
12 injury." *See Trafficante*, 409 U.S at 208. "The Supreme Court has made clear what seems evident from
13 this language—that "an aggrieved person" does not necessarily have to be the person discriminated
14 against." *Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1282 n.6 (3d Cir. 1993)
15 (citations omitted). *See also Alexander v. Riga*, 208 F.3d 419, 427 (3d Cir. 2000), *cert. denied*, 531 U.S.
16 1069 (2001) (finding that a fair housing organization was an "aggrieved person" under the Act).

17 With respect to the statute of limitations issue, the FAC clearly pleads that the Spanos Defendants
18 have engaged in a "continuing violation" of designing and building FHA-noncompliant apartment
19 complexes over a period of many years. The Spanos Defendants' own Request for Judicial Notice [Doc.
20 #51]—unopposed by Highpointe—suggests that as many as 19 of the noncompliant complexes were built
21 within two years prior to the commencement of this litigation. The Court is satisfied, at this stage of the
22 proceedings, that Plaintiffs have stated a cause of action with respect to all 82 complexes pled in the
23 FAC.

24 Furthermore, the FAC adequately pleads that Highpointe is a current owner of an FHA-
25 noncompliant property designed and constructed by the Spanos Defendants. Plaintiffs have made clear
26 that they do not seek to impose liability for these FHA violations on the current owners, but simply seek
27 to bring them into the case for purposes of effectuating any injunctive relief for retrofitting the
28 noncompliant buildings the Court may order the Spanos Defendants to accomplish. At this early stage of

the proceedings, the Court is satisfied, on the basis of *Baltimore Neighborhoods, Inc. v. Rommell Builders, Inc.,* 40 F. Supp. 2d 700, 711-12 (D.Md.1999) and *Baltimore Neighborhoods, Inc. v. LOB, Inc.*, 92 F.Supp.2d. 456 (D. Md. 2000), that it has the equitable power to keep Highpointe in this litigation.

Therefore, Highpointe's Motion to Dismiss [Doc. #60] will be denied.

### Conclusion

Having read and considered the documents submitted in support of and in opposition to the motion and the arguments of counsel, and good cause appearing therefore, the Court DENIES Highpointe's Motion to Dismiss [Doc. #60]

Dated: _____, 2008

_____
Saundra Brown Armstrong
United States District Judge