ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
STEPHEN S. WALTERS (BAR NO. 54746)
MAKESHA A. PATTERSON (BAR NO. 238250)
Three Embarcadero Center, 12th Floor
San Francisco, CA  94111-4074
Phone:  (415) 837-1515
Fax:  (415) 837-1516
E-Mail:  swalters@allenmatkins.com
         mpatterson@allenmatkins.com

Attorneys for Defendant
KNICKERBOCKER PROPERTIES, INC. XXXVIII

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| National Fair Housing Alliance, Inc.; Fair Housing of Marin, Inc.; Fair Housing Napa Valley, Inc.; Metro Fair Housing Services, Inc.; and Fair Housing Continuum, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>A.G. Spanos Corporation, Inc.; A.G. Spanos Development, Inc.; A.G. Spanos Land Company, Inc.; A.G. Spanos Management, Inc.; The Spanos Corporation; and<br><br>Knickerbocker Properties, Inc. XXXVIII; and Highpointe Village, L.P., Individually and as Representatives of a Class of All Others Similarly Situated,<br><br>Defendants. | Case No. C07-03255-SBA<br><br>**AMENDED [PROPOSED] ORDER GRANTING DEFENDANT KNICKERBOCKER PROPERTIES, INC. XXXVIII'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:  March 11, 2008<br>Time:  1:00 p.m.<br>Ctrm:  3<br><br>Amended Complaint Filed:  October 12, 2007 |

The motion of defendant Knickerbocker Properties, Inc. XXXVIII ("Knickerbocker") for an order dismissing Plaintiffs National Fair Housing Alliance, Inc., Fair Housing of Marin, Inc., Fair Housing Napa Valley, Inc., Metro Fair Housing Services, Inc., and Fair Housing Continuum, Inc. (collectively "Plaintiffs") claims against Knickerbocker came on regularly for hearing on March 11, 2008, at 1:00 p.m. in Courtroom 3 of the above-entitled court, located at 1301 Clay Street, 3rd Floor, Oakland, California, before the Honorable Saundra Brown Armstrong. Stephen Walters appeared on behalf of Defendant Knickerbocker, and Michael Allen appeared on behalf of Plaintiffs.

## I.   BACKGROUND

Plaintiffs' Amended Complaint, filed on October 12, 2007, alleges that 81 apartment complexes built by defendants A.G. Spanos Construction, Inc., A.G. Spanos Development, Inc., A.G. Spanos Land Company, Inc., A.G. Spanos Management, Inc., and The Spanos Corporation (collectively "A.G. Spanos") and located in various states fail to comply with the Fair Housing Act (42 U.S.C. § 3601 *et seq.*)("FHA").  Plaintiffs allege that 34 Spanos-built apartment complexes located in various states have been tested and fail to meet the accessibility requirements of the FHA.  They also allege that 47 untested Spanos-built apartment complexes located in various states fail to meet the accessibility requirements of the FHA.  Plaintiffs seek to enjoin A.G. Spanos from, among other things, failing or refusing to retrofit the apartment complexes.  Plaintiffs seek to enjoin Knickerbocker, a current owner of two apartment complexes, from failing or refusing to permit A.G. Spanos to perform the retrofits.

Knickerbocker filed its motion to dismiss Plaintiffs' Amended Complaint on December 12, 2007.  Plaintiffs filed their Opposition on February 19, 2008.  Knickerbocker filed its Reply on February 26, 2008.

## II.   LEGAL STANDARD

The court may dismiss a claim where "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court is not required to accept as true allegations that are merely conclusory,

1  unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*,
2  266 F.3d 979, 988 (9th Cir. 2001).
3       A complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil
4  Procedure when an affirmative defense, like the statute of limitations, appears on its face. *ALA,*
5  *Inc. v. CCAIR, Inc.* (3rd Cir. 1994) 29 F.3d 855, 859. Such a complaint fails to state a claim
6  because the action is time-barred. *Jablon v. Dean Witter & Co.* (9th Cir. 1980) 614 F.2d 677, 682.

### III.   ANALYSIS

8       Plaintiffs' Amended Complaint fails to state a claim for relief against Knickerbocker
9  because Plaintiffs' claims are barred by the applicable two year statute of limitations (42 U.S.C.
10 § 3613(a)(1)(A).) Plaintiffs' claims began to run upon the completion of the construction of the
11 apartment complexes owned by Knickerbocker. *See, e.g., Moseke v. Miller & Smith*, 202
12 F.Supp.2d 492, 507 (E.D. Va. 2002) (alleged discriminatory act occurred at the design and
13 construction of building); *United States v. Taigen & Sons,* 303 F.Supp.2d 1129, 1144 (D. Idaho
14 2003) (alleged violation occurred on date design or construction completed). The Amended
15 Complaint alleges that completion of construction of the Knickerbocker owned properties was
16 more than two years ago. The continuing violation doctrine has no application to Knickerbocker,
17 as Plaintiffs' Amended Complaint does not allege that Knickerbocker has done or performed any
18 discriminatory act within the two years preceding the filing of Plaintiffs' complaint.
19      Furthermore, Plaintiffs cannot properly seek to enjoin Knickerbocker from refusing to
20 allow retrofits. Plaintiffs have not shown that they are entitled to injunctive relief against
21 Knickerbocker because Plaintiffs have not shown that there is any irreparable harm and
22 inadequacy of legal remedies if Knickerbocker is not enjoined. *See, e.g., City of Los Angeles v.*
23 *Lyons*, 461 U.S. 95, 111 (1983); *Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 57-65 (1975).
24      Finally, Plaintiffs do not allege facts sufficient to establish standing to bring this lawsuit
25 against Knickerbocker, as Plaintiffs have not alleged that Knickerbocker committed any violation
26 of the FHA or that Plaintiffs' alleged injury was caused by anything that Knickerbocker did. In
27 addition, Plaintiffs are not disabled, they do not allege that any testers were disabled, nor do they
28 sue on behalf of disabled persons.

### IV. CONCLUSION

Having read and considered the documents submitted in support of and in opposition to Knickerbocker's motion, and the arguments of counsel, and good cause appearing therefore,

IT IS HEREBY ORDERED that Knickerbocker's motion to dismiss Plaintiffs' First Amended Complaint is GRANTED.

Dated: _____, 2008

Honorable Saundra Brown Armstrong
United States District Judge