ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
STEPHEN S. WALTERS (BAR NO. 54746)
MAKESHA A. PATTERSON (BAR NO. 238250)
Three Embarcadero Center, 12th Floor
San Francisco, CA  94111-4074
Phone:  (415) 837-1515
Fax:  (415) 837-1516
E-Mail:  swalters@allenmatkins.com
             mpatterson@allenmatkins.com

Attorneys for Defendant
KNICKERBOCKER PROPERTIES, INC. XXXVIII

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| National Fair Housing Alliance, Inc.; Fair Housing of Marin, Inc.; Fair Housing Napa Valley, Inc.; Metro Fair Housing Services, Inc.; and Fair Housing Continuum, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>A.G. Spanos Corporation, Inc.; A.G. Spanos Development, Inc.; A.G. Spanos Land Company, Inc.; A.G. Spanos Management, Inc.; The Spanos Corporation; and<br><br>Knickerbocker Properties, Inc. XXXVIII; and Highpointe Village, L.P., Individually and as Representatives of a Class of All Others Similarly Situated,<br><br>Defendants. | Case No. C07-03255-SBA<br><br>**[PROPOSED ALTERNATIVE] ORDER GRANTING STAY OF ACTION AS TO DEFENDANT KNICKERBOCKER PROPERTIES, INC. XXXVIII**<br><br>Date:  March 11, 2008<br>Time:  1:00 p.m.<br>Ctrm:  3<br><br>Amended Complaint Filed:  October 12, 2007 |

The motion of defendant Knickerbocker Properties, Inc. XXXVIII ("Knickerbocker") for an order dismissing Plaintiffs National Fair Housing Alliance, Inc., Fair Housing of Marin, Inc., Fair Housing Napa Valley, Inc., Metro Fair Housing Services, Inc., and Fair Housing Continuum, Inc. (collectively "Plaintiffs") claims against Knickerbocker came on regularly for hearing on March 11, 2008, at 1:00 p.m. in Courtroom 3 of the above-entitled court, located at 1301 Clay Street, 3rd Floor, Oakland, California, before the Honorable Saundra Brown Armstrong.  Stephen Walters appeared on behalf of Defendant Knickerbocker, and Michael Allen appeared on behalf of Plaintiffs.

## I.     BACKGROUND

Plaintiffs' Amended Complaint, filed on October 12, 2007, alleges that 81 apartment complexes built by defendants A.G. Spanos Construction, Inc., A.G. Spanos Development, Inc., A.G. Spanos Land Company, Inc., A.G. Spanos Management, Inc., and The Spanos Corporation (collectively "A.G. Spanos") and located in various states fail to comply with the Fair Housing Act (42 U.S.C. § 3601 *et seq.*)("FHA").  Plaintiffs allege that 34 Spanos-built apartment complexes located in various states have been tested and fail to meet the accessibility requirements of the FHA.  They also allege that 47 untested Spanos-built apartment complexes located in various states fail to meet the accessibility requirements of the FHA.  Plaintiffs seek to enjoin A.G. Spanos from, among other things, failing or refusing to retrofit the apartment complexes.  Plaintiffs seek to enjoin Knickerbocker, a current owner of two apartment complexes, from failing or refusing to permit A.G. Spanos to perform the retrofits.

Knickerbocker filed its motion to dismiss Plaintiffs' Amended Complaint on December 12, 2007.  Plaintiffs filed their Opposition on February 19, 2008.  Knickerbocker filed its Reply on February 26, 2008.

## II.    LEGAL STANDARD

The court may dismiss a claim where "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The court is not required to accept as true allegations that are merely conclusory,

unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure when an affirmative defense, like the statute of limitations, appears on its face. *ALA, Inc. v. CCAIR, Inc.* (3rd Cir. 1994) 29 F.3d 855, 859. Such a complaint fails to state a claim because the action is time-barred. *Jablon v. Dean Witter & Co.* (9th Cir. 1980) 614 F.2d 677, 682.

### III.   ANALYSIS

Under the FHA, an aggrieved person may bring a claim "not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). After Knickerbocker filed its motion to dismiss, the Ninth Circuit Court of Appeals granted *en banc* rehearing of the panel decision in *Garcia v. Brockway*, 512 F.3d 1089 (9th Cir. 2007) *granting rehearing of* 503 F.3d 1092 (9th Cir. 2007), which will authoritatively settle the law of this Circuit as to the application of the FHA's two-year limitations period to construction and design cases.

### IV.   CONCLUSION

Having read and considered the documents submitted in support of and in opposition to Knickerbocker's motion, and the arguments of counsel, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiffs' action is stayed as to Knickerbocker pending the Ninth Circuit's *en banc* decision in *Garcia v. Brockway*, 512 F.3d 1089 (9th Cir. 2007) *granting rehearing of* 503 F.3d 1092 (9th Cir. 2007).

Dated: _____, 2008

                                                  Honorable Saundra Brown Armstrong
United States District Judge