MANATT, PHELPS & PHILLIPS, LLP
ANDREW A. BASSAK (Bar No. CA 162440)
SHIRLEY E. JACKSON (State Bar No. 205872)
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474
E-mail:      ABassak@manatt.com
             SJackson@manatt.com

Attorneys for Defendant
HIGHPOINTE VILLAGE, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| National Fair Housing Alliance, Inc.; Fair Housing of Marin, Inc.; Fair Housing Napa Valley, Inc.; Metro Fair Housing Services, Inc.; and Fair Housing Continuum, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> A.G. Spanos Construction, Inc.; A.G. Spanos Development, Inc.; A.G. Spanos Land Company, Inc.; A.G. Spanos Management, Inc.; The Spanos Corporation; and <br><br> Knickerbocker Properties, Inc. XXXVIII;; and Highpointe Village, L.P., Individually and as Representatives of a Class of All Others Similarly Situated, <br><br> Defendants. | Case No. C07-03255-SBA <br><br> **AMENDED [PROPOSED] ORDER GRANTING DEFENDANT HIGHPOINTE VILLAGE, L.P.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br> Date: March 11, 2008 <br> Time: 1:00 p.m. <br> Ctrm: 3 |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    The motion of Defendant Highpointe Village, L.P. ("Highpointe Village") for an order

2    dismissing the claims of Plaintiffs National Fair Housing Alliance, Inc., Fair Housing of Marin,

3    Inc., Fair Housing Napa Valley, Inc., Metro Fair Housing Services, Inc., and Fair Housing

4    Continuum, Inc. (collectively, "Plaintiffs") against Highpointe Village came on regularly for

5    hearing on March 11, 2008, at 1:00 p.m., in Courtroom 3, of the above-entitled court located at

6    1301 Clay Street, 3rd Floor, Oakland, California, before the Honorable Saundra Brown

7    Armstrong.  Shirley E. Jackson, Esq., of Manatt, Phelps and Phillips, LLP, appeared on behalf of

8    Highpointe Village.  D. Scott Chang, Esq. of Relman & Dane, PLLC, appeared on behalf of

9    Plaintiffs.

10                              **I.      BACKGROUND**

11       Plaintiffs' First Amended Complaint, filed on October 12, 2007, alleges that 81 apartment

12   complexes located in various states and built by Defendants A.G. Spanos Construction, Inc., A.G.

13   Spanos Development, Inc., A.G. Spanos Land Company, Inc., A.G. Spanos Management, Inc.,

14   and the Spanos Corporation (collectively, the "Spanos Defendants") fail to comply with the Fair

15   Housing Act (42 U.S.C. § 3601, *et seq.*) (the "FHA").  Thirty-four of these apartment complexes

16   are alleged to have been "tested" and fail to meet the accessibility requirements of the FHA.  The

17   remaining 47 apartment complexes are "untested" by Plaintiffs, but also allegedly fail to meet the

18   accessibility requirements of the FHA.

19       Plaintiffs therefore seek a court order declaring that the Spanos Defendants' alleged

20   discriminatory housing practices and conduct violate the FHA, and an award of monetary

21   damages against the Spanos Defendants.  They also seek to enjoin the Spanos Defendants from,

22   among other things, failing or refusing to retrofit the apartment complexes to bring them into

23   compliance with the FHA and applicable regulations.  In addition to an injunction against the

24   Spanos Defendants, Plaintiffs seek to enjoin the various current owners of the apartment

25   complexes, including Highpointe Village, from failing or refusing to permit the Spanos

26   Defendants to perform the retrofits.

27       Highpointe Village filed its motion to dismiss Plaintiffs' First Amended Complaint on

28   December 12, 2007, and re-noticed such motion on January 9, 2008.  Plaintiffs filed their

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

AMENDED PROPOSED ORDER GRANTING
DEFENDANT HIGHPOINTE VILLAGES' MOTION TO
DISMISS (CASE NO. C07-03255-SBA)

1   Opposition Brief on February 19, 2008.  Highpointe Village filed its Reply Brief on February 26,

2   2008.

3                                   **II.    LEGAL STANDARD**

4           A complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) ("Rule

5   12(b)(6)") when the plaintiff has failed to state a claim upon which relief may be granted.  A

6   plaintiff fails to state a claim when either (1) there is no cognizable legal theory upon which relief

7   may be granted, or (2) there is an absence of sufficient facts alleged to support a cognizable legal

8   theory.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A complaint fails to state a claim

9   when, for instance, the running of the statute of limitations appears on the face of the complaint.

