Michael Allen
Stephen M. Dane
John P. Relman
Thomas J. Keary
Pending admission *pro hac vice*
D. Scott Chang (State Bar No. 146403)
Relman & Dane, PLLC
1225 19th Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 728-1888
Fax: (202) 728-0848
E-mail:   mallen@relmanlaw.com
          sdane@relmanlaw.com
          jrelman@relmanlaw.com
          tkeary@relmanlaw.com

*Attorneys for Plaintiffs*

Maxwell M. Freeman (State Bar No. 31278)
Lee Roy Pierce, Jr. (State Bar No. 119318)
Michael L. Gurev (State Bar No. 163268)
Thomas H. Keeling (State Bar No. 114979)
FREEMAN, D'AIUTO, PIERCE, GUREV,
KEELING & WOLF, PLC
1818 Grand Canal Boulevard, Suite 4
Stockton, California 95207
Telephone: (209) 474-1818
FAX: (209)474-1245
E-mail: lrpierce@freemanfirm.com
        mgurev@freemanfirm.com
        tkeeling@freemanfirm.com

*Attorneys for Spanos Defendants*

Stephen S. Walters (State Bar No. 54746)
Makesha A. Patterson (State Bar No. 238250)
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, California 94111-4074
Telephone: (415) 837-1515
Fax: (415) 837-1516
E-mail:   swalters@allenmatkins.com
          mpatterson@allenmatkins.com

*Attorneys for Defendant*
*Knickerbocker Properties, Inc. XXXVIII*

Clayton B. Gantz (State Bar No. 116765)
Shirley E. Jackson (State Bar No. 205872)
Andrew Bassak (State Bar No. 162440)
MANATT, PHELPS & PHILLIPS, LLP
A Professional Corporation
One Embarcadero Center, 30th Floor
San Francisco, California 94111-3719
Telephone: (415) 788-0900
Fax: (415) 788-2019
E-mail:   cgantz@manatt.com
          sjackson@manatt.com
          abassak@manatt.com

*Attorneys for Defendant*
*Highpointe Village, L.P.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| National Fair Housing Alliance, Inc., et al., ) | |
| ) | Case No. C07-3255 - SBA |
| Plaintiffs, ) | |
| ) | **JOINT CASE MANAGEMENT** |
| v. ) | **STATEMENT** |
| ) | Date: April 9, 2008 |
| A.G. Spanos Construction, Inc.; et al., ) | Time: 2:30 p.m. (PDT) |
| ) | Courtroom: 3 (Telephonic) |
| Defendants. ) | |
| ) | |

The parties in the above-entitled action jointly submit this Joint Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this action. Plaintiffs are represented by Relman & Dane PLLC. A.G. Spanos Construction, Inc., A.G. Spanos Development, Inc., A.G. Spanos Land Company, Inc., A.G. Spanos Management, Inc. and The Spanos Corporation (hereinafter, the "Spanos Defendants") are represented by Freeman, D'Aiuto, Pierce, Gurev, Keeling & Wolf, PLC. Knickerbocker Properties, Inc. XXXVIII (hereinafter, "Knickerbocker") is represented by Allen Matkins Leck Gamble Mallory & Natsis LLP. Highpointe Village, L.P. (hereinafter, "Highpointe") is represented by Manatt, Phelps & Phillips, LLP. Collectively, Knickerbocker and Highpointe are referred to as the "Owner Defendants."

**1.      Jurisdiction and Service**:

The Court has subject matter jurisdiction over plaintiffs' claims herein under 28 U.S.C. §§1331 and 1332, and 42 U.S.C. §3613(a). Further, the Court may exercise personal jurisdiction over the Spanos Defendants and the Owner Defendants. All of these Defendants have been served. Venue is proper in this district as Defendants either reside in this district or have property in the district with alleged violations giving rise to the claims in this action.

**2.      Facts**:

Plaintiffs allege that the Spanos Defendants are liable for the design and construction of at least 10,000 units in 82 apartment complexes that do not meet the accessibility requirements of the federal Fair Housing Act (hereinafter, "FHA"), 42 U.S.C. §3604(f), and therefore make them inaccessible to people with disabilities. Plaintiffs are fair housing agencies who claim that their missions have been frustrated by these alleged violations of the FHA and who claim to have had to divert resources from other objectives in order to combat these alleged violations.

