1  MAXWELL M. FREEMAN, #31278
   LEE ROY PIERCE, JR., #119318
2  MICHAEL L. GUREV, #163268
   THOMAS H. KEELING, #114979
3  FREEMAN, D'AIUTO, PIERCE,
     GUREV, KEELING & WOLF
4  A PROFESSIONAL LAW CORPORATION
   1818 Grand Canal Boulevard, Suite 4
5  Stockton, California 95207
   Telephone: (209) 474-1818
6  Facsimile: (209) 474-1245
   E-mail:    lrpierce@freemanfirm.com
7             mgurev@freemanfirm.com
              tkeeling@freemanfirm.com
8
   Attorneys for Defendants A.G. Spanos
9  Construction, Inc.; A.G. Spanos
   Development, Inc.; A.G. Spanos
10 Land Company, Inc.; A.G. Spanos
   Management, Inc., The Spanos Corporation
11

12                    IN THE UNITED STATES DISTRICT COURT

13                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

14 National Fair Housing Alliance, Inc., et al.,   )  CASE NO. C07-03255-SBA
                                                   )
15               Plaintiffs,                       )  PETITION OF DEFENDANTS A.G.
                                                   )  SPANOS CONSTRUCTION, INC.,
16 vs.                                             )  A.G. SPANOS DEVELOPMENT,
                                                   )  INC., A.G. SPANOS LAND
17 A.G. Spanos Construction, Inc., et al.          )  COMPANY, INC., A.G. SPANOS
                                                   )  MANAGEMENT, INC., AND THE
18               Defendants.                       )  SPANOS CORPORATION FOR
                                                   )  CERTIFICATION PURSUANT TO 28
19 _____         )  U.S.C. SEC. 1292(b)

20                                                    Hearing date: June 3, 2008
                                                      Time:         1:00 p.m.
21                                                    Dept:         Courtroom 3

22                                                    **Complaint Filed: June 20, 2007**

23 TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

24          PLEASE TAKE NOTICE that petitioners/defendants, A.G. Spanos Construction, Inc.,

25 A.G. Spanos Development, Inc., A.G. Spanos Land Company, Inc., A.G. Spanos

26 Management, Inc., and The Spanos Corporation (collectively the "Spanos Defendants") will

27 move the court at the time and place specified above, for a certification that this court's order

28 of March 26, 2008, denying the Spanos Defendants' motion to dismiss plaintiffs' claims

pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), is appropriate for immediate appeal pursuant to 28 U.S.C., section 1292(b).

The petition will be made based upon this notice, the attached motion, this Court's March 26, 2008 order, the records contained in the Court's file in this matter, and such further evidence, whether documentary or oral, as may be presented at the time of the noticed hearing.

Respectfully submitted,

Dated: April 14, 2008

FREEMAN, D'AIUTO, PIERCE, GUREV, KEELING & WOLF

By _____
LEE ROY PIERCE, JR.
Attorneys for Petitioners/Defendants A.G. Spanos Construction, Inc.; A.G. Spanos Development, Inc.; A.G. Spanos Land Company, Inc.; A.G. Spanos Management, Inc., The Spanos Corporation

# MOTION FOR CERTIFICATION OF ORDER FOR APPEAL PURSUANT TO 28 U.S.C., SECTION 1292(b)

## I.

## INTRODUCTION

Plaintiffs first amended complaint alleges that approximately 82 apartment complexes located in 10 states, allegedly designed and constructed by the Spanos Defendants between 1991 and 2007, do not comply with requirements of the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. §§ 3601, et seq. Plaintiffs make the same claim with respect to an unknown number of unidentified properties located, presumably, throughout the United States in unspecified locations. The Subject Properties allegedly contain over 22,000 apartment units. Plaintiffs seek an injunction commanding defendants to rebuild or retrofit the Subject Properties to conform to the FHAA.

