MANATT, PHELPS & PHILLIPS, LLP
ANDREW BASSAK (State Bar No. 162440)
SHIRLEY E. JACKSON (State Bar No. 205872)
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474
E-mail:   abassak@manatt.com
          sjackson@manatt.com

Attorneys for Defendant
HIGHPOINTE VILLAGE, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| National Fair Housing Alliance, Inc.; Fair Housing of Marin, Inc.; Fair Housing Napa Valley, Inc.; Metro Fair Housing Services, Inc.; and Fair Housing Continuum, Inc.,<br><br>Plaintiffs,<br><br>vs.<br><br>A.G. Spanos Construction, Inc.; A.G. Spanos Development, Inc.; A.G. Spanos Land Company, Inc.; A.G. Spanos Management, Inc.; The Spanos Corporation; and<br><br>Knickerbocker Properties, Inc. XXXVIII; and Highpointe Village, L.P., Individually and as Representatives of a Class of All Others Similarly Situated,<br><br>Defendants. | No. C07-03255-SBA<br><br>**DEFENDANT HIGHPOINTE VILLAGE, L.P.'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Highpointe Village, L.P. ("Highpointe Village") answers the First Amended Complaint ("Complaint") of Plaintiffs National Fair Housing Alliance, Inc.; Fair Housing of Marin, Inc.; Fair Housing Napa Valley, Inc.; Metro Fair Housing Services, Inc.; and Fair Housing Continuum, Inc., ("Plaintiffs") as follows:

## I. PRELIMINARY STATEMENT

1.  In response to paragraph 1 of the Complaint, Highpointe Village states that paragraph 1 of the Complaint merely identifies the parties, asserts that a Complaint has been filed against the Defendants and summarizes the relief sought. Therefore, no answer is required. To the extent paragraph 1 characterizes the Defendants and purports to identify a Defendant class, Highpointe Village denies all such allegations. Highpointe Village also denies that declaratory or injunctive relief is warranted. Except as expressly admitted, Highpointe Village denies each and every allegations of paragraph 1.

2.  In response to paragraph 2 of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

3.  In response to paragraph 3 of the Complaint, Highpointe Village denies on information and belief that its apartment complex located in Overland Park, Kansas fails to meet the accessibility requirements of the Fair Housing Act, as amended in 1988 ("FHA"). In response to the remaining allegations of paragraph 3, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

4.  In response to paragraph 4 of the Complaint, Highpointe Village responds that paragraph 4 states a legal conclusion to which no response is required. To the extent paragraph 4 contains allegations of fact, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

5.  In response to paragraph 5 of the Complaint, Highpointe Village responds that paragraph 5 states a legal conclusion to which no response is required. To the extent paragraph 5 contains allegations of fact, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

6.  In response to paragraph 6 of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2   DEFENDANT HIGHPOINTE VILLAGE, L.P.'S,
ANSWER TO FIRST AMENDED COMPLAINT,
CASE NO. C07-03255-SBA

7.    In response to paragraph 7 of the Complaint, Highpointe Village responds that paragraph 7 states a legal conclusion to which no response is required. To the extent paragraph 7 contains allegations of fact, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations and specifically denies that Plaintiffs are entitled to any relief.

8.    In response to paragraph 8 of the Complaint, Highpointe Village responds that paragraph 8 states a legal conclusion to which no response is required. Highpointe Village specifically denies the allegation that "people with disabilities are not welcome" on its property. To the extent paragraph 8 contains allegations of fact, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

9.    In response to paragraph 9 of the Complaint, Highpointe Village responds that paragraph 9 purports to provide statistical data to which no response is required. To the extent paragraph 9 contains allegations of fact, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

10.    In response to paragraph 10 of the Complaint, Highpointe Village responds that paragraph 10 states argument, legal conclusion and purports to characterize legislative intent to which no response is required. To the extent paragraph 10 contains allegations of fact, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations and specifically denies that Plaintiffs are entitled to any relief.

