ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
STEPHEN S. WALTERS (BAR NO. 54746)
MAKESHA A. PATTERSON (BAR NO. 238250)
Three Embarcadero Center, 12th Floor
San Francisco, CA  94111-4074
Phone:  (415) 837-1515
Fax:  (415) 837-1516
E-Mail:  swalters@allenmatkins.com
            mpatterson@allenmatkins.com

Attorneys for Defendant
KNICKERBOCKER PROPERTIES, INC. XXXVIII

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| National Fair Housing Alliance, Inc.; Fair Housing of Marin, Inc.; Fair Housing Napa Valley, Inc.; Metro Fair Housing Services, Inc.; and Fair Housing Continuum, Inc.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>A.G. Spanos Corporation, Inc.; A.G. Spanos Development, Inc.; A.G. Spanos Land Company, Inc.; A.G. Spanos Management, Inc.; The Spanos Corporation; and<br><br>Knickerbocker Properties, Inc. XXXVIII; and Highpointe Village, L.P., Individually and as Representatives of a Class of All Others Similarly Situated,<br><br>　　　　　Defendants. | Case No. C07-03255-SBA<br><br>**KNICKERBOCKER PROPERTIES, INC. XXXVIII'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>Amended Complaint Filed:   October 12, 2007 |

Defendant Knickerbocker Properties, Inc. XXXVIII ("Knickerbocker") answers the First Amended Complaint of Plaintiffs National Fair Housing Alliance, Inc., Fair Housing of Marin, Inc., Fair Housing Napa Valley, Inc., Metro Fair Housing Services, Inc., and Fair Housing Continuum, Inc. (collectively "Plaintiffs"), as follows:

## PRELIMINARY STATEMENT

1. Knickerbocker admits that the first and second sentences of Paragraph 1 describe the parties against whom the Amended Complaint is brought, but lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1, and denies them on that basis. Knickerbocker denies the third sentence of Paragraph 1.

2. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and denies them on that basis.

3. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and denies them on that basis.

4. Knickerbocker admits that Paragraph 4 describes Plaintiffs' allegations, but lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and denies them on that basis.

5. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and denies them on that basis.

6. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and denies them on that basis.

7. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and denies them on that basis.

8. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and denies them on that basis.

9. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and denies them on that basis.

10. Knickerbocker denies the first sentence of Paragraph 10.  Knickerbocker lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10, and denies them on that basis.

11. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and denies them on that basis.

## **JURISDICTION AND VENUE**

12. Knickerbocker admits the allegations of Paragraph 12.

13. Answering Paragraph 13, Knickerbocker admits that it owns at least one property in the Northern District of California, but denies that it resides in the Northern District. Knickerbocker lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 and denies them on that basis.

14. Answering Paragraph 14, Knickerbocker admits that assignment of this case to San Francisco is proper.  Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and denies them on that basis.

## **PARTIES**

15. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and denies them on that basis.

16. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and denies them on that basis.

17. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and denies them on that basis.

18. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and denies them on that basis.

19. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and denies them on that basis.

20. Knickerbocker admits the first sentence of Paragraph 20.  Knickerbocker lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 and denies them on that basis.

21. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and denies them on that basis.

22. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and denies them on that basis.

23. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and denies them on that basis.

24. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and denies them on that basis.

25. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and denies them on that basis.

26. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and denies them on that basis.

27. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and denies them on that basis.

28. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and denies them on that basis.

29. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and denies them on that basis.

30. Answering Paragraph 30, Knickerbocker admits that the first sentence of Paragraph 30 describes the relief sought by Plaintiffs, and that one or more of the A.G. Spanos Defendants designed and constructed the two properties named in the Amended Complaint that are now owned by Knickerbocker. Knickerbocker lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30 and denies them on that basis.

31. Knickerbocker denies the allegations of Paragraph 31.

32. Knickerbocker admits that it and Highpointe Village, L.P. have been named individually and as representatives of a putative class of defendants, but denies that certification of such a class is proper in the circumstances of this case.

33. Knickerbocker admits the first, third, and fourth sentences of Paragraph 33. Knickerbocker denies the second sentence of Paragraph 33, and alleges that Knickerbocker is a corporation owned by the New York State Teachers' Retirement System.

34. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and denies them on that basis.

35. Knickerbocker denies the first sentence of Paragraph 35. Knickerbocker lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35 and denies them on that basis.

36. Knickerbocker denies the allegations of Paragraph 36.

37. Knickerbocker denies the allegations of Paragraph 37.

**STATUTORY AND REGULATORY FRAMEWORK**

38. Knickerbocker admits that Plaintiffs have purported to paraphrase portions of the FHA, and alleges that the terms of that statute speak for themselves.

39. Knickerbocker admits the allegations of Paragraph 39.

**FACTUAL AND LEGAL BACKGROUND**

40. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and denies them on that basis.

41. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and denies them on that basis.

42. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and denies them on that basis.

43. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and denies them on that basis.

44. Knickerbocker admits the allegations of Paragraph 44 as to the two properties named in the Amended Complaint that Knickerbocker owns. Knickerbocker lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 and denies them on that basis.

