MAXWELL M. FREEMAN, #31278
LEE ROY PIERCE, JR., #119318
MICHAEL L. GUREV, #163268
THOMAS H. KEELING, #114979
FREEMAN, D'AIUTO, PIERCE,
  GUREV, KEELING & WOLF
A PROFESSIONAL LAW CORPORATION
1818 Grand Canal Boulevard, Suite 4
Stockton, California 95207
Telephone: (209) 474-1818
Facsimile: (209) 474-1245
E-mail:    lrpierce@freemanfirm.com
           mgurev@freemanfirm.com
           tkeeling@freemanfirm.com

Attorneys for Defendants A.G. Spanos
Construction, Inc.; A.G. Spanos
Development, Inc.; A.G. Spanos
Land Company, Inc.; A.G. Spanos
Management, Inc., The Spanos Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| National Fair Housing Alliance, Inc., et al., | CASE NO. C07-03255-SBA |
| Plaintiffs, | [PROPOSED] MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE SPANOS DEFENDANTS' MOTION FOR RECONSIDERATION |
| vs. | |
| A.G. Spanos Construction, Inc., et al. | |
| Defendants. | [N.D. Cal. Local Rule 7-3] |
| | Hearing Date:<br>Time:<br>Dept: |
| | Complaint Filed: June 20, 2007 |

## ARGUMENT

By order issued on April 4, 2008, this court denied the Spanos Defendants' entire motion to dismiss. Footnote 2 to this court's order states:

> The Ninth Circuit recently addressed the question of when the FHA's two-year statute of limitations begins to run in *Garcia v. Brockway*, 503 F.3d 1092, 1101 (9th Cir. 2007). However, the Ninth Circuit has agreed to rehear the case *en banc*, and therefore *Garcia* cannot provide any guidance to this Court. *See* 512 F.3d

---

1

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION [CASE NO. C07-03255-SBA]

> 1089 ("The three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit")

(Order, p. 7, fn 2.)

This court's order also explained:

> Plaintiffs have clearly alleged a "continuing violation" of the FHA by the Spanos Defendants, alleging that they "engaged in a continuous pattern and practice of discrimination against people with disabilities" since 1991 by "designing and/or constructing" apartment complexes that deny full access to and use of the facilities as required under the FHA, FAC, ¶ 4, and therefore none of the claims of the FAC against the Spanos Defendants are barred by the statute of limitations.

Order, p. 9:15-20.

On May 13, 2008, the Ninth Circuit (en banc) issued its opinion in *Garcia v. Brockway* ___ F.3d ___, 2008 U.S. App. LEXIS 10258 (9th Cir. 2008). The opinion explains that the continuing violation doctrine is inapplicable to "design and construct" discrimination claims brought under 42 U.S.C. section 3604(f)(3)(c):

> "[A] failure to design and construct," . . . is not an indefinitely continuing practice, but a discrete instance of discrimination that terminates at the conclusion of the design-and-construction phase. This violation differs from the one Congress codified as "continuing" in light of *Havens*, where the claims were "based not solely on isolated incidents . . . , but a continuing violation manifested in a *number of incidents* - - including at least one . . . that [wa]s asserted to have occurred within the [limitations] period." 455 U.S. at 381 (emphasis added).
>
> ¶ . . . ¶
>
> Were we to now hold the contrary, the FHA's statute of limitations would provide little finality for developers, who would be required to repurchase and modify (or destroy) buildings containing inaccessible features in order to avoid design-and-construction liability for every aggrieved person who solicits tenancy from subsequent owners and managers. Indeed, now that we have recognized tester standing, an aggrieved person wouldn't even need to solicit tenancy, but merely observe the violation. *See Smith*, 358 F.3d 16 1104. This is not what Congress provided in erecting a two-year statute of limitations for FHA design-and-construction claims. If Congress wanted to leave developers on the hook years after they cease having any association with a building, it could have phrased the statute to say so explicitly.

*Garcia v. Brockway*, 2008 U.S. App. LEXIS 10258 at pp. *12-*14.

The *Garcia v. Brockway* decision rejects the "continuing violations" doctrine for design and construction claims brought under 42 U.S.C. section 3604(f)(3)(c). On the other hand, section 3604(f)(1) violations - - discrimination in the rental of a dwelling; or section 3604(f)(2) violations - - discrimination in the terms and conditions or privileges of the rental of a dwelling, may be saved by the continuing violations doctrine. These violations - - discrimination in a rental - - are similar to the type "Congress codified as "continuing" in light of *Havens* [racial steering], where the claims were "based not solely on isolated incidents . . . , but a continuing violation manifested in a *number of incidents* - - including at least one . . . that [wa]s asserted to have occurred within the [limitations] period." 455 U.S. at 381 (emphasis added)." *Garcia v. Brockway, supra*, 2008 U.S.App. LEXIS 10258 at pp. *12-*13.

Plaintiffs' First Amended Complaint does not, however, attempt to state a claim under 42 U.S.C. sections 3604(f)(1) or (f)(2) as plaintiffs "do not allege that any disabled individual has actually suffered any injury because of [defendants'] allegedly discriminatory acts." (Order, p. 12:1-13.) Stated another way, plaintiffs do not allege that any defendant engaged in "disabled steering" or that any defendant otherwise ever refused to rent to a disabled person.

In any event, plaintiffs' "design and construct" discrimination claims alleging violations of 42 U.S.C. section 3604(f)(3)(c) are barred by the FHA's two year statute of limitations, except as to those apartment complexes built by the Spanos Defendants within two years of the filing of plaintiffs' complaint.

Dated: June 2, 2008

FREEMAN, D'AIUTO, PIERCE, GUREV, KEELING & WOLF

By _____
LEE ROY PIERCE, JR.
Attorneys for Defendants A.G. Spanos Construction, Inc.; A.G. Spanos Development, Inc.; A.G. Spanos Land Company, Inc.; A.G. Spanos Management, Inc., The Spanos Corporation