Michael Allen
Stephen M. Dane
John P. Relman
Thomas J. Keary
Pending admission *pro hac vice*
D. Scott Chang, #146403
Relman & Dane, PLLC
1225 19th Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 728-1888
Fax: (202) 728-0848
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| National Fair Housing Alliance, Inc., et al., ) | Case No. C07-3255 - SBA |
| Plaintiffs, ) | |
| ) | **PLAINTIFFS' OPPOSITION TO THE** |
| v. ) | **SPANOS DEFENDANTS' MOTION** |
| ) | **FOR CERTIFICATION PURSUANT TO** |
| A.G. Spanos Construction, Inc.; et al., ) | **28 U.S.C. § 1292(b)** |
| ) | |
| Defendants. ) | |

**Hearing date: July 15, 2008**
**Time: 1:00 P.M.**
**Dept: Courtroom 3**

**Complaint Filed: June 20, 2007**

i

# TABLE OF CONTENTS

I. INTRODUCTION AND STATEMENT OF FACTS ..........................................................1

II. FRAMEWORK AND PURPOSE OF 28 U.S.C. § 1292(b) ...........................................2

III. ARGUMENT ...............................................................................................................3

       A.     The Issues Identified By the Defendants Constitute
              "Controlling Question[s] of Law" Only At A Level So
              Abstract As To Be Meaningless.................................................................3

       B.     The Order Rests on Well-Established Legal Authority and
              Encompasses No Issues About Which There Is
              "Substantial Ground for Difference of Opinion"....................................4

            1.     There Is Not Substantial Ground For Difference
                    Of Opinion On the Correctness of the Order As
                    To Standing ...............................................................................5

                   a.     The Ninth Circuit's Decision In *Smith v. Pacific
                       Properties* Controls the Plaintiffs'
                       Standing In This Case .......................................................5

                   b.     This Court's Finding That the Plaintiffs' Injuries
                       May Be Redressed By the Creation and Joinder
                       Of a Defendant Class of Apartment Owners Is
                       In Accord With the Rulings of Other Courts ....................7

             2.     Defendants Have Failed to Show "Substantial Ground for
                      Difference of Opinion" Regarding the Sufficiency of
                      Plaintiffs' Claim.........................................................................9

             3.     This Court's Conclusion That the Plaintiffs Have Alleged
                      a Continuing Violation Rests Upon Sound Authority
                      That Is Undisputed .................................................................10

ii

C.    Far From "Materially Advancing" The Progress of This
Litigation, Interlocutory Appeal of the Court's Order
Would Cause Substantial Delay..........................................................12

1.    An Immediate Appeal Challenging Plaintiffs' Standing
Would Unnecessarily Delay Resolution of
This Action..................................................................................12

2.    An Appeal Challenging the Sufficiency of Plaintiffs'
Claims on the Ground Identified By the
Defendants Would Delay the Inevitable
Continuation of This Case .........................................................13

3.    An Interlocutory Appeal Addressing the Application Of
The Continuing Violation Doctrine in This Case Would
Merely Postpone Trial.................................................................14

IV.    CONCLUSION.............................................................................................15

## **TABLE OF AUTHORITIES**

*Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096 (C.D. Cal. 2001) ............................14

*Allen v. Wright*, 468 U.S. 737 (1984)..............................................................................12

*Amtel Corp. v. Authentec, Inc.*, No. C. 06-2138, 2007 WL 1880342
(N.D. Cal. 2007)...............................................................................................................8

*Barnett v. Washington Mut. Bank, FA*, No. C 03-00753, 2004 WL 2852627,
(N.D. Cal. Sept. 17, 2004) ..............................................................................................18

*Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Systems, Inc.*
No. C 05-04158, 2007 WL 1119193 (N.D. Cal. Apr. 16, 2007) ..........................................9

*Coming Up, Inc. v. City & County of San Francisco*, 857 F. Supp. 711
(N.D. Cal. 1994)................................................................................................................9

*Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978)....................................................7, 8

*Cortez v. MTD Products, Inc.*, 927 F. Supp.386 (N.D. Cal. 1996)....................................8

*Fair Housing Council v. Village of Olde St. Andrews,*
210 Fed. Appx. 469 (6th Cir. 2006)..................................................................................11

*Garcia v. Brockway*, 526 F.3d 456 (9th Cir. 2008) .....................................................6, 15

*Hansberry v. Lee*, 311 U.S. 32, 41-43 (1940)..................................................................13

*Hargraves v. Capital City Mortgage Corp.,*
140 F. Supp. 2d 7 (D.D.C. 2000) ............................................................................ *passim*

*Harris v. Itzhaki*, 183 F.3d 1043 (9th Cir.1999) ..............................................................12

*In re ATM Fee Antitrust Litigation*, No. C 04-02676, 2008 WL 793876,
(N.D. Cal. Mar. 24, 2008) .................................................................................................9

