Michael Allen
Stephen M. Dane
John P. Relman
Thomas J. Keary
Pending admission *pro hac vice*
D. Scott Chang, #146403
Relman & Dane, PLLC
1225 19th Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 728-1888
Fax: (202) 728-0848
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| National Fair Housing Alliance, Inc., et al., | Case No. C07-3255 - SBA |
| Plaintiffs, | **[PROPOSED] ORDER DENYING DEFENDANTS A.G. SPANOS CONSTRUCTION, INC.; A.G. SPANOS DEVELOPMENT, INC.; A.G. SPANOS LAND COMPANY, INC.; A.G. SPANOS MANAGEMENT, INC. AND THE SPANOS CORPORATION'S MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b).** |
| v. | |
| A.G. Spanos Construction, Inc.; et al.., | |
| Defendants. | |

The motion of Defendants A.G. Spanos Construction, Inc., A.G. Spanos Development, Inc., A.G. Spanos Land Company Inc, A.G. Spanos Management, Inc. and the Spanos Corporation (hereinafter, collectively, "the Spanos Defendants"), appearing through counsel, for certification under 28 U.S.C. § 1292(b) of this Court's April 4, 2008 Order denying Defendants' motion to dismiss came on for hearing on July 15, 2008, at 1:00 p.m., in Courtroom 3 of the U.S. District Court for the Northern District of California, located at 1301 Clay Street, 3d Floor, Oakland, California, the Hon. Saundra Brown Armstrong presiding. Lee Roy Pierce, Jr. and Thomas Keeling appeared on behalf of the Spanos Defendants and Michael Allen appeared on behalf of Plaintiffs.

## Background

The original Complaint in this matter was filed on June 20, 2007. It alleged that A.G. Spanos Construction, Inc., A.G. Spanos Development, Inc., A.G. Spanos Land Company Inc., and A.G. Spanos Management, Inc. were liable to Plaintiffs because of certain violations of the Fair Housing Act (hereinafter, "FHA"), consisting of the failure to design and construct at least 82 apartment complexes in 10 states in a manner required by the design and construction provisions of the FHA.

On or about December 21, 2007, the Spanos Defendants filed a motion to dismiss Plaintiffs' Complaint. That motion was denied by this Court in an order dated April 4, 2008 (hereinafter "Order"). On or about April 14, 2008, Defendants filed a motion requesting that this Court certify its Order for immediate interlocutory appeal to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b). Plaintiffs filed their Memorandum in Opposition to that motion on June 24, 2008.

## Legal Standards

Defendants' motion for certification is governed by the terms of 28 U.S.C. § 1292(b), which provides, "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order." A party moving for certification under 28 U.S.C. § 1292(b) bears the burden of demonstrating that the statute's requirements are met. *Valdovinos v. McGrath*, No. C02-1704, 2007 WL 2023505, at *2 (N.D. Cal. July 12, 2007) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

## Analysis

Defendants have asserted that three questions answered by this Court's Order merit certification for immediate appellate review by the Ninth Circuit: (1) whether Plaintiffs have standing to sue under the FHA; (2) whether a claim under the FHA may be brought against a developer of housing who no longer owns the apartment complex in question; and (3) whether repeated breaches of the FHA's design and construction requirements may constitute a continuing violation for statute of limitations purposes. This Court soundly rejected Defendants' arguments regarding all three of these issues in its April 4 Order, and

Defendants have failed to demonstrate either that "substantial ground for difference of opinion" on these issues exists or that immediate appeal would "materially advance the ultimate termination of the litigation."

Therefore, the Spanos Defendants' Motion for Certification is denied.

## Conclusion

Having read and considered the documents submitted in support of and in opposition to the motion and the arguments of counsel, and good cause appearing therefore, the Court rules as follows: The Spanos Defendants' Motion for Certification Pursuant to 28 U.S.C. § 1292(b) is DENIED.

Dated: _____, 2008

                                                        _____
                                                        Saundra Brown Armstrong
                                                        United States District Judge