```
 1  MAXWELL M. FREEMAN, # 31278
    LEE ROY PIERCE, JR., # 119318
 2  MICHAEL L. GUREV, # 163268
    THOMAS H. KEELING, # 114979
 3  FREEMAN, D'AIUTO, PIERCE,
      GUREV, KEELING & WOLF
 4  A PROFESSIONAL LAW CORPORATION
    1818 Grand Canal Boulevard, Suite 4
 5  Stockton, California  95207
    Telephone: (209) 474-1818
 6  Facsimile:  (209) 474-1245
    E-mail:      lrpierce@freemanfirm.com
 7               mgurev@freemanfirm.com
                 tkeeling@freemanfirm.com
 8
    Attorneys for Defendants A.G. Spanos
 9  Construction, Inc.; A.G. Spanos
    Development, Inc.; A.G. Spanos
10  Land Company, Inc.; A.G. Spanos
    Management, Inc., The Spanos Corporation
11
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| National Fair Housing Alliance, Inc., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>A.G. Spanos Construction, Inc., et al.<br><br>Defendants. | CASE NO.  C07-03255-SBA<br><br>**REPLY TO OPPOSITION TO PETITION OF DEFENDANTS A.G. SPANOS CONSTRUCTION, INC., A.G. SPANOS DEVELOPMENT, INC., A.G. SPANOS LAND COMPANY, INC., A.G. SPANOS MANAGEMENT, INC., AND THE SPANOS CORPORATION FOR CERTIFICATION PURSUANT TO 28 U.S.C. SEC. 1292(b)**<br><br>Hearing date: July 15, 2008<br>Time:         1:00 p.m.<br>Dept:         Courtroom 3<br><br>**Complaint Filed: June 20, 2007** |

## INTRODUCTION

The Spanos Defendants seek immediate appeal of this Court's order denying the Spanos Defendants' motion to dismiss. The appellate issues are:

(1) Have plaintiffs sufficiently alleged standing?

(2) Have plaintiffs sufficiently alleged a cause of action in themselves or anyone

else?

(3) Are plaintiffs' claims barred by the FHAA's two-year statute of limitations?

It bears repeating that a substantial ground for difference of opinion exists regarding <u>all 3 issues sought to be certified</u>. Professor Schwemm's treatise, *Housing Discrimination, Law and Litigation* (Thompson/West 2007) explains these differing opinions:

> Even in cases that involve clear violations of the § 3604(f)(3)(C) requirements, some important litigation issues remain to be decided. Examples include:
>
> When can such a case be filed (e.g., at the design or construction stage, or only after occupancy occurs) and **when will such a claim be considered timely?** One issue in this area that has **divided the courts is whether and how to employ the "continuing violation" theory in § 3604(f)(3)(C) cases.** A number of courts have applied this theory in order to hold timely claims that were filed well after the dwellings involved were originally designed and constructed. Other courts, however, have held that § 3604(f)(3)(C) claims must be filed within the Fair Housing Act's limitation period after the defendants have completed the design-and-construction process. Appellate decisions on these issues are currently pending.
>
> Who will be proper defendants (e.g., the architect, construction companies, and others in the development chain, **or only the current owner**)?
>
> **Who will have standing to sue** (e.g., organizations representing disabled people and potential tenants who are deterred from applying by the lack of accessibility features, **or only actual tenants who are suffering because of the absence of such features**)?
>
> **What types** of damages and **injunctive relief will be available** in an individual case (e.g., redesign and reconstruction in all units throughout the entire complex, or only adjustments to the plaintiff's unit)?
>
> Neither the statutory language nor the HUD regulations deal directly with these questions. Thus, definitive answers will have to be provided by the courts in individual cases interpreting § 3604(f)(3)(C).

*Id.*, pp. 11D-71 to 11D-75, emphasis added.

I. **Issue 1 - Have Plaintiffs Alleged Standing?**

A. **Are Someone's FHAA Rights Alleged to Have Been Violated?**

In opposition to this Petition, plaintiffs argue that *Smith v. Pacific Properties*, 358 F.3d

1097 (9th Cir. 2008) is dispositive on the issue of plaintiffs' standing. But there is a material difference between the facts alleged in *Pacific Properties* and the facts alleged herein. In *Pacific Properties*, plaintiffs alleged that <u>disabled</u> testers (members of the protected class) had encountered and been harmed by defendants' violation of the FHAA (*id.*, 358 F.3d at 1105). Plaintiffs herein do not allege that anyone (other than the plaintiff organizations themselves) have been harmed, or that anyone's FHAA rights have been violated. Indeed, this Court's 12(b)(6) order states:

> Plaintiffs do not allege that they have had to divert resources because a disabled individual complained to them about the Spanos Defendants' discriminatory practices; **indeed they do not allege that any disabled individual has actually suffered any injury because of the allegedly discriminatory acts.**

Ex. 1, 12(b)(6) Order, p. 12:10-21.

