THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, INC., et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>A.G. SPANOS CONSTRUCTION, INC., et al.,<br><br>        Defendants.<br>_____/ | Case No. 07-3255 SBA<br><br>**ORDER**<br><br>[Docket Nos. 107 and 120] |

Currently before the Court is a Request by Defendants A.G. Spanos Construction, Inc., A.G. Spanos Development, Inc., A.G. Spanos Land Company, Inc., A.G. Spanos Management, Inc., and The Spanos Corporation (collectively the "Spanos Defendants") for Leave to Notice a Motion for Reconsideration [Docket No. 120]. Also before the Court is the Spanos Defendant's Petition for Certification pursuant to 28 U.S.C. § 1292(b) [Docket No. 107]. The request concerning reconsideration and the petition for certification to the Ninth Circuit both concern whether some of plaintiff's claims should be barred by the two year statute of limitation under the Fair Housing Amendments Act ("FHA").

On April 4, 2008, the Court issued an order denying the Spanos Defendant's entire motion to dismiss [Docket No. 98] (the "Order"). In their motion to dismiss, the Spanos Defendant's argued, inter alia, that some of plaintiffs "design and construct" claims pursuant to 42 U.S.C § 3604(f)(3)(C) were barred by the two year statute of limitations under the FHA [Docket No. 48]. In support of their motion, the Spanos Defendant's cited *Garcia v. Brockway*, 503 F.3d 1092, 1101 (9th Cir. 2007). However, the Court could not consider *Garcia* because the Ninth Circuit had agreed to rehear the case *en banc*. The Court explained:

> The Ninth Circuit recently addressed the question of when the FHA's two-year statute of limitations begins to run in *Garcia v. Brockway*, 503 F.3d 1092, 1101 (9th Cir. 2007). However, the Ninth Circuit has agreed to rehear the case *en banc*, and therefore *Garcia* cannot provide any guidance to this Court. *See* 512 F.3d 1089 ('The three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit').

(Order at 7.)

The Court proceeded to find that plaintiffs' "design and construct" claims were not barred by the FHA's two year statute of limitations finding that they were "continuing violations" under the FHA. (Order at 9.)

On May 13, 2008, the Ninth Circuit (*en banc*) issued its opinion in *Garcia v. Brockway*, 526 F.3d 456 (9th Cir. 2008). The *Garcia* opinion explains:

> [a] failure to design and construct . . . is not an indefinitely continuing practice, but a discrete instance of discrimination that terminates at the conclusion of the design-and-construction phase. . . .
>
> Were we to now hold the contrary, the FHA's statute of limitations would provide little finality for developers, who would be required to repurchase and modify (or destroy) buildings containing inaccessible features in order to avoid design-and-construction liability for every aggrieved person who solicits tenancy from subsequent owners and managers. Indeed, now that we have recognized tester standing, an aggrieved person wouldn't even need to solicit tenancy, but merely observe the violation. *See Smith*, 358 F.3d at 1104. This is not what Congress provided in erecting a two-year statute of limitations for FHA design-and-construction claims. If Congress wanted to leave developers on the hook years after they cease having any association with a building, it could have phrased the statute to say so explicitly.

*Garcia*, 526 F.3d at 462-463.

In light of the Ninth Circuit's (en banc) holding in *Garcia*, the Spanos Defendant's contend that plaintiff's "design and construct" discrimination claims alleging violations of 42 U.S.C. § 3604(f)(3)(c) are barred by the FHA's two year statute of limitations, except as to those apartment complexes built by the Spanos Defendants within two years of the filing of plaintiff's complaint.

Under Civil Local Rule 7-9 a party may make a motion for leave to file a motion for

2

reconsideration of an interlocutory order if: 1) at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought; and 2) in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order. Civil L. R. 7-9. Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion to reconsider. *Id.*

The Ninth Circuit's recent holding in *Garcia v. Brockway* concerns a material issue in contention in this case, because it addresses the FHA's statute of limitations for "design and construction" claims brought under 42 U.S.C. § (f)(3)(C). The Court was precluded from considering *Garcia v. Brockway* and the Spanos Defendant's arguments thereunder when ruling on the their initial motion to dismiss.

Accordingly, it is ORDERED that the Spanos Defendants' Request for Leave to Notice a Motion for Reconsideration [Docket No. 120] is hereby GRANTED. Within 15 days of the date of entry of this order, the Spanos Defendants may notice a motion for reconsideration of this Court's order [Docket No. 98] denying the Spanos Defendants' motion to dismiss. Pursuant to Civil Local Rule 7-9(c), the motion for reconsideration shall be limited to the issue of whether the Ninth Circuit's opinion in *Garcia v. Brockway*, 526 F.3d 456 (9th Cir. 2008) constitutes a change in law such that this court should reconsider its order denying the Spanos Defendants' motion to dismiss on statute of limitations grounds.

It is further ORDERED that the Spanos Defendant's Petition for Certification pursuant to 28 U.S.C. § 1292(b) [Docket No. 107] is DENIED without prejudice to their refiling it subsequent to the Court's resolution of their motion for reconsideration.

The hearing set for July 15, 2008 is hereby VACATED.

1     IT IS SO ORDERED.

Dated: 7/11/08            _____
SAUNDRA BROWN ARMSTRONG
United States District Judge