Michael Allen
Stephen M.  Dane
John P.  Relman
Thomas J.  Keary
Admitted *pro hac vice*
D.  Scott Chang, #146403
Relman & Dane, PLLC
1225 19th Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 728-1888
Fax: (202) 728-0848
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

National Fair Housing Alliance, Inc.,  et al.,  )
                                               )    Case No.  C07-3255 - SBA
        Plaintiffs,                            )
                                               )    **PLAINTIFFS' OPPOSITION TO THE**
    v.                                         )    **SPANOS DEFENDANTS' MOTION**
                                               )    **FOR RECONSIDERATION**
A.G.  Spanos Construction, Inc.; et al.,       )
                                               )
        Defendants.                            )
                                               )
_____            )

                                                    **Hearing date: September 23, 2008**
                                                    **Time: 1:00 P.M**.
                                                    **Dept:  Courtroom 3**

                                                    **Complaint Filed: June 20, 2007**

## I.  INTRODUCTION

        By Order of July 7, 2008 (Docket 123), this Court granted the Spanos Defendants' request to

notice a motion for reconsideration of this Court's Order (Docket 98) denying their motions to dismiss.

This Court further ordered that, pursuant to Local Rule 7-9(c), the motion for reconsideration be limited

to the issue of whether the Ninth Circuit's opinion in *Garcia v. Brockway*, 526 F.3d 456 (9th Cir. 2008)

(en banc) constitutes a change in the law such that this Court should reconsider that portion of its order

denying the Spanos Defendants' motion to dismiss on statute of limitations grounds.  As this Court

1

recognized, in denying Defendants' motions to dismiss, the repeated breaches of the law alleged by

Plaintiffs constitute a continuing violation of the FHA that was ongoing at the time Plaintiffs filed their

Complaint.  This holding, as will be shown, remains unaltered by the subsequent decision of the Ninth

Circuit in *Garcia*.  Hence, this Court should not reconsider its holding that none of the claims of the

Plaintiffs' First Amended Complaint (FAC) against the Spanos Defendants are barred by the statute of

limitations.  *National Fair Housing Alliance, et al. v. A.G. Spanos Construction, Inc. et al.*, 542 F. Supp.

2d 1054 (N.D. Cal. 2008).

## II.  ARGUMENT

Defendants' only basis for reconsideration is its bald claim that, in deciding *Garcia*, the Ninth

Circuit held the continuing violation doctrine, enunciated by the Supreme Court in *Havens Realty Corp.*

*v. Coleman*, 455 U.S. 363, 380-81, 102 S. Ct. 1114, 71 L.Ed.2d 214 (1982), to be "inapplicable to [all]

'design and construction' claims brought under 42 U.S.C. § 3604(f)(3)(C)."  Memorandum In Support of

Defendants' Motion for Reconsideration (Dkt. 126) at 2.  This is wholly unsupported by a fair reading of

*Garcia*.

In *Garcia*, the Ninth Circuit Court affirmed the validity of the continuing violation doctrine.

Quoting *Havens*, the *Garcia* majority said: "'where a plaintiff, pursuant to the Fair Housing Act,

challenges not just one incident of conduct violative of the Act, but an unlawful practice that continues

into the limitations period, that complaint is timely when it is filed within [the statutory period running

from] the last asserted occurrence of that practice.'"  (footnote omitted).  *Garcia v. Brockway*, 526 F.3d

456, 461-62 (9th Cir. 2008) (en banc).  The *Garcia* majority went on to note that Congress subsequently

codified the *Havens'* continuing violation doctrine by amending 42 U.S.C. § 3613(a)(1)(A) to include

both "the occurrence [and] *the termination of* an alleged 'discriminatory practice' as events triggering the

statute of limitations."  (emphasis added).  *Id*. at 462.

2

Unlike *Havens*, however, the practice in each of the *Garcia* cases was an isolated one—"the failure to 'design and construct *a multifamily dwelling* according to FHA standards." (footnote omitted). (emphasis added). *Id.* at 461.  Therefore, the *Garcia* majority said, the statute of limitations was triggered at the conclusion of the design and construction phase of the single multi-family dwelling involved, which was the date the last certificate of occupancy was issued; and, since in each case before the Court  the triggering event happened more than two years prior to plaintiffs bringing their lawsuits, both lawsuits were barred.  *Id*.  According to the Ninth Circuit, plaintiffs simply failed to plead facts sufficient to warrant the application of *Havens*' continuing violation doctrine.  526 F.3d at 460-62. Nowhere does the Ninth Circuit categorically reject its use where discrimination in the design and construction of multiple apartment complexes under § 3604(f)(3)(C) has been alleged, as is claimed by the Spanos Defendants.

The practices pled by Plaintiffs here are exactly the type of conduct that the Ninth Circuit recognized, in *Garcia,* as a legitimate continuing violation.  Like *Havens* and unlike *Garcia,* the practices pled by Plaintiffs are "'based not solely on isolated incidents …, but a continuing violation manifested in a number of incidents –including at least one that [was] asserted to have occurred within the [limitations] period.'"    526 F.3d at 462 (footnote omitted).  Plaintiffs' FAC alleges multiple violations of the FHA in the design and construction of dwellings in approximately 82 apartment complexes including as many as 19 that were constructed within two years of the filing of this litigation.  *See* FAC pp. 16-18.  Thus, this Court acknowledged that Plaintiffs' claim "challenges not just one incident of conduct violative of the Act, but an unlawful practice that continues into the limitations period."  542 F.Supp.2d at 1061.

