Michael Allen
Stephen M. Dane
John P. Relman
Thomas J. Keary
Pending admission *pro hac vice*
D. Scott Chang, #146403
Relman & Dane, PLLC
1225 19th Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 728-1888
Fax: (202) 728-0848
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

National Fair Housing Alliance, Inc., et al., )
)
Plaintiffs, )
)
v. )
)
A.G. Spanos Construction, Inc.; et al.., )
)
Defendants. )

Case No. C07-3255 - SBA

**[PROPOSED] ORDER DENYING DEFENDANTS A.G. SPANOS CONSTRUCTION, INC.; A.G. SPANOS DEVELOPMENT, INC.; A.G. SPANOS LAND COMPANY, INC.; A.G. SPANOS MANAGEMENT, INC. AND THE SPANOS CORPORATION'S MOTION FOR RECONSIDERATION**

The motion of Defendants A.G. Spanos Construction, Inc., A.G. Spanos Development, Inc., A.G. Spanos Land Company Inc, A.G. Spanos Management, Inc. and the Spanos Corporation (hereinafter, collectively, "the Spanos Defendants"), for reconsideration of this Court's Order of April 4, 2008 denying the Spanos Defendants' motion to dismiss came on for hearing on September 23, 2008 at 1:00 p.m., in Courtroom 3 of the U.S. District Court for the Northern District of California, located at 1301 Clay Street, 3d Floor, Oakland, California, the Hon. Saundra Brown Armstrong presiding. Lee Roy Pierce, Jr. and Thomas Keeling appeared on behalf of the Spanos Defendants and Michael Allen appeared on behalf of Plaintiffs.

Pursuant to Northern District Local Rule 7-9(c) and good cause appearing therefore,

IT IS HEREBY ORDERED that

The Spanos Defendants' Motion for reconsideration of this Court's Order issued on April 4, 2008 denying the Spanos Defendants' entire motion to dismiss is DENIED.

Having reconsidered the Court's April 4, 2008 Order in light of the Ninth Circuit's *en banc* decision in *Garcia v. Brockway*, 526 F.3d 456 (9th Cir. 2008), this Court concludes that the Ninth Circuit has affirmed the validity of the continuing violation doctrine enunciated by the Supreme Court in *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380-81, 102 S. Ct. 1114, 71 L.Ed.2d 214 (1982), which was subsequently codified in the amendment of 42 U.S.C. § 3613(a)(1)(A) to include both the occurrence and the termination of an alleged discriminatory practice as events triggering the statute of limitations. *Garcia,* 526 F.3d at 462.

In the context of the Fair Housing Act, the continuing violations doctrine provides that a plaintiff challenging not just one incident of conduct violative of the Act, but an unlawful practice that continues into the limitations period, timely files its complaint when it is within two years from the last asserted occurrence of that practice. *Id.* at 461-62. Plaintiffs' First Amended Complaint alleges violations of the Act in the design and construction of dwellings in approximately 82 apartment complexes including as many as 19 that were constructed within two years of the filing of this litigation. *See* First Amended Complaint, pp. 16-18.

The Court specifically rejects the Spanos Defendants' contention that *Garcia* did away with the continuing violations doctrine in all design and construction cases under the Act, and specifically reaffirms its holding that *Havens* provides the applicable law in this case.

1  Therefore, in all respects, this Court's Order of April 4, 2008 remains unchanged.
2      IT IS SO ORDERED.
3
4  Dated: _____, 2008
5
6                                                    _____
                                                    Saundra Brown Armstrong
7                                                      United States District Judge