# EXHIBIT A
(proposed *amicus* brief)

GRACE CHUNG BECKER
Acting Assistant Attorney General
Civil Rights Division
STEVEN H. ROSENBAUM
Chief, Housing and Civil Enforcement Section
REBECCA B. BOND (CA Bar #202220)
Deputy Chief, Housing and Civil Enforcement Section
JOSEPH GAETA (RI Bar #6477)
Attorney, Housing and Civil Enforcement Section
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Northwestern Building, 7th Floor
Washington, D.C. 20530
Phone:  (202) 353-9062
Fax:    (202) 514-1116
Email:  joe.gaeta@usdoj.gov

*Attorneys for Amicus Curiae United States of America*

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> A.G. SPANOS CONSTRUCTION, INC., et al. ) <br> ) <br> Defendants. ) <br> _____ ) | C.A. No. C07-3255-SBA <br><br> Hearing Date:   Sept. 23, 2008 <br> Time:           1:00 p.m. <br> Dept:           Courtroom 3 |

**AMICUS BRIEF OF THE UNITED STATES OF AMERICA**

*Amicus Brief of the United States of America - C.A. No. C07-3255-SBA*

## I. Interest of the United States

In 1988, Congress amended Section 804 of the Fair Housing Act ("FHA") to, *inter alia*, make it unlawful to discriminate against any person in housing on the basis of handicap and defined "discrimination" to include the failure to design and construct certain multi-family dwellings so that they would be accessible and usable by persons with disabilities. *See* 42 U.S.C. §§ 3604(f)(3)(C). The United States has important enforcement responsibilities under the FHA. For instance, the Attorney General may initiate civil proceedings on behalf of the United States in "pattern or practice" cases, 42 U.S.C. § 3614(a), or on behalf of an aggrieved person, following a determination by the Department of Housing and Urban Development ("HUD") of reasonable cause and an election by either the complainant or respondent to a complaint of housing discrimination filed with HUD to proceed in federal court. *See* 42 U.S.C. § 3612(o).[1] Furthermore, under the FHA private litigation is an important supplement to government enforcement. *See Trafficante* v. *Metropolitan Life Ins. Co.*, 409 U.S. 205, 211 (1972); 42 U.S.C. § 3616a (authorizing the Secretary of HUD to contract with private, non-profit fair housing organizations to conduct testing, investigation, and litigation under the FHA).

## II. Background and Procedural Posture

Plaintiffs have alleged that Defendant A.G. Spanos Construction, Inc., and related companies ("Spanos Defendants"), have designed and constructed approximately 82 properties since 1991 pursuant to a "continuous pattern and practice of discrimination against people with disabilities in violation of the FHA." First Am. Compl. ¶ 3. Specifically, Plaintiffs allege that the Spanos Defendants have committed "serial and frequent" violations of the design and

---

[1] HUD has also been charged with providing technical assistance to implement the requirements of Section 804(f)(3)(C), *see* 42 U.S.C. § 3604(f)(5)(C), and issuing rules to implement the Act. 42 U.S.C. § 3614a. To that end, HUD has issued regulations, 24 C.F.R. §100.205, implementing the accessibility provisions of the Act, and more detailed Fair Housing Accessibility Guidelines. *See* 56 Fed. Reg. 9472 (Mar. 6, 1991).

*Amicus Brief of the United States of America - C.A. No. C07-3255-SBA*  1

construction requirements of the FHA, 42 U.S.C. § 3604(f)(3)(C), since those went into effect in 1991, rendering "tens of thousands of units inaccessible to people with disabilities." *Id.* ¶¶ 5, 7. For example, Plaintiffs allege the existence of "internal thresholds at balconies, patios, and front doors or in transition from room to room" that make dwellings inaccessible in at least 19 Spanos properties built between 1995 and 2007 in four different states. *Id.* ¶ 51. They similarly allege that 15 properties built between 1996 and 2006 across five states have "environmental controls, fire alarms, electrical switches and/or electrical outlets placed beyond the reach of a wheelchair user" making them inaccessible. *Id.* ¶ 52.

