EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE EQUAL RIGHTS CENTER          :
                                 :
     v.                          :   Civil Action No. DKC 2007-2358
                                 :
LION GABLES RESIDENTIAL          :
  TRUST, ET AL.                  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion of Defendants Lion Gables Residential Trust and Lion Gables Realty Limited Partnership to dismiss in part and for partial summary judgment (paper 17). The court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be denied.

**I. Background**

Plaintiff The Equal Rights Center, a non-profit civil rights organization dedicated to identifying, challenging and eliminating discrimination in housing, employment, public accommodations and government services, filed a complaint alleging that Defendants constructed, control, manage or own over forty multifamily housing complexes across the United States that are subject to the Fair Housing Act (FHA) and Title III of the Americans with Disabilities Act (ADA) and that testing has shown that many of those properties are in violation of prohibitions on discrimination in the design and construction. 42 U.S.C. §§ 3604(f)(1),(2),(3)(c), 42 U.S.C. §§ 12182(a), 12183(a)(1). Defendant Lion Gables Residential Trust is

a real estate investment trust that develops and manages multifamily housing dwellings across the United States and is organized under Maryland law. Defendant Lion Gables Realty Limited Partnership is a Delaware limited partnership owned and controlled by the Lion Gables Residential Trust. Plaintiff represents the interests of approximately 189 public members, most of whom are persons with disabilities. Plaintiff alleges that it became aware of housing complexes being constructed in the greater Washington, D.C. region that did not comply with the accessibility requirements of these statutes, and that it diverted resources, including funding and staff members' time from the pursuit of its overall mission to conduct nationwide testing of Defendants' properties. Plaintiff avers that it found violations of the statutes at each of the eighteen Defendant properties tested. For the asserted frustration of mission, diversion of resources, and denial of public access to their disabled members, Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and costs and fees for bringing this action. Defendants filed a motion for partial dismissal and partial summary judgment on December 4, 2007, asserting that Plaintiff's claims to many of the challenged properties are barred by the statute of limitations.

**II. Standard of Review**

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 n.3 (2007). That showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court must disregard the contrary allegations of the opposing party. *See A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "[f]actual allegations must be enough to raise a right to relief

above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965 (internal citations omitted).

The statute of limitations is an affirmative defense that a party typically must raise in a pleading under Fed. R. Civ. P. 8(c) and is not usually an appropriate ground for dismissal. *See Eniola v. Leasecomm Corp.*, 214 F.Supp.2d 520, 525 (D.Md. 2002); *Gray v. Mettis*, 203 F.Supp.2d 426, 428 (D.Md. 2002). However, dismissal is proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem, North Carolina*, 85 F.3d 178, 181 (4th Cir. 1996). *See* 5B Wright & Miller, *supra,* § 1357, at 714 ("A complaint showing that the governing statute of limitations has run on the plaintiff's claim for relief is the most common situation in which the affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss under Rule 12(b)(6).").

Moreover, a court considers only the pleadings when deciding a Rule 12(b)(6) motion. Where the parties present matters outside of the pleadings and the court considers those matters, the motion is treated as one for summary judgment. *See* Fed.R.Civ.P. 12(d); *Gadsby by Gadsby v. Grasmick*, 109 F.3d 940, 949 (4th Cir. 1997); *Paukstis v. Kenwood Golf & Country Club, Inc.*, 241 F.Supp.2d 551, 556 (D.Md. 2003).

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material

fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979). The moving party bears the burden of showing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Catawba Indian Tribe of S.C. v. South Carolina*, 978 F.2d 1334, 1339 (4th Cir. 1992).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *See United States v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an

affidavit or other similar evidence in order to show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 256; *Celotex Corp.*, 477 U.S. at 324. However, "[a] mere scintilla of evidence in support of the nonmovant's position will not defeat a motion for summary judgment." *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 536 (4th Cir. 1997). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

