**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

NATIONAL FAIR HOUSING
ALLIANCE et al.,

       Plaintiffs,

v.

A.G. SPANOS CONST. INC. et al.,

       Defendants.
       _____/

No. C 07-3255 SBA

**ORDER**
[Docket No. 124, 130]

       This matter comes before the Court on the Defendants' Motion for Reconsideration of Court's Order Denying Defendants' Motion to Dismiss [Docket No. 124], the Plaintiffs' Opposition [Docket No. 128] and Defendants' Reply [Docket No. 131]. In addition, the United States submitted a Motion for Leave to File Amicus Brief. [Docket No. 130]. Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. For the reasons that follow, the Court hereby DENIES the Motion for Reconsideration [Docket No. 124] in its entirety and GRANTS the Motion for Leave to File Amicus Brief [Docket No. 130] .

**Background**

       This action is brought by fair housing organizations against builders and owners of multifamily apartment complexes, alleging that builders constructed the complexes in a manner that denied access to disabled persons in violation of the Fair Housing Amendments Act (FHA). The Court denied the Spanos Defendants' Motion to Dismiss [Docket No. 48] on April 4, 2008. [Docket No. 98]. The Spanos Defendants filed a Motion for Leave to File Motion for Reconsideration on June 4, 2008, [Docket No. 120] which was granted by the Court on July 11, 2008 [Docket No. 123] because Local Rule 7-9 permits reconsideration of an order if there has been a change in a material

fact or law since the time the original motion was made.

In their motion to dismiss, the Spanos Defendants argued, *inter alia*, that some of plaintiffs "design and construct" claims pursuant to 42 U.S.C § 3604(f)(3)(C) were barred by the two year statute of limitations under the FHA [Docket No. 48]. In support of their motion, the Spanos Defendants cited *Garcia v. Brockway*, 503 F.3d 1092, 1101 (9th Cir. 2007). However, the Court could not consider *Garcia* because the Ninth Circuit had agreed to rehear the case *en banc*. The Court explained:

> The Ninth Circuit recently addressed the question of when the FHA's two-year statute of limitations begins to run in *Garcia v. Brockway*, 503 F.3d 1092, 1101 (9th Cir. 2007). However, the Ninth Circuit has agreed to rehear the case en banc, and therefore *Garcia* cannot provide any guidance to this Court. *See* 512 F.3d 1089 ('The three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit').

(Docket No. 123, Order at 7.)

The Court proceeded to find that plaintiffs' "design and construct" claims were not barred by the FHA's two year statute of limitations finding that they were "continuing violations" under the FHA. (Order at 9.) On May 13, 2008, the Ninth Circuit (*en banc*) issued its opinion in *Garcia v. Brockway*, 526 F.3d 456 (9th Cir. 2008). The *Garcia* opinion explains:

> [a] failure to design and construct . . . is not an indefinitely continuing practice, but a discrete instance of discrimination that terminates at the conclusion of the design-and-construction phase.
> . . .
>
> Were we to now hold the contrary, the FHA's statute of limitations would provide little finality for developers, who would be required to repurchase and modify (or destroy) buildings containing inaccessible features in order to avoid design-and-construction liability for every aggrieved person who solicits tenancy from subsequent owners and managers. Indeed, now that we have recognized tester standing, an aggrieved person wouldn't even need to solicit tenancy, but merely observe the violation. *See Smith*, 358 F.3d at 1104. This is not what Congress provided in erecting a two-year statute of limitations for FHA design-and-construction claims. If Congress wanted to leave developers on the hook years after they cease having any association with a building, it could have phrased the statute to say so explicitly.

*Garcia*, 526 F.3d at 462-463.

In light of the Ninth Circuit's (*en banc*) holding in *Garcia*, the Spanos Defendants contend

2

1  that plaintiff's "design and construct" discrimination claims alleging violations of 42 U.S.C. §

2  3604(f)(3)(c) are barred by the FHA's two year statute of limitations, except as to those apartment

3  complexes built by the Spanos Defendants within two years of the filing of plaintiff's complaint.

4      The Ninth Circuit's recent holding in *Garcia v. Brockway* concerns a material issue in

5  contention in this case because it addresses the FHA's statute of limitations for "design and

6  construction" claims brought under 42 U.S.C. § (f)(3)(C).  The Court was precluded from

7  considering *Garcia v. Brockway* and the Spanos Defendant's arguments thereunder when ruling on

8  their initial motion to dismiss.

