IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE et al., | No. C 07-3255 SBA |
| Plaintiffs, | **ORDER** |
| v. | [Docket No. 135] |
| A.G. SPANOS CONST. INC. et al., | |
| Defendants. | |

This matter comes before the Court on the Defendants' Renewed Motion for Certification Pursuant to 28 U.S.C. § 1292(b) [Docket No. 135], the Plaintiffs' Opposition [Docket No. 138] and Defendants' Reply [Docket No. 139]. Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. For the reasons that follow, the Court hereby DENIES the motion.

**BACKGROUND**

This action is brought by fair housing organizations against the builders and owners of at least 82 multifamily apartment complexes in 10 states, alleging that builders constructed the complexes in a manner that denied access to disabled persons in violation of the Fair Housing Amendments Act (FHA).

The Complaint was filed on June 20, 2007. The Court denied the Spanos Defendants' Motion to Dismiss on April 4, 2008. [Docket No. 98]. The motion to dismiss argued that the plaintiffs lacked standing and the majority of the plaintiffs' claims are barred under the FHA's two-year statute of limitations.

On April 14, 2008, Defendants filed a motion requesting the Court certify its Order denying the motion to dismiss for immediate interlocutory appeal to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b). On July 11, 2008, the Court denied the motion without prejudice in light of the Defendants' pending Motion for Reconsideration. [Docket No. 123]. The Court denied

the Motion for Reconsideration on September 23, 2008. [Docket No. 133].  The Order denying reconsideration set forth an additional basis for the Court's decision to deny the motion to dismiss. On October 2, 2008, Defendants renewed their motion for certification.  The matter is fully briefed.

## **ANALYSIS**

Defendants' motion for certification is governed by the terms of  28 U.S.C. § 1292(b), which provides: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. "

The court should construe the requirements for certification strictly, and grant a motion for certification only when exceptional circumstances warrant such action. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).  Even if the Order meets the criteria for certification under § 1292(b), the Court has discretion to grant or deny certification, and its decision is unreviewable. *Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 24 F.3d 1545, 1550 (9th Cir.1994), overruled on other grounds by *California Dept. of Water Resources v. Powerex Corp.*, 533 F.3d 1087 (9th Cir.2008). The party seeking certification under 28 U.S.C. § 1292(b) bears the burden of demonstrating that the statute's requirements are met.  *Coopers & Lyband,* 437 U.S. at 474-475.

The defendants ask the Court to certify two questions for immediate appellate review by the Ninth Circuit: (1) whether Plaintiffs have standing to sue under the FHA; and (2) whether the plaintiffs's "design and construct" claims regarding construction completed more than two years prior to the filing of the Complaint are barred by the FHA's two-hear statute of limitation.

This Court found the Complaint alleged organizational standing because the plaintiff had demonstrated (1) frustration of its organizational mission and (2) diversion of its resources to monitor the violations and educate the public regarding the discrimination at issue. *See* Order on

2

Motion to Dismiss, ¶¶10-12. As for the statute of limitations issue, this Court applied the Supreme Court's holding in *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982) to apply the continuing violations doctrine to alleged FHA violations that occurred two years before the complaint was filed.

The arguments were presented and rejected in the Orders on the motion to dismiss and the motion for certification, as well as the Order denying the Defendants' Motion for Reconsideration. [Docket Nos. 98, 123, 133], and reasons were set forth in the Orders that need not be repeated here. The Court now finds that the Defendants have failed to demonstrate that a "substantial ground for difference of opinion" on these exists or that immediate appeal would "materially advance the ultimate termination of the litigation." Therefore, the Defendants' Renewed Motion for Certification is DENIED.

## **CONCLUSION**

For all of the reasons set forth above, IT IS HEREBY ORDERED THAT Defendants' Renewed Motion for Certification Pursuant to 28 U.S.C. § 1292(b) is DENIED in its entirety. It is FURTHER ORDERED that the hearing, set for December 16, 2008, at 1:00 p.m., is VACATED.

IT IS SO ORDERED.

Dated: 12/15/08

SAUNDRA BROWN ARMSTRONG
United States District Judge