# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### (Oakland)

| | |
|---|---|
| National Fair Housing Alliance, Inc.; Fair Housing of Marin, Inc.; Fair Housing Napa Valley, Inc.; Metro Fair Housing Services, Inc.; and Fair Housing Continuum, Inc., ) ) ) ) )<br><br>         Plaintiffs, )<br> )<br>         v. )<br> )<br>A.G. Spanos Construction, Inc.; A.G. Spanos Development, Inc.; A.G. Spanos Land Company, Inc.; A.G. Spanos Management, Inc.; The Spanos Corporation; and ) ) ) ) ) )<br> )<br>Knickerbocker Properties, Inc. XXXVIII; and Highpointe Village, L.P, Individually and As Representatives of a Class of All Others Similarly Situated, ) ) ) ) )<br> )<br>         Defendants. )<br> ) | **CASE NO. C 07-3255-SBA**<br><br>**STIPULATED JUDGMENT** |

# TABLE OF CONTENTS

I.      Introduction..................................................................................................1
II.     Purposes of the Stipulated Judgment .......................................................2
III.    Definitions.....................................................................................................5
IV.     Jurisdiction and Scope of the Stipulated Judgment ................................8
V.      Owner Identification and Notification ....................................................11
        A. Identification of Owners ....................................................................11
        B. Notification of Owners.......................................................................11
        C. Owners' Failure to Cooperate ..........................................................12
        D. Payment of in Lieu Amount ..............................................................13
VI.     Alterations at the Retrofit Properties .....................................................13
        A. Alterations Identified in the Consensus Report for the Corresponding
           Retrofit Property ...............................................................................13
        B  FHAA Barriers ...................................................................................13
        C. Deadline for Attempting to Secure Consent from Owners for Permission
           to Retrofit...........................................................................................15
        D. Alterations...........................................................................................15
        E. Cost of Alterations..............................................................................16
        F. Deadline for Alterations to Common Use Facilities and the
           Exterior of Covered Units .................................................................16
        G. Deadline for Alterations to the Interior of Covered Units ..............16
        H. Notice to Tenants of Availability of Alterations..............................17
        I. Inspections ...........................................................................................17
VII.    Spanos's Sale or Transfer of Ownership Interest in a Retrofit Property ..............19
VIII.   Additional Subject Properties ..................................................................19
IX.     Retrofitting Fund to Provide for Housing Accessibility Equivalency ..................20
        A. The NFHA Housing Accessibility Fund............................................20
        B. Community Accessibility Contributions............................................22
        C. Media Campaign on Accessibility ....................................................22
        D. Coalition Building...............................................................................22
X.      Future Compliance Provisions..................................................................23
        A. General Provisions..............................................................................23
        B. Notice to, and Education of, Spanos's Current and Future Employees ..........23
        C. Notice to Public..................................................................................25
        D. Survey and Certification of Future Covered Housing .....................26
XI.     Diversion of Resources ..............................................................................26
XII.    Payment of Plaintiffs' Attorneys' Fees and Costs ..................................28
XIII.   Monitor .......................................................................................................29
XIV.    Court's Retention of Jurisdiction .............................................................30

XV.     Release ..................................................................................................31
        A.  Subject Properties ......................................................................31
        B.  Subject Matter of Action............................................................31
        C.  Covenant Not to Sue ..................................................................32
        D.  Final Disposition........................................................................32
        E.  Section 1542 Waiver ..................................................................33
        F.  Reservation of Claims.................................................................33
XVI.    Miscellaneous .....................................................................................34
        A.  Entire Agreement .......................................................................34
        B.  Deadlines....................................................................................34
        C.  Severability................................................................................34
        D.  Notice to the Parties ...................................................................34
        E.  Fees and Costs ...........................................................................36
        F.  Titles ..........................................................................................36
        G.  Counterparts...............................................................................36
        H.  Force Majeure ............................................................................36
        I.  Dismissal of Knickerbocker and Highpointe................................37
XVII.   Entry of Judgment................................................................................37

Appendix A:  Subject Properties....................................................................
Appendix B:  Retrofit Properties ...................................................................
Appendix C:  Metropolitan Areas..................................................................
Appendix D:  Notification to Owners.............................................................
Appendix E:  Employee Acknowledgment......................................................
Appendix F:  Certification of Property as Compliant with FHAA.....................
Appendix G:  Certification of Property as Compliant with Stipulated Judgment ................

# I. INTRODUCTION

The Plaintiffs in this action are National Fair Housing Alliance, Inc., a nationwide alliance of private, non-profit fair housing organizations whose mission includes advocating for the rights of people with disabilities to accessible housing; Fair Housing of Marin, Inc., located in San Rafael, California; Fair Housing Napa Valley, Inc., located in Napa, California; Metro Fair Housing Services, Inc., located in Atlanta, Georgia; and Fair Housing Continuum, Inc., located in Cocoa, Florida (collectively referred to herein as "Plaintiffs").

Defendants A.G. Spanos Construction, Inc.; A.G. Spanos Development, Inc.; A.G. Spanos Land Company, Inc.; A.G. Spanos Management, Inc.; and The Spanos Corporation (collectively referred to herein as "Spanos") are California corporations engaged in land acquisition, development, construction, and management of multifamily apartment complexes throughout the United States.  Most of the multifamily apartment complexes that are the subject of this Action no longer are owned by Spanos.

Plaintiffs filed a Complaint against Spanos on June 20, 2007.  On October 12, 2007, Plaintiffs filed a First Amended Complaint ("FAC") against Spanos, Knickerbocker Properties, Inc. XXXVIII ("Knickerbocker") and Highpointe Village, L.P ("Highpointe").  Knickerbocker and Highpointe are being dismissed with prejudice.  This action is entitled *National Fair Housing Alliance, Inc., et al. v. A.G. Spanos Construction, Inc., et al.,* United States District Court, Northern District of California, Case No. C07-3255-SBA (referred to hereinafter as the "Action").  The FAC alleges that since 1991, Spanos has engaged in a continuous pattern and practice of discrimination against people with disabilities by designing and/or constructing

1

multifamily dwellings and common- and public-use areas associated with those dwellings in such a manner as to deny people with disabilities full access to, and the use of, these facilities in violation of the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. § 3604(f)(1), (f)(2) and (f)(3)(C).[1]

At all times, Spanos has denied, and continues to deny, the allegations in the Complaint and FAC.

Plaintiffs and Spanos desire to resolve this Action voluntarily and, to that end, they have agreed to the following terms upon which this Action may be fully and finally resolved and have stipulated to the Court's entry of this Stipulated Judgment.

Plaintiffs and Spanos agree to cooperate in submitting this Stipulated Judgment to the Court for execution. None of the terms of this Stipulated Judgment shall have any force and effect unless and until Final Judgment is entered, as that term is defined in Section III H.

The purposes and terms of this Stipulated Judgment are as follows:

## II. PURPOSES OF THIS STIPULATED JUDGMENT

WHEREAS, Plaintiffs seek by this Action to: ensure, by the means set forth in this Stipulated Judgment, that Covered Multifamily Dwellings designed and/or built by Spanos are in accord with the requirements of 42 U.S.C. 3604(f)(3)(C) or that adequate equivalency through a retrofitting fund is achieved so as to offset the alleged loss of accessible units to the nation's housing market; ensure equal opportunity for all people with disabilities (FAC, ¶ 15);  promote

---

[1] The FHAA uses the term "handicap" instead of the term "disability." Both terms have the same legal meaning. *See* Bragdon v. Abbott, 524 U.S. 624, 631 (1998) (noting that definition of "disability" in the Americans with Disabilities Act is drawn almost verbatim "from the definition of 'handicap' contained in the Fair Housing Amendments Act of 1988"). This document uses the term "disability," which is more generally accepted.

2

equal housing opportunities for people with disabilities (FAC, ¶ 16); aid home seekers with

disabilities, housing industry groups, and provide assistance to disabled victims of discrimination

through investigation and litigation of FHAA violations (FAC, ¶ 17); and eliminate housing

inequities for all people with disabilities through enforcement actions (FAC, ¶ 18);

WHEREAS, Plaintiffs acknowledge that the interests of all people who have been injured

and/or damaged due to alleged violations of the FHAA at the Subject Properties are aligned with

the Plaintiffs;

WHEREAS, Plaintiffs acknowledge that in the Action they have been acting in a

representative capacity for all people who have been injured and/or damaged by alleged

violations of the FHAA by Spanos at the Subject Properties;

WHEREAS, Spanos denies that Spanos violated the FHAA or that Spanos committed

any discrimination.  Spanos agrees to enter into this Stipulated Judgment for settlement purposes

only, and neither the entry of this Stipulated Judgment, its terms, nor any action taken under this

Stipulated Judgment shall be construed as an admission by Spanos of any fault or wrongdoing, or

as an admission of the validity of any claims made by the Plaintiffs;

WHEREAS, Plaintiffs and Spanos hereby stipulate to this Stipulated Judgment in order

to fully and finally resolve the claims raised, or claims which could have been raised, in this

Action;

WHEREAS, Spanos asserts that if there are deficiencies in compliance with federal,

state, or local laws at the Subject Properties, which Spanos denies, there was no intent by Spanos

to avoid the requirements of federal, state, or local laws;

3

WHEREAS, Plaintiffs and Spanos engaged in arms-length negotiations over accessibility issues regarding the Subject Properties. Plaintiffs and Spanos each hired experts with experience in addressing accessibility issues. Plaintiffs hired William Hecker ("Hecker") of William Hecker & Associates, Inc., and Spanos hired Jack Catlin ("Catlin") of LCM Architects ("LCM");

WHEREAS, Hecker and Catlin surveyed numerous Retrofit Properties;

WHEREAS, this Action is national in scale, scope, and concern. Plaintiff National Fair Housing Alliance, Inc. is a national organization solely dedicated to ending housing discrimination and promoting residential integration. Plaintiffs allege that Spanos's extensive and continuing civil rights violations at numerous apartment complexes throughout the United States have thwarted Congressional efforts to eradicate housing discrimination against people with disabilities. Plaintiffs' interests are aligned with, include, and overlap with the public interest in fair housing as defined, interpreted, and used in *Spann v. Colonial Village, Inc.* 899 F.2d 24, 31 (D.C. Cir. 1990). As such, at all times during the Action, Plaintiffs have been acting as private attorneys general to enforce the values and objectives reflected in the FHAA and to vindicate the public interest and a policy that Congress considers to be of the highest priority. (*Trafficante v. Metropolitan Life Insurance Co.* 409 U.S. 205, 211 (1972); *Moseke v. Miller and Smith, Inc.* 202 F. Supp. 2d 492, 499 (E.D. Va. 2002)); and

WHEREAS, Plaintiffs and Spanos further agree that the controversy should be resolved without further proceedings.

4

## JUDGMENT

It is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

### III. DEFINITIONS

When used in this Stipulated Judgment, the following terms shall mean:

A.     "Action" means the action filed in the United States District Court, Northern District of California, entitled *National Fair Housing Alliance, Inc., et al. v. A.G. Spanos Construction, Inc., et al.*, Case No. C07-3255-SBA.

B.     "ADA" is the Americans with Disabilities Act, 42 U.S.C. § 12183(a)(1).

C.     "Alterations" are the remedial actions described in Section VI D of this Stipulated Judgment to be completed at the Retrofit Properties identified below.

D.     "Consensus Report" means each report identified in Section VI A, below.

E.     "Covered Multifamily Dwellings" is defined as in 42 U.S.C. § 3604 (f)(7).  For purposes of this Stipulated Judgment, the term "Covered Units" shall have the same meaning as "Covered Multifamily Dwellings."

F.     "FHAA" is the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 and any and all amendments thereto.

G.     "FHAA Barriers" are the barriers identified as an FHAA Barrier in the Consensus Reports for the corresponding Retrofit Property.

5

H.     "Final Judgment" occurs when this Stipulated Judgment has been executed in its current form by the Court and entered on the civil docket sheet by the Court clerk, and the period for appeal has lapsed without any person filing a notice of appeal.

I.     "First Amended Complaint" or "FAC" means Plaintiffs' First Amended Complaint filed on October 12, 2007.

J.     "Highpointe" refers to Highpointe Village, L.P.

K.     "HUD" is the United States Department of Housing and Urban Development.

L.     "Inspector" shall be Jack Catlin of LCM Architects unless such Inspector is replaced by Spanos.  If during the life of this Stipulated Judgment, Spanos replaces the Inspector, Spanos shall submit the name and credentials of that design professional for approval by NFHA. NFHA's approval shall not be unreasonably withheld.

M.     "Knickerbocker" refers to Knickerbocker Properties, Inc. XXXVIII.

N.     "Monitor" refers to an individual appointed by the Court to assist the Court, the Plaintiffs, Spanos, and the Owners in the resolution of disputes that may arise concerning the implementation of this Stipulated Judgment and such additional purposes that are set forth in Section XIII of this Stipulated Judgment.