10  *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)

11          In ruling on a motion to dismiss under Rule 12(b)(6), all allegations of material fact are

12  taken by the Court as true and construed in the light most favorable to the nonmoving party.  The

13  Court need not, however, accept as true allegations that contradict matters properly subject to

14  judicial notice or allegations that are merely conclusory, unwarranted deductions of fact, or

15  unreasonable inferences.  *See, e.g.*, *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th

16  Cir. 2001); *In re Stac Elecs. Sec. Lit.*, 89 F.3d 1399, 1403 (9th Cir. 1996).

17                                  **III.    ANALYSIS**

18          The First Amended Complaint fails to state a claim for relief against Highpointe Village

19  because Plaintiffs' claims are barred by the applicable two year statute of limitations.  42 U.S.C. §

20  3613(a)(1)(A).  Plaintiffs' claims began to run upon at the completion of construction of the

21  apartment complex owned by Highpointe Village.  *See, e.g., Moseke v. Miller & Smith*, 202

22  F.Supp.2d 492, 507 (E.D. Va. 2002); *United States v. Taigen & Sons*, 303 F.Supp.2d 1129, 1144

23  (D. Idaho 2003).  The First Amended Complaint alleges that construction of Highpointe Village's

24  apartment complex was "completed in 2003"—more than two years ago.  *See* First Amended

25  Complaint, ¶ 62 (p. 27:2).  The continuing violation doctrine has no application to Highpointe

26  Village, as Plaintiffs' First Amended Complaint does not allege that Highpointe Village has done

27  or performed any discriminatory act, let alone a discriminatory act within the two years preceding

28

1   the filing of such complaint.  *See, e.g.*, *Silver State Fair Housing Council, Inc. v. ERGS, Inc.*, 362

2   F. Supp. 2d 1218 (Dist. Nev. 2005).

3          In addition to Plaintiffs' claims against Highpointe Village being time-barred, Plaintiffs

4   fail to allege facts sufficient to establish organizational standing under Article III of the Federal

5   Constitution.  An organization "may satisfy the Article III requirement of injury in fact if it can

6   demonstrate (1) frustration of its organizational mission; and (2) diversion of its resources to

7   combat the particular housing discrimination in question."  *Smith v. Disabled Rights Action*

8   *Committee*, 358 F.3d 1097, 1105 (9th Cir. 2004) (citing *Fair Housing of Marin v. Combs*, 285

9   F.3d 899, 905 (9th Cir. 2002)).  To satisfy the "diversion of resources" requirement, an allegation

10  of litigation expense alone is generally insufficient.  *Id.*  Rather, the plaintiff must "point[] to a

11  concrete and demonstrable injury to its activities, not simply a setback to the organization's

12  abstract social interests."  *Project Sentinel v. Evergreen Ridge Apartments*, 40 F.Supp.2d 1136

13  (N.D. Cal. 1990).  "In other words, an organization establishes an Article III injury if it alleges

14  that unlawful action has increased the resources the group must devote to programs independent

15  of its suit challenging the unlawful action."  *Id.*  Here, Plaintiffs do not allege that Highpointe

16  Village's conduct directly obstructed their services; rather, the sole injuries alleged are to

17  Plaintiffs' abstract goals and the cost of initiating this suit.  Further, this suit is not alleged to have

18  been made necessary by any detrimental impact of Highpointe Village's actions on Plaintiffs'

19  operations.  In other words, Plaintiffs fail to allege any injury to themselves "independent to

20  [their] decision to divert resources away from the pursuit of its abstract goals to support this suit."

21  *Id.* at 1140.

22         Finally, Plaintiffs failed to allege any facts that they may properly seek to enjoin

23  Highpointe Village from refusing to allow retrofits to its apartment complex.  Plaintiffs seek

24  injunctive relief against Highpointe Village not based on any alleged wrongful conduct by

25  Highpointe Village but, rather, based on the Spanos' Defendants alleged violations of the design

26  and construct provisions of the FHA.  Plaintiffs neither have standing nor do they otherwise

27  allege the threshold requirements for obtaining an injunction, *i.e.*, irreparable harm and

28  inadequacy of legal remedies.  *See, e.g.*, *Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 57-67

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
San Francisco

AMENDED PROPOSED ORDER GRANTING
DEFENDANT HIGHPOINTE VILLAGES' MOTION TO
DISMISS (CASE NO. C07-03255-SBA)

1   (1975); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-507 (1959); *Molski v. Mandarin*

2   *Touch Restaurant*, 385 F.Supp.2d 1042, 1045 (C.D. 2005); *Oak Ridge Care Ctr., Inc. v. Racine*

3   *County*, 896 F.Supp. 867 (C.D. Wis. 1995);.

## IV.    CONCLUSION

5        After reviewing and considering the papers submitted in support of and in opposition to

6   Highpointe Village's motion, the files and records in this matter, and having heard and considered

7   oral argument of counsel, and good cause appears therefore,

8        IT IS ORDERED that Highpointe Village's motion to dismiss Plaintiffs' First Amended

9   Complaint is GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(6).  The First

10  Amended Complaint is dismissed with prejudice as to Highpointe Village on the ground that

11  Plaintiffs' claims against Highpointe Village fail to state a claim upon which relief may be

12  granted.

13       IT IS SO ORDERED.

14

15  Dated: _____, 2008      _____

16                                          Honorable Saundra Brown Armstrong
                                            United States District Judge
17

18  90006775.1

19

20

21

22

23

24

25

26

27

28

AMENDED PROPOSED ORDER GRANTING
DEFENDANT HIGHPOINTE VILLAGES' MOTION TO
DISMISS (CASE NO. C07-03255-SBA)