**3.      Legal Issues**:

Plaintiffs allege that the Spanos Defendants have, in failing to design and construct accessible apartment units and common areas, violated 42 U.S.C. §§3604(f)(1), 3604(f)(2) and 3604(f)(3)(C).

Through their pending motions (see Paragraph 4, below), Defendants contend that Plaintiffs lack standing to bring claims under the FHA, that Plaintiffs have failed to state a cause of action or claim for injunctive relief, and that claims with respect to certain apartment complexes are time-barred. In addition, the Spanos Defendants contend that Plaintiffs have failed to join certain parties that the Spanos Defendants contend are required under Fed.R.Civ.P. 19.

4.    **Motions**:

On December 21, 2007, the Spanos Defendants filed four motions with the Court. These include (1) a Motion to Dismiss Plaintiff's First Amended Complaint or, Alternatively, for Partial Dismissal of Plaintiff's First Amended Complaint [Doc. 48; Memorandum, Doc. 48-3]; (2) a Motion for More Definite Statement [Doc. 50; Memorandum, Doc 50-2]; (3) a Motion to Dismiss Plaintiffs' First Amended Complaint for Failure to Join Necessary and/or Indispensable Parties [Doc. 49; Memorandum, Doc. 49-3]; and (4) a Motion to Strike Various Claims for Relief [Doc. 52; Memorandum, Doc. 52-2]. All four have been fully briefed and are pending before the Court.

On December 21, 2007, Knickerbocker and Highpointe both filed Motions to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). These motions have been fully briefed and are pending before the Court. As alternative relief, Knickerbocker has asked that this case be stayed pending the Ninth Circuit's decision in *Garcia v. Brockway* (in which *en banc* argument is set for March 25, 2008).

5.    **Amendment of Pleadings**:

The initial complaint herein was filed on June 20, 2007 and the First Amended Complaint was filed on October 12, 2007. While not anticipating the need to further amend the pleadings, Plaintiffs reserve the right to do so in response to facts learned in discovery, and to do so by August 1, 2008.

6.    **Evidence Preservation**:

The parties jointly represent to the Court that they have taken appropriate steps to preserve

1  evidence relevant to the issues reasonably evident in this action, including interdiction of any document-
2  destruction program and any ongoing erasures of e-mails, voice mails, and other electronically stored
3  information.

4

5  **7.    Disclosures**:

6  The parties have not yet made initial disclosures. They will do so within 30 days of the Court's
7  ruling on the pending motions.

8

9  **8.    Discovery**:

10  To date, no discovery has been propounded.

11  LIMITATIONS:

12  • Depositions: 15 per side

13  • Interrogatories: 100 per side

14  • Requests for Admission: 100 per side

15  The parties also agree that the party serving written discovery will also send opposing counsel the
16  discovery requests through a computer-readable format (e.g. email or CD) to facilitate compliance with
17  Local Rule 33-1. Initial disclosure documents and documents submitted in response to discovery requests
18  will be Bates-stamped, with the prefixes indicated below, and starting at 00001:

19  • Plaintiffs (when responding collectively)          PL
20  • National Fair Housing Alliance:                    NFHA
21  • Fair Housing of Marin                              FHOM
22  • Fair Housing Napa Valley                           FHNV
23  • Metro Fair Housing                                 MFH
24  • Fair Housing Continuum                             FHC
25  • A.G. Spanos Defendants (when responding collectively)   DEF
26  • A.G. Spanos Construction, Inc.                     AGSC
27  • A.G. Spanos Development, Inc.                      AGSD
28  • A.G. Spanos Land Company, Inc                      AGSL

|   |   |
|---|---|
| • A.G. Spanos Management, Inc. | AGSM |
| • Knickerbocker | KN |
| • Highpointe | HP |

**9. Class Actions**:

The First Amended Complaint pleads a defendant class action, and names two putative class representatives. Plaintiffs anticipate taking discovery on the class certification issues, and will file their motion for class certification within 120 days of the Court's ruling on the pending motions.