On or about February 19, 2008, the Spanos Defendants filed a motion to dismiss the action for failure to state a claim upon which relief could be granted, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6). The motion to dismiss argued that the first amended complaint should be dismissed because:

(1) plaintiffs lacked standing;

(2) plaintiffs failed to allege a cause of action; and

(3) plaintiffs' claims were barred under the FHAA's two-year statute of limitations.

On March 26, 2008 this Court issued is order denying the Spanos Defendants' motion to dismiss. See Exhibit 1, attached.

## II.

## FACTS

The allegations of plaintiffs' first amended complaint are nicely stated at pp. 2-5 of this Court's March 26, 2008 order. See Ex. 1, attached, at pp. 2-5.

## III.

## ISSUES TO BE ADDRESSED ON APPEAL

The Spanos Defendants seek immediate appeal of this Court's order denying the Spanos Defendants' motion to dismiss. The appellate issues are:

(1) Have plaintiffs sufficiently alleged standing?

(2) Have plaintiffs sufficiently alleged a cause of action in themselves or anyone else?

(3) Are plaintiffs' claims barred by the FHAA's two-year statute of limitations?

## IV.

## THE 12(b)(6) ORDER IS APPROPRIATE FOR CERTIFICATION

## UNDER SECTION 1292(b)

An otherwise interlocutory order may be the subject of a petition to the appellate court for permission to appeal pursuant to 28 U.S.C. section 1292(b) and Federal Rules of Appellate Procedure, Rule 5, <u>if</u> the District Court certifies the order for appeal. Such an order must involve a controlling question of law as to which there is substantial ground for difference of opinion and where a resolution thereof will materially advance the termination of the litigation. The Spanos Defendants believe the order denying their motion to dismiss - - "the 12(b)(6) Order" - - satisfies all three prerequisites, and therefore request this Court issue a certification order.

Section 1292(b) authorizes a district court judge issuing an otherwise non-appealable order, who is of the opinion that the order is appropriate for immediate appeal, to state in that order the following:

> (1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and
> (3) that an immediate appeal may materially advance the termination of the litigation.

28 U.S.C. § 1292(b). If the initial order does not contain such a statement, Federal Rule of Appellate Procedure Rule 5 permits the order to be amended at any time to include the Section

1292(b) statement. Thus, it is appropriate for the Spanos Defendants to seek certification of the 12(b)(6) order at this time.

Certification of an order for interlocutory appeal is especially appropriate in "exceptional" cases - - large, protracted or potentially complex civil litigation. In re Cement Antitrust Litigation, (MDL No. 296) 673 F.2d 1020, 1026 (9th Cir. 1982) [Section 1292(b) "was only to be used in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation"], aff'd. for absence of quorum sub nom., Arizona v. Ash Grove Cement Co., 459 U.S. 1190 (1983); United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966) [interlocutory appeal appropriate in "extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation"]; Steering Committee v. United States, 6 F.3d 572, 575 (9th Cir. 1993) [section 1292(a) certification is appropriate where resolution of liability issues will eliminate need for trial].

As this Court is well aware, this is an extraordinary civil action. If an interlocutory appeal is permitted, this Court can implement any decision of the Ninth Circuit favorable to the Spanos Defendants on remand. Trial of this case will thereby be expedited or avoided altogether, and will not be delayed.

### A.   THE 12(b)(6) ORDER INVOLVES CONTROLLING QUESTIONS OF LAW.

The issues raised by the 12(b)(6) Order are controlling questions of law. All three issues raised are case dispositive.

If plaintiffs lack standing, this case must be dismissed. The same is true if plaintiffs lack a cause of action. And, the Spanos defendants' statute of limitations defense is case dispositive as to all apartment complexes built more than two years before suit was filed.[1]

---

[1] See United States v. Woodbury, 263 F.2d 784 (9th Cir. 1959) ["we do not hold that a question brought here on interlocutory appeal must be dispositive of the lawsuit in order to be regarded as a controlling question"]. "Courts have refused to interpret the phrase so narrowly as to require that reversal of the district court's order terminate the litigation." Cement Antitrust Litig., 673 F.2d at 1026 ["[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of