11.    In response to paragraph 11 of the Complaint, Highpointe Village responds that paragraph 11 states a legal conclusion to which no response is required. To the extent paragraph 11 contains allegations of fact, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

## II. JURISDICTION AND VENUE

12.    In response to paragraph 12 of the Complaint, Highpointe Village admits that the Court has subject matter jurisdiction over Plaintiffs' asserted causes of action, and has personal

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT HIGHPOINTE VILLAGE, L.P.'S,
ANSWER TO FIRST AMENDED COMPLAINT,
CASE NO. C07-03255-SBA

jurisdiction over this answering defendant. Except as expressly admitted, Highpoint Village denies each and every allegations in paragraph 12.

13. In response to paragraph 13 of the Complaint, Highpointe Village admits that venue is proper in this Court, as it pertains to this answering defendant. Highpointe Village denies, on information and belief, every allegation of wrongdoing contained therein as it pertains to this answering defendant. Except as expressly admitted, Highpointe Village denies each and every all allegations in paragraph 13.

14. In response to paragraph 14 of the Complaint, Highpointe Village admits some of the alleged properties are located outside the Northern District of California and Intradistrict assignment in San Francisco is proper. Except as expressly admitted, Highpoint Village denies each and every allegations in paragraph 14.

### III. PARTIES

#### A. Plaintiffs

15. In response to paragraph 15 of the Complaint, Highpointe Village admits, on information and belief, that Plaintiff National Fair Housing Alliance has an office in Washington DC. Highpointe Village lacks sufficient information and belief to admit or deny all other allegations contained in paragraph 15, and on that basis denies all such allegations

16. In response to paragraph 16 of the Complaint, Highpointe Village admits, on information and belief, that Plaintiff Fair Housing of Marin is located in San Rafael, California. Highpointe Village lacks sufficient information and belief to admit or deny all other allegations contained in paragraph 16, and on that basis denies all such allegations.

17. In response to paragraph 17 of the Complaint, Highpointe Village admits, on information and belief, that Plaintiff Fair Housing Napa Valley has locations in Napa County, California. Highpointe Village lacks sufficient information and belief to admit or deny all other allegations contained in paragraph 17, and on that basis denies all such allegations.

18. In response to paragraph 18 of the Complaint, Highpointe Village admits, on information and belief, that Plaintiff Metro Fair Housing Services is located in Georgia.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4    DEFENDANT HIGHPOINTE VILLAGE, L.P.'S,
ANSWER TO FIRST AMENDED COMPLAINT,
CASE NO. C07-03255-SBA

1  Highpointe Village lacks sufficient information and belief to admit or deny all other allegations
2  contained in paragraph 18, and on that basis denies all such allegations.
3      19. In response to paragraph 19 of the Complaint, Highpointe Village admits, on
4  information and belief, that Plaintiff Fair Housing Continuum, Inc. is a located in Florida.
5  Highpointe Village lacks sufficient information and belief to admit or deny all other allegations
6  contained in paragraph 19, and on that basis denies all such allegations.

    **B.    The A.G. Spanos Defendants**

    20. In response to paragraph 20 of the Complaint, Highpointe Village admits, on information and belief, that the A.G. Spanos Defendants have been engaged in activities related to land development, construction and management, including without limitation with respect to multifamily apartment complexes, and appears to maintain a website at www.agspanos.com. Highpointe Village lacks sufficient information and belief to admit or deny all other allegations contained in paragraph 20 and on that basis denies all such allegations.

    21. In response to paragraph 21 of the Complaint, Highpointe Village admits, on information and belief, that A.G. Spanos Construction, Inc. was responsible for the design and/or construction of the Highpointe Village property. Highpointe Village lacks sufficient information and belief to admit or deny the allegations contained in paragraph 21 and on that basis denies all such allegations.

    22. In response to paragraph 22 of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations contained in paragraph 22 and on that basis denies all such allegations.

    23. In response to paragraph 23 of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations contained in paragraph 23 and on that basis denies all such allegations.

    24. In response to paragraph 24 of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations contained in paragraph 24 and on that basis denies all such allegations.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5    DEFENDANT HIGHPOINTE VILLAGE, L.P.'S,
ANSWER TO FIRST AMENDED COMPLAINT,
CASE NO. C07-03255-SBA

25. In response to paragraph 25 of the Complaint, Highpoint Village admits that the Spanos Corporation previously owned the subject property commonly referred to as "Highpointe Village." Highpointe Village lacks sufficient information and belief to admit or deny all other allegations contained in paragraph 25 and on that basis denies all such allegations.