1     45. Knickerbocker lacks information sufficient to form a belief as to the truth of the
2  allegations of Paragraph 45 and denies them on that basis.
3     46. Knickerbocker lacks information sufficient to form a belief as to the truth of the
4  allegations of Paragraph 46 and denies them on that basis.
5     47. Knickerbocker lacks information sufficient to form a belief as to the truth of the
6  allegations of Paragraph 47 and denies them on that basis.
7     48. Knickerbocker lacks information sufficient to form a belief as to the truth of the
8  allegations of Paragraph 48 and denies them on that basis.
9     49. Knickerbocker lacks information sufficient to form a belief as to the truth of the
10 allegations of Paragraph 49 and denies them on that basis.
11    50. Knickerbocker lacks information sufficient to form a belief as to the truth of the
12 allegations of Paragraph 50 and denies them on that basis.
13    51. Knickerbocker admits that both The Commons and Mountain Shadows were built in
14 2002.  Knickerbocker lacks information sufficient to form a belief as to the truth of the remaining
15 allegations of Paragraph 51 and denies them on that basis.
16    52. Knickerbocker admits that Mountain Shadows was built in 2002, not 2003.
17 Knickerbocker lacks information sufficient to form a belief as to the truth of the remaining
18 allegations of Paragraph 52 and denies them on that basis.
19    53. Knickerbocker lacks information sufficient to form a belief as to the truth of the
20 allegations of Paragraph 53 and denies them on that basis.
21    54. Knickerbocker lacks information sufficient to form a belief as to the truth of the
22 allegations of Paragraph 54 and denies them on that basis.
23    55. Knickerbocker admits the first sentence of paragraph 55.  Knickerbocker lacks
24 information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 55
25 and denies them on that basis.
26    56. Knickerbocker lacks information sufficient to form a belief as to the truth of the
27 allegations of Paragraph 56 and denies them on that basis.
28

57. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 57 and denies them on that basis.

58. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 58 and denies them on that basis.

59. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 59 and denies them on that basis.

60. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 60 and denies them on that basis.

61. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 61 and denies them on that basis.

62. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 62 and denies them on that basis.

63. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 63 and denies them on that basis.

64. Knickerbocker admits the first sentence of Paragraph 64 and that The Commons was completed in 2002, not 2003.  Knickerbocker lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 64 and denies them on that basis.

65. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 65 and denies them on that basis.

66. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 66 and denies them on that basis.

67. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 67 and denies them on that basis.

68. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 68 and denies them on that basis.

69. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 69 and denies them on that basis.

LAW OFFICES
Allen Matkins Leck Gamble Mallory & Natsis LLP
737731.02/SF

KNICKERBOCKER PROPERTIES, INC. XXXVIII'S ANSWER

70. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 70 and denies them on that basis.

71. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 71 and denies them on that basis.

## INJURY TO PLAINTIFFS

72. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 72 and denies them on that basis.

73. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 73 and denies them on that basis.

74. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 74 and denies them on that basis.

75. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 75 and denies them on that basis.

76. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 76 and denies them on that basis.

77. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 77 and denies them on that basis.

78. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and denies them on that basis.

## LEGAL CLAIMS

79. Knickerbocker incorporates each and every response to paragraphs 1 through 78 as the response to paragraph 79.

80. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 80 and denies them on that basis.

81. Knickerbocker admits Paragraph 81 as to the two properties named in the Amended Complaint that are owned by Knickerbocker.  Knickerbocker lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 81 and denies them on that basis.

82. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 82 and denies them on that basis.

83. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 83 and denies them on that basis.

84. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 84 and denies them on that basis.

85. Knickerbocker lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 85 and denies them on that basis.

## JURY TRIAL DEMAND

Knickerbocker denies that Plaintiffs are entitled to a jury trial with respect to the equitable relief which they seek against Knickerbocker or any other owner defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Amended Complaint, and each claim for relief against Knickerbocker, fails to state a claim against Knickerbocker upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(Laches)

The Amended Complaint, and each claim for relief against Knickerbocker, is barred by the equitable doctrine of laches because of the unreasonable and prejudicial delay by Plaintiffs in filing this action.

### THIRD AFFIRMATIVE DEFENSE

(Estoppel)

The Amended Complaint, and each claim for relief against Knickerbocker, is barred, in whole or in part, by the doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

The Amended Complaint, and each claim for relief against Knickerbocker, is barred by applicable statutes of limitation.

**FIFTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

Plaintiffs lack standing to seek relief against Knickerbocker.

**SIXTH AFFIRMATIVE DEFENSE**

(Class Action)

Under Rule 19 of the Federal Rules of Civil Procedure, joinder of an absent party whose presence is required to effectuate complete relief is allowed only if the absent party is subject to the Court's personal jurisdiction. Plaintiffs may not use the device of a defendant class action to circumvent Rule 19.

**SEVENTH AFFIRMATIVE DEFENSE**

(Burdensome Relief)

The relief sought against Knickerbocker is broader and more burdensome than necessary to provide relief to Plaintiffs.

**EIGHTH AFFIRMATIVE DEFENSE**

(Reliance upon Co-Defendants' Defenses)

Knickerbocker intends to rely and hereby alleges any defense asserted by the other named Defendants, or upon the defenses hereafter asserted by any other presently unnamed Defendant who later asserts defenses in this action.

WHEREFORE, Knickerbocker prays for judgment and relief as follows:

1. That the Court deny certification of the putative class sought by Plaintiffs;

2. That Plaintiffs take nothing by reason of their Amended Complaint as to Knickerbocker;

3. That judgment be entered against Plaintiffs as to Knickerbocker;

1  4. That Knickerbocker be awarded its attorneys' fees, costs of suit, and litigation
2  expenses; and
3  5. For such further relief as the Court deems just and proper.

5  Dated: May 20, 2008                                    ALLEN MATKINS LECK GAMBLE
                                                          MALLORY & NATSIS LLP

7                                                         By:    /s/ *Stephen S. Walters*
                                                              STEPHEN S. WALTERS
                                                              MAKESHA A. PATTERSON
8                                                             Attorneys for Defendant Knickerbocker
                                                              Properties, Inc. XXXVIII