*In re Cement Antitrust Litigation*, 673 F.2d 1020 (9th Cir. 1982)......................................8

*Independent Housing Servs. of San Francisco v. Fillmore Center,*
840 F. Supp.1328 (N.D. Cal. 1993) ..................................................................................11

iv

*Molski v. Mandarin Touch Restaurant*, 385 F. Supp. 2d 1042
(C.D. Cal. 2005)....................................................................................................13

*National Ass'n for Mental Health, Inc. v. Califano*,
717 F.2d 1451 (D.C. Cir. 1983) ............................................................................14

*Project Sentinel v. Evergreen Ridge Apartments*,
40 F. Supp. 2d 1136 (N.D. Cal. 1999) ..................................................................11

*Smith v. Pacific Props. & Development Corp.*,
358 F.3d 1097 (9th Cir. 2004) ......................................................................... *passim*

*Spann v. Colonial Village, Inc.*, 899 F.2d 24 (D.C. Cir. 1990)..........................11

*Sprinkle v. Robinson*, No. 5-02-1563, 2008 WL 1970562
(E.D. Cal. May 5, 2008)..........................................................................................5

*Taylor v. City of Oakland*, No. C 06-05169, 2007 WL 3287843,
(N.D. Cal. Nov. 5, 2007).......................................................................................17

*Taylor v. FDIC*, 132 F.3d 753 (D.C. Cir. 1997) ................................................17

*Valdovinos v. McGrath*, No. C02-1704, 2007
WL 2023505 (N.D. Cal. July 12, 2007)..................................................................3

*United States v. Pacific Northwest Electric, Inc.*, No. CV-01-019-S-BLW,
2003 WL 24573548 (D.Id. Mar. 21, 2003) ..........................................................16

*Whitson v. Heilig-Meyers Furniture, Inc.*, No. CV 94-PT-0309-E,
1995 U.S. Dist (N.D. Ala. 1995)......................................................................13, 14

*Wilson v. Glenwood Intermountain Properties, Inc.*,
98 F.3d 590 (10th Cir. 1996) ................................................................................11

## <u>STATUTES AND REGULATIONS</u>

42 U.S.C. §§ 3601-19 .............................................................................................1

42 U.S.C. § 3604(f)(3)(C)........................................................................................9

# I. INTRODUCTION AND STATEMENT OF FACTS

Plaintiffs seek to render more than eighty multifamily residential properties accessible to people with disabilities in accordance with the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-19.  Plaintiffs alleged that Defendants A.G. Spanos Construction, Inc., A.G.  Spanos Development, Inc., A.G. Spanos Land Company, Inc., A.G. Spanos Management, Inc., and the Spanos Corporation ("the Spanos Defendants" or "Defendants") have repeatedly violated the FHA over the course of more than fifteen years by designing and building apartment complexes that do not meet the FHA's requirements for accessibility to people with disabilities.  First Amended Complaint ("FAC") ¶¶ 1-11.  As the Court recognized in denying Defendants' motions to dismiss, the repeated breaches of the law alleged by Plaintiffs constitute a continuing violation of the FHA that was ongoing at the time Plaintiffs filed their Complaint.  This holding remains unaltered by the subsequent decision of the Ninth Circuit in *Garcia v. Brockway*, 526 F.3d 456 (9th Cir.  2008) (en banc), as will later be shown.  Plaintiffs seek an injunction requiring the Spanos Defendants to retrofit each apartment unit and common area and to bring them into compliance with the law.[1]

On December 21, 2007, the Spanos Defendants filed a motion to dismiss the Plaintiffs' claims pursuant to Fed. R. Civ. P. Rule 12(b)(6).  They argued, *inter alia*, that Plaintiffs lacked standing to bring this action; that the Complaint failed to state a claim for relief and that Plaintiffs' claims were time-barred.  On April 4, 2008, this Court issued an order soundly rejecting each of those arguments.  Order Denying Motions to Dismiss ("Order") at 17.

Defendants now contend that several of their arguments are so persuasive as to warrant an immediate interlocutory appeal of the Order to the U.S. Court of Appeals for the Ninth Circuit.  Ignoring

1

the well-established rule that interlocutory appeals are only merited in extraordinary circumstances, Defendants contend that not just one, but *three* of the issues resolved by this Court should receive immediate appellate review: (1) whether Plaintiffs have standing to sue under the FHA; (2) whether a claim under the FHA may be brought against a developer of housing who no longer owns the apartment complex in question; and (3) whether repeated breaches of the FHA's design and construction requirements may constitute a continuing violation for statute of limitations purposes.

As is evident from their cursory brief in support of their request for certification, Defendants have not identified any legal issues so exceptional as to warrant circumventing the normal appellate process.  Falling far short of the showing required by 28 U.S.C. § 1292(b), Defendants simply recycle the very arguments already rejected by this Court.  This Court should deny their request for certification.