*Pacific Properties*, and other Ninth Circuit and Supreme Court authority may be read to require that plaintiffs allege that some member of the FHAA protected class be harmed before plaintiffs may allege standing in themselves flowing from that harm to others. "As long as the plaintiff suffers actual injury as a result of the defendant's conduct, he is permitted to prove that **the rights of another were infringed**. The central issue at this stage of the proceedings [at the pleading stage] is not who possesses the legal rights protected by [the FHA], but whether respondents were genuinely injured by **conduct that violates *someone's* [FHA] rights** . . . ." *Oak Ridge Care Center, Inc. v. Racine County*, 896 F.Supp. 867, 873 (E. Dist. Wisconsin 1995) [quoting *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 103 n. 9 (1979), emphasis added]. Or, as stated elsewhere: "The inquiry focuses, not upon whose § 3604 rights were violated, but rather upon whether the plaintiffs were genuinely injured by conduct that violated **somebody's 3604 rights**; if they were so injured, the plaintiffs have standing to bring suit under § 3612. [citations]." *Nur v. Blake Development, Corp.*, 655 F.Supp. 158, 163 (N.D.Ind. 1987), emphasis added.

<u>Havens</u>, <u>Smith</u> and <u>Fair Housing of Marin</u> are in accord. In each of these cases, it was alleged that *someone's* section 3604 rights had been violated.

In *Havens Realty Corp. v. Coleman,* 455 U.S. 363 (1982), the Supreme Court first stated the standing rule applicable to fair housing organizations: "[As] long as the plaintiff [fair housing organization] suffers actual injury as a result of the defendant's conduct, he is permitted to prove that the rights of another were infringed." *Id.*, 455 U.S. at 376, n.16. Applying this rule, the court determined that the FHA rights of black testers (employed by the housing organization) had been violated, when the defendant *Havens Realty* lied to black testers and told them apartments were unavailable. These black testers' FHA "statutory right to truthful housing information ha[d] been violated" by Haven Realty's lies. *Id.*, 455 U.S. at 375. In contrast, the court also held that a white tester - - (also employed by the fair housing organization) - - had not had his "statutory right to truthful housing information violated" because he was told by the defendant Havens Realty that apartments were available. Thus, said the court: "he [the white tester] ha[d] not pleaded a cause of action." *Id.*, 455 U.S. at 374-375.

Finally, the Court concluded "[i]f as broadly alleged, [defendants'] [unlawful] steering practices [against black testers] have perceptibly impaired [the fair housing organization's] ability to provide counseling and referral services . . . [then] the organization ha[d] suffered an injury in fact" (*id.*, 455 U.S. at 379) caused by the violation of the black tester's "statutory right to truthful housing information." *Id.*, 455 U.S. at 375.

In *Smith v. Pacific Properties*, 358 F.3d 1097 (9th Cir. 2004), the Ninth Circuit applied *Havens* and observed that the complaint filed by DRAC (a fair housing organization) "pled with particularity two causes of action for violations of the FHAA [rights of disabled testers]." *Id.*, 358 F.3d at 1105. Next, the court reasoned that <u>given leave to amend</u>, DRAC probably could allege facts sufficient to show that its mission was frustrated, *id.*, 358 F.3d at 1104-1106, by the violation of the 3604(f)(2) rights of the <u>disabled</u> testers employed by DRAC. *Id.*, 358 F.3d at 1103-1104.

In *Fair Housing of Marin v. Combs*, 285 F.3d 899 (9th Cir. 2002), defendant Jack Combs was alleged to have violated 42 U.S.C. section 3604 and various civil rights laws, *inter*

*alia,* by refusing to rent to black testers and black prospective renters. *Id.*, 285 F.3d at 902. Thus, the complaint specifically alleged that <u>someone's</u> section 3604 rights had been violated. Following discovery abuse by Combs, the district court entered default judgment against Combs. *Id.*, 285 F.3d at 902. On appeal, Combs argued that plaintiff Fair Housing of Marin lacked standing. *Id.*, 289 F.3d at 902. On appeal, the Ninth Circuit first expressed doubt that "litigation expenses alone" could suffice to establish standing, but held that **in responding to citizen's complaints against Combs**, Fair Housing of Marin had <u>necessarily</u> suffered economic losses to respond to these complaints, all <u>caused</u> by a violation of the section 3604 rights of black testers and prospective black renters. *Id.*, 285 F.3d at 905.