The Spanos Defendants' request for reconsideration is no more than a rehash of a claim made in their motions to dismiss that this is "really just a series of discrete, individual FHA violations and therefore the statute of limitations begins to run at the completion of the construction of each complex."

3

*Id.* This court correctly rejected that argument, held that *Havens* applied to the facts of this case, and said that Defendants have offered no "intelligible argument why the reasoning of *Havens* is not applicable … ." *Id.* Even though Defendants may now rely upon *Garcia,* they still fail to provide an "intelligible argument" why *Garcia* prevents *Havens* from applying here.

Defendants' only new reasoning comes from its citation to the Ninth Circuit's general concern for designers and builders, who have sold off their inaccessible units, and who may have difficulty avoiding liability in a private civil action by simply fixing the violation.[1] 526 F.3d at 461. Of course, this concern is not relevant to those designers and builders who continue to have an ownership interest, as they may avoid liability by bringing the units into compliance. Likewise, this concern is not relevant to those designers and builders who, although no longer owners of the inaccessible units, sold the units to third parties who are receptive to retrofitting their property.[2] Even those designers and builders who encounter non-cooperating current owners do not indefinitely face exposure to liability in a private civil action. When Congress amended the FHA in 1988 it rewrote § 3613(a)(1)(A) so that the limitations period begins "after the occurrence *or the termination* of an alleged discriminatory housing practice" (emphasis added). *See also* House Report No. 100-711, at 33, *reprinted* 1988 U.S.C.C.A.N. 2179, 2194 ("[T]he statute of limitations is measured from the date of the *last asserted occurrence of the unlawful practice*.") (emphasis added). Thus, there is finality for these designers and builders two years after the cessation of the unlawful practice of designing and/or building units that do not comply with §

---

[1] As the *Garcia*, Court notes, the FHA does not provide for a statute of limitations for civil actions brought by the Attorney General for equitable relief. 526 F.3d at 460.

[2] It simply does not follow that new owners will consistently resist making their property accessible to and usable by a wider population. As this court recognized, the remediation work can be timed as to minimize inconvenience to their renters, such as between tenancies. 542 F. Supp. 2d at 1067. Of course here the Spanos defendants are not required to repurchase inaccessible buildings in order to make the

3604(f)(3)(C).   This is the same exposure to liability in a private civil action that is faced by those who engage in other forms of housing discrimination, such as discrimination in the sale or rental of housing. For all such repeat offenders, the statute of limitations is measured from the date of the last asserted occurrence of the unlawful practice.   In amending § 3613(a)(1)(A) to incorporate the continuing violation doctrine, Congress clearly intended to hold such repeat violators liable for past transgressions until a reasonable period had transpired _after_ they ceased the unlawful practice.   The FHA recognizes no exception for discrimination in the design and construction of multifamily housing; and Defendants continue to fail to provide an "intelligible argument" why this Court should take the extraordinary step of fashioning an exception here.

---

units accessible because the new owners have been joined as parties to allow this Court to order such relief as it deems appropriate.  542 F. Supp. 2d 1054.

5

**III.  CONCLUSION**

For the foregoing reasons, Defendants' motion for reconsideration should be denied.  A proposed order is attached.

Dated: August 29, 2008

                                        Respectfully submitted,

                                        ___/s/ Michael Allen_____

                                        Michael Allen
                                        Stephen M.  Dane
                                        John P.  Relman
                                        Thomas J.  Keary
                                        Admitted *pro hac vice*
                                        D.  Scott Chang, #146403
                                        Relman & Dane, PLLC
                                        1225 19th Street, NW, Suite 600
                                        Washington, DC 20036
                                        Telephone: (202) 728-1888
                                        Fax: (202) 728-0848

                                        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

## NORTHERN DISTRICT OF CALIFORNIA

I hereby certify that on August 29, 2008, a copy of the foregoing Plaintiffs' Opposition to the

Spanos Defendants' Motion for Reconsideration was electronically filed and by operation of the Court's

ECF system was served upon the following by electronic mail:

**Stephen Walters**
**Makesha Patterson**
Allen Matkins Leck,, Gamble, Mallory & Natsis, LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
swalters@allenmatkins.com
mpatterson@allenmatkins.com
*Attorneys for Defendant Knickerbocker Properties*

**Thomas Keeling**
**Lee Roy Pierce Jr**.
Freeman, D'Aiuto, Pierce, Gurev, Keeling & Wolf
1818 Grand Canal Boulevard
Stockton, California
tkeeling@freemanfirm.com
*Attorney for Defendants A.G. Spanos Construction, Inc.,*
*A.G. Spanos Development, Inc., A.G. Spanos Land Company, Inc.,*
*A.G. Spanos Management, Inc., and The Spanos Corporation*

**Shirley Jackson**
Steefel, Levitt, & Weiss, LLP
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
sjackson@steefel.com
*Attorney for Defendant Highpointe Village, L.P.*

_____/s/ Nayna Gupta_____
Nayna Gupta

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28