Plaintiffs further contend that these inaccessible feature have been replicated in other Spanos properties. *Id.* ¶ 51-52. In addition, they allege that the Spanos Defendants used "the same or similar floor plans in the design and construction of thousands of 'covered units' at the Subject Properties." *Id.* ¶ 50. Comparing all the observed barriers to accessibility at the subject properties, Plaintiffs assert that the "frequency and similarity of these violations demonstrates that the A.G. Spanos Defendants have engaged in a pervasive pattern and practice of designing apartment communities in violation of the FHA accessibility design requirements." *Id.* ¶ 45

The Spanos Defendants filed a motion to dismiss arguing, among other things, that 42 U.S.C. § 3613(a) barred claims concerning any allegedly inaccessible property completed more than two years before Plaintiffs' complaint was filed. In doing so, they conceded that claims concerning at least eight of the properties identified by Plaintiffs were timely. *See* Doc. 48, p. 10. This Court denied the Spanos Defendants' motion to dismiss, relying largely on *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380 (1982), and concluding that Plaintiffs had successfully alleged that Defendants had engaged in a continuing violation of the FHA that extended into the statute of limitations period. *Spanos*, 542 F. Supp. 2d at 1062. The Spanos Defendants now seek reconsideration of this Court's prior decision in light of the Ninth Circuit's *en banc* decision in *Garcia v. Brockway*, 526 F.3d 456 (9th Cir. 2008), *petition for cert. filed*,

2008 WL 3165825 (U.S. Jul. 31, 2008) (No. 08-140).[2]

## III.  Argument

**This Court's Order Denying the Spanos Defendants' Motion To Dismiss Remains Correct After *Garcia v. Brockway*.**

This Court's original order was correct and supported by the Supreme Court's holding in *Havens*. It was also consistent with an unbroken line of district court cases that have similarly held that a plaintiff adequately pleads a continuing violation of the FHA by alleging that a defendant has engaged in a pattern or practice of discrimination by repeatedly designing and constructing similar multifamily dwellings that do not comply with 42 U.S.C. § 3604(f)(3)(C). As discussed below, the facts in *Garcia* did not concern the type of ongoing pattern or practice of discrimination alleged in this case, and therefore *Garcia* does not control.

In *Garcia*, the Ninth Circuit considered two consolidated claims, each alleging design and construction violations at one apartment complex.[3] Plaintiffs in *Garcia* argued that their claims were timely even though the apartment complexes had been completed more than two years before their complaints were filed because the buildings remained inaccessible into the statute of limitations period. The *Garcia* plaintiffs alleged that the mere existence of an inaccessible apartment complex into the statute of limitations period constituted a continuing violation. *Id.* at 461. They did not allege, as Plaintiffs have here, that defendants designed and constructed multiple multifamily dwellings with similar or identical inaccessible features, and that these activities continued into the limitations period. With the design and construction of only one allegedly inaccessible property at issue, the Ninth Circuit concluded that "[a]lthough

---

[2]  The petition for *certoirari* was filed in *Thompson v. Turk*, the case consolidated with *Garcia v. Brockway* in the Ninth Circuit.

[3]  The legal issues in both cases were identical, but the two apartment complexes were not otherwise related. They were designed and constructed in different cities, at different times, by different parties. *See* 526 F.3d at 459-60.

*Amicus Brief of the United States of America - C.A. No. C07-3255-SBA*                                                                 3

1 the ill effects of a failure to properly design and construct may continue to be felt decades after
2 construction is complete, failing to design and construct is a single instance of unlawful
3 conduct." *Id*. at 463.   In other words, the "single instance of unlawful conduct" in *Garcia* was
4 the design and construction of a single, inaccessible apartment complex.

5     In this case, Plaintiffs allege that the Spanos Defendants have engaged in a practice of
6 designing and constructing similar inaccessible apartment complexes, and that the practice
7 continued into the limitations period.  This Court correctly recognized in its original order that
8 these allegations fall squarely with the continuing violation theory of liability that is well-
9 accepted under the FHA.

10     The United States Supreme Court has concluded that under the FHA continuing
11 violations "should be treated differently from one discrete act of discrimination" because
12 "[w]here the challenged violation is a continuing one, the staleness concern disappears."[4]

---

[4] The conclusion in *Havens* that staleness ceases to be a concern when a violation is continuing is particularly apt for claims based on violations of 42 U.S.C. § 3604(f)(3)(C).  The features of an inaccessible building do not fade with time.  For example, a ground-floor apartment that is inaccessible because of steps leading to its entrance remains inaccessible until those steps are removed.  Inaccessible features can be observed and measured, and proof of liability does not rely upon the memory of witnesses or the availability of documents.  Indeed, courts have recognized that in "design and construct" cases "intent is not relevant to the Court's determination of whether a pattern or practice of discrimination exists." *United States v. Quality Built Const., Inc.*, 309 F. Supp. 2d 756, 760 (E.D.N.C. 2003) (noting that pattern or practice of discrimination alleged consisted of "numerous features planned and constructed in over one hundred units at two separate developments"); *see also United States v. Shanrie Co., Inc.*, No. 05-CV-306-DRH, 2007 WL 980418 at *9 (S.D. Ill. Mar. 30, 2007) (holding with respect to an alleged pattern or practice of design and construction violations that "[t]he FHA holds parties liable regardless of their intent"); H.R. Rep. 100-711, at 25 ("housing discrimination against handicapped persons is not limited to blatant, intentional acts of discrimination.  Acts that have the effect of causing discrimination can be just as devastating as intentional discrimination.  A person using a wheelchair is just as effectively excluded from the opportunity to live in a particular dwelling by the lack of access into a unit and by too narrow doorways as by a posted sign saying 'No Handicapped People Allowed'.").

*Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380 (1982). Congress reaffirmed *Havens* when it amended Section 813 of the Fair Housing Act in 1988 to allow suits no later than two years "after the occurrence *or the termination* of an alleged discriminatory housing practice."[5] 42 U.S.C. § 3613(a)(1)(A) (emphasis added); *see also* H.R. Rep. 100-711, at 33 (1988), *as reprinted in* 1988 U.S.C.C.A.N. 2173, 2194 ("The latter term is intended to reaffirm the concept of continuing violations, under which the statute of limitations is measured from the date of the last asserted occurrence of the unlawful practice.")

In *Havens*, plaintiffs alleged five different and specific discriminatory acts, four of which occurred outside the limitations period. *See* 455 U.S. at 380. The acts – providing different information about the availability of housing to persons on account of their race – were "based not solely on isolated incidents involving the two respondents, but a continuing violation manifested in a number of incidents. . . ." *Id.* at 381. The construction of any one inaccessible multifamily dwelling, like failing to provide information about the availability of housing to a person because of his race, is independently actionable and subject to its own statute of limitations. Under the FHA, it is also actionable if it occurs outside the limitations period as part of "a continuing policy and practice of unlawful" conduct that continues into the limitations

---

[5] The addition of "termination" to 42 U.S.C. § 3613(a)(1)(A) distinguishes the FHA statute of limitations from Title VII of the Civil Rights Act, 42 U.S.C.A. § 2000e-5(e)(1). ("A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred. . . .") Thus, the Supreme Court's holding under Title VII that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges," *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002), does not foreclose a continuing violation here. *See Wallace v. Chicago Hous. Auth.*, 321 F. Supp. 2d 968, 972-73 (N.D. Ill. 2004) (finding that *Morgan*, read in the context of *Havens* and § 3613, "recognizes that prior acts may be timely under the continuing-violations theory where the asserted claim necessarily arises from a pattern of unlawful conduct.")

period.[6] *Id.*

Where a continuing policy or practice is alleged, the statute of limitations begins to run upon the last act of that policy or practice. The Spanos Defendants do not contest that at least eight buildings identified by Plaintiffs as having been designed and constructed under the alleged discriminatory policy or practice were completed in the limitations period.[7] Accordingly, the FHA's two-year statute of limitations, 42 U.S.C. § 3613(a), does not bar relief for claims concerning other buildings allegedly designed and constructed under the same pattern or practice.[8]

---

[6] In their motion for reconsideration, Defendants argue that *Garcia* supports a distinction between violations of 42 U.S.C. § 3604(f)(1) and (2), which they claim are similar to the type of FHA violation in *Havens* and therefore may be "saved" by the continuing violations doctrine, and § 3604(f)(3)(c), which are not. *See* Doc. 126 at 3. *Garcia* makes no such distinction, and is not susceptible of such a reading. *Garcia* recognizes that Congress codified the continuing violation theory in *Havens* where the continuing violation is "'manifested in a *number of incidents* – including at least one . . . that [wa]s asserted to have occurred within the [limitations] period.'" *Garcia*, 526 F.3d at 462 *quoting Havens*, 455 U.S. at 381 (emphasis in *Garcia*). Plaintiffs here have alleged at least eight "incidents" of discrimination – the design and construction of an inaccessible multifamily dwelling pursuant to a pattern or practice of designing and constructing similar, inaccessible dwellings – within the limitations periods.

[7] In the context of a Title VII employment discrimination claim, the United States Supreme Court recently clarified that the statute of limitations "is triggered when a discrete unlawful practice takes place." *Ledbetter v. Goodyear Tire and Rubber Co.*, 127 S. Ct. 2162, 2164 (2007) ("A new violation does not occur, and a new charging period does not commence, upon the occurrence of subsequent nondiscriminatory acts that entail adverse effects resulting from the past discrimination.") *Ledbetter* is consistent with the application of the continuing violation theory under these facts. Given the pattern or practice of discrimination alleged, the construction of eight inaccessible properties pursuant to that practice within two years of the complaint being filed represents eight discrete discriminatory acts within the limitations period.