**III. Analysis**

Although Defendants concede that some of Plaintiff's claims survive as several of the challenged properties were not designed or constructed until less than two years prior to the filing of the complaint, they nevertheless assert that the claims regarding many of the properties are subject to dismissal or summary judgment because the properties were constructed more than two years ago. Defendants argue that the claims involving six properties should be dismissed because the complaint itself reveals that construction on those properties was completed more than two years prior to the filing of this suit. Defendants seek summary judgment on claims relating to an additional thirty-five properties which they assert were also completed more than two years prior to the filing of suit. Defendants attach a declaration of Susan Ansel, Senior Vice President and Chief Operating Officer of Gables Residential, in

6

which Ansel reports that construction was completed and the last certificate of occupancy was issued for each of those thirty-five properties more than two years prior to ERC's initiating suit. Plaintiff counters that the declaration is unsupported by any admissible documentary evidence and improperly asks the court to make factual findings at the initial pleading stage prior to the commencement of discovery. Plaintiff requests discovery pursuant to Fed.R.Civ.P.56(f) and attaches an affidavit of Jerome C. Randolph to that effect. Defendants contend that the affidavit is insufficient because the information sought is either publicly available, unnecessary to respond to the pending motion, or both. Moreover, Plaintiff argues that its claims are not time barred because the continuing violations doctrine applies to the pattern and practice FHA violation claims.

In *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380 (1982), the Supreme Court of the United States applied the continuing violations doctrine to the FHA for statute of limitation purposes and explained that:

> [a] 'continuing violation' of the Fair Housing Act should be treated differently from one discrete act of discrimination. Statutes of limitations . . . are intended to keep stale claims out of the courts. Where the challenged violation is a continuing one, the staleness concern disappears. Petitioners' wooden application of [the statute of limitations], which ignores the continuing nature of the alleged violation, only undermines the broad remedial intent of Congress embodied in the Act . . . where a plaintiff, pursuant to the Fair Housing Act, challenges not just one

7

> incident of conduct violative of the Act, but an unlawful practice that continues into the limitations period, the complaint is timely when it is filed within [the applicable limitations period] of the last asserted occurrence of that practice.

(citations omitted). Six years later, Congress amended the FHA to include the provisions at issue in this case and adopted language in accord with the *Havens* application of the continuing violations doctrine to the FHA. The amendment clarified that a party can bring a claim within two years of the cessation of any ongoing discriminatory housing practice and can obtain relief for earlier FHA violations that are part of the same discriminatory practice. *See* 42 U.S.C. § 3613(a)(1)(A) ("[a]n aggrieved person may commence a civil action . . . not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice."). Congress explained that the reason it amended the statute to include the term "termination" was because it "intended to reaffirm the concept of continuing violations, under which the statute of limitations is measured from the date of the last asserted occurrence of the unlawful practice." H.R. Rep. No. 100-711, at 33, *reprinted in* 1988 U.S.C.C.A.N., at 2173, 2194 (citing *Havens*, 455 U.S. at 380-81).

Defendants assert that *Havens* is inapplicable to FHA design and construction cases and that *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), dictates that the continuing violations doctrine is unavailable. In *Morgan*, the Court applied

8

the Title VII statute of limitations and concluded that, in the context of Title VII employment discrimination cases, the continuing violations doctrine is limited to hostile work environment claims and is not available for discrete discriminatory acts. Defendants rely on language from *Morgan*, in which the Court stated that for continuing violations purposes, "discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period." 536 U.S. at 113. Further, Defendants rely on *Morgan* to undermine Plaintiff's pattern or practice allegations and cite language stating that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id*. at 113.

Plaintiff notes in response that *Morgan* did not address the continuing violations doctrine in the context of the FHA, but instead was a decision due in part to the different statutory text for the Title VII statute of limitations. Plaintiff observes that *Morgan* specifically explained that it was not addressing pattern or practice claims. *Id*. at 115 n.9. ("[w]e have no occasion here to consider the timely filing question with respect to 'pattern-or-practice' claims brought by private litigants as none are at issue here.").