**Analysis**

10      Plaintiffs' First Amended Complaint alleges violation of the FHA in the design and

11  construction of dwellings in approximately 82 apartment complexes including as many as 19 that

12  were constructed within two years of the filing of this litigation. *See* First Am. Compl., pp. 16-18.

13      The above allegations are those to which the motion to dismiss standard is applied.  *See*

14  Order Denying Motion to Dismiss.   This Court applied *Havens* to conclude that Plaintiffs had

15  clearly alleged a "continuing violation" of the FHA by the Spanos Defendants and that none of the

16  claims of the FAC against the Spanos Defendants are barred by the statute of limitations. [Order p.

17  9].  In *Havens*, the Supreme Court addressed the FHA's statute of limitations and held that a pattern-

18  or-practice theory may revive otherwise stale acts if these acts are part of a "continuing violation" of

19  the FHA.  *Havens Realty Corp. V. Coleman*, 455 U.S. 363, 380-381 (1982).

20      This Court also said the following:

> This argument is unpersuasive: a single incident of "steering"constitutes an
> actionable violation of the FHA, just as the construction of each complex constitutes
> an actionable violation of the FHA. That more than one incident of steering occurred
> only demonstrates a pattern of such violations, not that each incident, standing on its
> own, is not a violation of the FHA. Defendants have offered no intelligible argument
> as to why the reasoning of *Havens* is not applicable to an alleged pattern or practice
> of construction-based violations of the FHA.

26      The Spanos Defendants contend that *Havens* does not apply in this case because *Garcia*, 503

27  F.3d 1092 (9th Cir. 2008) (en banc) rejects the continuing violation doctrine as inapplicable to

3

'design and construct' discrimination claims brought under 42 U.S.C. § 3604(f)(3)(c). [Defendants' Motion, p 2].

The Spanos Defendants cite from the earlier opinion, the one this Court declined to rely upon, to support the broad proposition:

> "Here, the practice is 'a failure to design and construct,' which is not an indefinitely continuing practice, but a discrete instance of discrimination that terminates at the conclusion of the design-and-construction phase. This violation differs from the one Congress codified as 'continuing' in light of *Havens*, where the claims were "based not solely on isolated incidents ..., but a continuing violation manifested in a number of incidents-including at least one ... that [wa]s asserted to have occurred within the [limitations] period.'"

*Garcia v. Brockway*, 503 F.3d 1092, 1097 (9th Cir. 2007).

To say, as the Spanos Defendants do, that the above citation stands for the proposition that the continuing violation doctrine is inapplicable to 'design and construct' discrimination claims is too expansive a reading. The *Garcia* Court, instead, found that the continuing violation doctrine did not apply on the facts of the case it was reviewing, the alleged facts of which differ from those in the instant case.

*Garcia* considered two consolidated claims, each alleging design and construction violations at a single apartment complex. The legal issues were the same in the two cases, but the apartment complexes were not related; they were designed and constructed in different cities, at different times, and by different parties. The *Garcia* plaintiffs argued that their claims were timely even though the apartment complexes had been completed more than two years before their complaints were filed because the buildings remained inaccessible into the statute of limitations period. The plaintiffs asked the Court to find that even though the allegedly discriminatory construction was completed outside of the statue of limitations period, its discriminatory effects continued into the present. No unlawful *pattern or practice* was alleged.

The Ninth Circuit distinguished their claims as not presenting a true continuing violations issue because "[a] continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Garcia v. Brockway* 526 F.3d 456, 462 (9th Cir. 2008) (citing

4

*Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir.1981); *see also Moseke v. Miller & Smith, Inc.*, 202 F.Supp.2d 492, 507 (E.D.Va.2002)).

Having reconsidered the Court's April 4, 2008, Order in light of the Ninth Circuit's en banc decision in *Garcia v. Brockway*, 526 F.3d 456 (9th Cir. 2008), this Court concludes that the Ninth Circuit has not done away with the continuing violations doctrine in all design and construction cases under the Act. Moreover, this Court reaffirms its holding that *Havens* provides the applicable law in the instant case.

**Conclusion**

For all of the reasons set forth above, IT IS HEREBY ORDERED THAT Defendants' Motion for Reconsideration [Docket No. 124] is DENIED in its entirety. It is FURTHER ORDERED that the hearing, set for September 23, 2008, at 1:00 p.m., is VACATED.

IT IS SO ORDERED.

Dated: 9/22/08

SAUNDRA BROWN ARMSTRONG
United States District Judge

5