O.     "NFHA" means the Plaintiff National Fair Housing Alliance, Inc.

P.     "Owners" (or Owner as to any one property) means the current owners of the Retrofit Properties.

Q.     "Parties" are Plaintiffs and Spanos.

6

R.      "Plaintiffs" are the National Fair Housing Alliance, Inc.; Fair Housing of Marin, Inc.; Fair Housing Napa Valley, Inc.; Metro Fair Housing Services, Inc.; and Fair Housing Continuum, Inc., who are, and at all times were, acting both in their capacities as entities and as private attorneys general in maintaining this Action and in enforcing the FHAA against Spanos.

S.      "Retrofit Properties" (or "Retrofit Property" as to any one property) are those multifamily properties listed in Appendix B where Spanos will make Alterations to the FHAA Barriers in accord with Section VI, below.

T.      "Retrofitting Fund" shall mean Spanos's total contribution of funds for housing accessibility equivalency as set forth in Section IX, below.

U.      "Safe Harbor" is a set of design specifications that have been recognized by HUD as providing an acceptable method of complying with the requirements of 42 U.S.C. § 3604(f)(1)(C). The Safe Harbors are ANSI A117.1 (1986); the Fair Housing Accessibility Guidelines (HUD, 1991); The Fair Housing Design Manual (1998); the Guidelines and Supplemental Questions and Answers (HUD, June 28, 1994); CABO/ANSI A117.1 (1992); ICC/ANSI A117.1 (1998); the Code Requirements for Housing Accessibility (CRHA, 2000); the International Building Code (2000, with 2001 Supplement); the International Building Code (2003); ICC/ANSI A117.1 (2003), used with the Fair Housing Act, HUD's regulations, and the Guidelines; and ICC/ANSI A117.1 (1998), used with the Fair Housing Act, HUD's regulations, and the Guidelines. Any additional safe harbor standard recognized by HUD, shall be included in this definition of Safe Harbor.

7

V.    "Spanos" is A.G. Spanos Construction, Inc.; A.G. Spanos Development, Inc.;

A.G. Spanos Land Company, Inc.; A.G. Spanos Management, Inc.; and The Spanos Corporation,

as well as their successors and assigns.

W.    "Subject Properties" are all properties subject to the FHAA that were designed

and/or constructed by Spanos, for first occupancy after March 13, 1991.  The Subject Properties

are set forth in Appendix A.

## IV.  JURISDICTION AND SCOPE OF THE STIPULATED JUDGMENT

The Parties freely, voluntarily, and without coercion agree to the entry of this Stipulated

Judgment and, to that end, the Parties stipulate, and

**THE COURT, HAVING CONSIDERED** the pleadings, law, and underlying facts,

**FINDS AS FOLLOWS**:

A.    This Court has personal jurisdiction over Plaintiffs and Spanos for purposes of

this Action and jurisdiction over this Action pursuant to 28 U.S.C. §§ 1331 and 1332, and 42

U.S.C. § 3613, subdivision (a);

B.    The provisions of this Stipulated Judgment shall be binding upon Plaintiffs and

Spanos;

C.    This Stipulated Judgment shall be deemed as adjudicating, once and for all, the

merits of each and every "Claim" (as defined in Section XV A, below), matter, and issue that

was alleged, or could have been alleged, in the FAC or any other pleading in this Action.

Accordingly, res judicata and collateral estoppel shall apply to each and every such Claim,

matter, and issue so that the Plaintiffs are forever barred from litigating such Claims, matters, and issues;

      D.     Entry of this Stipulated Judgment is in the public interest;

      E.     This Stipulated Judgment is for settlement purposes only and does not constitute an admission by Spanos of any of the allegations contained in the FAC or any other pleading in this Action;

      F.     Plaintiffs are acting as private attorneys general in maintaining this Action and enforcing the FHAA against Spanos at the Subject Properties;

      G.     In making the findings herein and fashioning the remedy, the Court has considered, inter alia:

          1.     The FHAA gives the Court the authority to fashion an appropriate remedy in this Action:

> . . . [The district court] may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate).

(42 U.S.C. § 3613(c)(1).)

          2.     The Court is "guided by general principles of equity." (*Baltimore Neighborhoods, Inc. v. Lob Inc.*, 92 F.Supp.2d 456, 468 (D.Md. 2000.)

          3.     When applying the general principles of equity to achieve a balanced and fair result, the Court must be flexible and take into account public and private needs:

> Equitable remedies are a special blend of what is necessary, what is fair, and what is workable. Traditionally, equity has been characterized by a practical flexibility in shaping its

> remedies and by a facility for adjusting and reconciling
> public and private needs.
>
> * * *
>
> The principal limitation on the court's equitable powers is
> that the relief should be no broader and no more burdensome
> than necessary to provide complete relief to the plaintiff.

(*Id.* at p.468.)

4.      Equitable remedies include relief in the form of a retrofit of a

specific barrier and/or establishing a retrofit fund to be used for making other dwellings

in the nation's housing market handicapped accessible:

> The Court further finds that affirmative action relief in the
> form of retrofitting or a retrofitting fund is an appropriate
> remedy . . . .

(*Id.* at p.467.)

> Another alternative . . . is only to establish a retrofitting fund
> to make other dwellings . . . handicapped accessible. The
> Court agrees that making other dwellings . . . handicapped
> accessible furthers the purposes of the FHAA.

(*Id.* at p. 473.)

H.      This Action addresses allegedly non-compliant Covered Multifamily Dwellings

designed and/or constructed by Spanos which are located throughout the United States.  In light

of the scope of this litigation and the inherent complexities it presents, this Stipulated Judgment

employs a combination of remediation measures, including the retrofitting of certain properties

and providing equivalency through the Retrofitting Fund to be used for the alleged loss of

accessible units to the nation's housing market.  The measures in this Stipulated Judgment satisfy

10

equity by achieving what is necessary, fair, and workable.  The measures are practical, and fairly

adjust and reconcile public and private needs.  The measures in this Stipulated Judgment

satisfactorily address the alleged loss of accessible units to the nation's housing market.

Accordingly, the measures herein fully and completely satisfy the letter and spirit of the FHAA

regarding each of the Subject Properties; and

      I.      The combination of remedies mandated by this Stipulated Judgment make it

"absolutely clear that ... there is no reasonable expectation that the alleged violation[s] will

recur; and [that those remedies] have completely eradicated the effects of the violation[s]."

(*Halet v. Wend Investment Co.,* 672 F.2d 1305, 1307 (9th Cir. 1982).)  Therefore, the Court finds

that any further legal or administrative action of any kind, except for the enforcement of this

Stipulated Judgment, instituted by any individual or entity arising from, based upon, or

connected with the alleged failure to design and/or construct the Subject Properties in

compliance with the FHAA would be moot.

## V. OWNER IDENTIFICATION AND NOTIFICATION

      A.     <u>Identification of Owners</u>:

Plaintiffs and Spanos will work cooperatively and will exert all reasonable efforts to

identify the Owners of each of the Retrofit Properties, including each Owner's name, mailing

address, and telephone number.

      B.     <u>Notification of Owners</u>:

Spanos shall send notices within thirty (30) days after Final Judgment to the Owners of

the Retrofit Properties informing them of the proposed Alterations to their property under the

11

terms of Section VI below.  The language of the notice shall conform to the notice in Appendix D to this Stipulated Judgment.

      C.     <u>Owners' Failure to Cooperate</u>:

If any Retrofit Property Owner, after notification by the Plaintiffs and/or Spanos of the terms of this Stipulated Judgment as provided in Section V B, refuses to provide access to the Retrofit Property so as to allow Spanos to perform the Alterations in a manner provided for under this Stipulated Judgment, Spanos shall notify Plaintiffs of such refusal, and Plaintiffs shall have twelve (12) months from its receipt of written notice of such refusal to file, in the appropriate United States District Court, a complaint which seeks to enforce the terms of this Stipulated Judgment.  Any such action which seeks to enforce the terms of this Stipulated Judgment shall be at Plaintiffs' sole cost and expense, and Plaintiffs shall not seek to recover their attorneys' fees, costs and expenses from Spanos in connection with any such action.

Plaintiffs' right to file any such action shall be subject to, or limited by, the terms of the Performance Protocols.  Each and every term of the Performance Protocols is incorporated herein by this reference.  In the event that Plaintiffs or any one of them do not timely file an action against any Retrofit Property Owner then in lieu of Spanos's obligation to make any Alterations at such Retrofit Property, Spanos shall contribute to the NFHA Housing Accessibility Fund described in Section IX, below, an additional sum as set forth in the Performance Protocols.

D.    Payment of in Lieu Amount:

Spanos's obligation to make Alterations to any Retrofit Property is subject to and limited

by the terms of the Performance Protocols.  Any Retrofit Property identified on Appendix B for

which Spanos pays the in lieu amount as set forth in the Performance Protocols shall be deemed

forever removed as a Retrofit Property and permanently stricken from Appendix B.   Any

additional sums due hereunder shall be payable thirty-six (36) months after Final Judgment,

unless the date for said payment has been extended by agreement of  NFHA and Spanos.

## VI.  ALTERATIONS AT THE RETROFIT PROPERTIES

A.    Alterations Identified in the Consensus Report for the Corresponding Retrofit
Property:

A Consensus Report has been completed for each Retrofit Property identified in

Appendix B.

B.    FHAA Barriers:

The FHAA Barriers to be retrofitted at each Retrofit Property are those barriers identified

in the Consensus Report for each respective Retrofit Property.  Except for the FHAA Barriers

identified in the Consensus Report for each Retrofit Property, Spanos shall have no obligation to

make any other Alterations or retrofits at a Retrofit Property.  Spanos shall have no obligation to

make Alterations or retrofits at any Subject Property which is not a Retrofit Property.

Performance of the Alterations at the Retrofit Properties in conjunction with Spanos's funding of

the Retrofitting Fund shall be deemed full compliance with the FHAA by Spanos at the Subject

Properties.

13

If an FHAA Barrier identified by the Consensus Report for a specific Retrofit Property does not exist at that Retrofit Property, or the Retrofit Property complies with an exemption recognized in any Safe Harbor,[2] no Alteration for the identified FHAA Barrier shall be required. The burden of establishing any exemption recognized by any Safe Harbor shall be on Spanos, and Spanos shall provide to the Inspector and to the Plaintiff sufficient supporting plans, documentation, and calculations in support of its assertion of any exemption for any Covered Unit or common use facilities at a Retrofit Property.

As used herein, the term "FHAA Barriers" (and FHAA Barrier for any one barrier) shall only refer to those items expressly set forth in the Consensus Report for each Retrofit Property, if any such FHAA Barrier in fact exists at the Retrofit Property. An item shall not be identified as an FHAA Barrier if Spanos's original design and/or construction of the Retrofit Property was in compliance with the FHAA at the time of Spanos's original construction of the Retrofit Property. The burden of establishing such compliance shall be on Spanos.

Notwithstanding any other section in this Stipulated Judgment to the contrary, Spanos shall have no obligation to retrofit any FHAA Barrier if the FHAA Barrier arises from a remodel, reconstruction, or other alteration by a third party from the original construction performed by Spanos, unless a material factor in causing the FHAA Barrier was Spanos's failure to design and/or construct the subject Retrofit Property in compliance with the FHAA. Spanos shall have

---

[2] Spanos or the Inspector may choose any Safe Harbor for determining the applicable exemption at a Retrofit Property. However, Spanos and the Inspector may not pick and choose among the provisions of different Safe Harbors at the same Retrofit Property. Once a particular Safe Harbor is chosen for use at a particular Retrofit Property, the housing must comply with the provisions of that Safe Harbor as provided under this Stipulated Judgment.

14

no obligation to retrofit any FHAA Barrier resulting in whole or in part from a natural cause or force (e.g., foliage growth, including tree roots; erosion; settling; flooding; earth movement; and climate, including precipitation, wind, ice, sun and temperature).  Spanos shall have no obligation to retrofit any FHAA Barriers resulting from deterioration, wear, tear, use, abuse, degradation, or the passage of time.

      C.    <u>Deadline for Attempting to Secure Consent from Owners for Permission to Retrofit</u>:

Spanos shall have twelve (12) months after the entry of this Stipulated Judgment to attempt to secure the consent of Owners of Retrofit Properties to have the Alterations performed and shall, no later than thirteen (13) months after the entry of this Stipulated Judgment to notify Plaintiffs which Owners of Retrofit Properties have not consented to the Alterations.