**10. Related Cases**:

There are no related cases.

**11. Relief**:

Plaintiffs seek declaratory and injunctive relief with respect to the Spanos Defendants, as well as compensatory and punitive damages, attorneys' fees, costs and such other relief as this Court deems just and proper.

Plaintiffs seek a declaration that the Spanos Defendants have violated the FHA with respect to their failure to design and construct apartment units and common areas so they are accessible to people with disabilities. Plaintiffs also seek an injunction prohibiting the Spanos Defendants from: (1) constructing any covered multifamily housing and/or common areas that, in any way, fail to comply with the FHA and the applicable regulations, including the acquisition of any building or construction permits, or certificates of occupancy; (2) selling any building containing a covered unit until the entry of final relief herein, or until the completion of such retrofit alteration to covered units as may be ordered by the Court; (3) failing or refusing to bring the covered dwelling units and the public-use and common-use areas at the Tested Properties into compliance with the FHA and applicable regulations; (4) failing or refusing to design and construct any covered multifamily dwellings in the future in compliance with the FHA and applicable regulations. Plaintiffs also seek injunctive relief requiring the Spanos Defendants to: (5) survey each and every apartment community containing covered units and appurtenant common and

1  public use areas for which any of them had a role in the design and construction since March 13, 1991,
2  and to assess the compliance of each with the accessibility requirements of the FHA; (6) report to the
3  Court the extent of noncompliance of these properties with the FHA; and (7) bring each and every
4  apartment community into compliance with the FHA and applicable regulations.

   Plaintiffs seek compensatory and punitive damages as are proper under law.  The precise amount
   of these damages (and attorneys' fees and costs) cannot now be ascertained.

   Plaintiffs also seek injunctive relief, including appropriate fees and costs against the current
   owners of the 82 properties that Plaintiffs allege are FHA-noncompliant (for whom Plaintiffs seek to
   certify Knickerbocker and Highpointe as defendant class representatives), requiring them to permit the
   retrofits ordered by the Court to be made in their respective properties, to comply with such procedures
   for inspection and certifications of the retrofits performed as may be ordered by the Court, and to
   perform or allow such other acts as may be necessary to effectuate any judgment against the Spanos
   Defendants.

**12.    Settlement and ADR**:

   While the parties have cooperated with the Court's ADR office in conducting preliminary
   discussions, the parties believe that they must commence discovery before they can assess the likelihood
   that a resolution might be negotiated.

**13.    Consent to Magistrate Judge For All Purposes**:

   Not all parties consent to a magistrate judge.

**14.    Other References**:

   The parties believe this case is not suitable for reference to binding arbitration, a special master, or
   the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**:

   The issues to be tried may be narrowed by the pending motions.  The presentation of evidence at

trial may be expedited by comprehensive surveys of each apartment complex by the parties' experts, the summary reports derived therefrom and attempts by the parties to stipulate to the compliance or noncompliance of elements at each such apartment complex.

**16.    Expedited Schedule**:

Because of the factual complexity of this case, the parties do not believe it is the type of case that can be handled on an expedited basis with streamlined procedures.

**17.    Scheduling**:

Factual discovery cut-off: April 1, 2009.

Expert disclosure: July 1, 2009

Rebuttal expert disclosure: September 1, 2009

Expert discovery cut-off: November 1, 2009

Last hearing date for dispositive motions: February 15, 2010

Pretrial conference: April 1, 2010

Trial: May 1, 2010

**18.    Trial**:

Plaintiffs have demanded a jury trial. Defendants believe Plaintiffs' equitable claims should be tried to the Court. The length of trial proceedings will depend to such a degree on events yet to occur that the parties believe it may be impossible to meaningfully estimate the length of such a trial.

**19.    Disclosure of Non-party Interested Entities or Persons**:

All parties have filed their respective Certifications of Interested Entities or Persons required by Civil Local Rule 3-16.