26. In response to paragraph 26 of the Complaint, Highpointe Village admits the A.G. Spanos Defendants' principal offices are located at 10100 Trinity Parkway, 5th Floor, Stockton, California 95129. Highpointe Village lacks sufficient information and belief to admit or deny all other allegations contained in paragraph 26, and on that basis denies all such allegations.

27. In response to paragraph 27 of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations contained in paragraph 27 and on that basis denies all such allegations.

28. In response to paragraph 28 of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations contained in paragraph 28 and on that basis denies all such allegations.

29. In response to paragraph 29 of the Complaint, Highpointe Village admits that Appendix A purports to contain a list of properties. Highpointe Village lacks sufficient information and belief to admit or deny all other allegations contained in paragraph 29, and on that basis denies all such allegations.

C. **Defendant Class and Its Representative**

30. In response to paragraph 30 of the Complaint, Highpointe Village denies, on information and belief, that injunctive relief is warranted against this answering defendant. To the extent paragraph 30 states further allegations of fact, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations. Except as expressly admitted, Highpointe Village denies each and every allegations of paragraph 30.

31. In response to paragraph 31 of the Complaint, Highpointe Village denies, on information and belief, that there are common questions of fact sufficient for a defendant class of property owners. To the extent paragraph 31 contains further allegations of fact, Highpointe

Manatt, Phelps & Phillips, LLP
Attorneys At Law
San Francisco

6    DEFENDANT HIGHPOINTE VILLAGE, L.P.'S,
ANSWER TO FIRST AMENDED COMPLAINT,
CASE NO. C07-03255-SBA

Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations and specifically denies that Plaintiffs are entitled to any relief. Except as expressly admitted, Highpointe Village denies each and every allegations of paragraph 31.

32. In response to paragraph 32 of the Complaint, Highpointe Village denies that it is a proper representative of the alleged uncertified defendant class. To the extent paragraph 32 contains further allegations of fact, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations. Except as expressly admitted, Highpointe Village denies each and every allegations of paragraph 32.

33. In response to paragraph 33 of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations contained in paragraph 33 and on that basis denies all such allegations.

34. In response to paragraph 34 of the Complaint, Highpointe Village admits that it is a California limited partnership whose address is 655 Redwood Hwy STE 285, Mill Valley, California 94941. Highpointe Village admits it is the owner of the real property and improvements located at 10000 81st Street, Overland Park, Kansas 66204. To the extent paragraph 34 contains further allegations of fact, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations. Except as expressly admitted, Highpointe Village denies each and every allegation of paragraph 34

35. In response to paragraph 35 of the Complaint, Highpointe Village denies, on information and belief, that claims or defenses of this answering defendant are sufficiently typical of the claims or defenses of the alleged uncertified class of current owner defendants. Highpointe Village lacks sufficient information and belief to admit or deny the other allegations, and on that basis denies all such allegations.

36. In response to paragraph 36 of the Complaint, Highpointe Village denies that it is a proper representative of the alleged uncertified defendant class. Highpointe Village lacks sufficient information and belief to admit or deny the other allegations contained in paragraph 36, and on that basis denies all such allegations.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANT HIGHPOINTE VILLAGE, L.P.'S,
ANSWER TO FIRST AMENDED COMPLAINT,
CASE NO. C07-03255-SBA

37. In response to paragraph 37 of the Complaint, Highpointe Village denies that a defendant class of individual owners of real property is appropriate in this case. Highpoint Villages further responds that paragraph 37 recites only hypotheticals, legal conclusions and Plaintiffs' request for relief to which no response is required. To the extent a response is required, Highpointe Village denies each and every allegation of paragraph 37 based on information and belief.