## II.  FRAMEWORK AND PURPOSE OF 28 U.S.C. § 1292(b)

Under 28 U.S.C.§ 1291, litigants may appeal only from "final decisions of the district courts of the United States." The "finality requirement . . . evinces a legislative judgment that [r]estricting appellate review to final decisions prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy." *Coopers & Lybrand v.  Livesay*, 437 U.S. 463, 471 (1978) (citation and internal quotation marks omitted). Although § 1292(b) creates a narrow exception to that finality requirement by allowing occasional appeals from non-final orders, "Congress carefully confined the availability" of this extraordinary measure in order to "ensur[e] that such [interlocutory] review will be confined to appropriate cases" those in which "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Id.*  at 474-75.

---

[1] Although the Spanos Defendants no longer own most of these complexes, the Plaintiffs have proposed a workable solution:

2

Under § 1292(b), a non-final order qualifies for immediate appellate review only if it (1)"involves a controlling question of law as to which" (2) "there is substantial ground for difference of opinion," such that (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* If even one of those three requirements is absent, certification under § 1292(b) is improper. *See In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982). A "court should construe the[se] requirements for certification strictly, and grant a motion for certification only when exceptional circumstances warrant. The party seeking certification . . . has the burden of establishing the existence of such exceptional circumstances." *Valdovinos v. McGrath*, No. C02-1704, 2007 WL 2023505, at *2 (N.D. Cal. July 12, 2007) (citing *Coopers & Lybrand*, 437 U.S. at 475). Ultimately, even if the movant meets this "demanding standard," *Cortez v. MTD Products, Inc.*, 927 F. Supp. 386, 393 (N.D. Cal. 1996), the court retains "substantial discretion in deciding whether to grant a party's motion for certification." *Valvadinos*, 2007 WL 2023505, at *2.

## III. ARGUMENT

### A. The Issues Identified by the Defendants Constitute "Controlling Question[s] of Law" Only at a Level so Abstract as to be Meaningless

The issues raised by the Defendants may be seen, in theory, as "controlling" in this case because questions about standing, the sufficiency of claims, and the timeliness of a lawsuit may determine the validity of a court's subject matter jurisdiction or the substantive propriety of a claim. An order does not become "*per se* reviewable," however, simply because it deals with subject matter jurisdiction or claim sufficiency. *Amtel Corp. v. Authentec, Inc.*, No. C. 06-2138, 2007 WL 1880342, at *2 (N.D. Cal. June 29, 2007). "[A] case could well dissolve into a fragmentary stew of issues if every significant issue is certified for appeal." *Coming Up, Inc. v. City & County of San Francisco*, 857 F. Supp. 711, 719 (N.D.

---

the joinder as a Defendant class of the current owners of the properties, who may be enjoined, if necessary, from interfering with retrofits ordered by this Court.

3

Cal. 1994). That is why "dispositive issues alone are insufficient to warrant an interlocutory appeal where insufficient grounds for dispute exist." *Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Systems, Inc.*, No. C 05-04158, 2007 WL 1119193, at *5 (N.D. Cal. Apr. 16, 2007). Here, the Defendants' arguments regarding potentially substantive issues are so weak as to border on the frivolous.

**B. The Order Rests on Well-Established Legal Authority and Encompasses no Issues About Which There is "Substantial Ground for Difference of Opinion."**

To prove they are entitled to certification under § 1292(b), the Defendants must show that a "substantial ground for difference of opinion" exists as to the correctness of this Court's Order. They have failed to do so with respect to all three questions presented.

"A substantial ground is not established by a party's strong disagreement with the court's ruling; the party seeking an appeal must make some greater showing." *In re ATM Fee Antitrust Litigation*, No. C 04-02676, 2008 WL 793876, at *1 (N.D. Cal. Mar. 24, 2008). Nor does a simple lack of case law addressing the precise legal and factual issue decided by the court establish such a substantial ground, "particularly where there is ample support for the general principles underlying the specific holding." *Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Systems, Inc.*, No. C 05-04158, 2007 WL 1119193, at *3 (N.D. Cal. Apr. 16, 2007). Instead, a movant for certification must meet its burden by, for example, "demonstrat[ing] a serious dispute among the courts" regarding the specific legal issue in question. *Id.* at *4.

In certain circumstances, a party cannot possibly prove the existence of a substantial ground for dispute. "Where the[] position of the Circuit Court has been unequivocal, there is no substantial ground for difference of opinion meriting interlocutory review." *Sprinkle v. Robinson*, No. 5-02-1563, 2008 WL 1970562, at *1 (E.D. Cal. May 5, 2008). The existence of on-point, controlling authority thus negates the possibility of proper certification under § 1292(b).

4

This Court's rulings in its Order followed controlling authority from the Ninth Circuit and the Supreme Court. These precedents eliminate "substantial ground for difference of opinion." In addition, the Defendants have failed to produce convincing evidence that *any* courts have reached holdings that conflict with this Court's conclusions of law. In the absence of any evidence that "substantial ground for difference of opinion" exists with regard to those rulings, the requirements of § 1292(b) have not been met, and certification should be denied.