In *Havens, Smith* and *Fair Housing of Marin*, housing organizations were thus held to have standing to sue - - flowing from injuries the organizations incurred - - <u>caused by the violations of someone's section 3604 rights</u>. Plaintiffs in this suit have not, and cannot, allege that anyone's section 3604 rights have been violated regarding the <u>tested</u>, <u>untested</u>, or <u>unknown</u> properties sued on, because they do not allege that anyone holding section 3604 rights has ever been interested in accessing the apartments sued on, or has had their access <u>actually</u> impaired.

The above being the case, the Ninth Circuit could very well distinguish the *Pacific Properties* case from this case and hold that plaintiffs in this case lack standing to sue.

### B.   Have Plaintiffs' Alleged Redressability?

The <u>main</u> relief sought by plaintiffs is a nationwide injunction. If plaintiffs lack standing to seek injunctive relief, their alleged injury - - frustration of mission - - is not redressable. Plaintiffs seek nationwide injunctive relief, yet no plaintiff is disabled, and "[p]laintiffs . . . do not allege that any disabled person has actually suffered an injury because of the [Spanos Defendants'] allegedly discriminatory acts." Ex. 1, 12(b)(6) Order, p. 12:10-13.

The Ninth Circuit may very well hold that someone who is not disabled and has not sought to rent does not have standing to seek injunctive relief under the FHAA. See e.g.,

Molski v. Mandarin Touch Restaurant, 385 F.Supp.2d 1042 (C.D. Cal. 2005); and see, e.g., Harris v. Itzhaki, 183 F.3d 1043, 1050 (9th Cir. 1999) [Plaintiff's request for declaratory and injunctive relief rendered moot by her departure from the complex].

In addition, plaintiffs do not allege that this Court has personal jurisdiction over the owner defendants. Absent bringing the owner defendants into this case, injunctive relief is not feasible. Neither the Supreme Court nor the Ninth Circuit has decided the issue of whether fundamental due process requires that a court have personal jurisdiction over the owner defendant class members. Other courts so hold. Whitson v. Heilig-Meyers Furniture, Inc., 1995 U.S. Dist. LEXIS 4312, *49 (N.D. Ala. 1995); see, also, National Assn. for Mental Health, Inc. v. Califano, 717 F.2d 1451, 1455 (D.C. Cir. 1983) [affirming district court's order refusing to certify a defendant class where the named representatives would not "fairly and adequately protect the interests of the class" and where the district court did "not have in personam jurisdiction over the class members"].

## II.  Issue 2 - Have Plaintiffs Alleged A Cause Of Action?

The Spanos Defendants are not alleged to be the owners of the complexes sued on. Opinions differ regarding whether only owners, and not developers, may be held liable for denial of a rental in an FHAA design and construction case. See Robert G. Schwemm, *Barriers to Accessible Housing: Enforcement Issues in "Design and Construction" Cases under the Fair Housing Act*, 40 U. Richmond L.Rev. 753, 776-813 (2006); and see, e.g., Growth Horizons, Inc. v. Delaware County, 983 F.2d 1277, 1283 (3d Cir. 1993); Lonberg v. Sanborn Theatres, 259 F.3d 1029, 2001 U.S.App.LEXIS 17418, at *18 (9th Cir. 2001).

No appellate case has directly addressed the issue of whether only <u>owners</u> may be liable under the FHAA. The Ninth Circuit case in *Lonberg* is the closest. Although *Lonberg* was decided under the ADA, that statute's "design and construction" accessability provisions are almost identical to the "design and construct" accessability provisions of the FHAA.[1]

---

[1] In fact, plaintiffs' original complaint made exactly the same factual allegations as are contained in their First Amended Complaint: in the original complaint, those factual

The ADA requires that public accommodations be "designed and constructed" such that they are accessible to disabled persons. *Lonberg* holds that only owners are liable under the ADA. The FHAA requires that apartments (and common areas) be "designed and constructed" such that they are accessible to disabled persons. Under parity of reasoning, *Lonberg* should extend to the FHAA, such that only owners may be liable.

### III.   Issue 3 - Are Plaintiffs' Claims Barred By The FHAA's Statute of Limitations?

By order issued on April 4, 2008, this court denied the Spanos Defendants' entire motion to dismiss. Footnote 2 to this court's order states:

> The Ninth Circuit recently addressed the question of when the FHA's two-year statute of limitations begins to run in *Garcia v. Brockway*, 503 F.3d 1092, 1101 (9th Cir. 2007). However, the Ninth Circuit has agreed to rehear the case *en banc*, and therefore *Garcia* cannot provide any guidance to this Court. *See* 512 F.3d 1089 ("The three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit")

Ex. 1, 12(b)(6) Order, p. 7, fn 2.

This court's order also explained:

> Plaintiffs have clearly alleged a "continuing violation" of the FHA by the Spanos Defendants, alleging that they "engaged in a continuous pattern and practice of discrimination against people with disabilities" since 1991 by "designing and/or constructing" apartment complexes that deny full access to and use of the facilities as required under the FHA, FAC, ¶ 4, and therefore none of the claims of the FAC against the Spanos Defendants are barred by the statute of limitations.