[8] The Attorney General, when acting pursuant to his authority to bring suit when a defendant has "engaged in a pattern or practice of resistance" to rights guaranteed by the FHA, or if a "group of persons has been denied any [FHA] rights. . . and such denial raises an issue of general public importance," 42 U.S.C. § 3614(a), operates under different statutes of limitations. Actions seeking damages are subject to a three-year statute of limitations and claims for civil

At least four district courts, in addition to this one, have relied on *Havens* to conclude that the FHA's two-year statute of limitations does not limit the type of claim alleged here.

In *Equal Rights Center v. Lions Gables Residential Trust et al.*, C.A. No. 07-cv-2358 (Aug. 13, 2008) (D. Md.), the court denied defendants' motion to dismiss claims against 41 properties allegedly designed and constructed outside the two-year statute of limitations period.[9] Plaintiff in *Lions Gables* alleged that defendants had designed and constructed at least 45 residential complexes pursuant to a "pervasive pattern and practice of designing, constructing, controlling, managing, and/or owning apartment properties in violation of FHA . . . accessibility design requirements." Compl. ¶ 10, 20.[10] Plaintiff further alleged that a "pattern and practice" of discrimination had occurred because all of the properties shared "common elements of design," most notably in kitchens and bathrooms, and many had "virtually identical floorplans." *Id*. at ¶ 36-37. In rejecting defendants' "cramped view of the viability of the continuing violations doctrine," the court concluded that "the mere fact that a property was completed more than two years prior to the filing of the FHA claim does not automatically bar suit." *Lions Gables* at 13. Notably, *Lions Gables* was decided after the Ninth Circuit's *en banc* decision in *Garcia*.

The same theory was adopted in *Equal Rights Center v. Archstone Smith Trust*, Civ. C.A. No. 04-cv-3975 (Nov. 17, 2005).[11] In *Archstone*, plaintiffs alleged a "pervasive practice of

---

penalties must be commenced within five years of the date when the claim first accrued. *Garcia*, 526 F.3d at 460. Actions by the Attorney General seeking injunctive relief are not subject to a time limit. *Id*.

[9] A copy of this order is attached as Exhibit A.

[10] A copy of the Complaint in *Lions Gables* is attached as Exhibit B.

[11] A transcript of the hearing at which defendants' motion to dismiss was denied is attached as Exhibit C.

*Amicus Brief of the United States of America - C.A. No. C07-3255-SBA*     7

systemic and continuous violation of the FHA" that included 111 apartment buildings located in 17 states and the District of Columbia. *See Archstone* Compl. ¶ 53 and Addendum A.[12] Plaintiffs alleged that the various properties shared "common design elements," *id*. ¶ 52, akin to Plaintiffs' allegations in this case. The court denied a motion to dismiss claims against properties completed outside the statute of limitations period concluding that plaintiffs had alleged a sufficient "nexus" between properties completed within and outside the statute of limitations–a nexus in location, time, and entities involved with the design and construction–to survive a motion to dismiss. *Id*. at 35. The court went on to allow further discovery on defendants' policies and practices. *See id*.

In *Silver State Fair Hous. Council, Inc. v. ERGS*, 362 F. Supp. 2d 1218, 1221-22 (D. Nev. 2005), the Court concluded that the two-year statute of limitations did not prevent plaintiff from obtaining relief for the inaccessible design and construction of an apartment complex completed more than two years before the complaint was filed where a second complex was completed within the limitations period. The court found the two developments followed "seamlessly in time" and "featured the same alleged FHA violations which continued up until the very moment plaintiff filed suit." *Id.* at 1222.

Finally, in *Memphis Cent. for Indep. Living v. Makowsky Constr. Co.*, No. 01-2069 (W.D. Tenn. filed Jul. 24, 2003) (unpublished),[13] plaintiff alleged violations of § 3604(f)(3)(C) at three different complexes built by the same developer, and filed its complaint within two years of the completion of the last phase of the newest complex. Plaintiff also alleged that the design of the three complexes was "essentially the same" with each having the same unit floor plans.

---

[12] A copy of the complaint in *Archstone* is attached to this *amicus* brief as Exhibit D.

[13] A copy of the court's unpublished decision was attached by Plaintiffs as Exhibit 3 to Doc. 74.