The parties dispute vigorously which of these cases is most applicable to this case and cite to various Fourth Circuit and District of Maryland caselaw. First, Plaintiff points to *Baltimore*

9

*Neighborhoods, Inc. v. Rommel Builders, Inc.*, 40 F.Supp.2d. 700 (D.Md. 1999). In that case, Judge Black reviewed the FHA statute of limitations text and noted the importance of the inclusion of the word "termination" in the phrase "not later than 2 years after the occurrence or termination of an alleged discriminatory housing practice." *Id*. at 710. Judge Black cited the legislative history of that provision that explained that the word "termination" was included "to reaffirm the concept of continuing violations, under which the statute of limitations is measured from the last date of the last asserted occurrence of the unlawful practice." H.R.Rep. No. 100-711, at 33 (1988), *reprinted in* 1988 U.S.C.C.A.N. 2173, 2194. Thus, Judge Black held that the continuing violations theory was available under 42 U.S.C. § 3604 of the FHA such that "the limitations period does not begin to run until the happening of the 'last asserted occurrence' of discrimination." *Id*. (citing *Havens*, 455 U.S. at 381.).

Defendants, in turn, cite *Kuchmas v. Townson Univ.*, No. RDB 06-3281, 2007 WL 2694186, at *5 (D.Md. Sept. 10, 2007), an FHA and ADA case where Judge Bennett declined to apply the continuing violations doctrine. Plaintiff asserts that contrary to Defendants' arguments, no court has outright rejected the applicability of the *Havens* continuing violations doctrine to an FHA pattern and practice action involving design and construction discrimination. Plaintiff notes that at a recent hearing in *Equal Rights Center v. Archstone Smith Trust,* No. AMD 04-3975 (D.Md.

10

2005), Judge Davis held that "the continuing violations theory recognized in *Havens* does and should apply" to design and construction cases brought under the FHA and the ADA. (Hr'g Tr. at 65).

Finally, Defendants cite for the first time in their reply *Williams v. Giant Food Inc.*, 370 F.3d 423 (4th Cir. 2004), an employment discrimination case brought pursuant to Title VII and Section 1981 in which the United States Court of Appeals for the Fourth Circuit held that *Morgan* foreclosed the application of the continuing violations doctrine to the plaintiff's failure to promote claims because the non-promotions were discrete acts. Further, the Fourth Circuit explained that a mere allegation of pattern or practice of discrimination could not extend the applicable limitations period for discrete acts of discrimination where the plaintiff merely asserted that the discrete acts were part of a policy of discrimination.

Defendants cramped view of the viability of the continuing violations doctrine post-*Morgan* is unsupported. *Morgan* did not cite *Havens* at any point. *Morgan* was an employment case brought pursuant to Title VII. The statute of limitations for Title VII provides a limitations period that begins to run "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Thus, Title VII does not contain the "termination" language that Congress added to the FHA. As the legislative history of the inclusion of that term in the FHA explains, Congress "intended to

11

reaffirm the concept of continuing violations, under which the statute of limitations is measured from the date of the last asserted occurrence of the unlawful practice." Indeed, Congress specifically cited *Havens* in that portion of the legislative history. Defendants' citations to *Williams* and *Kuchmas* are unavailing. The factual posture of *Kuchmas* renders it distinguishable from this case. As Judge Bennett emphasized in explaining why *Baltimore Neighborhoods, Inc.* was "factually distinct" from *Kuchmas*, the defendants in *Kuchmas* were architects, not owners and managers, of the noncompliant building. Furthermore, the alleged violations in *Kuchmas* occurred at a single building and that case did not involve allegations of a pattern and practice claim, as here. In this case, Plaintiff alleged that Defendants "design[], construct[], control[], manag[e], and/or own[]" the over forty challenged properties.