      D.    <u>Alterations</u>:

Alterations (or Alteration as to any one retrofit) shall mean the actions required to be taken by Spanos to retrofit the FHAA Barriers identified in the Consensus Report for each Retrofit Property.  The Alterations may be accomplished by any one of the following:  (1) completion of the Alterations in a manner consistent with the Recommended Retrofit contained in the Consensus Report for the corresponding Retrofit Property; (2) completion of the Alterations in a manner consistent with the consensus reached during Catlin and Hecker's surveys of Retrofit Properties;  (3) compliance with any Safe Harbor;[3] (4) completion of any retrofit  in a manner consistent with any agreement reached by Plaintiffs and Spanos; (5)

---

[3]  See fn. 2.

compliance with the Performance Protocols agreed to by Plaintiffs and Spanos; or (6) approval

of the retrofit by the Monitor.

E.    Cost of Alterations:

Spanos agrees to pay all costs of the Alterations.

F.    Deadline for Alterations to Common Use Facilities and the Exterior of Covered

Units:

Subject to the terms of this Stipulated Judgment and the obtaining of authorization from

each specific Retrofit Property Owner, Spanos will use reasonable efforts to complete the

Alterations to the common use facilities and the exterior of Covered Units (*e.g.*, the rental office,

clubhouse, or accessible routes to and from arrival points to and from covered units) identified in

the applicable Consensus Report within eighteen (18) months after the later of Final Judgment or

receiving consent from the applicable Owner of the Retrofit Property, unless extended by written

agreement between Plaintiffs and Spanos.

G.    Deadline for Alterations To The Interior of Covered Units:

Interior Alterations concern the interior of the Covered Units at Retrofit Properties.

Subject to the terms of this Stipulated Judgment, the obtaining of authorization from each

specific Retrofit Property Owner for said unit, and the Owner obtaining approval from the tenant

for each said unit, if necessary, Spanos will use reasonable efforts to complete the interior

Alterations identified in the applicable Consensus Report as the units are turned but no later than

thirty-six (36) months after the later of Final Judgment or receiving consent from the applicable

16

Owner of the Retrofit Property, unless extended by written agreement between Plaintiff and Spanos.

      H.      <u>Notice to Tenants of Availability of Alterations</u>:

Each Retrofit Property Owner will be requested to send to each tenant of a covered dwelling unit at the Retrofit Property a notice informing each tenant of the availability of Alterations under this Stipulated Judgment and that Alterations will be done without cost to the tenant.  Any tenant may, on account of his/her own disability or the disability of a family member, request Alterations to his/her covered unit at a Retrofit Property.  Upon such a request, Spanos will use reasonable efforts to complete the Alterations relating to the interior of that tenant's Covered Unit within ninety (90) days after Spanos's receipt of the request.

      I.      <u>Inspections</u>:

Spanos shall inform the Inspector and Plaintiffs in writing of the completion of the Alterations identified in the preceding section at each Retrofit Property.  The Inspector shall then either personally conduct an on-site inspection at each Retrofit Property or supervise an LCM employee's on-site inspection at each Retrofit Property.  The inspection shall be of a sample of the completed Alterations at the Retrofit Property to determine if the Alterations have been performed according to the terms of this Stipulated Judgment.  The Inspector shall give Hecker reasonable notice of the inspection.  There shall be no minimum period of time required for any particular notice to be deemed "reasonable."  For example, if the Inspector is in the area of a Retrofit Property when the Inspector receives notice that the Retrofit Property is available for inspection, it is "reasonable" for the Inspector to give notice on the same date as the inspection.

17

The Inspector shall have no obligation to coordinate the date, time or location of any inspection with Hecker.  Notice may be given via facsimile transmission, e-mail, voice mail, or any other reasonable method.  The Inspector will make a reasonable effort to complete these inspections within thirty (30) days of receiving notice.  The inspection sample shall include at least one Covered Unit for each apartment type at a Retrofit Property (i.e., one unit classified as an A Unit [one bedroom], and one unit classified as a B Unit [two bedroom]) including, but not limited to, apartment types identified as "handicapped."

Following the foregoing inspection at each Retrofit Property, the Inspector shall identify any deficiencies in the Alterations that have been performed.  Spanos agrees to correct any deficiencies in the Alterations identified by the Inspector.  The forgoing inspection process shall be repeated as many times as necessary until the Inspector is satisfied that all Alterations have been performed, except that in lieu of making a repeat on-site inspection, the Inspector, in its sole discretion, may accept photographic evidence, which shows both the location of the measurement and the measurement itself, that a particular Alteration has been performed in accord with Section VI B, above.  Spanos will pay all costs and expenses associated with the Inspector.

The Inspector shall fully and impartially perform the duties set forth in this Stipulated Judgment.  The Inspector shall issue a written certification in the form of Appendix F that the Alterations have been completed at a specific Retrofit Property, with a copy to NFHA and Spanos.  The Inspector may have a Retrofit Property inspected in phases such that the Inspector can elect to inspect the common use facilities as soon as the common use facilities' Alterations

18

are completed and as soon as a portion of the interior Alterations are completed.  Any dispute by

Plaintiffs of the Inspector's certification shall be in writing and sent to the Inspector and Spanos

within ninety (90) days of the receipt by NFHA of each certificate.  If there is any dispute

regarding completion of the Alterations which Plaintiffs and Spanos cannot resolve among

themselves, the dispute shall be submitted to the Monitor for resolution in accordance with

Section XIII.  The Inspector's certification, if not challenged by Plaintiffs, shall be deemed final

and binding on Plaintiffs and Spanos as to each Retrofit Property upon which a certification is

issued and shall fully discharge Spanos from any further obligation under this Stipulated

Judgment as to that Retrofit Property.  After ninety (90) days following the receipt by NFHA of

each certificate, the Inspector's certification cannot be disputed for any reason in fact or law.

## VII.  SPANOS'S SALE OR TRANSFER OF OWNERSHIP
## INTEREST IN A RETROFIT PROPERTY

The sale or transfer, in whole or in part, of an ownership interest in any of the Retrofit

Properties by Spanos after the entry of this Stipulated Judgment shall not affect Spanos's

obligation to complete the Alterations at a Retrofit Property.  Should Spanos decide to sell or

transfer any ownership interest in a Retrofit Property prior to the completion of the Alterations

provided for under this Stipulated Judgment, Spanos will provide written notice to each buyer or

transferee that Spanos is required to complete the Alterations pursuant to this Stipulated

Judgment.  Spanos shall either complete the Alterations prior to the sale or transfer of the

Retrofit Property or obtain written consent of the new buyer(s)/transferee(s) to have these

Alterations performed within the time frame allotted herein at the Retrofit Property after the new

Owner takes possession of the Retrofit Property.  Not later than fourteen (14) days after such sale

or transfer, Spanos shall notify Plaintiffs in writing of actions that Spanos has taken in accord with this provision.

## VIII.   ADDITIONAL SUBJECT PROPERTIES

In the event an additional Covered Multifamily Dwelling designed and/or constructed by Spanos for first occupancy after March 13, 1991, is identified subsequent to the entry of this Stipulated Judgment, any Party may move the Court to amend this Stipulation to include such property as a Subject Property.  If the Court grants such a motion, Spanos may, in consultation with Plaintiffs, (1) elect to treat the additional Subject Property as a Retrofit Property and make Alterations in a manner consistent with the provisions of Section VI, or (2) make an additional payment to the NFHA Housing Accessibility Fund (pursuant to Section IX A) for each additional Covered Unit pursuant to the formula provided in Section V C.  Once the Alterations are completed at the additional Covered Multifamily Dwelling and certified by the Inspector or payment funds are deposited, Spanos shall have no further obligations under this Stipulated Judgment regarding any such additional Subject Property.

## IX.   RETROFITTING FUND TO PROVIDE FOR HOUSING ACCESSIBILITY EQUIVALENCY

In order to eradicate the effects of the alleged violations set forth in the FAC and address the loss to the nation's housing market arising from the alleged lack of units accessible to persons with disabilities, Spanos agrees to fund the following housing accessibility equivalency fund (the following measures are collectively identified as "Retrofitting Fund"):

A.      The NFHA Housing Accessibility Fund:  Spanos shall, over a period of five (5) years, pay the total sum of Four Million Two Hundred Thousand Four Hundred and Sixty-Six

Dollars ($4,200,466.00) ("Total Contribution") to NFHA for the NFHA Housing Accessibility Fund. This payment will be made as follows: (1) within thirty (30) days after Final Judgment ("Initial Payment Date"), Spanos shall pay the sum of Three Hundred and Fifty Thousand Dollars ($350,000.00); (2) on or before the first anniversary of the Initial Payment Date, Spanos shall pay the sum of Five Hundred Thousand Dollars ($500,000.00); (3) on or before the second anniversary of the Initial Payment Date, Spanos shall pay the sum of Five Hundred Thousand Dollars ($500,000.00); (4) on or before the third anniversary of the Initial Payment Date, Spanos shall pay the sum of Eight Hundred Thousand Dollars ($800,000.00); (5) on or before the fourth anniversary of the Initial Payment Date, Spanos shall pay the sum of One Million Twenty-Five Thousand Two Hundred and Thirty-Three Dollars ($1,025,233.00); (6) on or before the fifth anniversary of the Initial Payment Date, Spanos shall pay the sum of One Million Twenty-Five Thousand Two Hundred and Thirty-Three Dollars ($1,025,233.00). [4]

In addition to the sum mentioned in the previous paragraph of Section IX A of this Stipulated Judgment Spanos shall, within thirty-six (36) months after Final Judgment, pay into the NFHA Accessibility Fund a sum specified in the Performance Protocols with respect to each Retrofit Property where Spanos has made the election under the Performance Protocols to pay an in lieu amount in place of making Alterations at the particular Retrofit Property.

All sums received by NFHA pursuant to this section shall be administered by NFHA in a separately defined program within NFHA. The NFHA Housing Accessibility Fund shall provide a means for individuals with disabilities or parents/guardians with children with disabilities who

---

[4] Spanos agrees to pay said sum by wire transfer to Plaintiffs in care of Plaintiffs' counsel, Relman and Dane, PLLC, 1225 19th Street N.W., Suite 600, Washington, D.C. 20036-2456. Relman and Dane shall provide Spanos with wire transfer instructions within five (5) days after Final Judgment.

reside in the metropolitan areas identified in Appendix C to make modifications to increase accessibility in their residential dwellings.

B.    <u>Community Accessibility Contributions</u>:  Spanos agrees to contribute to Plaintiffs the Total Contribution of Seven Hundred Fifty Thousand Dollars ($750,000.00).  This shall be accomplished by annual payments of Fifty Thousand Dollars ($50,000.00) to each of the Plaintiffs for a period of three (3) years. These annual payments shall be within ten (10) days after Final Judgment and within ten (10) days after the first and second anniversaries of Final Judgment.  These payments shall be for the purpose of improving housing accessibility in the service area of each respective Plaintiff.  For purposes of this provision only, the service area of the National Fair Housing Alliance is the Washington, D.C. metropolitan area.  Plaintiffs will administer these contributions to provide grants or no-interest loans for greater accessibility for people with disabilities.  Plaintiffs will inform recipients that the funds have been provided by the A.G. Spanos Companies to enhance the accessibility of their homes/apartments.

C.    <u>Media Campaign on Accessibility</u>:  Within ninety (90) days after Final Judgment, Spanos shall contribute the total sum of One Hundred Thousand Dollars ($100,000.00) to the National Fair Housing Alliance for purposes of supporting the multi-media campaign promoting the benefits of living in communities that provide housing opportunities for everyone, especially people covered by the FHAA.

D.    <u>Coalition Building</u>:  Within sixty (60) days after Final Judgment, Spanos shall contribute Forty Thousand Dollars ($40,000.00) to the National Fair Housing Alliance to support the development of a coalition representing construction, social services, medical, city/county

planners, architects, fair housing practitioners, and advocacy professionals to identify new construction and modification needs and to increase the supply of accessible housing. This coalition will be established in Atlanta, GA through NFHA and Metro Fair Housing Services. The final report from the coalition will be made available on the Plaintiffs' websites. A news release will be issued by NFHA and MFHS announcing the completion of the coalition's work, releasing the report, and noting the financial support of the A.G. Spanos Companies.

## X.  FUTURE COMPLIANCE PROVISIONS

In order to prevent the recurrence of the alleged violations, Spanos agrees, for a period of six (6) years after Final Judgment, to comply with and perform each of the following:

A.    General Provisions:

Subject to the terms of this Stipulated Judgment, Spanos shall design and construct any new Covered Multifamily Dwellings in compliance with 42 U.S.C. § 3604, subdivisions (f)(1)-(3), as amended.

B.    Notice to, and Education of, Spanos's Current and Future Employees:

1.    Spanos agrees to provide all of its employees who have supervisory authority over the design and/or construction of Covered Multifamily Dwellings with a copy of the following publications: *Fair Housing Accessibility Guidelines*, 56 Fed. Reg. 9472 (1991) and the United States Department of Housing and Urban Development, *FHA Design Manual, A Manual to Assist Builders in Meeting the Accessibility Requirements of the FHA* (August 1996, Rev. April 1998).