Plaintiffs certify that no persons, firms, partnerships, corporations (including parent corporations) or other entities known by them have either a financial interest in the subject matter in controversy or in a party to the proceeding; or any other kind of interest that could be substantially affected by the outcome of the proceeding.

**20.**     **Other Matters**:

As of the filing of the Joint Case Management Statement, the parties are unaware of other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: March 21, 2008

Respectfully submitted,

___/s/ Michael Allen_____  
Michael Allen  
Stephen M. Dane  
John P. Relman  
Thomas J. Keary  
Pending admission *pro hac vice*  
D. Scott Chang (State Bar No. 146403)  
Relman & Dane, PLLC  
1225 19th Street, NW, Suite 600  
Washington, DC 20036  
Telephone: (202) 728-1888  
Fax: (202) 728-0848  
E-mail:  mallen@relmanlaw.com  
 sdane@relmanlaw.com  
 jrelman@relmanlaw.com  
 tkeary@relmanlaw.com  
 schang@relmanlaw.com  

*Attorneys for Plaintiffs*

____/s/ Maxwell M. Freeman_____  
Maxwell M. Freeman (State Bar No. 31278)  
Lee Roy Pierce, Jr. (State Bar No. 119318)  
Michael L. Gurev (State Bar No. 163268)  
Thomas H. Keeling (State Bar No. 114979)  
FREEMAN, D'AIUTO, PIERCE, GUREV, KEELING & WOLF, PLC  
1818 Grand Canal Boulevard, Suite 4  
Stockton, California 95207  
Telephone: (209) 474-1818  
FAX: (209)474-1245  
E-mail: lrpierce@freemanfirm.com  
 mgurev@freemanfirm.com  
 tkeeling@freemanfirm.com  

*Attorneys for Spanos Defendants*

_____/s/ Stephen S. Walters_____  
Stephen S. Walters (State Bar No. 54746)  
Makesha A. Patterson (State Bar No. 238250)  
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP  
Three Embarcadero Center, 12th Floor  
San Francisco, California 94111-4074  
Telephone: (415) 837-1515  
Fax: (415) 837-1516  
E-mail:  swalters@allenmatkins.com  
 mpatterson@allenmatkins.com  

*Attorneys for Defendant*  
*Knickerbocker Properties, Inc. XXXVIII*

_____/s/ Clayton B. Gantz_____  
Clayton B. Gantz (State Bar No. 116765)  
Shirley E. Jackson (State Bar No. 205872)  
Andrew Bassak (State Bar No. 162440)  
MANATT, PHELPS & PHILLIPS, LLP  
A Professional Corporation  
One Embarcadero Center, 30th Floor  
San Francisco, California 94111-3719  
Telephone: (415) 788-0900  
Fax: (415) 788-2019  
E-mail:  cgantz@manatt.com  
 sjackson@manatt.com  
 abassak@manatt.com  

*Attorneys for Defendant*  
*Highpointe Village, L.P*

# CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of March 2008, I filed the foregoing Joint Case Management Statement with the Court's ECF System, which sent electronic notice to:

Stephen S. Walters (State Bar No. 54746)
Makesha A. Patterson (State Bar No. 238250)
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, California  94111-4074
swalters@allenmatkins.com
mpatterson@allenmatkins.com
*Attorneys for Defendant Knickerbocker Properties*


Thomas H. Keeling (State Bar No. 114979)
Lee Roy Pierce, Jr. (State Bar No. 119318)
FREEMAN, D'AIUTO, PIERCE, GUREV, KEELING & WOLF, PLC
1818 Grand Canal Boulevard, Suite 4
Stockton, California  95207
lrpierce@freemanfirm.com
tkeeling@freemanfirm.com
*Attorneys for Spanos Defendants*


Shirley E. Jackson (State Bar No. 205872)
MANATT, PHELPS & PHILLIPS, LLP
A Professional Corporation
One Embarcadero Center, 30th Floor
San Francisco, California  94111-3719
sjackson@manatt.com
*Attorney for Defendant Highpointe Village, L.P.*


　　　　_____/s/ Nayna Gupta_____
　　　　Nayna Gupta