### IV. STATUTORY AND REGULATORY FRAMEWORK

38. In response to paragraph 38 (including subparagraphs (a) through (f) therein) of the Complaint, Highpointe Village responds that paragraph 38 contains Plaintiffs' characterization of the FHA to which no response is required. Except as explicitly admitted, Highpoint Village denies each and every allegations of paragraph 38.

39. In response to paragraph 39 of the Complaint, Highpointe Village admits the U.S. Department of Housing and Urban Development promulgated FHA design and construction regulations in 24 C.F.R. §100.205 and that the Fair Housing Accessibility Guidelines were published. Except as explicitly admitted, Highpoint Village denies each and every allegations of paragraph 39.

### V. FACTUAL AND LEGAL BACKGROUND

40. In response to paragraph 40 of the Complaint, Highpoint Villages responds that paragraph 40 purports to describe Plaintiffs' activities and recites legal conclusions to which no response is required. To the extent a response is required, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

41. In response to paragraph 41 of the Complaint, Highpoint Villages responds that paragraph 41 recites legal conclusions to which no response is required. To the extent paragraph 41 contains further allegations of fact, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations. Except as expressly admitted, Highpointe Village denies each and every allegation of paragraph 41.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8    DEFENDANT HIGHPOINTE VILLAGE, L.P.'S,
ANSWER TO FIRST AMENDED COMPLAINT,
CASE NO. C07-03255-SBA

42. In response to paragraph 42 of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

43. In response to paragraph 43 of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

44. In response to paragraph 44 of the Complaint, Highpoint Villages responds that paragraph 44 recites portions of statutory language and legal conclusions to which no response is required. To the extent a response is required, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

45. In response to paragraph 45 of the Complaint, Highpoint Villages responds that paragraph 45 recites legal conclusions to which no response is required. To the extent a response is required, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

46. In response to paragraph 46 (including subparagraphs (a) through (e) therein) of the Complaint, Highpoint Villages responds that paragraph 46 recites a legal conclusion to which no response is required. To the extent a response is required, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

47. In response to paragraph 47 (including subparagraphs (a) through (g) therein) of the Complaint, Highpoint Villages responds that paragraph 47 recites a legal conclusion to which no response is required. To the extent a response is required, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

48. In response to paragraph 48 (including subparagraphs (a) through (b) therein) of the Complaint, Highpointe Village denies, on information and belief, any FHA violation by this answering defendant. Highpointe Village lacks sufficient information and belief to admit or deny all other allegations contained in paragraph 48, and on that basis denies all such allegations.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9    DEFENDANT HIGHPOINTE VILLAGE, L.P.'S,
ANSWER TO FIRST AMENDED COMPLAINT,
CASE NO. C07-03255-SBA

49.    In response to paragraph 49 of the Complaint, Highpointe Village responds that paragraph 49 recites legal conclusions to which no response is required. To the extent a response is required Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

50.    In response to paragraph 50 of the Complaint, Highpoint Villages responds that paragraph 50 recites a legal conclusion to which no response is required. To the extent a response is required, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

51.    In response to paragraph 51 of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

52.    In response to paragraph 52 of the Complaint, Highpointe Village admits, on information and belief, that construction on the Highlands property was completed in or around 2005. Highpointe Village denies that construction on the Highpointe Village property was completed in 2005. Highpointe Village lacks sufficient information and belief to admit or deny the other allegations, and on that basis denies all such allegations. Except as expressly admitted, Highpointe Village denies each and every allegation of paragraph 52.

53.    In response to paragraph 53 of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

54.    In response to paragraph 54 of the Complaint, Highpointe Village responds that paragraph 54 recites legal conclusions to which no response is required. To the extent a response is required Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations. Except as expressly admitted in paragraphs 54-71 and subparagraphs thereto, Highpointe Village denies each and every allegation.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10    DEFENDANT HIGHPOINTE VILLAGE, L.P.'S,
ANSWER TO FIRST AMENDED COMPLAINT,
CASE NO. C07-03255-SBA

### Mountains Shadows

55. In response to paragraph 55 (including subparagraphs (a) through (h) therein) of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

### The Battery at Chamblee

56. In response to paragraph 56 (including subparagraphs (a) through (f) therein) of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

### Belterra

57. In response to paragraph 57 (including subparagraphs (a) through (d) therein) of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