**1. There is no Substantial Ground for Difference of Opinion on the Correctness of the Order as to Standing**

     **a. The Ninth Circuit's Decision in *Smith v. Pacific Properties* Controls the Plaintiffs' Standing in This Case.**

*Pacific Properties* is a Ninth Circuit opinion that, as this Court has noted, is "on point and dispositive" of the issue of Plaintiffs' standing in this case. Order 13; *see Smith v. Pacific Props. & Development Corp.*, 358 F.3d 1097 (9th Cir. 2004). In *Pacific Properties*, the Court of Appeals held that an organization's frustration of mission and diversion of resources resulting from a defendant's violations of the design and construction provisions of the FHA is sufficient to confer standing. *Id.* at 1106. The Plaintiffs, in the instant case, have made "allegations of diversion of resources" that are "nearly identical" to those approved in *Pacific Properties*. *See* Order 12. As a result, there can be no dispute in the Ninth Circuit about whether the Plaintiffs have "allege[d] a violation of law[] sufficient to support standing." Under *Pacific Properties*, they have certainly done so. Certification Petition 6.

Even in the absence of *Pacific Properties*, however, Defendants would not have met their burden of showing a ground for dispute with regard to the standing issue, because they have produced no case authority whatsoever to suggest that other courts have disagreed with this Court's ruling on standing. Two of the opinions cited by the Defendants actually support this Court's Order, which relied upon

5

*Pacific Properties* in holding that organizations required to divert resources as a result of a Defendant's failure to comply with the FHA's design and construction requirements have standing to sue under the statute. *See Fair Housing Council v. Village of Olde St. Andrews*, 210 Fed. Appx. 469, 478 (6th Cir. 2006) (unpublished) ("We accordingly find that the resources that the Fair Housing Council directed toward training and employing testers to investigate the Village of Olde St. Andrews constitutes [sic] a concrete injury. Moreover, this injury is directly traceable to the Defendants' construction of the housing development in a manner resulting in discrimination toward disabled individuals."); *Independent Housing Servs. of San Francisco v. Fillmore Center*, 840 F. Supp.1328, 1328 (N.D. Cal. 1993) ("IHS is injured not only because it must spend more money in seeking accessible housing elsewhere because of Fillmore Center's alleged inaccessibility, but because it must refer its clients to partially inaccessible housing at Fillmore Center.").[2]

Defendants have failed to cite to any case in which a federal court has denied standing on facts similar to those alleged in the First Amended Complaint.[3] In light of that fact, and of the Ninth Circuit's controlling opinion in *Pacific Properties*, no "substantial ground for difference of opinion" has been shown with regard to the sufficiency of Plaintiffs' alleged injuries to warrant standing.

---

[2] Defendants rely on language from these opinions that is taken out of context. Read properly, these cases fail to support Defendants' claims. For example, the language from *Fair Housing Council* cited by the Defendants derives from the Sixth Circuit's discussion of the point at which the FHA's statute of limitations begins to run, not standing to sue under the FHA. *See Fair Housing Council*, 210 Fed. Appx. at 480. Other cases cited by the Defendants address legal claims and factual scenarios entirely distinct from those in the present case. *See Allen v. Wright*, 468 U.S. 737, 755 (1984) (holding that racial stigmatization serves as an injury conferring standing only for "those persons who are personally denied equal treatment by the challenged discriminatory conduct"); *Wilson v. Glenwood Intermountain Properties, Inc.*, 98 F.3d 590 (10th Cir. 1996) (addressing only the claims of plaintiffs who alleged that they personally were prevented from renting apartments because of gender discrimination).

[3] Both of the cases regarding "voluntarily incurred injury" cited by the defendants *affirm* the sufficiency of the Plaintiffs' injuries. *See Spann v. Colonial Village, Inc.*, 899 F.2d 24, 27 (D.C. Cir. 1990) ("*Havens* makes clear . . . that an organization establishes Article III injury if it alleges that purportedly illegal action increases the resources the group must devote to programs independent of its suit challenging the action."); *Project Sentinel v. Evergreen Ridge Apartments*, 40 F. Supp. 2d 1136, 1139 (N.D. Cal. 1999) ("[I]f an organization alleges or is able to show that it has devoted additional resources to some area of its effort in order to counteract discrimination [by the defendant], the organization has met the Article III standing requirement of injury in fact.").

**b. <u>This Court's Finding That the Plaintiffs' Injuries May be Redressed by the Creation and Joinder of a Defendant Class of Apartment Owners is in Accord With the Rulings of Other Courts.</u>**

To support their contention that "case law conflicts regarding whether Plaintiffs have alleged redressability," Certification Petition 8, the Spanos Defendants make two assertions: (1) "[c]ourts differ regarding whether someone who is not disabled and has not been sought to rent [sic] has standing to seek injunctive relief"; and (2) "substantial differences of opinion exists [sic] regarding whether due process requires that a court have personal jurisdiction over the owner Defendant class members." *Id.* The Defendants have cited no persuasive authority to support either of those contentions.