Ex. 1, 12(b)(6) Order, p. 9:15-20.

On May 13, 2008, the Ninth Circuit (en banc) issued its opinion in *Garcia v. Brockway* ___ F.3d ___, 2008 U.S. App. LEXIS 10258 (9th Cir. 2008). The opinion explains that the continuing violation doctrine is inapplicable to "design and construct" discrimination claims brought under 42 U.S.C. section 3604(f)(3)(c):

> "[A] failure to design and construct," . . . is not an indefinitely continuing practice, but a discrete instance of discrimination that

---

allegations allegedly supported claims under both the ADA and the FHAA.

> terminates at the conclusion of the design-and-construction phase. This violation differs from the one Congress codified as "continuing" in light of *Havens*, where the claims were "based not solely on isolated incidents . . . , but a continuing violation manifested in a *number of incidents* - - including at least one . . . that [wa]s asserted to have occurred within the [limitations] period." 455 U.S. at 381 (emphasis added).
>
> ¶ . . . ¶
>
> Were we to now hold the contrary, the FHA's statute of limitations would provide little finality for developers, who would be required to repurchase and modify (or destroy) buildings containing inaccessible features in order to avoid design-and-construction liability for every aggrieved person who solicits tenancy from subsequent owners and managers. Indeed, now that we have recognized tester standing, an aggrieved person wouldn't even need to solicit tenancy, but merely observe the violation. *See Smith*, 358 F.3d 16 1104. This is not what Congress provided in erecting a two-year statute of limitations for FHA design-and-construction claims. If Congress wanted to leave developers on the hook years after they cease having any association with a building, it could have phrased the statute to say so explicitly.

*Garcia v. Brockway*, 2008 U.S. App. LEXIS 10258 at pp. *12-*14.

The *Garcia v. Brockway* decision rejects the "continuing violations" doctrine for design and construction claims brought under 42 U.S.C. section 3604(f)(3)(c). On the other hand, section 3604(f)(1) violations - - discrimination in the rental of a dwelling; or section 3604(f)(2) violations - - discrimination in the terms and conditions or privileges of the rental of a dwelling, may be saved by the continuing violations doctrine. These violations - - discrimination in a rental - - are similar to the type "Congress codified as "continuing" in light of *Havens* [racial steering], where the claims were "based not solely on isolated incidents . . . , but a continuing violation manifested in a *number of incidents* - - including at least one . . . that [wa]s asserted to have occurred within the [limitations] period." 455 U.S. at 381 (emphasis added)." *Garcia v. Brockway, supra*, 2008 U.S.App. LEXIS 10258 at pp. *12-*13.

Plaintiffs' First Amended Complaint does not, however, attempt to state a claim under 42 U.S.C. sections 3604(f)(1) or (f)(2) as plaintiffs "do not allege that any disabled individual has actually suffered any injury because of [defendants'] allegedly discriminatory acts." Ex. 1, 12(b)(6) Order, p. 12:1-13. Stated another way, plaintiffs do not allege that any defendant

engaged in "disabled steering" or that any defendant otherwise ever refused to rent to a disabled person.

In any event, plaintiffs' "design and construct" discrimination claims alleging violations of 42 U.S.C. section 3604(f)(3)(c) are barred by the FHA's two year statute of limitations, except as to those nineteen apartment complexes built by the Spanos Defendants within two years of the filing of plaintiffs' complaint.

### IV. An Immediate Appeal From the 12(b)(6) Order Will Materially Advance The Ultimate Termination of This Litigation.

Plaintiffs' lack of standing is case dispositive. Failure to state a cause of action is case dispositive. Regarding statute of limitations, plaintiffs admit that they allege only "nineteen [allegedly] noncompliant properties" were designed and constructed within two years of filing of the complaint. Opposition, 14:10-11. Reducing the number of complexes sued on from 82 to 19 will materially advance the ultimate termination of this litigation. See, In re Cement Antitrust Litig. (MDL No. 296) 673 F.2d 1020, 1026.

### CONCLUSION

For the foregoing reasons, the Spanos Defendants respectfully requests that this Court issue an order certifying the order of April 4, 2008, for immediate appeal pursuant to 28 U.S.C. section 1292(b).

Respectfully submitted,

Dated: July 1, 2008

FREEMAN, D'AIUTO, PIERCE, GUREV, KEELING & WOLF

By _____
LEE ROY PIERCE, JR.
Attorneys for Defendants A.G. Spanos Construction, Inc.; A.G. Spanos Development, Inc.; A.G. Spanos Land Company, Inc.; A.G. Spanos Management, Inc., The Spanos Corporation