*Amicus Brief of the United States of America - C.A. No. C07-3255-SBA*    8

*Id.* at 2. All three complexes were designed by the same architectural firm and principal architect, owned and developed by the same entities, and constructed by the same construction company. Denying defendants' motion for summary judgment, the court concluded that plaintiffs "sufficiently established that Defendants engaged in a pattern or practice of alleged discrimination" based on the similarity of the designs of the three complexes, and the same entities having been involved in the design and construction of each. *Id.* at 6.

Each of these cases correctly recognizes that the repeated design and construction of similarly inaccessible multifamily dwellings can, in and of itself, constitute a discriminatory pattern or practice. Where such a pattern or practice is established, the completion of any one inaccessible property within the limitations periods makes timely claims for relief for others completed outside the limitations period. As this Court recognized in its previous decision, the fact that an aggrieved person could bring a FHA claim concerning any one of those inaccessible properties has no bearing on whether an aggrieved person can successfully allege a pattern or practice of discrimination, like Plaintiff has here.

> Defendants argue that *Havens* can be distinguished because the "practice" of racial steering "by definition continues over time," whereas the alleged "practice" here – the construction of each of the allegedly noncompliant 82 complexes – is really just a series of discrete, individual FHA violations, and therefore the statute of limitations begins to run at the completion of the construction of each complex. [ ] This argument is unpersuasive: a single incident of "steering" constitutes an actionable violation of the FHA, just as the construction of each complex constitutes an actionable violation of the FHA. That more than one incident of steering occurred only demonstrates a pattern of such violations, not that each incident, standing on its own, is not a violation of the FHA. Defendants have offered no intelligible argument as to why the reasoning of *Havens* is not applicable to an alleged pattern or practice of construction-based violations of the FHA.

*Spanos*, 542 F. Supp. 2d at 1061-62. Indeed, as discussed above, every court that his considered this type of pattern or practice claim has concluded that a continuing violation theory applies to the statute of limitations.

Plaintiffs allege that the Spanos Defendants have engaged in a long-term and ongoing

*Amicus Brief of the United States of America - C.A. No. C07-3255-SBA*                              9

pattern and practice discriminating against persons with disabilities by designing and constructing similar, inaccessible multifamily dwellings. Taking all allegations in Plaintiffs' favor, as this Court must on a motion to dismiss, they have adequately alleged a discriminatory practice that extends into the limitations period. This claim is factually different from the one addressed by the Ninth Circuit in *Garcia v. Brockway* and that case does not control. Accordingly, this Court should deny the Spanos Defendants' motion for reconsideration.

### IV. Conclusion

For the reasons stated above, the United States respectfully requests that this Court deny the Spanos Defendants' motion for reconsideration.

Respectfully submitted,
GRACE CHUNG BECKER
Acting Assistant Attorney General
Civil Rights Division

/s/ Joseph Gaeta
STEVEN H. ROSENBAUM
Chief, Housing and
   Civil Enforcement Section
Civil Rights Division
REBECCA B. BOND
Deputy Chief
JOSEPH GAETA
Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Northwestern Building, 7th Floor
Washington, D.C. 20530
Phone:   (202) 353-9062
Fax:   (202) 514-1116
Email:   joe.gaeta@usdoj.gov

Dated: September 2, 2008

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2008, I electronically filed with the Clerk of the Court this *Amicus* Brief as an exhibit to the United States' Motion for Leave to File *Amicus* Brief using the ECF system, which will send notification of such filing to the following:

John P. Relman
Michael Allen
D. Scott Chang
Stephen M. Dane
Thomas J. Keary
Relman & Dane
1225 19th St. NW
Suite 600
Washington, DC 20036
202-728-1888

Andrew A. Bassak
Shirley Jackson
Manatt, Phelps & Phillips, LLP
One Embarcadero Center
30th Floor
San Francisco, CA 94111-3719
415-291-7400

Thomas Harvey Keeling
Lee Roy Pierce, Jr.
Freeman, D'Aiuto, Pierce, Gurev, Keeling & Wolf
1818 Grand Canal Boulevard
Suite 4
Stockton, CA 95207
209-474-1818

Makesha Antoinette Patterson
Stephen Scott Walters
Allen Matkins Leck Gamble Mallory & Natsis LLP
3 Embarcadero Center
12th Floor
San Francisco, CA 94111
415-273-8407

/s/ Joseph Gaeta
Joseph Gaeta
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice - G St.
950 Pennsylvania Avenue NW
Washington, D.C. 20530

Telephone: (202) 353-9062
Fax: (202) 514-1116
joe.gaeta@usdoj.gov