The conclusion that *Morgan* does not control this case is supported by several additional indicia. As noted, the Court in *Morgan* did not rely on *Havens* at any point. Nor did the Court refer to *Havens* in *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 127 S.Ct. 2162 (2007), a recent employment case in which the Court applied *Morgan* to bar a pay discrimination suit as untimely. Moreover, the holding in *Morgan* is based on specific statutory text of Title VII. *Ledbetter,* 127 U.S. at 2176-2178 (explaining that the petitioner's analogy to the Equal Pay Act (EPA) and the Fair Labor Standards Act (FLSA) fail because "the EPA and Title VII are

12

not the same" because it does not require filing of an administrative charge or proof of discriminatory intent and the FLSA does not require proof of specific intent to discriminate). While the Court in *Ledbetter* did consider the petitioner's analogy to the National Labor Relations Act (NLRA), the Court explained that it would do so because, unlike the other statutes, the NLRA (1) "provided a model for Title VII's remedial provisions and, [(2)] like Title VII, requires the filing of a timely administrative charge." *Id*. at 2177. However, no such similarity exists between Title VII and the FHA. The Court has emphasized the unique qualities of the two statutes, underscoring that while the FHA was to be read to manifest the "broad remedial intent [that] Congress embodied in the Act," *Havens*, 455 U.S. at 380, Title VII, by contrast, resulted from a series of "legislative compromises." *Ledbetter*, 127 S.Ct. at 2170.

Thus, the mere fact that a property was completed more than two years prior to the filing of the FHA claim does not automatically bar suit. Defendants have failed to establish that any aspect of the FHA claims should be dismissed or that they are entitled to summary judgment

The parties also contest the appropriate statute of limitations period for Plaintiff's ADA claims. The ADA does not specify a limitations period. Defendants suggest that, despite the general rule that under these circumstances a court applies the most closely analogous state statute of limitations period, the

13

court should apply the two year statutory period applicable under the FHA. Defendants make this argument pursuant to the exception for "when the state's period would frustrate or interfere with the implementation of national policies or be at odds with the purpose or operation of substantive federal law." *Ackley v. Int'l Bus. Mach. Corp.*, 110 F.Supp.2d. 395, 403 (D.Md. 2000) (citing *North Star Steel Co. v. Thomas*, 515 U.S. 29, 34 (1995)). Defendants ignore that this rule is a "closely circumscribed and narrow exception to [the] general rule[,]" *North Star Steel*, 515 U.S. at 34, but the court need not determine which period would apply because the continuing violations doctrine remains applicable to Plaintiff's claims under the FHA. Thus even if the court applied the shorter FHA statute of limitations period to the ADA claims as Defendants seek, the continuing violations doctrine would bar judgment on those claims.

Finally, Defendants assert that Plaintiff's claims to nineteen of their properties should be dismissed because they allege that they did not design or construct those properties. Because Defendants rely on the affidavit they attach to their motion to support this argument, it must be considered a part of their motion for summary judgment. *See* Fed.R.Civ.P.12 (d); *Gadsby by Gadsby*, 109 F.3d at 949; *Paukstis*, 241 F.Supp.2d at 556. Plaintiff contends that the affidavit is insufficient and seek discovery pursuant to Rule 56(f) and have attached a supporting affidavit. "'Sufficient time for discovery is considered especially important

14

when the relevant facts are exclusively in the control of the opposing party."' *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 247 (4th Cir. 2002), quoting 10A CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2741 at 241 (3d ed. 1998). Defendant's affidavit does not specify that it is based on personal knowledge. Although the affidavit cites particular documents in support of the conclusions that many of the properties were constructed and completely occupied prior to the statutory period, it provides no such support for the conclusion that these properties were not owned by Defendants at that time. Plaintiff's affidavit thus "particularly specifies legitimate needs[,]" *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995), and is not akin to a mere "fishing expedition" *Morrow v. Farrell*, 187 F.Supp.2d 548, 551 (D.Md. 2002), and therefore summary judgment will not be granted on this issue at this time.

**IV. Conclusion**

For the foregoing reasons, Defendants' motion to dismiss in part and for partial summary judgment will be denied.[1]

                                                                  /s/
                                            DEBORAH K. CHASANOW
                                            United States District Judge

---

[1] The parties are directed to confer, again, concerning discovery and scheduling matters in light of the resolution of this motion. Moreover, any proposed confidentiality agreement or protective order must comply with all provisions of Fed.R.Civ.P. 26(c) and Local Rule 104.13.