2.      Within thirty (30) days after Final Judgment, Spanos agrees to provide to all of its then-current employees who have supervisory responsibility for the design and/or construction of Covered Multifamily Dwellings a copy of this Stipulated Judgment.  Spanos shall require each such employee to sign a statement acknowledging that he or she received and read the Stipulated Judgment and had an opportunity to have questions about the Stipulated Judgment answered.  This statement shall be substantially similar to the form in Appendix E.  A copy of each statement shall be retained by Spanos and made available to NFHA upon request for a period of three (3) years after each statement is signed.

3.      Each new employee who commences an employment relationship with Spanos and who has supervisory responsibility for the design and/or construction of Covered Multifamily Dwellings shall be given a copy of this Stipulated Judgment.  Within thirty (30) days of their becoming an employee, Spanos shall require each such new employee to sign a statement acknowledging he or she received and read the Stipulated Judgment and had an opportunity to have questions about the Stipulated Judgment answered.  This statement shall be substantially similar to the form in Appendix E.   A copy of each statement shall be retained by Spanos and made available to NFHA upon request for a period of three (3) years after each statement is signed.

4.      Spanos agrees that within six (6) months after Final Judgment, Spanos will arrange for then-current employees who have supervisory authority over the design and/or construction of Covered Multifamily Dwellings to have training in the requirements of 42 U.S.C. § 3604, subdivisions (F)(1)-(3) if such employee has not previously received such training.

24

Plaintiffs agree that LCM shall be an acceptable proposed trainer. Any other proposed trainers shall be submitted to NFHA for its approval, but that approval shall not be unreasonably withheld. Any supervising employee who previously received training, shall provide a copy of the curriculum, if available, to NFHA. Any employee trained under the provisions of this section shall sign a statement acknowledging completion of the training. A copy of each statement shall be retained by Spanos and made available to NFHA upon request for a period of three (3) years after each statement is signed.

      C.    <u>Notice to Public</u>:

      1.    Within thirty (30) days after Final Judgment, Spanos agrees to post and prominently display in the sales or rental offices of all Covered Multifamily Dwellings owned in whole or in part and/or managed by Spanos, a sign no smaller than 10 inches by 14 inches indicating that all dwellings are available for rental on a nondiscriminatory basis. A poster that complies with 24 C.F.R. Part 110 will satisfy this provision of this Stipulated Judgment.

      2.    Spanos shall include in all future advertising in newspapers, pamphlets, brochures, websites, and other promotional literature regarding any multifamily rental property owned in whole or in part and/or managed by Spanos, the universal symbol of accessibility (see below) and the following: "This property includes apartment units and common area features that are accessible to and usable by people with disabilities."



25

3.      Spanos agrees that as soon as the Alterations provided for under this Stipulated Judgment are completed, Spanos will list with the National Accessible Apartment Clearinghouse each Retrofit Property that is owned in whole or in part and/or is managed by Spanos, provided that the listing imposes no duties or obligations beyond the requirements of this Stipulated Judgment. Spanos agrees to periodically update this listing so as to provide current information as to the availability of accessible units for persons with disabilities.

D.      <u>Survey and Certification of Future Covered Housing</u>:

To facilitate compliance with the FHAA's design and construction requirements for Covered Multifamily Dwellings placed in service after Final Judgment, Spanos agrees that upon completion of the construction of any new Covered Multifamily Dwelling which Spanos begins designing and/or constructing after Final Judgment, a design professional shall conduct an on-site survey of at least one of each type of Covered Unit at the Covered Multifamily Dwelling (i.e., one unit classified as an A Unit [one bedroom] and one unit classified as a B Unit [two bedroom] as well as a survey of the common use facilities at the Covered Multifamily Dwelling and certify in writing in the form attached hereto as Appendix G that the project has been constructed in compliance with 42 U.S.C. § 3604, subdivision (F)(1)-(3), as amended. A copy of that written certification shall be provided to NFHA upon request. Plaintiffs agree that LCM may conduct such survey and provide this certification. If during the life of this Stipulated Judgment, Spanos selects any other design professional to perform this certification, Spanos shall submit the name and credentials of that design professional for approval by NFHA. This approval shall not be unreasonably withheld.

26

## XI.  DIVERSION OF RESOURCES

Spanos agrees to pay the total sum of Nine Hundred and Fifty Thousand Dollars ($950,000.00) to Plaintiffs for alleged damages and expenses for (a) the diversion of Plaintiffs' resources; (b) the frustration of Plaintiffs' mission; (c) claims arising from the alleged injuries sustained at the Subject Properties relating to the matters alleged in the FAC; and (d) reimbursement of Plaintiffs' alleged costs and expenses relating to the investigation of the Subject Properties.  This sum constitutes payment in full for all such costs, expenses, and alleged damages Plaintiffs have incurred and will incur through Final Judgment.  The Nine Hundred Fifty Thousand Dollars ($950,000.00) to be paid Plaintiffs for alleged damages and expenses as set forth above, shall be paid as follows:  (a) within ten (10) days after entry of this Stipulated Judgment, Spanos agrees to pay Four Hundred Seventy-Five Thousand Dollars ($475,000) by wire transfer to Plaintiffs in care of Plaintiffs' counsel, Relman and Dane, PLLC, 1225 19th Street N.W., Suite 600, Washington, D.C. 20036-2456; and (b) within thirty (30) days after receipt of Final Judgment, Spanos agrees to make an additional payment of Four Hundred Seventy-Five Thousand Dollars ($475,000) by wire transfer to Plaintiffs in care of Plaintiffs' counsel, Relman and Dane, PLLC.  Relman and Dane shall provide Spanos with wire transfer instructions within five (5) days after Final Judgment.

This sum excludes payment for Plaintiffs' litigation costs, expenses, and attorneys' fees, which is provided for in Section XII below.

In the event that the Stipulated Judgment is reversed after appeal, Spanos shall receive a credit in the amount of the Four Hundred Seventy-Five Thousand Dollars ($475,000.00) paid by

27

Spanos against any sums due Plaintiffs in this Action, and if Plaintiffs are ultimately awarded by the court less than Four Hundred Seventy-Five Thousand Dollars ($475,000.00) in this Action, Plaintiffs shall return the balance of said monies to Spanos.

## XII.   PAYMENT OF PLAINTIFFS' ATTORNEYS' FEES AND COSTS

A.      Spanos agrees to pay Plaintiffs' counsel the total sum of One Million Three Hundred Twenty-Five Thousand Dollars ($1,325,000.00) as reasonable attorneys' fees, litigation expenses, and costs incurred by Plaintiffs through Final Judgment and for Plaintiffs' counsel's reasonable attorneys' fees, expenses, and costs for work performed assisting Plaintiffs in monitoring Spanos's compliance with the terms of this Stipulated Judgment which may be incurred.  This sum represents Plaintiffs' and Spanos's agreement to reach a liquidated figure, taking into account Plaintiffs' and Spanos's best estimate of reasonable attorneys' fees, litigation expenses, and costs that Plaintiffs have and will incur, as well as the importance of the case, the quality of legal representation, the results obtained, and the expenditure of time and resources. The One Millions Three Hundred Twenty Five Thousand Dollars ($1,325,000.00) to be paid Plaintiffs for the reasonable attorneys fees, litigation expenses and costs as set forth above, shall be paid as follows:  (a) within ten (10) days after entry of this Stipulated Judgment, Spanos agrees to pay Six Hundred Sixty Two Thousand Five Hundred Dollars ($662,500) by wire transfer to Plaintiffs' counsel, Relman and Dane, PLLC, 1225 19th Street N.W., Suite 600, Washington, D.C. 20036-2456; and (b) within thirty (30) days after receipt of Final Judgment, Spanos agrees to make an additional payment of Six Hundred Sixty Two Thousand Five Hundred Dollars ($662,500) by wire transfer to Plaintiffs' counsel, Relman and Dane, PLLC.

Relman and Dane shall provide Spanos with wire transfer instructions within five (5) days after

Final Judgment.  Plaintiffs and their attorneys waive all rights to seek from Spanos any further

attorneys' fees, litigation expenses and costs of any kind incurred and/or generated in connection

this Action including, but not limited to, those which have been, or may be, incurred entering

into this Stipulated Judgment, monitoring the terms of this Stipulated Judgment, and enforcing, if

necessary, the terms of this Stipulated Judgment.

In the event that the Stipulated Judgment is reversed after appeal, Spanos shall receive a

credit in the amount of the Six Hundred Sixty Two Thousand Five Hundred Dollars

($662,500.00) paid by Spanos against any sums due Plaintiffs in this Action, and if Plaintiffs are

ultimately awarded by the court less than Six Hundred Sixty Two Thousand Five Hundred

Dollars ($662,500.00) in this Action, Plaintiffs shall return the balance of said monies to Spanos.

## XIII.  MONITOR

A.      Plaintiffs and Spanos shall endeavor to resolve informally any dispute regarding

the interpretation of, and/or compliance with, this Stipulated Judgment.  In the event Plaintiffs

and Spanos are unable to informally resolve any such dispute, Plaintiffs and Spanos shall enlist

the aid of the Monitor.

B.      Plaintiffs and Spanos agree to resolve any disputes which cannot be resolved

informally, arising in connection with this Stipulated Judgment exclusively through a Monitor in

San Francisco, California or at such other location as agreed by Plaintiffs and Spanos.  Plaintiffs

and Spanos agree that Viggo Boserup shall serve as the Monitor.  If Viggo Boserup cannot serve

and Plaintiffs and Spanos are unable to agree upon a replacement Monitor, the Monitor shall be

selected through Judicial Arbitration and Mediation Services ("**JAMS**") in accordance with the rules of JAMS in effect at that time, as of the initiation of the arbitration ("**JAMS Rules**").  The Monitor shall be neutral and impartial and be either a retired judge or a member or former member of the California State Bar with at least fifteen (15) years experience as a practicing lawyer.  Plaintiffs and Spanos shall submit the name of the Monitor selected by JAMS to the Court for approval.

The Monitor's duties shall include, but not be limited to, assisting the Court, the Plaintiffs and Spanos, and Owners (a) in resolving disputes between Plaintiffs and Spanos arising under this Stipulated Judgment; (b) in resolving disputes between Plaintiffs and Spanos and the Owners concerning the implementation of this Stipulated Judgment; and (c) regarding any additional purpose for which the Court requests the Monitor's assistance.  The Monitor's appointment shall expire six (6) years after Final Judgment unless extended by agreement of Plaintiffs and Spanos or otherwise ordered by the Court.

Spanos will pay all costs and expenses associated with the Monitor's position and services, but the Monitor is accountable only to the Court.  Except upon approval by the Plaintiffs, Spanos may not offer or guarantee the Monitor employment in any form, including, but not limited to, a position as a consultant or independent contractor, until six (6) years after expiration of the Monitor's appointment pursuant to this Stipulated Judgment.

## XIV.   COURT'S RETENTION OF JURISDICTION

The Court shall appoint a Magistrate Judge who shall retain jurisdiction to interpret and enforce the terms of this Stipulated Judgment.

## XV.   RELEASE

A.   <u>Subject Properties</u>:

Plaintiffs hereby forever waive their claims against and release and discharge Spanos, its predecessors, successors, assigns, privies, parents, affiliates, partners, managers, members, shareholders, direct or indirect owners, divisions, subsidiaries, architects, designers, engineers, contractors and subcontractors, and each of their directors, officers, employees, agents, representatives, shareholders, and attorneys (collectively "Spanos Affiliates") and any other entities and individuals, including the Owners of the Subject Properties, subject to section XV.F below, from any and all claims,  causes of actions, actions, complaints, obligations, demands, liability, and suits at law or in equity, known or unknown, suspected or unsuspected, accrued or unaccrued (individually "Claim" and collectively "Claims") arising out of, directly or indirectly connected with, and/or relating in any manner whatsoever to the design and/or construction of the Subject Properties in accordance with 42 U.S.C. § 3604(f)(3)(C) and the ADA.

B.   <u>Subject Matter of Action</u>:

Plaintiffs hereby forever waive, release, discharge, and hold harmless Spanos, its predecessors, successors, assigns, privies, parents, affiliates, partners, managers, members, shareholders, direct or indirect owners, divisions, subsidiaries, architects, designers, engineers, contractors and subcontractors, and each of their directors, officers, employees, agents, representatives, shareholders, and attorneys and any other entities or individuals, including the Owners of the Subject Properties, subject to section XV.F below, from any and all claims, causes of action, actions, complaints, obligations, demands, liability, and suits at law or in

31

equity, known or unknown, suspected or unsuspected, accrued or unaccrued arising out of, directly or indirectly connected with, and/or relating in any manner whatsoever to the matters and issues which were alleged, or could have been alleged, in the FAC or raised, or could have been raised, in any other manner in this Action, including, but not limited to, Claims relating to the FHAA, the Americans with Disabilities Act (ADA), and any similar federal, state or local accessibility law.