### Constellation Ranch

58. In response to paragraph 58 (including subparagraphs (a) through (d) therein) of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

### Auberry at Twin Creeks Apartments

59. In response to paragraph 59 (including subparagraphs (a) through (e) therein) of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

### Arlington at Northwood

60. In response to paragraph 60 (including subparagraphs (a) through (e) therein) of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

### Hawthorn Village

61. In response to paragraph 61 (including subparagraphs (a) through (g) therein) of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFENDANT HIGHPOINTE VILLAGE, L.P.'S,
ANSWER TO FIRST AMENDED COMPLAINT,
CASE NO. C07-03255-SBA

### The Highlands and Highpointe Village

62. In response to paragraph 62 (including subparagraphs (a) through (k) therein) of the Complaint, Highpointe Village admits that the Highlands property is located in Overland Park Kansas and is a multifamily housing complex of which construction was completed in 2005. Highpointe Village admits that Highpoint Village is located in Overland Park Kansas and is a multifamily housing complex of which construction was completed in 2003. Except as expressly admitted, Highpointe Village denies, on information and belief, each and every allegation of paragraph 62.

### Sycamore Terrance

63. In response to paragraph 63 (including subparagraphs (a) through (d) therein) of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

### The Commons Apartments

64. In response to paragraph 64 (including subparagraphs (a) through (c) therein) of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

### Park Crossing

65. In response to paragraph 65 (including subparagraphs (a) through (c) therein) of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

### Tamarron

66. In response to paragraph 66 (including subparagraphs (a) through (c) therein) of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

### Canyon Vista

67. In response to paragraph 67 (including subparagraphs (a) through (e) therein) of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

### Delano

68. In response to paragraph 68 (including subparagraphs (a) through (g) therein) of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

### Eastland Hills

69. In response to paragraph 69 (including subparagraphs (a) through (f) therein) of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

### Bristol Bay at Desert Highlands

70. In response to paragraph 70 (including subparagraphs (a) through (j) therein) of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

### Timberlake Apartments

71. In response to paragraph 71 (including subparagraphs (a) through (e) therein) of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

## VI. INJURY TO PLAINTIFFS

72. In response to paragraph 72 of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

73. In response to paragraph 73 of the Complaint, Highpointe Village responds that paragraph 73 states a legal conclusion to which no response is required. To the extent paragraph 73 contains allegations of fact, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations. Except as expressly admitted, Highpointe Village denies each and every allegation of paragraph 73.

74. In response to paragraph 74 of the Complaint, Highpointe Village responds that paragraph 74 states a legal conclusion to which no response is required. To the extent paragraph 74 contains allegations of fact, Highpointe Village lacks sufficient information and belief to admit

or deny the allegations, and on that basis denies all such allegations. Except as expressly admitted, Highpointe Village denies each and every allegation of paragraph 74.

75.     In response to paragraph 75 (including subparagraphs (a) through (d) therein) of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

76.     In response to paragraph 76 of the Complaint, Highpointe Village responds that paragraph 76 states a legal conclusion to which no response is required. To the extent paragraph 76 contains allegations of fact, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations. Except as expressly admitted, Highpointe Village denies each and every allegation of paragraph 76.

77.     In response to paragraph 77 of the Complaint, Highpointe Village responds that paragraph 77 states a legal conclusion to which no response is required. To the extent paragraph 77 contains allegations of fact, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations. Except as expressly admitted, Highpointe Village denies each and every allegation of paragraph 77.

78.     In response to paragraph 78 (including subparagraphs (a) through (c) therein) of the Complaint, Highpointe Village responds that paragraph 78 states a legal conclusion to which no response is required. To the extent paragraph 78 contains allegations of fact, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations. Except as expressly admitted, Highpointe Village denies each and every allegation of paragraph 78.

    a)     In response to paragraph 78 a) of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

    b)     In response to paragraph 78 b) of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14     DEFENDANT HIGHPOINTE VILLAGE, L.P.'S,
ANSWER TO FIRST AMENDED COMPLAINT,
CASE NO. C07-03255-SBA

      c)      In response to paragraph 78 c) of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

## VII. LEGAL CLAIMS

(Federal Housing Act, 42 U.S.C. §§3601 *et seq.*)

79.     In response to paragraph 79 of the Complaint, Highpointe Village restates and incorporates its responses to the allegations in paragraphs 1 through 78 (including all subparagraphs therein) of the Complaint.