It is not surprising that the Defendants cannot show that "courts differ regarding whether someone who is not disabled and has not [] sought to rent has standing to seek injunctive relief." That is because for more than 25 years the Supreme Court has recognized that an organizational plaintiff has standing to sue under the FHA, whether or not any of its constituents has suffered a cognizable injury. *See Havens*, 455 U.S. at 379 ("If, as broadly alleged, petitioners' steering practices have perceptibly impaired [Plaintiff's] ability to provide counseling and referral services for low- and moderate-income home-seekers, there can be no question that the organization has suffered injury in fact.") Neither of the cases cited by the Defendants contravenes this principle, or, in fact, is even relevant to this motion for certification; each addresses the particular case of a plaintiff who lacked standing to sue for reasons inapplicable to the Plaintiffs in this case. *See Harris v. Itzhaki*, 183 F.3d 1043, 1050 (9th Cir. 1999) (holding, in a case where plaintiff alleged injury resulting from ongoing discrimination at the apartment complex where she lived, that her claims for injunctive relief had become moot when she had moved out of the apartment complex and into a residence "some 3000 miles away"); *Molski v. Mandarin Touch Restaurant*, 385 F. Supp. 2d 1042, 1045 (C.D. Cal. 2005) (finding that a disabled plaintiff lacked

7

standing to sue the defendant restaurant for inaccessibility under the Americans with Disabilities Act because plaintiff was unlikely to visit the restaurant in the future).[4]

The Defendants' second contention—that "substantial differences of opinion exist[] regarding whether due process requires that a court have personal jurisdiction over the owner defendant class members"—fails for similar reasons. A number of federal courts have held that a court's personal jurisdiction over *named* class members is all that is required to exercise jurisdiction over the class as a whole. *See* 2 *Newberg on Class Actions* § 4:47 (4th ed.); *see also Hansberry v. Lee*, 311 U.S. 32, 41-43 (1940); *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1107 (C.D. Cal. 2001). This very consensus led the Court to note in its Order that "it is well settled that jurisdiction is not needed over absent members of a defendant class." Order 14.

As this Court noted in its Order, "the Spanos Defendants are simply wrong to suggest that, were this court to certify a defendant class it would still need personal jurisdiction over all the Defendant members." *Id.* The only support the Defendants have managed to muster comes from a throwaway statement in a non-binding footnote to an unpublished opinion by an out-of-circuit district court.[5] Such

---

[4] The Defendants' citation of *Molski* for the argument that "[c]ourts differ regarding whether someone who is not disabled and has not [] sought to rent has standing to seek injunctive relief" defies explanation. The court in *Molski* never addressed the issue of the remedies available to a non-disabled plaintiff for the obvious reason that the plaintiff in *Molski was* disabled. Furthermore, the rental of property, whether by the plaintiff or anyone else, was simply not an issue in the case; the plaintiff's complaint was against a restaurant at which he had eaten. *Molski*, 385 F. Supp. at 1044. The court held that the plaintiff lacked standing because, since he did not intend to return to the restaurant, there was no possibility that he would incur future injury. *Id.* at 1048. In the instant case, the possibility of future injury has not been contested.

[5] The court in *Whitson v. Heilig-Meyers Furniture, Inc.*, No. CV 94-PT-0309-E, 1995 U.S. Dist. LEXIS 4312, at *49 n.17 (N.D. Ala. 1995) (unpublished) did speculate in a footnote that "[p]resumably, a defendant class would not present the same problems [as a plaintiff class] because . . . the forum court must have personal jurisdiction over each member of a defendant class." But this comment, made in passing without citation to any authority, is pure dicta; the issues before the court in *Whitson* were whether unnamed members of a plaintiffs' class in an action seeking monetary relief should have the ability to opt out of the litigation, and whether the proposed plaintiff class in that case should be certified. The court had no need to examine with any degree of care the demands of personal jurisdiction with regard to a defendant class. As a result, its unexplained comment in footnote 17 carries little or no weight.

The second case cited by Defendants, *National Ass'n for Mental Health, Inc. v. Califano*, 717 F.2d 1451 (D.C. Cir. 1983), implicitly endorses the proposition that a court may issue a judgment that binds all members of the defendant class even absent an independent basis for personal jurisdiction over each unnamed class member. The appellate court in that case

8

1 │ minimal support does not establish that "substantial ground for difference of opinion" exists with regard

2 │ to this issue.

### 2. Defendants Have Failed to Show "Substantial Ground for Difference of Opinion" Regarding the Sufficiency of Plaintiffs' Claim.