C.     Covenant Not To Sue:

Plaintiffs, on behalf of themselves and their respective predecessors, successors, assigns, agents, directors and officers expressly covenant and agree to forever refrain from instituting, maintaining, prosecuting, continuing to maintain or prosecute any suit, action, administrative action or proceeding, or assisting others with any suit, action, administrative action, or proceeding against Spanos or Spanos Affiliates, and/or any other entities or individuals, including the Owners of the Subject Properties, subject to section XV.F below and to the terms of Section D of the Performance Protocols, which arises from, is directly or indirectly connected with, and/or relates in any other manner whatsoever to the design and/or construction of the Subject Properties, including, but not limited to, Claims relating to the FHAA, the ADA, and any similar federal, state, or local accessibility law.

D.     Final Disposition:

Plaintiffs agree that Final Judgment shall extinguish all Claims and shall be a full, complete, and final disposition and settlement of all Claims against Spanos and Spanos Affiliates relating to all matters and issues which were alleged, or could have been alleged, in the FAC or

32

raised, or could have been raised, in any other manner in the Action, including, but not limited

to, Claims relating to the FHAA, the Americans With Disabilities Act (ADA), and any similar

federal, state or local accessibility law.  Accordingly, Plaintiffs stipulate and agree that res

judicata and collateral estoppel apply to each of the Claims so that the Plaintiffs are forever

barred from re-litigating Claims, matters, and issues which were alleged, or could have been

alleged, in the FAC or raised, or could have been raised, in any other manner in this Action,

including, but not limited to, Claims relating to the FHAA, the Americans with Disabilities Act

(ADA), and any similar federal, state or local accessibility law.

     E.     <u>Section 1542 Waiver</u>:

Plaintiffs acknowledge that they waive the provisions of, and any benefits that may be

conferred by, California Civil Code section 1542, which reads:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR
> SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE
> TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM OR HER MUST HAVE MATERIALLY
> AFFECTED HIS OR HER SETTLEMENT WITH THE
> DEBTOR.**

**INITIALS:** _____

     F.     <u>Reservation of Claims.</u>

An Owner of a Retrofit Property, other than Spanos, shall not be released herein unless

and until the Owner of the Retrofit Property permits Spanos to make the Alterations of the

Retrofit Property owned by the Owner as provided in the Consensus Report for the Owner's

Retrofit Property, or Plaintiffs elect to allow Spanos to contribute the additional sums due under

33

raised, or could have been raised, in any other manner in the Action, including, but not limited to, Claims relating to the FHAA, the Americans With Disabilities Act (ADA), and any similar federal, state or local accessibility law. Accordingly, Plaintiffs stipulate and agree that res judicata and collateral estoppel apply to each of the Claims so that the Plaintiffs are forever barred from re-litigating Claims, matters, and issues which were alleged, or could have been alleged, in the FAC or raised, or could have been raised, in any other manner in this Action, including, but not limited to, Claims relating to the FHAA, the Americans with Disabilities Act (ADA), and any similar federal, state or local accessibility law.

E.    Section 1542 Waiver:

Plaintiffs acknowledge that they waive the provisions of, and any benefits that may be conferred by, California Civil Code section 1542, which reads:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

**INITIALS:**    _N/S K_

F.    Reservation of Claims.

An Owner of a Retrofit Property, other than Spanos, shall not be released herein unless and until the Owner of the Retrofit Property permits Spanos to make the Alterations of the Retrofit Property owned by the Owner as provided in the Consensus Report for the Owner's Retrofit Property, or Plaintiffs elect to allow Spanos to contribute the additional sums due under

33

raised, or could have been raised, in any other manner in the Action, including, but not limited to, Claims relating to the FHAA, the Americans With Disabilities Act (ADA), and any similar federal, state or local accessibility law.  Accordingly, Plaintiffs stipulate and agree that res judicata and collateral estoppel apply to each of the Claims so that the Plaintiffs are forever barred from re-litigating Claims, matters, and issues which were alleged, or could have been alleged, in the FAC or raised, or could have been raised, in any other manner in this Action, including, but not limited to, Claims relating to the FHAA, the Americans with Disabilities Act (ADA), and any similar federal, state or local accessibility law.

E.    Section 1542 Waiver:

Plaintiffs acknowledge that they waive the provisions of, and any benefits that may be conferred by, California Civil Code section 1542, which reads:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

**INITIALS:** _____

F.    Reservation of Claims.

An Owner of a Retrofit Property, other than Spanos, shall not be released herein unless and until the Owner of the Retrofit Property permits Spanos to make the Alterations of the Retrofit Property owned by the Owner as provided in the Consensus Report for the Owner's Retrofit Property, or Plaintiffs elect to allow Spanos to contribute the additional sums due under

33

raised, or could have been raised, in any other manner in the Action, including, but not limited to, Claims relating to the FHAA, the Americans With Disabilities Act (ADA), and any similar federal, state or local accessibility law.  Accordingly, Plaintiffs stipulate and agree that res judicata and collateral estoppel apply to each of the Claims so that the Plaintiffs are forever barred from re-litigating Claims, matters, and issues which were alleged, or could have been alleged, in the FAC or raised, or could have been raised, in any other manner in this Action, including, but not limited to, Claims relating to the FHAA, the Americans with Disabilities Act (ADA), and any similar federal, state or local accessibility law.

E.    Section 1542 Waiver:

Plaintiffs acknowledge that they waive the provisions of, and any benefits that may be conferred by, California Civil Code section 1542, which reads:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

**INITIALS:**   *FC* _____

F.    Reservation of Claims.

An Owner of a Retrofit Property, other than Spanos, shall not be released herein unless and until the Owner of the Retrofit Property permits Spanos to make the Alterations of the Retrofit Property owned by the Owner as provided in the Consensus Report for the Owner's Retrofit Property, or Plaintiffs elect to allow Spanos to contribute the additional sums due under

33

raised, or could have been raised, in any other manner in the Action, including, but not limited to, Claims relating to the FHAA, the Americans With Disabilities Act (ADA), and any similar federal, state or local accessibility law.  Accordingly, Plaintiffs stipulate and agree that res judicata and collateral estoppel apply to each of the Claims so that the Plaintiffs are forever barred from re-litigating Claims, matters, and issues which were alleged, or could have been alleged, in the FAC or raised, or could have been raised, in any other manner in this Action, including, but not limited to, Claims relating to the FHAA, the Americans with Disabilities Act (ADA), and any similar federal, state or local accessibility law.

E.     Section 1542 Waiver:

Plaintiffs acknowledge that they waive the provisions of, and any benefits that may be conferred by, California Civil Code section 1542, which reads:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

**INITIALS:** _____

F.     Reservation of Claims.

An Owner of a Retrofit Property, other than Spanos, shall not be released herein unless and until the Owner of the Retrofit Property permits Spanos to make the Alterations of the Retrofit Property owned by the Owner as provided in the Consensus Report for the Owner's Retrofit Property, or Plaintiffs elect to allow Spanos to contribute the additional sums due under

Section V.C hereunder in lieu of Spanos performing the Alterations at the Owner's Retrofit Property.

## XVI.  MISCELLANEOUS

A.    Entire Agreement:

This Stipulated Judgment and the documents referenced herein constitute the entire agreement between Plaintiffs and Spanos. The only obligations that shall be imposed on Spanos pursuant to this Stipulated Judgment are those that are expressly set forth herein.

B.    Deadlines:

All deadlines and dates for performance by Plaintiffs and/or Spanos under this Stipulated Judgment may be extended or modified by agreement between NFHA and Spanos.

C.    Severability:

Each provision and term of this Stipulated Judgment shall be interpreted in such a manner as to be valid and enforceable.  In the event any provision or term of this Stipulated Judgment is determined to be, or is rendered, invalid or unenforceable, all other provisions or terms of this Stipulated Judgment shall remain unaffected to the extent permitted by law.

D.    Notice to the Parties:

All notices required or permitted hereunder shall be in writing and shall be served on the Parties at the addresses or facsimile numbers set forth below.  Any such notices shall be:

1.      Sent by overnight delivery using a nationally recognized overnight courier, in which case notice shall be deemed delivered one (1) business day after deposit with such courier; or

2.      Sent by facsimile, in which case notice shall be deemed delivered upon written confirmation of transmission of such notice; or

3.      Personally delivered, in which case notice shall be deemed delivered upon receipt by the Party to whom the notice was delivered.

As a courtesy only, email may be used to provide a Party with notification that a notice has been sent and may include a copy of the notice.  A Party's address may be changed by written notice to the other Party; provided, however, that no notice of a change of address shall be effective until receipt of such notice as provided for above.

| To Plaintiffs: | National Fair Housing Alliance<br>Attention:  Shanna Smith, President & CEO<br>1101 Vermont Ave. NW, Suite 710<br>Washington, DC  20005<br>Telephone:  (202) 898-1661<br>Facsimile:  (202) 371-9744<br>Email: ssmith@nationalfairhousing.org |
|---|---|
| With a copy to: | Michael Allen, Esq.<br>Relman & Dane PLLC<br>1225 19th Street NW, Suite 600<br>Washington, DC 20036<br>Telephone: (202) 728-1888<br>Facsimile: (202) 728-0848<br>Email:  mallen@relmanlaw.com |
| To Spanos: | Jeremiah T. Murphy<br>Chief Financial Officer<br>A.G. Spanos Companies<br>10100 Trinity Parkway, 5th Floor<br>Stockton, CA 95219<br>Telephone: (209)<br>Facsimile: (209)<br>Email:  jmurphy@agspanos.com |

35

With a copy to:        Michael L. Gurev, Esq.
Freeman, D'Aiuto, Pierce, Gurev, Keeling & Wolf
A Professional Law Corporation
1818 Grand Canal Boulevard, Suite 4
Stockton, CA 95207
Telephone: (209) 474-1818
Facsimile: (209) 474-1245
Email: mgurev@freemanfirm.com

E.      <u>Fees and Costs</u>:

Other than as provided in this Stipulated Judgment, each of the Parties agrees to bear its own costs and attorneys' fees incurred in connection with this Action.

F.      <u>Titles</u>:

The titles used in this Stipulated Judgment are non-substantive descriptions included solely for the Parties' ease of reference and shall not be construed to alter the substantive provisions of this Stipulated Judgment.

G.      <u>Counterparts</u>:

This Stipulated Judgment may be executed in counterparts, all of which when taken together shall constitute a single instrument.

H.      <u>Force Majeure</u>:

If Spanos is delayed, interrupted, or prevented from performing any of its obligations under this Stipulated Judgment and such delay, interruption, or prevention is due to fire, act of God, governmental act or failure to act, including, but not limited to, delay in the receipt of permits, labor disputes, unavailability of materials, lack of Owner cooperation, lack of tenant cooperation, or any cause outside the reasonable control of Spanos, as the case may be, then the time for performance of the affected obligation of Spanos shall be extended for a period

36

equivalent to the period of such delay, interruption, or prevention.

    I.       <u>Dismissal of Knickerbocker and Highpointe</u>

Knickerbocker and Highpointe are hereby dismissed with prejudice.

## XVII.  ENTRY OF JUDGMENT.

<u>THE COURT HEREBY ORDERS THE CLERK TO ENTER THIS STIPULATED</u>

<u>JUDGMENT ON THE CIVIL DOCKET SHEET.</u>

SO ORDERED this, _____day of _____, 2009.

_____
UNITED STATES DISTRICT COURT JUDGE

Stipulated to by the Parties as indicated by the signatures appearing below, except as to the

signatures of Knickerbocker and Highpointe, the stipulation is limited to dismissal with prejudice

as provided in paragraph XVI.I above:

**Plaintiff National Fair Housing Alliance, Inc.**

By: _Shanna L. Smith_     October 19, 2009
Name: _Shanna L. Smith_
Its: _President/CEO_

**Plaintiff Fair Housing of Marin, Inc.**

By:_____     October __, 2009
Name: _____
Its: _____

equivalent to the period of such delay, interruption, or prevention.

       I.     Dismissal of Knickerbocker and Highpointe

    Knickerbocker and Highpointe are hereby dismissed with prejudice.

### XVII. ENTRY OF JUDGMENT.

THE COURT HEREBY ORDERS THE CLERK TO ENTER THIS STIPULATED JUDGMENT ON THE CIVIL DOCKET SHEET.

    SO ORDERED this, _____ day of _____, 2009.