80.     In response to paragraph 80 of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

81.     In response to paragraph 81 of the Complaint, Highpointe Village responds that paragraph 81 states a legal conclusion to which no response is required. To the extent paragraph 81 contains allegations of fact, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations. Except as expressly admitted, Highpointe Village denies each and every allegation of paragraph 81.

82.     In response to paragraph 82 (including subparagraphs (a) through (c)(4) therein) of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

83.     In response to paragraph 83 (including subparagraphs (a) through (c)) of the Complaint, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations.

84.     In response to paragraph 84 of the Complaint, Highpointe Village responds that paragraph 84 states a legal conclusion to which no response is required. To the extent paragraph 84 contains allegations of fact, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations. Except as expressly admitted, Highpointe Village denies each and every allegation of paragraph 84.

85. In response to paragraph 85 of the Complaint, Highpointe Village responds that paragraph 85 states a legal conclusion to which no response is required. To the extent paragraph 85 contains allegations of fact, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations. Except as expressly admitted, Highpointe Village denies each and every allegation of paragraph 85.

85. In response to paragraph 85 of the Complaint, Highpointe Village responds that paragraph 85 states a legal conclusion to which no response is required. To the extent paragraph 85 contains allegations of fact, Highpointe Village lacks sufficient information and belief to admit or deny the allegations, and on that basis denies all such allegations. Except as expressly admitted, Highpointe Village denies each and every allegation of paragraph 85.

## JURY TRIAL DEMAND

86. In response to the 86 paragraph of the Complaint, Highpointe Village admits that Plaintiffs' have requested a jury trial, but denies that Plaintiffs' are entitled to a jury trial to the extent that they seek equitable relief.

## PRAYER FOR RELIEF

87. In response to Plaintiffs' prayer for relief, Highpointe Village denies that the Plaintiffs are entitled to any relief sought whatsoever, including but not limited to, any and all of the relief in Plaintiffs' Prayer for Relief, paragraphs A-H and all subparts thereto.

## AFFIRMATIVE DEFENSES

As separate and distinct answers and affirmative defenses to the Complaint as a whole and to each cause of action set forth herein, Highpoint Village alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Complaint and each purported claim for relief therein, fails to state facts sufficient to constitute a claim for relief against Highpointe Village.

### SECOND AFFIRMATIVE DEFENSE
(Lack of Proximate Causation)

Plaintiffs cannot prove any facts showing that Highpointe Village's conduct was the proximate cause of Plaintiffs' alleged injuries and damages.

### THIRD AFFIRMATIVE DEFENSE
(Statute of Limitations)

The Complaint, and each purported claim for relief therein, is barred, in whole or in part, by any and all applicable statutes of limitations, including, but not limited to, the two-year statute

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

DEFENDANT HIGHPOINTE VILLAGE, L.P.'S,
ANSWER TO FIRST AMENDED COMPLAINT,
CASE NO. C07-03255-SBA

of limitation of the Fair Housing Act, 42 U.S.C. § 3613(a)(1)(A). *See, e.g.*, Court Order entered in the above-captioned case by the Honorable Saundra Brown Armstrong on April 4, 2008.

### FOURTH AFFIRMATIVE DEFENSE

(Laches)

The Complaint, and each purported claim for relief therein (in whole or in part), is barred by the equitable doctrine of laches due to Plaintiffs' unreasonable delay in notifying Highpointe Village of the allegations and filing this action.

### FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

The Complaint, and each purported cause of action asserted therein (in whole or in part), is barred by the equitable doctrine of estoppel based on Plaintiffs' own conduct, actions and omissions.

### SIXTH AFFIRMATIVE DEFENSE

(Waiver)

The Complaint, and each purported claim for relief therein, is barred because Plaintiffs have waived any right to assert the claims contained therein.

### SEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiffs have failed to mitigate their alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

(Damages Solely the Fault of Persons Other Than Highpointe Village)

Plaintiffs' alleged losses and damages were caused directly and proximately by persons other than Highpointe Village, whether individual, corporate, or otherwise, and whether named or unnamed in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

(Plaintiffs Are Not Aggrieved Persons)

Plaintiffs have not alleged that they are "aggrieved persons" because there is no allegation of any "unlawful act" under Section 42 U.S.C. 3604. Nor do Plaintiffs allege that they have been

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17       DEFENDANT HIGHPOINTE VILLAGE, L.P.'S,
         ANSWER TO FIRST AMENDED COMPLAINT,
         CASE NO. C07-03255-SBA

injured by discrimination in the terms, conditions or privileges in any rental unit at Highpointe Village. Plaintiffs have not alleged an unlawful act, nor have they alleged that they have been "injured by an act that is unlawful" under Section 3604.

### TENTH AFFIRMATIVE DEFENSE

(No Basis for Punitive Damages)

Insofar as Plaintiffs assert a claim for punitive damages, Plaintiffs has failed to plead facts sufficient to support such claim against Highpointe Village or its officers, directors, or managing agents.

### ELEVENTH AFFIRMATIVE DEFENSE

(Absence of Damages)

The Complaint is barred because Plaintiffs have no right to the amount sought in the Complaint and/or has suffered no injury as a result of Highpointe Village's alleged actions.

### TWELFTH AFFIRMATIVE DEFENSE

(Standing)

Plaintiffs lack standing to bring the claims for relief alleged in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Adequacy of Remedy at Law)

Plaintiffs' claims for injunctive relief are barred because Plaintiffs have an adequate remedy at law.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Defendant, Highpointe Village, Does Not Adequately Represent the Putative Class)

On information and belief, Highpointe Village is not an adequate representative for the putative class.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Members of Putative Class Not Readily Identifiable)

This case is not suitable for class action treatment because, among other reasons, the members of the putative class defined in the Complaint are not readily identifiable.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

DEFENDANT HIGHPOINTE VILLAGE, L.P.'S,
ANSWER TO FIRST AMENDED COMPLAINT,
CASE NO. C07-03255-SBA

## SIXTEENTH AFFIRMATIVE DEFENSE

(Common Issues Do Not Predominate)

On information and belief, class treatment is not proper because common issues of law and fact do not predominate over individual issues.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Highpointe Village's Good Faith)

Each of Highpointe Village's actions was undertaken without malice and in good faith.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(No Basis for Attorneys' Fees)

The Complaint fails to state facts that would entitle Plaintiff to recover attorneys' fees from Highpointe Village

## NINETEENTH AFFIRMATIVE DEFENSE

(No intent and reasonable safeguards)

Highpointe Village had no intent to violate any statute, including the Fair Housing Act, and has adopted reasonable procedures to avoid any violations.

## TWENTIETH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, under the doctrine of unclean hands based on Plaintiffs' own conduct, actions and omissions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Common Defenses Do Not Predominate)

On information and belief, class treatment of the Defendants is not proper because common defenses do not predominate over individual issues for at least the reason that each identified real property is unique.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(No Equitable Relief)

Plaintiffs are not entitled to any relief in equity because they cannot make a showing of the required elements, including irreparable injury, likelihood of success on the merits, and balancing of hardships.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Highpointe Village reserves the right to plead any additional Affirmative Defenses as they become known or available during the pendency of this litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Highpointe Village respectfully prays that judgment be entered as follows:

    A.    Plaintiffs' Complaint be dismissed in its entirety with prejudice;

    B.    Plaintiffs take nothing by their action and judgment be entered in Highpoint Village's favor;

    C.    Highpointe Village be awarded its costs of suit including its reasonable attorneys' fees; and

    D.    That Highpointe Village be awarded such other and further relief as the Court deems just and proper.

Dated: May 20, 2008                      Manatt, Phelps & Phillips, LLP

By:      /s/
     Andrew A. Bassak
     Attorneys for Defendant
     HIGHPOINTE VILLAGE, L.P.