The Defendants have failed to establish that any conflict actually exists as to "whether only owners, and not developers, may be held liable for denial of a rental in an FHA design and construction case." Certification Petition 8. No court has held that as a rule, "only owners, and not developers" may be liable for violations of the Fair Housing Act, most likely because such a rule makes little sense in light of the statute's specific mandates regarding the standards that must be met by developers of housing units. *See* 42 U.S.C. § 3604(f)(3)(C). The two cases cited by the Defendants—neither of which is a design and construction case under the FHA—do not advance their argument.[6]

Defendants have thus failed to marshal any authority to demonstrate that other courts disagree with this Court's conclusion that non-owner developers may be held liable under the FHA. In the absence of sufficient grounds for disagreement on this issue, interlocutory appeal is inappropriate.

---

affirmed the district court's refusal to certify a defendant class because it found that the proposed named defendants would not serve as adequate class representatives, and that therefore personal jurisdiction would be improper: "At all stages of the litigation the lack of adequate representation "denies [absentee class members] due process of law and *prevents the court from assuming personal jurisdiction over the absentee members*." *Id.* at 1457 (emphasis added). The *Califano* court therefore concurred with the proposition accepted by this Court: adequate representation by named defendant class members permits a court to exercise personal jurisdiction over absent class members.

[6] The decision in *Growth Horizons* is distinguishable from the case at bar, and adds nothing to Defendants' assertion that there is substantial ground for difference of opinion as to the propriety of this Court's April 4 Order. In *Growth Horizons*, the Third Circuit affirmed the grant of a motion to dismiss, holding that the FHA did not require a county to purchase specific units to serve people with disabilities. Nowhere does the decision indicate, as Defendants would have this Court believe, that FHA claims lie only against property owners. Defendants' reliance on *Lonberg* is even more puzzling. That case involved a provision of the Americans with Disabilities Act with language very different from the FHA provision at issue in the case at bar, and the Ninth Circuit's decision in that case had to do with liability of an architect, not a developer. The Fair Housing Act contains language nothing like the ADA's provision limiting application of the statute to "owners, lessees, lessors, or operators." Instead, its definition of discrimination includes a "failure to design and construct [new] dwellings" in the manner prescribed by the FHA and related regulations. 42 U.S.C. § 3694(f)(3)(C). Because the language and structure of the Fair Housing Act differs materially from those of the ADA in this respect, the reasoning of the *Lonberg* court is inapplicable to the

9

### 3. **This Court's Conclusion That the Plaintiffs Have Alleged a Continuing Violation Rests Upon Sound Authority That is Undisputed.**

Like the Defendants' contentions regarding Plaintiffs' standing and the sufficiency of Plaintiffs' claims, their assertion that "[c]ourts differ regarding whether the continuing violations doctrine is applicable to an FHA design and construct case," Certification Petition 9, is unfounded; they have failed to show that "substantial ground for difference of opinion" exists. The type of factual scenario pled in this case—a series of repeated violations of the Fair Housing Act over the course of a number of years— was addressed by the Supreme Court in *Havens*, which held that "a 'continuing violation' of the Fair Housing Act should be treated differently from one discrete act of discrimination;" a Complaint that alleges such a continuing violation is timely so long as the "unlawful practice . . . continues into the limitations period." *Id.* at 381.

As this Court has noted, *Havens* applies to the facts of this case. Order 9. "Defendants have offered no intelligible argument as to why the reasoning of *Havens*" should not be applied. *Id.* And in fact, no opinion cited by the Defendants suggests that *Havens* would not control the statute of limitations issue in a case such as this one. *Garcia v. Brockway*, 526 F.3d 456 (9th Cir. 2008) (en banc), upon which the Defendants would no doubt have relied in this motion if the opinion had been released earlier, is inapposite. Plaintiffs in the consolidated cases known as *Garcia* alleged they had been injured, many years after the construction of the last of two apartment buildings, by the continuing effects of Defendants' (or their predecessors') noncompliance with the FHA's design and construction requirements. 526 F.3d at 461. According to the Ninth Circuit, the plaintiffs failed to plead a continuing violation because they had not alleged facts similar to those in *Havens*, "where the claims were based not

---

Defendants' situation. These are very slim reeds, indeed, upon which to assert that there is substantial ground for a difference of opinion with this Court's well-reasoned Order.

10

solely on isolated incidents . . . , but a continuing violation manifested in a number of incidents—including at least one . . . that . . . occurred within the [limitations] period." *Id.* at 462 (citation and internal quotation marks omitted). The Ninth Circuit cautioned that if the *Garcia* plaintiffs were permitted to bring claims based solely on the effects of actions taken by the defendants many years before, defendants would face "the burden of defending claims arising from . . . decisions that are long past." *Id.* at 463-64.