_____

UNITED STATES DISTRICT COURT JUDGE

Stipulated to by the Parties as indicated by the signatures appearing below, except as to the signatures of Knickerbocker and Highpointe, the stipulation is limited to dismissal with prejudice as provided in paragraph XVI.I above:

**Plaintiff National Fair Housing Alliance, Inc.**

By:_____ October __, 2009
Name: _____
Its: _____

**Plaintiff Fair Housing of Marin, Inc.**

By: _____ October _16_, 2009
Name: _NANCY B. KENYON_
Its: _EXECUTIVE DIRECTOR_

37

**Plaintiff Fair Housing Napa Valley, Inc.**

By: _Kathryn Winter_                October 6, 2009
Name: _Kathryn Winter_
Its: _Executive Director_


**Plaintiff Metro Fair Housing Services, Inc.**

By:_____ October ___, 2009
Name: _____
Its: _____


**Plaintiff Fair Housing Continuum, Inc.**

By:_____ October ___, 2009
Name: _____
Its: _____


**Defendant A.G. Spanos Construction, Inc.**

By:_____ October ___, 2009
Name: _____
Its: _____


**Defendant A.G. Spanos Development, Inc.**

By:_____ October ___, 2009
Name: _____
Its: _____

**Plaintiff Fair Housing Napa Valley, Inc.**

By:_____     October __, 2009
Name: _____
Its: _____

**Plaintiff Metro Fair Housing Services, Inc.**

By: *Foster Corbin*                              October 6, 2009
Name:  FOSTER  CORBIN
Its:  EXECUTIVE  DIRECTOR

**Plaintiff Fair Housing Continuum, Inc.**

By:_____     October __, 2009
Name: _____
Its: _____

**Defendant A.G. Spanos Construction, Inc.**

By:_____     October __, 2009
Name: _____
Its: _____

**Defendant A.G. Spanos Development, Inc.**

By:_____     October __, 2009
Name: _____
Its: _____

**Plaintiff Fair Housing Napa Valley, Inc.**

By:_____   October ___, 2009
Name: _____
Its: _____


**Plaintiff Metro Fair Housing Services, Inc.**

By:_____   October ___, 2009
Name: _____
Its: _____


**Plaintiff Fair Housing Continuum, Inc.**

By:_____   October 6, 2009
Name: _D. L. BAADE_____
Its: _EXECUTIVE DIRECTOR_____


**Defendant A.G. Spanos Construction, Inc.**

By:_____   October ___, 2009
Name: _____
Its: _____


**Defendant A.G. Spanos Development, Inc.**

By:_____   October ___, 2009
Name: _____
Its: _____

**Plaintiff Fair Housing Napa Valley, Inc.**

By:_____     October ___, 2009
Name: _____
Its: _____


**Plaintiff Metro Fair Housing Services, Inc.**

By:_____     October ___, 2009
Name: _____
Its: _____


**Plaintiff Fair Housing Continuum, Inc.**

By:_____     October ___, 2009
Name: _____
Its: _____


**Defendant A.G. Spanos Construction, Inc.**

By: _____     October _19_ 2009
Name:   MICHAEL SPANOS
Its:   Executive Vice President

**Defendant A.G. Spanos Development, Inc.**

By: _____     October _19_, 2009
Name:   MICHAEL SPANOS
Its:   Executive Vice President

**Defendant A.G. Spanos Land Company, Inc.**

By: _____     October _19_, 2009
Name: ___MICHAEL SPANOS_____
Its: _____Executive Vice President_____

**Defendant A.G. Spanos Management, Inc.**

By: _____     October _19_, 2009
Name: ___MICHAEL SPANOS_____
Its: _____Executive Vice President_____

**Defendant The Spanos Corporation**

By: _____     October _19_, 2009
Name: ___MICHAEL SPANOS_____
Its: _____Executive Vice President_____

**Defendant Knickerbocker Properties, Inc. XXXVIII,**
**Only as to Dismissal with Prejudice**

By: _____     October ___, 2009
Name: _____
Its: _____

**Defendant Highpointe Village, L.P.,**
**Only as to Dismissal with Prejudice**

By: _____     October ___, 2009
Name: _____
Its: _____

**Defendant A.G. Spanos Land Company, Inc.**

By:_____     October ___, 2009
Name: _____
Its: _____

**Defendant A.G. Spanos Management, Inc.**

By:_____     October ___, 2009
Name: _____
Its: _____

**Defendant The Spanos Corporation**

By:_____     October ___, 2009
Name: _____
Its: _____

**Defendant Knickerbocker Properties, Inc. XXXVIII,**
**Only as to Dismissal with Prejudice**

By: _Maledra Patt_____     October _0_, 2009
Name: _Makesha Patterson_____
Its: _Attorney_____

**Defendant Highpointe Village, L.P.,**
**Only as to Dismissal with Prejudice**

39

**Defendant A.G. Spanos Land Company, Inc.**

By:_____     October ___, 2009
Name: _____
Its: _____


**Defendant A.G. Spanos Management, Inc.**

By:_____     October ___, 2009
Name: _____
Its: _____


**Defendant The Spanos Corporation**

By:_____     October ___, 2009
Name: _____
Its: _____


**Defendant Knickerbocker Properties, Inc. XXXVIII,**
**Only as to Dismissal with Prejudice**

By:_____     October ___, 2009
Name: _____
Its: _____


**Defendant Highpointe Village, L.P.,**
**Only as to Dismissal with Prejudice**

By: _[signature]_____     October 19, 2009
Name: _Andrew A. Bassak /Manatt Phelps & Phillips_
Its: _Counsel /Attorneys for Highpointe Village, L.P._

39

Respectfully Submitted,

_____

Michael Allen
Stephen M. Dane
John P. Relman
Thomas J. Keary
Admitted pro hac vice
D. Scott Chang, Bar No. 146403
Relman & Dane, PLLC
1225 19th Street, NW, Suite 600
Washington DC 20036
Telephone: (202) 728-1888
Fax: (202) 728-0848
Attorneys for Plaintiffs

Dated:  October 20, 2009

_____

Maxwell M. Freeman #31278
Lee Roy Pierce, Jr. #119318
Michael L. Gurev  #163268
Thomas H. Keeling #114979
Freeman, D'Aiuto, Pierce
  Gurev, Keeling & Wolf, PLC
1818 Grand Canal Boulevard, Suite 4
Stockton, California 95207
Telephone (209) 474-1818
Fax: (202) 474-1245
Attorneys for Defendants

Dated:  October 19, 2009

40

**APPENDIX A**

**SUBJECT PROPERTIES**

| No | Property Address: |
|----|-------------------|
| 1 | Ocotillo Bay<br>1889 West Queen Creek<br>Chandler, AZ 85248 |
| 2 | Biscayne Bay (Phases I & II)<br>300 East Warner Road<br>Chandler, AZ 85224 |
| 3 | Arrowhead Landing<br>15740 North 83rd Avenue<br>Peoria, AZ 85382 |
| 4 | Sonoma Ridge<br>9246 W. Beardsley Road<br>Peoria, AZ 85382 |
| 5 | Tuscany Ridge<br>8203 West Oraibi Drive<br>Peoria, AZ 85382 |
| 6 | Tamarron<br>4410 N. 99th Avenue<br>Phoenix, AZ 85037 |
| 7 | Rolling Oaks<br>3700 Lyon Rd<br>Fairfield, CA 94534 |
| 8 | Park Crossing<br>2100 West Texas Street<br>Fairfield, CA 94533 |
| 9 | Willow Springs<br>240 McAdoo Drive<br>Folsom, CA 95630 |
| 10 | Aventine<br>47750 Adams Street<br>La Quinta, CA 92253 |

| No | Property Address: |
|----|-------------------|
| 11 | The Enclave<br>30300 Antelope Rd<br>Menifee, CA 92584 |
| 12 | Hawthorne Village<br>3663 Solano Avenue<br>Napa, CA 94558 |
| 13 | Ashgrove Place<br>3250 Laurelhurst Drive<br>Rancho Cordova, CA 95670 |
| 14 | Stone Canyon<br>5100 Quail Run Road<br>Riverside, CA 92507 |
| 15 | View Point<br>5059 Quail Run Road<br>Riverside, CA 92507 |
| 16 | Mountain Shadows<br>160 Golf Course Drive<br>Rohnert Park, CA 94928 |
| 17 | Windsor at Redwood Creek<br>600 Rohnert Park Expressway<br>Rohnert Park, CA 94928 |
| 18 | Cobble Oaks<br>12155 Tributary Point Drive<br>Sacramento, CA 95831 |
| 19 | Sycamore Terrace<br>40 Park City Court<br>Sacramento, CA 95831 |
| 20 | The Pavilions<br>5222 Consumnes Drive<br>Stockton, CA 95219 |
| 21 | Tuscany Ridge<br>41955 Margarita Rd<br>Temecula, CA 92591 |

| No | Property Address: |
|----|-------------------|
| 22 | River Oaks<br>1000 Allison Drive<br>Vacaville, CA 95687 |
| 23 | The Commons<br>1300 Burton Drive<br>Vacaville, CA 95687 |
| 24 | North Pointe<br>6801 Leisure Town Rd<br>Vacaville, CA 95688 |
| 25 | Spring Canyon<br>4510 Spring Canyon Heights<br>Colorado Springs, CO 80918 |
| 26 | Pine Bluffs<br>6470 Timber Bluff Point<br>Colorado Springs, CO 80907 |
| 27 | Asprey Place at Lake Brandon<br>1240 Astor Common Place<br>Brandon, FL 33511<br>[AKA: Asprey Place Apts] |
| 28 | Lucerne at Lake Brandon<br>1419 Lake Lucerne Way<br>Brandon, FL 33511 |
| 29 | The Hamlin at Lake Brandon<br>1508 LaDora Drive<br>Brandon, FL 33511<br>[AKA: Hamlin Apts] |
| 30 | Versant Place<br>1010 Versant Drive<br>Brandon, FL 33511 |
| 31 | Alexandria (Phase I)<br>10651 Demilo Place<br>Orlando, FL 32836 |
| 32 | Egret's Landing<br>1500 Seagull Drive<br>Palm Harbor, FL 34685 |

| No | Property Address: |
|----|-------------------|
| 33 | Andover Place<br>10202 Alta Vista Avenue<br>Tampa, FL 33647 |
| 34 | Addison Park<br>10328 Venetia Real Avenue<br>Tampa, FL 33647<br> (Phase II of Andover Place) |
| 35 | Portofino at West Meadows<br>8702 New Tampa Boulevard<br>Tampa, FL 33647 |
| 36 | Park Del Mar at Pebble Creek<br>19411 Via Del Mar<br>Tampa, FL 33647<br>(AKA: Park Del Mar Apts/Pebble Creek] |
| 37 | Arlington at Northwood<br>1930 Devonwood Drive<br>Wesley Chapel, FL 33543 |
| 38 | Delano at Cypress Creek<br>2440 Delano Place<br>Wesley Chapel, FL 33543<br>(AKA: Cypress Creek Apts] |
| 39 | The Alexander at the District<br>1731 Commerce Drive, NW<br>Atlanta, GA 30318 |
| 40 | The Alexander at the Perimeter<br>70 Perimeter Center<br>Atlanta, GA 30346 |
| 41 | The Battery at Chamblee<br>3450 Miller Drive, Suite 100<br>Chamblee, GA 30341 |
| 42 | Idlewylde<br>1435 Boggs Road<br>Duluth, GA 30096 |

| No | Property Address: |
|----|-------------------|
| 43 | The Oaks<br>909 Penn Waller Road<br>Savannah, GA 31410 |
| 44 | Corbin Crossing<br>6801 W. 138 Terrace<br>Overland Park, KS 66223 |
| 45 | Highpointe Village<br>10000 81 Street<br>Overland Park, KS 66204 |
| 46 | Berkeley Place<br>500 Solano Drive<br>Charlotte, NC 28262 |
| 47 | Parkside<br>605 Candler Lane<br>Charlotte, NC 28217 |
| 48 | Cheswyk (Phase I)<br>14360 Wynhollow Downs<br>Charlotte, NC 28277 |
| 49 | Eagle Ranch II<br>9270 Eagle Ranch Road, NW<br>Albuquerque, NM 87114 |
| 50 | Villa Serena<br>325 N. Gibson Road<br>Henderson, NV 89014 |
| 51 | Big Horn/Horizon Bluffs<br>231 West Horizon Ridge<br>Henderson, NV 89012 |
| 52 | Timberlake Apartments<br>80 South Gibson<br>Henderson, NV 89012 |
| 53 | Alexander Gardens<br>3900 Dalecrest Drive<br>Las Vegas, NV 89129 |