Like the plaintiffs in *Havens*, and unlike the plaintiff in *Garcia*, Plaintiffs in this case have alleged multiple violations of the FHA by the Defendants, including violations that occurred within the limitations period: the Spanos Defendants began building inaccessible housing in 1991 and continued to do so regularly well into 2007. *See* Complaint, pp.16-18; Plaintiffs' Memo. in Opp. to Spanos Defendants' Motion to Dismiss, p. 2, n.2. Plaintiffs seek to hold the Spanos Defendants liable not for one "decision[] that [is] long past," but rather for numerous decisions, made over and over again on a regular basis, to violate the FHA's accessibility provisions. As this Court recognized, the Plaintiffs' claim alleging that pattern of discrimination "challenges not just one incident of conduct violative of the [Fair Housing] Act, but an unlawful practice that continues into the limitations period." Order 8 (citation and internal quotation marks omitted). That is exactly the type of conduct that the Ninth Circuit in *Garcia* recognized as a legitimate, continuing violation. *Garcia*, 526 F.3d at 462. As a result, the statute of limitations question in this case is controlled by *Havens* and unaffected by *Garcia*.[7]

---

[7] Because the final ruling in *Garcia* was not available to the Defendants at the time they filed this motion, they relied instead on a district court case whose holding tracks that of *Garcia*. *See United States v. Pacific Northwest Electric, Inc.*, No. CV-01-019-S-BLW, 2003 WL 24573548 (D.Id. Mar. 21, 2003) (holding that the plaintiff had not alleged a continuing violation of the FHA where the alleged infractions all occurred outside the limitations period). That case is inapplicable here for the same reasons that *Garcia* is.

The second case cited by the Defendants, *Hargraves v. Capital City Mortgage Corp.*, 140 F. Supp. 2d 7 (D.D.C. 2000), is similarly unavailing. Although the Defendants do not specify the precise section of that case upon which they rely for the proposition that "[c]ourts differ regarding whether the continuing violations doctrine is applicable to an FHA design and construct case," Certification Petition 9, their citation suggests that it is this passage: "The continuing violations theory should

11

Defendants may disagree with this Court's Order, but they have not shown that any other court would do so. Because the Defendants have failed to demonstrate that a "substantial ground for difference of opinion" exists regarding the application of the continuing violation doctrine, they have failed to meet their burden under § 1292(b).

## C. Far From "Materially Advancing" the Progress of This Litigation, Interlocutory Appeal of the Court's Order Would Cause Substantial Delay.

A district court's order may be appealed under § 1292(b) only if reversal of that order on appeal would "materially advance the ultimate termination of the litigation." Certification under § 1292(b) is inappropriate where "the most likely consequence of an immediate appeal" would be "delaying the resolution" of Plaintiffs' claims. *Barnett v. Washington Mut. Bank, FA*, No. C 03-00753, 2004 WL 2852627, at *1 (N.D. Cal. Sept. 17, 2004) (unpublished). In particular, interlocutory appeal is unlikely to "materially advance" the litigation if a trial would be necessary regardless of the outcome of the appeal. *Id.*; *Taylor v. City of Oakland*, No. C 06-05169, 2007 WL 3287843, at *2 (N.D. Cal. Nov. 5, 2007). As will now be shown, such considerations make certification of an interlocutory appeal unwarranted here. Moreover, because Defendants may take an appeal from any final judgment rendered by this Court, the resort to interlocutory appeal at this stage raises a substantial likelihood of duplicative litigation and delay.

### 1. An Immediate Appeal Challenging Plaintiffs' Standing Would Unnecessarily Delay Resolution of This Action.

---

be applied where the type of violation is 'one that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period.'" 140 F. Supp. 2d 7, 18 (D.D.C. 2000) (citing *Taylor v. FDIC*, 132 F.3d 753, 764-765 (D.C. Cir. 1997)). As an initial matter, it should be noted that *Hargraves* is not "an FHA design and construct case," and so cannot be said to establish any proposition at all regarding that type of case specifically. Nor does the cited language suggest any general rule that would preclude application of the continuing violation doctrine to design and construct discrimination under the FHA. That form of discrimination is precisely the sort whose "character as a violation" may escape notice for long periods of time; the evidence of the defendants' discrimination—the inaccessible facilities that they constructed—are hidden from public view and are unlikely to be recognized by the vast majority of tenants or applicants for rental. As a result, *Hargraves* in no way establishes the proposition that unlawful acts under the FHA cannot constitute continuing violations.

12

Any time spent by the parties in litigating standing issues before the Court of Appeals at this point would likely be wasted. The appeals court ruled as recently as 2004, in *Pacific Properties*, that plaintiffs similarly situated to those in this case have standing to sue under the Fair Housing Act. Any panel assigned to hear an appeal on that same issue in this case would be bound to follow the 2004 ruling, meaning that the ruling of the district court would simply be affirmed. Such an appeal would alter this litigation only by increasing the amount of time and resources expended on it.