| No | Property Address: |
|----|-------------------|
| 54 | Diamonds Sands<br>8445 Las Vegas Boulevard South<br>Las Vegas, NV 89123 |
| 55 | Eagle Crest (Phases I & II)<br>5850 Sky Pointe Drive<br>Las Vegas, NV 89130 |
| 56 | Summer Winds<br>2725 West Wigwam<br>Las Vegas, NV 89123 |
| 57 | Summit Trails<br>1350 Grand Summit Drive<br>Reno, NV 89523 |
| 58 | Canyon Vista (Phase I)<br>5200 Los Altos Parkway<br>Sparks, NV 89436 |
| 59 | Bristol Bay at Desert Highlands  (Phase II)<br>5300 Los Altos Parkway<br>Sparks, NV 89436 |
| 60 | Eastland Hills<br>1855 Baring Boulevard<br>Sparks, NV 89434 |
| 61 | Benton Pointe<br>205 Benton Drive<br>Allen, TX 75013 |
| 62 | Lansbrook at Twin Creeks<br>505 Benton Drive<br>Allen, TX 75013<br>(AKA: Allen Apartments) |
| 63 | Auberry at Twin Creeks<br>705 Bray Central Drive<br>Allen, TX 75013 |
| 64 | Wyndhaven<br>1720 Wells Branch Parkway<br>Austin, TX 78728<br>(AKA: Wells Branch Apts) |

| No | Property Address: |
|----|-------------------|
| 65 | Statton Park<br>8585 Spicewood Springs<br>Austin, TX  78759 |
| 66 | Escalon at Canyon Creek (Phase I)<br>9715 North FM-620<br>Austin, TX 78726 |
| 67 | Cambria at Coyote Ridge<br>4230 Fairway Drive<br>Carrolton, TX 75010 |
| 68 | The Coventry at City View<br>5200 Bryant Irvin Road<br>Fort Worth, TX 76132<br>(AKA: The Cliffs) |
| 69 | Avery Pointe at City View<br>5230 Bryant Irvin Road<br>Fort Worth, TX 76132 |
| 70 | Fairmont<br>3701 Fossil Creek Blvd.<br>Fort Worth, TX 76137<br>(AKA: Fossil Creek Apts) |
| 71 | Belterra<br>7001 Sandshell Blvd.<br>Fort Worth, TX 76137 |
| 72 | Wade Crossing<br>9399 Wade Boulevard<br>Frisco, TX 75035 |
| 73 | Amesbury Court<br>4699 Fossil Vista Drive<br>Haltom City, TX 76137<br>(AKA: Haltom City Apts) |
| 74 | Chandler Park<br>1950 Eldridge Parkway<br>Houston, TX 77077<br>(AKA: Eldridge Apts) |

| No | Property Address: |
|----|-------------------|
| 75 | Cheval<br>7105 Old Katy Road<br>Houston, TX 77024<br>(AKA: Old Katy Road Apts) |
| 76 | Monterra<br>301 W Las Colinas Blvd<br>Irving, TX 75039 |
| 77 | The Fairway at Southshore<br>3045 Marina Bay Drive<br>League City, TX 77573 |
| 78 | Crescent Cove<br>801 Hebron Parkway<br>Lewisville, TX 75057 |
| 79 | Sheridan Park<br>2001 E. Spring Creek Parkway<br>Plano, TX 75074 |
| 80 | Crystal Cove<br>725 N Dobson Rd<br>Chandler, AZ 85224 |
| 81 | Wyndhaven<br>1361 South Greenfield Road<br>Mesa, AZ 85206 |
| 82 | Quail View  (Phase I View Pointe)<br>Riverside, CA |
| 83 | Solano Ridge<br>41754 Margarita Rd.<br>Temecula, CA  92591 |
| 84 | Barton Vineyard<br>26630 Barton Road<br>Loma Linda, CA  92354 |
| 85 | Ashton Parc<br>2201 Arena Blvd.<br>Sacramento, CA  95837 |

| No | Property Address: |
|----|-------------------|
| 86 | Parc Vue (Phase II Alexandria)<br>10649 Bastille Drive<br>Orlando, Florida 32836 |
| 87 | Heron's Landing (Phase II Egret's Landing)<br>1400 Seagull Drive<br>Palm Harbor, FL 34685 |
| 88 | Mayfair on Palmer Ranch<br>5010 Central Sarasota Parkway<br>Sarasota, Florida |
| 89 | LakeView at Calusa Trace<br>18101 Calusa Trace Blvd.<br>Lutz, Florida 33549 |
| 90 | Tuscany Place at Palmer Park<br>3240 S.W. 34th Street<br>Ocala, Florida |
| 91 | The Savoy on Palmer Ranch<br>5100 Northridge Road<br>Sarasota, Florida 34238 |
| 92 | Mirador At River City<br>13100 Broxton Bay Dr<br>Jacksonville, FL  32218 |
| 93 | Northpark Estates<br>3201 Devin Parkway<br>Alpharetta, GA  30004 |
| 94 | The Lakes at Lionsgate (Phase I)<br>7604 W. 141st Street<br>Overland Park, Kansas  66223 |
| 95 | The Lakes at Lionsgate (Phase II)<br>7604 W. 141st Street<br>Overland Park, Kansas  66223 |

| No | Property Address: |
|----|-------------------|
| 96 | The Trails Apartments<br>9001 Renner Blvd.<br>Lenexa, KS  66219 |
| 97 | Lantern Woods<br>10950 Lantern Woods Blvd.<br>Fishers, Indiana  46038 |
| 98 | The Cresent<br>12880 University Crescent<br>Carmel, Indiana  46032 |
| 99 | Cheswyk (Phase II)<br>14360 Wynhollow Downs<br>Charlotte, NC 28277 |
| 100 | Thornberry<br>9920 Brickleberry Lane<br>Charlotte, NC 28262 |
| 101 | The Vinoy<br>7950 IBM Drive<br>Charlotte, NC 28262 |
| 102 | Vista West Apts.<br>4775 Summit Ridge Dr<br>Reno, NV 89523<br>(AKA: Reno Vista Apts) |
| 103 | Avendaro  at Canyon Creek (Phase II Escalon)<br>9807 North FM 620<br>Austin, Texas  78726 |
| 104 | Ashton Park<br>2301 Mopac Expressway South<br>Austin, TX 78746 |
| 105 | Falconhead Apts<br>3400 S. FM 620<br>Austin, TX, 78738<br>(AKA: Spillman Ranch Apts.) |

| No | Property Address: |
|----|-------------------|
| 106 | Altea at Silverado<br>12820 Parmer<br><br>Cedar Park, TX 78613 |
| 107 | Emery Bay<br>901 Lakeside Circle<br>Lewisville, TX 75057 |
| 108 | The Stovall at River City<br><br>13000 Broxton Bay Dr<br><br>Jacksonville, FL 32218 |
| 109 | Avington Park<br>6101 N Riverside Drive<br>Ft Worth, TX 76137 |
| 110 | DeLayne at Twin Creeks<br>1089 W Exchange Pkwy<br>Allen, TX 75013 |
| 111 | Town Park Crossing<br>3426 Town Park Crossing<br>Kennesaw, GA 30144 |
| 112 | Carrington Place<br><br>1300 Park West Blvd.<br><br>Mt. Pleasant, SC 29466<br><br>(Formerly Avalon) |
| 113 | Wynnewood Apts.<br>10225 Wortham Blvd.<br>Houston, TX 77065<br>(AKA: Wortham Apartments) |
| 114 | Alexander at Patroon Creek<br>255 Patroon Creek Blvd.<br>Albany, NY |
| 115 | Catania Apartments<br>13585 Via Varra Road<br>Broomfield, CO |
| 116 | Cordillera Ranch<br>8300 N. Skiles<br>Kansas City, MO 64158 |
| 117 | Avala at Savannah Quarters<br>300 Blue Moon Crossing<br>Pooler, GA 31322 |

| No | Property Address: |
|---|---|
| 118 | Superstition Canyon<br>Mesa, AZ |
| 119 | Antelope Ridge<br>27757 Aspel Rd.<br>Menifee, CA  92585 |
| 120 | Alexander at South Virginia<br>11380 S. Virginia Street<br>Reno, NV  89511 |
| 121 | Oakbrook<br>12499 Folsom Blvd.<br>Rancho Cordova, CA  95742 |
| 122 | Adessa Landing<br>Murrieta, CA |
| 123 | The Highlands  (Phase II Highpoint Village)<br>10020 W. 80th St.<br>Overland Park, KS  66204 |

**APPENDIX B**

**RETROFIT PROPERTIES**

| No | Property Address: |
|----|-------------------|
|    | **ARIZONA** |
| 1  | Ocotillo Bay<br>1889 West Queen Creek<br>Chandler, AZ 85248 |
| 2  | Crystal Cove<br>725 N Dobson Rd<br>Chandler, AZ 85224 |
| 3  | Arrowhead Landing<br>15740 North 83rd Avenue<br>Peoria, AZ 85382 |
| 4  | Wyndhaven<br>1361 South Greenfield Road<br>Mesa, AZ 85206 |
| 5  | Biscayne Bay (Phases I & II)<br>300 East Warner Road<br>Chandler, AZ 85224 |
| 6  | Sonoma Ridge<br>9246 W. Beardsley Road<br>Peoria, AZ 85382 |
| 7  | Tuscany Ridge<br>8203 West Oraibi Drive<br>Peoria, AZ 85382 |
| 8  | Tamarron<br>4410 N. 99th Avenue<br>Phoenix, AZ 85037 |
| 9  | Superstition Canyon<br>Mesa, AZ |
|    | **NORTHERN CALIFORNIA** |

| No | Property Address: |
|----|-------------------|
| 10 | River Oaks<br>1000 Allison Drive<br>Vacaville, CA 95687 |
| 11 | Mountain Shadows<br>160 Golf Course Drive<br>Rohnert Park, CA 94928 |
| 12 | Willow Springs<br>240 McAdoo Drive<br>Folsom, CA 95630 |
| 13 | The Commons<br>1300 Burton Drive<br>Vacaville, CA 95687 |
| 14 | Hawthorne Village<br>3663 Solano Avenue<br>Napa, CA 94558 |
| 15 | The Pavilions<br>5222 Consumnes Drive<br>Stockton, CA 95219 |
| 16 | Park Crossing<br>2100 West Texas Street<br>Fairfield, CA 94533 |
| 17 | Ashgrove Place<br>3250 Laurelhurst Drive<br>Rancho Cordova, CA 95670 |
| 18 | Windsor at Redwood Creek<br>600 Rohnert Park Expressway<br>Rohnert Park, CA 94928 |
| 19 | North Pointe<br>6801 Leisure Town Rd<br>Vacaville, CA 95688 |
| 20 | Sycamore Terrace<br>40 Park City Court<br>Sacramento, CA 95831 |

| No | Property Address: |
|----|-------------------|
| 21 | Ashton Parc<br>2201 Arena Blvd.<br>Sacramento, CA  95837 |
| 22 | Rolling Oaks<br>3700 Lyon Rd<br>Fairfield, CA 94534 |
| 23 | Oakbrook<br>12499 Folsom Blvd.<br>Rancho Cordova, CA 95742 |
|    | **SOUTHERN CALIFORNIA** |
| 24 | View Point<br>5059 Quail Run Road<br>Riverside, CA 92507 |
| 25 | Solano Ridge<br>41754 Margarita Rd.<br>Temecula, CA  92591 |
| 26 | Tuscany Ridge<br>41955 Margarita Rd<br>Temecula, CA 92591 |
| 27 | Aventine<br>47750 Adams Street<br>La Quinta, CA 92253 |
| 28 | The Enclave<br>30300 Antelope Rd<br>Menifee, CA 92584 |
| 29 | Barton Vineyard<br>26630 Barton Road<br>Loma Linda, CA  92354 |
| 30 | Stone Canyon<br>5100 Quail Run Road<br>Riverside, CA 92507 |
| 31 | Antelope Ridge<br>27757 Aspel Rd.<br>Menifee, CA  92585 |

| No | Property Address: |
|----|-------------------|
| 32 | Adessa Landing<br>Murrieta, CA |
|    | **FLORIDA** |
| 33 | Heron's Landing  (Phase II Egret's Landing)<br>1400 Seagull Drive<br>Palm Harbor, FL 34685 |
| 34 | Egret's Landing<br>1500 Seagull Drive<br>Palm Harbor, FL 34685 |
| 35 | Andover Place<br>10202 Alta Vista Avenue<br>Tampa, FL 33647 |
| 36 | Park Del Mar at Pebble Creek<br>19411 Via Del Mar<br>Tampa, FL 33647<br>(AKA: Park Del Mar Apts/Pebble Creek] |
| 37 | Versant Place<br>1010 Versant Drive<br>Brandon, FL 33511 |
| 38 | Addison Park<br>10328 Venetia Real Avenue<br>Tampa, FL 33647<br> (Phase II of Andover Place) |
| 39 | Alexandria (Phase I)<br>10651 Demilo Place<br>Orlando, FL 32836 |
| 40 | Tuscany Place at Palmer Park<br>3240 S.W. 34th Street<br>Ocala, Florida |
| 41 | Asprey Place at Lake Brandon<br>1240 Astor Common Place<br>Brandon, FL 33511<br>[AKA: Asprey Place Apts] |