An appeal contesting this Court's ruling regarding the formation of a class of defendant-owners would be similarly wasteful. Even if there existed any likelihood that the Ninth Circuit might decide that each and every unnamed member of a defendant class must have minimum contacts with the forum state, *see* Motion to Dismiss 17-18, such a decision would not dispose of this case. Without question, at least some of the owners of residential properties constructed by the Spanos Defendants have the requisite minimum contacts with California to be subject to personal jurisdiction here; many of those properties, after all, are located in California, *see* Complaint 16-18, and others can be reached through California's long-arm statute. Any owners determined to have the necessary connections with California would remain proper candidates for joinder to this lawsuit even if the Court of Appeals decided that all other owners were not. As a result, this litigation would continue unabated in the wake of such an appeal—after, of course, a lengthy period of discovery and pleading during which the parties determined which owners were subject to suit in this court. Interlocutory appeal would thus bog down, rather than advance, the progress of this action.

## 2. **An Appeal Challenging the Sufficiency of Plaintiffs' Claims on the Ground Identified by the Defendants Would Delay the Inevitable Continuation of This Case.**

Given the absence of any authority that even suggests that "only owners, and not developers" may be liable under the FHA, the likelihood that the Defendants could prevail on such a claim before the

13

Court of Appeals is virtually nil. Such a trip to the appellate court would represent only a disruption of the progress of this case. Neither the Defendants, nor Plaintiffs, nor the Court would benefit from such a fruitless exercise, and the outcome of this litigation would be delayed further.

### 3. An Interlocutory Appeal Addressing the Application of the Continuing Violation Doctrine in This Case Would Merely Postpone Trial.

Contrary to the Defendants' conclusory assertion, the statute of limitations issue is not "case dispositive." Certification Petition 9. Even if all claims relating to complexes built and sold by the Defendants prior to June 2005 were dismissed from this action, numerous claims would remain. As the Plaintiffs have alleged, the Spanos Defendants completed or were in the process of constructing at least nineteen noncompliant properties within the two years prior to the filing of the Complaint in this case. *See* Plaintiffs' Memo. in Opp. to Motion to Dismiss 2 n.2; Complaint 16-18. Even under the Defendants' cramped and unpersuasive theory of the FHA's statute of limitations, claims regarding those properties are unquestionably timely. *See* Spanos Defendants' Memo. in Support of Motion to Dismiss 10. As a result, even if the Ninth Circuit were to review this Court's ruling on the statute of limitations issue and decide to accept the Defendants' arguments, the judicial economies achieved would be minimal. This case would continue on in the district court, with many of the same facts still left to be investigated through discovery and proven at trial.

Because interlocutory appeal of the issues raised by the Defendants could, at best for Defendants, eliminate only a portion of the claims brought by Plaintiffs, while leaving untouched numerous virtually identical claims that differ only in their reference to more recently constructed buildings, certification of the limitations issue would not materially advance this case. On the contrary, its principal result would be delay in correcting any inaccessible features at any properties. These are serious violations that Plaintiffs allege exclude persons with disabilities from living there or significantly limit their use of the

14

properties.  FAC ¶¶8-10, 45-71.   For these reasons as well as the others outlined above, Defendants have failed to demonstrate that a piecemeal interlocutory appeal in this litigation is warranted.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion for certification should be denied.  A proposed order is attached.

Dated: June 24, 2008

Respectfully submitted,


_____/s/ Michael Allen_____

Michael Allen
Stephen M.  Dane
John P.  Relman
Thomas J.  Keary
Pending admission *pro hac vice*
D.  Scott Chang, #146403
Relman & Dane, PLLC
1225 19th Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 728-1888
Fax: (202) 728-0848

*Attorneys for Plaintiffs*

15

**CERTIFICATE OF SERVICE**
**NORTHERN DISTRICT OF CALIFORNIA**

I hereby certify that on June 24, 2008, a copy of the foregoing Plaintiffs' Opposition to the

Spanos Defendants' Motion for Certification Pusuant to 28 U.S.C. § 1292(b) was electronically filed

and by operation of the Court's ECF system was served upon the following by electronic mail:

**Stephen Walters**
**Makesha Patterson**
Allen Matkins Leck,, Gamble, Mallory & Natsis, LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
swalters@allenmatkins.com
mpatterson@allenmatkins.com
*Attorneys for Defendant Knickerbocker Properties*

**Thomas Keeling**
**Lee Roy Pierce Jr**.
Freeman, D'Aiuto, Pierce, Gurev, Keeling & Wolf
1818 Grand Canal Boulevard
Stockton, California
tkeeling@freemanfirm.com
*Attorney for Defendants A.G. Spanos Construction, Inc.,*
*A.G. Spanos Development, Inc., A.G. Spanos Land Company, Inc.,*
*A.G. Spanos Management, Inc., and The Spanos Corporation*

**Shirley Jackson**
Steefel, Levitt, & Weiss, LLP
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
sjackson@steefel.com
*Attorney for Defendant Highpointe Village, L.P.*


____/s/ Nayna Gupta_____
Nayna Gupta