| No | Property Address: |
|----|-------------------|
| 42 | Lucerne at Lake Brandon<br>1419 Lake Lucerne Way<br>Brandon, FL 33511 |
| 43 | Mayfair on Palmer Ranch<br>5010 Central Sarasota Parkway<br>Sarasota, Florida |
| 44 | Parc Vue  (Phase II Alexandria)<br>10649 Bastille Drive<br>Orlando, Florida 32836 |
| 45 | Delano at Cypress Creek<br>2440 Delano Place<br>Wesley Chapel, FL 33543<br>(AKA: Cypress Creek Apts) |
| 46 | The Hamlin at Lake Brandon<br>1508 LaDora Drive<br>Brandon, FL 33511<br>[AKA: Hamlin Apts] |
| 47 | Arlington at Northwood<br>1930 Devonwood Drive<br>Wesley Chapel, FL 33543 |
| 48 | Mirador At River City<br>13100 Broxton Bay Dr<br>Jacksonville, FL  32218 |
| 49 | Portofino at West Meadows<br>8702 New Tampa Boulevard<br>Tampa, FL 33647 |
| 50 | The Stovall at River City<br>13000 Broxton Bay Dr<br>Jacksonville, FL  32218 |
|    | **COLORADO** |
| 51 | Catania Apartments<br>13585 Via Varra Road<br>Broomfield, CO |

| No | Property Address: |
|----|-------------------|
| | **GEORGIA** |
| 52 | The Alexander at the District<br>1731 Commerce Drive, NW<br>Atlanta, GA 30318 |
| 53 | The Alexander at the Perimeter<br>70 Perimeter Center<br>Atlanta, GA 30346 |
| 54 | The Battery at Chamblee<br>3450 Miller Drive, Suite 100<br>Chamblee, GA 30341 |
| 55 | Avala at Savannah Quarters<br>300 Blue Moon Crossing<br>Pooler, GA 31322 |
| | **KANSAS** |
| 56 | Highpointe Village<br>10000 81 Street<br>Overland Park, KS 66204 |
| 57 | The Trails Apartments<br>9001 Renner Blvd.<br>Lenexa, KS  66219 |
| 58 | Corbin Crossing<br>6801 W. 138 Terrace<br>Overland Park, KS 66223 |
| 59 | The Highlands  (Phase II Highpoint Village)<br>10020 W. 80th St.<br>Overland Park, KS  66204 |
| | **MISSOURI** |
| 60 | Cordillera Ranch<br>8300 N. Skiles<br>Kansas City, MO  64158 |
| | **NEVADA** |
| 61 | Alexander at So. Virginia<br>11380 S. Virginia Street<br>Reno, NV  89511 |

| No | Property Address: |
|----|-------------------|
| | **NEW YORK** |
| 62 | Alexander at Patroon Creek<br>255 Patroon Creek Blvd.<br>Albany, NY |
| | **NORTH CAROLINA** |
| 63 | Berkeley Place<br>500 Solano Drive<br>Charlotte, NC 28262 |
| 64 | The Vinoy<br>7950 IBM Drive<br>Charlotte, NC 28262 |
| 65 | Cheswyk (Phase II)<br>14360 Wynhollow Downs<br>Charlotte, NC 28277 |
| | **TEXAS** |
| 66 | Wyndhaven<br>1720 Wells Branch Parkway<br>Austin, TX 78728<br>(AKA: Wells Branch Apts) |
| 67 | Statton Park<br>8585 Spicewood Springs<br>Austin, TX   78759 |
| 68 | Crescent Cove<br>801 Hebron Parkway<br>Lewisville, TX 75057 |
| 69 | Chandler Park<br>1950 Eldridge Parkway<br>Houston, TX 77077<br>(AKA: Eldridge Apts) |
| 70 | Emery Bay<br>901 Lakeside Circle<br>Lewisville, TX 7505771 |

| No | Property Address: |
|----|-------------------|
| 71 | Wynnewood Apts.<br>10225 Wortham Blvd.<br>Houston, TX 77065<br>(AKA: Wortham Apartments) |
| 72 | The Fairway at Southshore<br>3045 Marina Bay Drive<br>League City, TX 77573 |
| 73 | Lansbrook at Twin Creeks<br>505 Benton Drive<br>Allen, TX 75013<br>(AKA: Allen Apartments) |
| 74 | Cambria at Coyote Ridge<br>4230 Fairway Drive<br>Carrolton, TX 75010 |
| 75 | Falconhead Apts<br>3400 S. FM 620<br>Austin, TX, 78738<br>(AKA: Spillman Ranch Apts.) |
| 76 | Fairmont<br>3701 Fossil Creek Blvd.<br>Fort Worth, TX 76137<br>(AKA: Fossil Creek Apts) |
| 77 | Belterra<br>7001 Sandshell Blvd.<br>Fort Worth, TX 76137 |
| 78 | Altea at Silverado<br>12820 Parmer<br>Cedar Park, TX  78613 |
| 79 | DeLayne at Twin Creeks<br>1089 W Exchange Pkwy<br>Allen, TX 75013 |
| 80 | Cheval<br>7105 Old Katy Road<br>Houston, TX 77024<br>(AKA: Old Katy Road Apts) |

| No | Property Address: |
|----|-------------------|
| 81 | Monterra<br><br>301 W Las Colinas Blvd<br>Irving, TX 75039 |
| 82 | Amesbury Court<br>4699 Fossil Vista Drive<br>Haltom City, TX 76137<br>(AKA: Haltom City Apts) |

## APPENDIX C

## METROPOLITAN AREAS

Atlanta, GA MSA

Austin--San Marcos, TX MSA

Boston--Worcester--Lawrence, MA--NH--ME--CT CMSA

Buffalo--Niagara Falls, NY MSA

Charlotte--Gastonia--Rock Hill, NC--SC MSA

Chicago--Gary--Kenosha, IL--IN--WI CMSA

Cincinnati--Hamilton, OH--KY--IN CMSA

Cleveland--Akron, OH CMSA

Columbus, OH MSA

Dallas--Fort Worth, TX CMSA

Denver--Boulder--Greeley, CO CMSA

Detroit--Ann Arbor--Flint, MI CMSA

Grand Rapids--Muskegon--Holland, MI MSA

Greensboro--Winston-Salem--High Point, NC MSA

Hartford, CT MSA

Houston--Galveston--Brazoria, TX CMSA

Indianapolis, IN MSA

Jacksonville, FL MSA

Kansas City, MO--KS MSA

Las Vegas, NV--AZ MSA

Los Angeles--Riverside--Orange County, CA CMSA

Louisville, KY--IN MSA

Memphis, TN--AR--MS MSA

Miami--Fort Lauderdale, FL CMSA

Milwaukee--Racine, WI CMSA

Minneapolis--St. Paul, MN--WI MSA

Nashville, TN MSA

New Orleans, LA MSA

New York--Northern New Jersey--Long Island, NY--NJ--CT--PA CMSA

Norfolk--Virginia Beach--Newport News, VA--NC MSA

Oklahoma City, OK MSA

Orlando, FL MSA

Philadelphia--Wilmington--Atlantic City, PA--NJ--DE--MD CMSA

Phoenix--Mesa, AZ MSA
Pittsburgh, PA MSA
Portland--Salem, OR--WA CMSA
Providence--Fall River--Warwick, RI--MA MSA
Raleigh--Durham--Chapel Hill, NC MSA
Richmond--Petersburg, VA MSA
Rochester, NY MSA
Sacramento--Yolo, CA CMSA
Salt Lake City--Ogden, UT MSA
San Antonio, TX MSA
San Diego, CA MSA
San Francisco--Oakland--San Jose, CA CMSA
Seattle--Tacoma--Bremerton, WA CMSA
St. Louis, MO--IL MSA
Tampa--St. Petersburg--Clearwater, FL MSA
Washington--Baltimore, DC--MD--VA--WV CMSA
West Palm Beach--Boca Raton, FL MSA

## APPENDIX D

## NOTIFICATION TO OWNERS

_____[Date]

[Name of Owner]
[Address of Owner]

     Re:    Fair Housing Amendments Act Retrofits at _____[Name of Apartment Complex]

Dear Madam or Sir:

     We previously sent you a letter regarding the controversy between A.G. Spanos Construction, Inc.; A.G. Spanos Development, Inc.; A.G. Spanos Land Company, Inc.; A.G. Spanos Management, Inc.; and The Spanos Corporation ("Spanos") and several fair housing organizations ("Plaintiffs") regarding whether certain aspects of some apartment complexes developed by Spanos create barriers to access by people with disabilities in violation of the Fair Housing Amendments Act.

     In our previous letter, we informed you that Spanos was involved in the development of _____[name of Apartment Complex]. Spanos asked your permission to enter onto the premises and complete certain retrofits to individual units and common use areas, pursuant to a tentative agreement reached between Spanos and Plaintiffs. Spanos' agreement to perform the retrofits was conditioned upon court approval of the final resolution of the lawsuit.

     The purpose of this letter is to inform you that the court has approved the resolution.  If you have already informed Spanos of your agreement to allow Spanos access to your property, you need do nothing in response to this letter.  A Spanos representative will be in contact with you.

     If you have not informed Spanos of your agreement to allow Spanos to enter your premises and do the work on the individual units and common use areas, and you now agree, please sign below and return this letter to _____ or you may call _____ at _____ to discuss this matter.

     Thank you for your cooperation and I look forward to speaking with you.

                     Very truly yours,

                     _____

I AGREE TO PERMIT SPANOS TO PERFORM THE RETROFITS AT A MUTUALLY
CONVENITIENT DATE AND TIME.

_____Date_____

## APPENDIX E

## EMPLOYEE ACKNOWLEDGMENT

I _____, an employee of _____, hereby

acknowledge that I have received a copy of the Stipulated Judgment in *National Fair Housing*

*Alliance, et al. v. A.G. Spanos Construction, Inc., et al.,* No. 07-3255 (N.D. Cal.), and that I have

read and understand the Stipulated Judgment.


Date: _____                    _____

                                     Employee name

## APPENDIX F

## CERTIFICATION OF PROPERTY AS COMPLIANT
## WITH FHAA

LCM Architects ("LCM") has reviewed _____ (the "Property") for compliance with the requirements of 42 U.S.C. § 3604 subdivision (f)(1)-(3) as amended ("FHAA") applicable to covered multifamily dwellings built for first occupancy after the effective dates for accessible design and construction set forth in the FHAA.  There may be additional accessible design and construction requirements applicable to the Property under state or local law which we have not addressed.

The construction of the Property is the responsibility of the Architect of Record, Developer, Owner or General Contractor of the Property.  LCM's responsibility is to express an opinion on the Property as constructed based on our review of the property.  This review is intended to serve as a peer review and does not remove or limit the liability for FHAA compliance from the Architect of Record, Developer, Owners or General Contractor of the Property.

We conducted our review to obtain a reasonable basis for our opinion.  This included reviewing, on a test basis, architectural elements of the covered common areas, dwelling units and routes into and through the Property as constructed; we did not review every architectural element throughout the Property.  The requirements for accessible design and construction in multifamily housing are subject to changing and evolving interpretations and court decisions as to which design experts and code officials may disagree.  Further, compliance with the FHAA may be accomplished by various and differing design solutions.  In addition, HUD has recognized several "safe harbors" for FHAA compliance, and these safe harbors differ as to particular accessible design requirements.  LCM does not warrant or guarantee that the Property as constructed complies with the FHAA or with the interpretations of the FHAA.  Without limiting the generality of the foregoing, the opinion of LCM is not intended to be relied upon by any third party, such as any purchaser or tenant of the properties in questions or units in such properties, representatives of purchasers or tenants, or any other person or entity.

Subject to the foregoing, in the opinion of LCM, based upon LCM's exercise of professional judgment, the Property as constructed is in compliance with the FHAA.

**APPENDIX G**

**CERTIFICATION OF PROPERTY AS COMPLIANT
WITH STIPULATED JUDGMENT**

LCM Architects ("LCM") has reviewed _____ (the "Property") for compliance with the requirements of the Stipulated Judgment.

We conducted our review to obtain a reasonable basis for our opinion. This included reviewing, on a test basis, architectural elements listed in the Consensus Report for the Property. We did not review every architectural element throughout the Property. The requirements for accessible design and construction in multifamily housing are subject to changing and evolving interpretations and court decisions as to which design experts and code officials may disagree. Further, compliance with the FHAA may be accomplished by various and differing design solutions. In addition, HUD has recognized several "safe harbors" for FHAA compliance, and these safe harbors differ as to particular accessible design requirements. LCM does not warrant or guarantee that the Property as constructed complies with the FHAA or with the interpretations of the FHAA. Without limiting the generality of the foregoing, the opinion of LCM is not intended to be relied upon by any third party, such as any purchaser or tenant of the properties in questions or units in such properties, representatives of purchasers or tenants, or any other person or entity.

Subject to the foregoing, in the opinion of LCM, based upon LCM's exercise of professional judgment, the Property as constructed is in compliance with the Stipulated Judgment.